# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------
IN RE: ZIMMER NEXGEN KNEE   )
    IMPLANT PRODUCTS   )    MDL No. 2272
    LIABILITY LITIGATION   )
    )    [PLAINTIFFS' PROPOSED]
    )    CASE MANAGEMENT ORDER
    )    NO. 1
------------------------------------------------------
**This Document Relates to All Cases**
------------------------------------------------------

**1. SCOPE OF THIS ORDER**

    1.1    The provisions of this Order shall govern the practice and procedure of those actions that are transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of August 8, 2011. This Order shall also apply to any "tag-along actions" later filed in, removed to, or transferred to this Court.

    1.2    Civil actions listed on the attached Order are coordinated for pretrial purposes. This consideration, however, does not constitute a determination that any action or actions should be consolidated for trial, which may be made upon future request to the court; nor does it have the effect of making any entity a party to any action in which that party has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

    1.3    Counsel are directed to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") (2004 ed.) and this Order.

    1.4    The Court requests the assistance of the appointed leadership for the parties to make an effort in calling to the attention of the Clerk of this Court, the removal

*Formatted: DocID*
*Deleted: BDDB01 6858923v1*

or transfer of any federal case which might be properly consolidated in MDL-2272, based upon the original transfer order of the JPML.

2.  **FILING INSTRUCTIONS**

2.1 The Clerk of Court will maintain a master docket case file under the designation *In re Zimmer NexGen Knee Implant Products Liability Litigation,* with the identification "MDL 2272." When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to a specific case, it shall be filed in that specific case and not on the master docket. In that instance, the individual docket numbers of those actions to which the paper relates, as assigned by the Clerk of this Court, must also be listed.

2.2 Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions will be sufficient if it incorporates by reference the paper to which it is substantially identical. Where counsel for more than one party plan to file substantially identical papers, they must join in the submission of those papers and will file only one paper on behalf of all so joined.

2.3 The Court will issue a Notice to all Attorneys regarding electronic filing in MDL-2272. All filings should comply with the Northern District of Illinois ECF Administrative Procedures Manual and service through Electronic Case Filing shall be deemed sufficient with no additional service required, with the exception of new Complaints filed and Subpoenas issued, which shall be served in accordance with the Federal Rules of Civil Procedure.

2.4 When an action that properly belongs as a part of the *In re Zimmer NexGen Knee Implant Products Liability Litigation* is hereinafter filed in the Northern

**Formatted:** DocID
**Deleted:** BDDB01 6858923v1

District of Illinois or is transferred from another court, the Clerk of Court shall make an appropriate entry on the master docket sheet.

3. **ENTRY OF APPEARANCE**

    3.1 Counsel who appeared in a transferor court prior to the transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing of any United States District Court are admitted to practice in this litigation pursuant to Rule 1.4 of the Rules of Procedures of the Judicial Panel on Multidistrict Litigation. The requirements of Local Rules 83.14 and 83.15 are waived.

    3.2 Counsel are expected to familiarize themselves with prior court orders and proceedings as well as the Local Rules of the Northern District of Illinois, located at the Court's website, www.ilnd.uscourts.gov.

4. **DIRECT FILING OF CASES INTO MDL NO. 2272**

    4.1    In order to eliminate delays associated with transfer of cases in or removed to other federal district courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2272 may file his or her case directly in the MDL proceedings in the Northern District of Illinois.

    4.2    Each case filed directly in MDL 2272 that emanates from a district outside the Northern District of Illinois will be filed in MDL 2272 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's August 8, 2011, Transfer Order.

    4.3    Upon completion of all pretrial proceedings applicable to a case directly before this Court, pursuant to this Order, this Court, pursuant to 28 U.S.C. §1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, based on the recommendations of the parties to that case.

4.4. The inclusion of any action in In re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL No. 2272, whether such action was or will be filed originally or directing in the Northern District of Illinois, shall not constitute a determination by this Court that jurisdiction or venue is proper in this district.

4.5 The fact that a case was directly filed in MDL 2272 pursuant to this Order will have no impact on the choice of law to be applied.

**5.** **SERVICE**

5.1. Baker & Daniels, LLP, has been authorized to accept service of summons pursuant to Fed. R. Civ. P. 4(d) in federal cases involving the components identified in Conditional Transfer Order 1, which are subject to transfer pursuant to 28 U.S.C. § 1407, on behalf of any Zimmer distributor, Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Surgical, Inc. (f/k/a Zimmer Orthopaedic Surgical Products, Inc.), Zimmer U.S., Inc., Zimmer Production, Inc., and Zimmer Orthobiologics, Inc. Service should be made upon the following:

> Peter Meyer
> BAKER & DANIELS LLP
> Suite 800
> 111 E. Wayne Street
> Fort Wayne, IN 46802

5.2 The parties have discussed and are contemplating a Master Complaint and Master Answer. Should the parties recommend such a procedure to the Court, that procedure shall be the subject of a separate order.

5.3 Counsel agree to provide Lead and Liaison Counsel for the opposing party with courtesy copies of papers filed with the Clerk by email on the day of filing. However, service of all papers and pleadings shall continue to be effective when served

4

BDDB01 6858923v1

*Formatted: DocID*
*Deleted: BDDB01 6858923v1*

in accordance with the Federal Rules of Civil Procedure and the Northern District of Illinois ECF Administrative Procedures Manual.

6. **ORGANIZATION OF PLAINTIFFS' COUNSEL**

6.1 Lead Counsel. The Court has received motions and requests of Plaintiffs' counsel for organization and leadership. By Order of the Court on September 16, 2011 (Doc. 48), the Court has appointed Plaintiffs' Co-Lead Counsel as:

Co-Lead Counsel- James R. Ronca, Anapol Schwartz P.C. Philadelphia, PA

Co-Lead Counsel – Timothy Becker, Johnson Becker, Minneapolis, MN

Co-Lead Counsel – Tobias Millrood, Pogust, Braslow and Millrood, Conshohocken, PA

6.2 Lead Counsel will be responsible for prosecuting any potential common benefit claims, as well as coordinating the pretrial proceedings conducted by counsel for the individual personal injury plaintiffs. With respect to the general claims Lead Counsel must:

(a) determine (after such consultation with members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on matters arising during pretrial proceedings;

(b) coordinate the initiation and conduct of discovery on behalf of the plaintiffs consistent with the requirements of Fed. R. Civ. P. 26, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions, except that discovery and motions initiated by the

5

        defendants directed to named individual plaintiffs will be handled by the attorney for those individuals;

(c)   delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently and economically;

(d)   enter into stipulations with opposing counsel necessary for the conduct of the litigation;

(e)   call meetings of the Plaintiffs' Steering Committee for the purpose of proposing joint action;

(f)   organize themselves and agree on a plan for conducting the litigation on behalf of all Plaintiffs;

(g)   file a Master Complaint;

(h)   brief and argue motions for the plaintiffs and file opposing briefs and argue motions and proceedings initiated by other parties (except as to matters specifically directed to individual plaintiffs and their counsel);

(i)   consult with and employ expert witnesses;

(j)   call meetings of Plaintiffs' counsel to consult with Plaintiffs' counsel on matters of common concern;

(k)   maintain time and expense records for work performed, costs incurred and other disbursements made for any potential common benefit claim, proof of potential common benefit claims and related matters on behalf of the Plaintiffs' Steering Committee and report with reasonable regularity, in writing, to the Plaintiffs' Steering Committee concerning

6

Formatted: DocID
Deleted: BDDB01 6858923v1

      expenses, disbursements and receipts;

(l)     monitor work performed by the Plaintiffs' Steering Committee and those whose work it has specifically authorized;

(m)     perform all tasks necessary to carry out the functions of Lead Counsel and to properly coordinate Plaintiffs' pretrial activities;

(n)     authorize Plaintiffs' counsel to initiate case specific motions and discovery;

(o)     negotiate settlements subject to court approval on behalf of Plaintiffs;

(p)     if there is a settlement, propose a plan of allocation;

(q)     prepare and distribute to the parties periodic status reports; and

(r)     coordinate and communicate with Defendants' counsel with respect to the matters addressed in this paragraph.

6.3     No discovery or other action or work in this litigation will be undertaken on behalf of any Plaintiff except at the direction or with permission of Lead Counsel; provided, however, that any attorney aggrieved by any refusal of permission may seek Court review of the refusal.

6.4     Liaison Counsel. By Order of the Court on September 16, 2011 (Doc. 48), the Court has appointed Plaintiffs' Liaison Counsel as:

      Peter Flowers, Foote Meyers Mielke & Flowers, P.C., Chicago, IL.

6.5     Plaintiff's Liaison Counsel must:

(a)     maintain and distribute to the Court, co-counsel and to Defendants' Liaison Counsel an up-to-date service list of all Plaintiffs' Counsel, including the date of the most recent revision;

*Formatted: DocID*
*Deleted: BDDB01 6858923v1*

(b) receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel;

(c) act as a spokesperson on behalf of Plaintiffs at pre-trial conferences and hearing, subject to the right of each party to present individual or divergent positions; and

(d) coordinate and communicate with Defendants' counsel with respect to the matters addressed in this paragraph.

6.6 Plaintiffs' Steering Committee. The Court has received motions and requests of Plaintiffs' counsel for organization and leadership. By Order of the Court on September 16, 2011 (Doc. 48), the Court has appointed Plaintiffs' Steering Committee to be:

Richard Arsenault, Neblett, Beard & Arsenault, Alexandria, LA
Doug Monsour, Monsour Law Firm, Longview, TX
Joseph Osborne, Babbit, Johnson, Osborne and LeClainche, West Palm Beach, FL
Sheila Bossier, Bossier and Associates, Jackson, MS
Daniel Lapinski, Wilentz, Goldman and Spitzer, Woodbridge, NJ
Ronald Goldser, Zimmerman Reed, Minneapolis, MN
Neil D. Overholtz, Aylstock, Witkin, Kreis & Overholtz, Pensacola, FL
Hunter J. Shkolnik, Napoli Bern Ripka Shkolnick, LLP. New York, NY
Randi Kassan, Sanders Viener Grossman, LLP, Mineola, NY
Alyson Oliver, Kresch Oliver, Southfield, MI
Michael London, Douglas and London, New York, NY
Robert Gordon, Weitz and Luxenberg, New York, NY
Karen H. Beyea-Schroeder, Fleming & Associates, Houston, TX
Daniel Burke, Parker Waichman Alonso, Port Washington, NY
W. Mark Lanier, The Lanier Law Firm, Houston, TX[1]

---

[1] The Court's Minute Entry and Order of September 16, 2011 (Doc. 48) is corrected to reflect that the application of Vincent J. Moccio (Doc. 33) was withdrawn, as announced at the Court's scheduling conference of September 16, 2011.

8

BDDB01 6858923v1

6.7 Plaintiffs' Steering Committee must:

(a) from time to time consult with Plaintiffs' Lead Counsel in coordinating the Plaintiffs' pretrial activities and in planning for trial;

(b) establish procedures for documenting and monitoring costs and computation of potential common benefit time;

(c) consult with the MCL 4th to consider recommendations and formation of internal committees (e.g., Law, Discovery, Science, Marketing, Experts, Trial, and Liaison) and attorneys who are not designated as PSC members will have the opportunity to serve on a committee and have input in the litigation through the committee. Consistent with MCL 4th § 10.22, counsel appointed to leadership positions assume "an obligation to act fairly, efficiently, and economically" and "committees of counsel…should try to avoid unnecessary duplication of effort;" and

(d) assist Plaintiffs' Lead Counsel with matters addressed in 6.1 of this Order.

## 7. COMPENSATION OF TIME AND EXPENSE RECORDS

7.1 Counsel who anticipate seeking an award of attorneys' fees and reimbursement of expenditures from the Court must comply with the directives contained in the Manual for Complex Litigation, 4th 14.213 and 40.23, regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred. Lead Counsel, Liaison Counsel and the PSC are appointed with the understanding that they will not be compensated for services rendered in their court-appointed positions without applying to the Court for reimbursement of costs and compensation for time. However, if the efforts of counsel confer a substantial benefit on other counsel and their clients, the Court may, upon motion, consider reimbursing

counsel for costs expended for the common benefit of plaintiffs and providing compensation to counsel on terms to be determined and which will be the subject of a future Order of this Court. Counsel are expected to document their time and expenses, in the interim, consistent with a method as determined and suggested in 6.6(b).

8. **ORGANIZATION OF DEFENSE COUNSEL**

    8.1    Designation of Defendants' Lead and Liaison Counsel. Lead Counsel for the Zimmer Defendants shall be:

> Joseph H. Yeager, Jr., Baker Daniels, LLP, Indianapolis, IN
>
> Andrea Roberts Pierson, Baker Daniels, LLP, Indianapolis, IN
>
> Liaison Counsel for Zimmer shall be:
>
> Kurt Stitcher, Baker & Daniels, LLP, Chicago, IL

    8.2    As all defendants in all actions currently and likely to be consolidated in MDL-2272 are represented by Defendants' Lead and Liaison Counsel, Defendants' Lead and Liaison Counsel have full authority in all matters related to the representation of their clients in this matter, including but not limited to the tasks listed in the MCL 4th § 40.22(4).

9. **HEARINGS**

    9.1    In the interests of judicial economy, it is expected that the parties will present motions to be considered in this matter, so that they will be ripe at the time of the regularly held status conferences. Unless otherwise ordered by the Court, such motions must be filed no later than seventeen (17) days in advance of the conference; any response must be filed no later than seven (7) days in advance of the conference; any replies must be filed no later than three (3) days in advance of the conference. Surreplies are not as of right and leave must be sought from the Court for the filing of same. The

Court will ordinarily rule upon motions on the basis of the papers filed, however, this paragraph should not prevent any party from requesting a hearing on any matter he/she deems to be non-routine or substantive, and the Court, in its discretion, may order a hearing in such matters.

9.2   It is expected that the Court will hold monthly status conferences, though on its own motion or at the request of Lead Counsel for the parties, may adjourn a scheduled conference.

9.3   The parties are expected to prepare an agenda which shall be submitted to the Court in advance of the hearing, by Lead and/or Liaison Counsel no later than three days prior to the status conference.  The parties are expected to confer on issues to be addressed with the Court at the status conferences.

10. **PENDING MOTIONS AND ORDERS**

10.1   The following motions are pending and ripe for ruling: (1) *James Krammes v. Zimmer, Inc., et al.* – Motion To Dismiss Plaintiffs' Complaint – Jury Trial Demand By The Defendants, Zimmer, Inc., And Zimmer Holdings, Inc.;  and (2) *Carol Hasse-Jungkurt, et al. v. Zimmer, Inc., et al.* – Motion To Dismiss Plaintiffs' Complaint – Jury Trial Demand.  Defendants have agreed to withdraw the motions under conditions agreed to by Plaintiffs, which are separately documented, including but not limited to the filing of an amended complaint by October 31, 2011.

10.2   The parties shall advise the Court of any pending motions in matters transferred to MDL-2272 after the date of this Order.

11

BDDB01 6858923v1

Formatted: DocID
Deleted: BDDB01 6858923v1

**11. DISCOVERY MOTIONS**

11.1  No motion may be filed unless it includes it includes a certification that the movant has conferred with the opposing parties and made a good faith effort to resolve the matter without court action.

11.2  Discovery requests and responses will not be filed with this Court except when specifically ordered by the Court or to the extent needed in connection with the motion.

11.3  Each party shall take reasonable steps to preserve documents and other records, including electronic documents, containing information potentially relevant to the subject matter of this litigation.

11.4  Other matters of discovery protocols and procedure will be the subject of a future order of this Court.

**12. COMMUNICATION WITH THE COURT AND AMONG THE PARTIES**

12.1  *Ex parte* communications with the Court shall not be permitted.

12.2  The communication of information among and between Plaintiffs' counsel and between Defendants' counsel shall not be deemed to be a waiver of the attorney-client privilege or the protection afforded by the attorney work product privilege, and cooperative efforts among the parties shall not be used in any manner to contend that there has been a waiver of the attorney-client or attorney work product privilege.

IT IS SO ORDERED.

---

THE HONORABLE REBECCA R. PALLMEYER
U.S. DISTRICT COURT JUDGE

**Formatted:** DocID
**Deleted:** BDDB01 6858923v1

BDDB01 6858923v1