# EXHIBIT 4

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

AUG 2 2 2000

2000 AUG 22   PM 4: 30

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | MDL NO. 1355 |
| IN RE: PROPULSID | : | |
| PRODUCTS LIABILITY LITIGATION | : | SECTION: L |
| | : | |
| | : | JUDGE FALLON |
| | : | MAG. JUDGE AFRICK |
| .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. : | | |

**THIS DOCUMENT RELATES TO ALL CASES**

## PRETRIAL ORDER #1

It appearing that civil actions transferred to this Court and listed on Schedule A merit

special attention as complex litigation, it is hereby ORDERED that:

1.      Prior to the initial pretrial conference and the entry of a comprehensive order

governing all further proceedings in this case, the provisions of this Order shall govern the

practice and procedure in those actions that are transferred to this Court by the Judicial Panel on

Multidistrict Litigation pursuant to its order of August 7, 2000.  Those cases are listed on

Schedule A attached to this Order.  This Order will also apply to any "tag-along actions" later

filed in, removed to, or transferred to this Court.

2.      The civil actions listed on Schedule A  are consolidated for pretrial purposes.

This consolidation, however, does not constitute a determination that the actions  should be

consolidated for trial, nor does it have the effect of making any entity a party to any action in

DATE OF ENTRY

AUG 2 3 2000



which he, she or it has not been named, served or added in accordance with the Federal Rules of

Civil Procedure.

3.      All matters relating to pretrial and discovery proceedings in these cases will be

addressed at an initial pretrial conference to be held on Thursday, September 28, 2000 at 1:30

p.m., in  Judge Eldon E. Fallon's courtroom, Room 468, United States Courthouse, 500 Camp

Street, New Orleans, Louisiana.  Counsel are expected to familiarize themselves with the *Manual*

*for Complex Litigation Third* (1995)("MCL 3d") and be prepared at the conference to suggest

procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

The items listed in MCL 3d Sections 21.21,  21.211, 21.212, and 21.213  shall, to the extent

applicable, constitute a tentative agenda for the conference.  Counsel shall confer and seek

consensus to the extent possible with respect to the items on the agenda, including a proposed

discovery plan, amendment of pleadings, consideration of any class action allegations and

motions.  If the parties have any suggestions as to any case management orders or additional

agenda items,  these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by

September 21, 2000.

4.      Plaintiffs and defendants shall submit to the Court by September 21, 2000  a brief

written statement indicating their preliminary understanding of the facts involved in the litigation

and the critical factual and legal issues.  These statements will not be filed with the Clerk, will

not be binding, will not waive claims or defenses, and may not be offered in evidence against a

party in later proceedings.  The parties' statements shall list all pending motions, as well as all

related cases pending in state or federal court, together with their current status, including any

discovery taken to date, to the extent known.  The parties shall be limited to one such submission

for all plaintiffs and one such submission for all defendants.

5.       Each party represented by counsel shall appear at the initial pretrial conference

through their  attorney who will have primary responsibility for the party's  interest in this

litigation.  Parties not represented by counsel must appear in person or through an authorized and

responsible agent.  Attendance at the conference will not waive objections to jurisdiction, venue

or service.

6.       Prior to the initial pretrial conference, service of all papers shall be made on each

of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B.

Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney

Service List may do so upon request to the Clerk and notice to all other persons on such service

list.  The parties shall present to the Court at the initial conference a list of attorneys and their

addresses and fax numbers.

7.       Each defendant is granted an extension of time for responding by motion or

answer to the complaint(s) until a date to be set by this Court.  Pending the initial conference and

further orders of this Court, all outstanding discovery proceedings are stayed, and no further

discovery shall be initiated.  Moreover, all pending motions must be renoticed for resolution on a

motion day or days after the Court's initial conference herein.

8.       The Clerk of Court will maintain a master docket case file under the style "In Re:

Propulsid Products Liability  Litigation" and the identification "MDL No. 1355".  When a

pleading is intended to be applicable to all actions, this shall be indicated by the words: "This

Document Relates to All Cases."  When a pleading is intended to apply to less than all cases, this

Court's docket number for each individual case to which the document number relates shall

appear immediately after the words "This Document Relates to".  The following is a sample of the pleading style:

| | |
|---|---|
| In Re: Propulsid<br>        Products Liability Litigation | MDL No. 1355 |
| | SECTION: L |
| This Document Relates to: | Judge Fallon<br>Mag. Judge Africk |

9.      A signed original of any pleading or paper is all that need be filed.  The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies; except that a document closing a case will also be entered on the individual docket sheet.  All document shall be filed in the master file.

10.     When an action that properly belongs as a part of In Re: Propulsid Products Liability Litigation is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

a.      File a copy of this Order in the separate file for such action;

b.      Make an appropriate entry on the master docket sheet;

c.      Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and

d.      Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11.     Counsel who appeared in a transfer court prior to transfer need not enter an additional appearance before this Court.  Moreover, attorneys admitted to practice and in good

standing in any United States District Court are admitted *pro hac vice* in this litigation, and the

requirements of Local Rules 83.2.6 and 83.2.7 are waived.  Association of local counsel is not

required.

12.     In the event that a case is remanded, the parties shall furnish to the Clerk of Court

a stipulation or designation of the contents of the record and furnish all necessary copies of any

pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13.     Each party shall take reasonable steps to preserve documents and other records

containing information potentially relevant to the subject matter of this litigation.

14.     In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery

requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except

when specifically ordered by the Court to the extent needed in connection with a motion.

15.     <u>Prior</u> to the initial conference, counsel for each group of parties whose interests

are similarly aligned shall, to the extent they have not already done so, confer and seek consensus

on the selection of a liaison counsel for each group who will be charged with essentially

administrative matters. For example, liaison counsel shall be authorized to receive orders and

notices from the Court on behalf of all parties within their liaison group and shall be responsible

for the preparation and transmittal of copies of such orders and notices to the parties in their

liaison group.  Liaison counsel shall be required to maintain complete files with copies of all

documents served upon them and shall make such files available to parties within their liaison

group upon request.  Liaison counsel are also authorized to receive orders and notices from the

Judicial Panel on Multidistrict Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of*

*Procedure* on behalf of all parties within their liaison group and shall be responsible for the

preparation and transmittal of copies of such orders and notices to the parties in their liaison

group. The expenses incurred in performing the services of liaison counsel shall be shared

equally by all members of the liaison group in a manner agreeable to the parties or set by the

Court failing such agreement. Appointment of liaison counsel shall be subject to the approval of

the Court. At the first conference the parties should also be prepared to discuss any additional

needs for an organizational structure consistent with the efficient handling of this matter,

including those suggestions contained in Section 20.22 of the *Manual for Complex Litigation,*

*Third.*

      16.    Unless otherwise ordered by this Court, all substantive communications with the

Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes

that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is

essential for the orderly and expeditious resolution of this litigation. The communication of

information among and between Plaintiffs' counsel and among and between Defendants' counsel

shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's

work product, and cooperative efforts contemplated above shall not in any way be used against

any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in

this Provision shall be construed to limit the rights of any party or counsel to assert the attorney-

client privilege or attorney work product doctrine.

      New Orleans, Louisiana, this 22 day of August, 2000.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-6-

## SCHEDULE A

**Aline Zeno, et al v. Johnson and Johnson, et al**
**CA 00-282 on the docket of USDC, Eastern District of Louisiana**

**John Jacobsen v. Johnson and Johnson, et al**
**CA 00-927 on the docket of USDC, Eastern District of Louisiana**

**Mitchell Williams, et al v. Johnson and Johnson, et al**
**CA 00-2375 on the docket of USDC, Eastern District of Louisiana**

**John Wilson, et al v. Johnson and Johnson, et al**
**CA 00-2403 on the docket of USDC, Eastern District of Louisiana**

**Jeffrey Rutherford, et al v. Johnson and Johnson, et al**
**CA 00-2417 on the docket of USDC, Eastern District of Louisiana**

**Esther Haugen v. Johnson and Johnson, et al**
**CA 00-2484 on the docket of USDC, Eastern District of Louisiana**
**(previously CA 00-12 on the docket of USDC, District of North Dakota)**

## SCHEDULE B - PANEL ATTORNEY SERVICE LIST

### Plaintiffs in ZENO, ET AL V. JOHNSON AND JOHNSON

Daniel E. Becnel, Jr.
106 W. Seventh Street
P. O. Drawer H
Reserve, LA 70084

Thomas J. Kliebert, Jr.
Kliebert & Heltz
P. O. Drawer 580
Gramercy, LA 70052

Diane Kay Zink
Roy F. Amedee, Jr.
Robert M. Becnel
425 W. Airline Highway
Suite B
LaPlace, LA 70068

### Plaintiff in JACOBSEN V. JOHNSON AND JOHNSON, ET AL

Robert Nolan Clarke
238 ½ Metairie Road
Suite B
Metairie, LA 70005

### Plaintiffs in WILLIAMS, ET AL V. JOHNSON AND JOHNSON, ET AL

Lionel Howard Sutton III
4240 Canal Street
New Orleans, LA 70119

Carl Scott Reis
Cunard Reis Law Firm
9214 Interline Avenue
Baton Rouge, LA 70809

1

## SCHEDULE B - PANEL ATTORNEY SERVICE LIST

### Plaintiffs in WILSON, ET AL V. JOHNSON & JOHNSON, ET AL

Wendell H. Gauthier
James R. Dugan II
Gauthier, Downing, LaBarre, Beiser & Dean
3500 N. Hullen Street
Metairie, LA 70002

Stephen Barnett Murray
Stephen B. Murray, Jr.
Murray Law Firm
LL&E Tower
909 Poydras Street
Suite 2550
New Orleans, LA 70112

### Plaintiffs in RUTHERFORD, ET AL V. JOHNSON & JOHNSON, ET AL

Joseph M. Bruno
David Scott Scalia
Anthony D. Irpino
Bruno & Bruno
825 Baronne Street
New Orleans, LA 70113

### Plaintiff in HAUGEN V. JOHNSON & JOHNSON, ET AL

Charles S. Zimmerman
Reed Zimmerman
901 3rd Street, North
Suite 100
Minneapolis, MN 55401

Mike Miller
Solberg Stewart Miller & Johnson
P. O. Box 1897
Fargo, ND 58107-1897

2

## SCHEDULE B - PANEL ATTORNEY SERVICE LIST

### Defendants, JOHNSON & JOHNSON and JANSSEN PHARMACEUTICAL, INC.

James B. Irwin V
Quentin F. Urquhart, Jr.
Kim E. Moore
Montgomery, Barnett, Brown, Read, Hammond & Mintz
Energy Centre
1100 Poydras Street
Suite 3200
New Orleans, LA 70163-3200

Donald F. Zimmer, Jr.
Charles F. Preuss
Preuss, Walker & Shanager, LLP
225 Bush Street
15th Floor
San Francisco, CA 94104

Thomas F. Campion
Susan M. Sharko
Drinker, Biddle & Shanley LLP
500 Campus Drive
Florham Park, NJ 07932-1047

Ronald H. McLean
Serkland, Lundberg, Erickson, Marcil & McLean, Ltd.
P. O. Box  6017
Fargo, ND 58108-6017

FILED

2010 Feb-02 AM 09:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: CHANTIX (VARENICLINE) PRODUCTS LIABILITY LITIGATION | Master File No.: 2:09-CV-2039-IPJ<br>MDL No. 2092 |
| This Order Relates To:<br><br>ALL CASES | PRETRIAL ORDER NO.1:<br>ORGANIZATION OF PLAINTIFFS' AND DEFENDANTS' COUNSEL |

Now before the Court is the Petition for Appointment of Plaintiffs'
Leadership Structure and the parties' agreed proposal for the organization of
plaintiffs' and defendants' counsel. No objection having been filed, the Court
orders as follows:

## I.    SCOPE OF ORDER

1.    <u>Order Applicable to All Cases in MDL Proceedings</u>.  This Order
shall apply to all cases currently pending in *In re: Chantix (Varenicline)
Products Liability Litigation*, MDL No. 2092 and to all related actions that have
been or will be originally filed in, transferred to, or removed to this Court and
assigned thereto (collectively, "the MDL proceedings").  This Order is binding
on all parties and their counsel in all cases currently pending or subsequently
made part of the MDL proceedings.

## II.   **PLAINTIFFS' LEADERSHIP STRUCTURE**

2.   The Court appoints the following attorneys and positions:

a.   Plaintiffs' Lead Counsel, Ernest Cory;

b.   Plaintiffs' Liaison Counsel, Joe R. Whatley, Jr.;

c.   Plaintiffs' Executive Committee ("PEC'), Ernest Cory, H. Blair Hahn, Ramon R. Lopez, W. Mark Lanier and Tara D. Sutton;

d.   Plaintiffs' Steering Committee ("PSC"): Joe R. Whatley, William M. Audet, Martin Crump, Clinton B. Fisher, Marc D. Grossman, Dave Miceli, David Ratner, Kristian Rasmussen, Shay Samples, and Gerald B. Taylor, Jr.;

e.   Plaintiffs' State/Federal Liaison Counsel: Jayne Conroy and David Ratner.

3.   These designations are of a personal nature.  Accordingly, this Court looks to these counsel to undertake personal responsibility to perform the designated functions and reserves the discretion to replace them, on their own request or this Court's own motion, should they become unable to do so.

4.   This Court may amend or expand the PSC upon request from the PEC or on its own motion, if and as circumstances warrant.  Contact information for all members of the Plaintiffs' Leadership Structure appears on Exhibit A.

### III.   **RESPONSIBILITIES OF THE PEC**

5.     The PEC is chaired by Plaintiffs' Lead Counsel and is vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the PEC and the PSC set forth below; to schedule meetings and keep minutes or transcripts of these meetings; to appear at periodic court noticed status conferences and hearings; to sign and file pleadings relating to all actions; to bind the PEC in scheduling depositions, setting agendas, entering into stipulations, and in other necessary interactions with defense counsel.  Lead Counsel shall perform other necessary administrative and logistic functions of the PSC and carry out any other duty as the Court may order.

6.     The PEC is given the responsibility to create such committees and subcommittees of the PSC as are necessary to efficiently carry out its responsibilities, to designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PSC), as may be required for the common benefit of plaintiffs.  All attorneys carrying out such common benefit work who may look to any common fund or agreement for reimbursement or compensation shall maintain and submit time and expense records.   The hourly rate of such common benefit work will be specified by the Court in a subsequent Order.  All such reimbursement and compensation shall be subject to this Court's approval.

3

7.     The PEC will share in the responsibilities of the PSC as outlined below.

## IV.     RESPONSIBILITIES OF THE PSC

8.     The PSC will have the following responsibilities:

a.     Discovery

i.     Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in the MDL proceedings and coordinate to the extent possible with any Chantix product liability state court actions ("the state court proceedings") to avoid duplicative depositions or other inefficient discovery.

ii.     Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

iii.     Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similarly, requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

iv.     Conduct all discovery in a coordinated and

consolidated manner on behalf and for the benefit of all plaintiffs.

    b.    <u>Hearings and Meetings</u>

        i.    Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

        ii.    Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

        iii.    Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

    c.    <u>Miscellaneous</u>

        i.    Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

        ii.    Negotiate and enter into stipulations with defendants regarding this litigation.  All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.  Any

attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

      iii.    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof any case filed in this litigation.

      iv.    Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository, in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs or their attorneys.

      v.    Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders, including organizing sub-committees comprised of plaintiffs' attorneys not on the PSC and assigning them tasks consistent with the duties of the PSC.

      vi.    Provide periodic reports to non-PSC plaintiffs' counsel concerning the status of the litigation on no less than a quarterly basis.

      vii.    Perform such other functions as may be expressly authorized by further orders of the Court.

      9.    No pleadings or other papers shall be filed or discovery conducted

concerning liability on behalf of all plaintiffs except as prepared on behalf of the

PSC and signed by Lead Counsel.

## V.   RESPONSIBILITIES OF PLAINTIFFS' LIAISON COUNSEL

10.   Plaintiffs' Liaison Counsel shall be responsible for, among other

things:

a.   Receiving on behalf of the attorneys for all plaintiffs notice of all

Court orders, notices of pretrial conferences, and other notices applicable to all

plaintiffs and acting as the primary contact between the Court and plaintiffs'

counsel.

b.   Preparing and transmitting copies of such notices as they may

receive as Liaison Counsel to each of the plaintiffs' attorneys of record when

service is not already effected upon them electronically under the Local Rules or

this Court's other pretrial orders.

c.   Establishing and maintaining a depository for orders, pleadings,

hearing transcripts, and all documents served upon plaintiffs' counsel, which

Plaintiffs' Liaison Counsel shall make available to counsel for all plaintiffs upon

reasonable request.

d.   Maintaining in conjunction with their accountant records of receipts

and disbursements advanced by members of the PSC and received by the PSC

and to report in writing to the PSC concerning disbursements and receipts.

e.      Designating counsel to schedule depositions, set agendas, and otherwise interact with defendants' counsel.

f.      Acting as the treasurer for any common benefit assessments and expenses.

11.     Plaintiffs' Lead Counsel, with Plaintiffs' Liaison Counsel as the treasurer for said account(s), shall deposit and invest all assessments for a litigation fund in an interest bearing insured money market bank account or United States Treasury Bills, and pay reasonable litigation expenses subject to a final accounting and approval by this Court.  The initial and subsequent assessments shall be determined by the PEC with the assistance of the PSC.  All such assessments shall be subject to final accounting at an appropriate time. An attorney's membership as Lead Counsel, Liaison Counsel or as a member of the PEC or PSC shall be contingent on that attorney's continuing commitment to diligent prosecution of this litigation and that attorney promptly paying any assessment for the litigation fund.

## VI.   **DEFENDANTS' LEADERSHIP STRUCTURE**

12.     The Court appoints the following attorneys and positions:

a.      Defendants' Lead Counsel:  Heidi K. Hubbard; Joseph G. Petrosinelli; Loren H. Brown; and F.M. ("Tripp") Haston, III.

b.      Defendants' Liaison Counsel:  John E. Joiner; Andrew B.

8

Johnson; and Matthew A. Holian.

13.     These designations are of a personal nature.  Accordingly, this

Court looks to these counsel to undertake personal responsibility to perform the

designated functions and reserves the discretion to replace them, on their own

request or this Court's own motion, should they become unable to do so.

14.     This Court may amend or expand the Defendants' Leadership

Structure upon request from defendants or on its own motion, if and as

circumstances warrant.  Contact information for all members of the Defendants'

Leadership Structure appears on Exhibit B.

## VII.  RESPONSIBILITIES OF DEFENDANTS' LEAD AND LIAISON COUNSEL

15.     Defendants' Lead Counsel are vested by the Court with the

authority and duty to act on behalf of all defendants with the responsibilities set

forth below, including:  to schedule meetings of defendants and keep minutes or

transcripts of these meetings; to appear at periodic court-noticed status

conferences and hearings; to sign and file pleadings relating to all actions; and to

bind defendants in scheduling depositions, setting agendas, entering into

stipulations, and in other necessary interactions with plaintiffs' counsel.  They

shall perform other necessary administrative and logistic functions and carry out

any other duty as the Court may order.

16.     Defendants' Lead Counsel are given the responsibility to create
such committees and subcommittees as are necessary to efficiently carry out their
responsibilities and to designate members thereof.

17.     Defendants' Lead and Liaison Counsel will have the following
responsibilities:

a.     <u>Discovery</u>

i.     Initiate, coordinate, and conduct all pretrial discovery on
behalf of defendants in the MDL proceedings and coordinate to the extent
possible with the state court proceedings to avoid duplicative depositions or
other inefficient discovery.

ii.     Develop and propose to the Court schedules for the
commencement, execution, and completion of all discovery on behalf of all
defendants.

iii.     Cause to be issued in the name of all defendants the necessary
discovery requests, motions, and subpoenas pertaining to any witnesses and
documents needed to properly prepare for the pretrial of relevant issues found in
the pleadings of this litigation.  Requests, notices, and subpoenas may be caused
to be issued by Defendants' Lead and/or Liaison Counsel upon written request
by an individual attorney in order to assist him/her in the preparation of the
pretrial stages of his/her client's particular claims.

b.     Hearings and Meetings

i.     Call meetings of counsel for defendants for any appropriate purpose, including coordinating responses to questions of other parties or of the Court.  Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

ii.     Examine witnesses and introduce evidence at hearings on behalf of defendants.

iii.     Act as spokesperson for all defendants at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any defendant's counsel to present non-repetitive individual or different positions.

c.     Miscellaneous

i.     Submit and argue any verbal or written motions presented to the Court on behalf of all defendants as well as oppose when necessary any motions submitted by the plaintiffs or other parties which involve matters within the sphere of the responsibilities of Defendants' Lead or Liaison Counsel.

ii.     Negotiate and enter into stipulations with plaintiffs regarding this litigation.

iii.     Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof any case filed in this litigation.

iv.     Perform such other functions as may be expressly authorized by

further orders of the Court.

## VIII.  **MISCELLANEOUS PROVISIONS**

18.    The Court recognizes that cooperation by and among plaintiffs'
counsel and by and among defendants' counsel is essential for the orderly and
expeditious resolution of this litigation.  The communication of information
among and between plaintiffs' counsel and among and between defendants'
counsel shall not be deemed a waiver of the attorney-client privilege and/or the
work product doctrine, if the privilege or doctrine is otherwise applicable, and all
of said persons shall maintain the confidentiality of said communications.
Cooperative efforts contemplated above shall in no way be used against any
plaintiff by any defendant or against any defendant by any plaintiff.  Nothing
contained in this provision shall be construed to limit the rights of any party or
counsel to assert the attorney-client privilege or attorney work product doctrine.

19.    The Court recognizes that independent investigations have been
undertaken by various plaintiffs' counsel and defendants' counsel. Certain
investigative materials gathered by individual counsel in the course of their
independent case investigations may constitute attorney work product. All
documents and investigative materials obtained prior to the date of this order will
be shared only with counsel having the same interests and subject to an
agreement regarding the sharing of costs and expenses of obtaining and

producing said investigative material and attorney work product.  The PEC shall make a good faith effort to resolve the cost-sharing issues relevant to independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

20.    This organization of counsel for pretrial proceedings is not intended to constitute a waiver of any party's rights under *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

**DONE** and **ORDERED** this 1ˢᵗ day of February, 2010.

_____

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

13

EXHIBIT A

Ernest Cory
CORY, WATSON, CROWDER & DeGARIS, P.C.
2131 Magnolia Ave.
Suite 200
Birmingham, AL 35205
Telephone: 205.328.2200
Facsimile: 205.324.7896
Email: ecory@cwcd.com

Joe R. Whatley, Jr.
WHATLEY, DRAKE & KALLAS, LLC
1540 Broadway 37th Floor
New York, NY  10036
Telephone:  212.447.7069
Facsimile:  212.447.7077
Email: jwhatley@wdklaw.com

H. Blair Hahn
RICHARDSON, PATRICK, WESTBROOK, & BRICKMAN, LLC
1037 Chuck Dawley Boulevard, Building A
P.O. Box 1007
Mt. Pleasant, SC  29464
Telephone:  843.727.6659
Facsimile:  843.727.6642
Email:  bhahn@rpwb.com

Ramon R. Lopez
LOPEZ MCHUGH, LLP
100 Bayview Circle, Suite 5600
Newport Beach, CA  92660
Telephone:  949.737.1501
Facsimile:  949.737.1504
Email:  rlopez@lopezmchugh.com

W. Mark Lanier
THE LANIER LAW FIRM

Tower 56
126 East 56th Street, 6th Floor
New York, NY  10022
Telephone:  212.421.2800
Facsimile:  212.421.2878
Email:  wml@lanierlawfirm.com

Tara D. Sutton
ROBINS, KAPLAN, MILLER & CIRESI, LLP
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN  55402
Telephone:  612.349.8577
Facsimile:  612.339.4181
Email:  TDSutton@rkmc.com

William M. Audet
AUDET & PARTNERS, L.L.P.
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  415.568.2555
Facsimile:  415.568.2556
Email:  waudet@audetlaw.com

Jayne Conroy
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, NY  10016
Telephone:  212.784.6400
Facscimile:  212.784.6420
Email:  jconroy@hanlyconroy.com

Martin D. Crump
DAVIS & CRUMP, PC
1712 15th Street, Suite 300
Gulfport, MS  39501
Telephone:  800.277.0300
Facsimile:  228.864.0907
Email:  martincrump@daviscrump.com

Clinton B. Fisher
HANLY CONROY BIERSTEIN SHERIDAN FISHER & HAYES, LLP
112 Madison Avenue
New York, NY  10016
Telephone:  212.784.6400
Facscimile:  212.784.6420
Email:  cfisher@hanlyconroy.com

Marc D. Grossman
SANDERS VIERNER GROSSMAN, LLP
100 Herricks Road
Mineola, NY  11501
Telephone:  516.741.5252
Facsimile:  516.741.0799
Email:  mgrossman@thesandersfirm.com

David Miceli
SIMMONS, BROWDER, GIANARIS, ANGELIDES & BARNERD, LLC
119 Maple Street, Suite 201
Carrollton, GA  30117
Telephone:  770.834.2122
Facsimile:  770.214.2622
Email:  dmiceli@simmonsfirm.com

David Ratner
MORELLI RATNER, P.C.
950 Third Avenue
New York, NY  10022
Telephone:  212.751.9800
Facsimile:  212.751.0046
Email:  Dratner@morellilaw.com

S. Shay Samples
HARE, WYNN, NEWELL & NEWTON, LLP
The Historic Massey Building
2025 Third Avenue North, Suite 800
Birmingham, AL  35203
Telephone:  205.328.5330
Facsimile:  205.324.2165

Email:  shay@hwnn.com

Gerald B. Taylor, Jr.
SIZEMORE & TAYLOR, LLP
316 Magnolia Avenue
Fairhope, AL  36532
Telephone:  251.990.4375
Facsimile:  251.990.4371
Email:  Jerry@sizemoretaylor.net

EXHIBIT B

Defendants' Lead Counsel

Heidi K. Hubbard
Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  (202) 434-5000
Fax:  (202) 434-5029
Email:  hhubbard@wc.com
       jpetrosinelli@wc.com

Loren H. Brown
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY  10020-1104
Phone:  (212) 335-4846
Fax:  (212) 335-4501
Email: loren.brown@dlapiper.com

F.M. ("Tripp") Haston, III
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35206
Phone:  (205) 521-8303
Fax:  (205) 488-6303
Email:  thaston@babc.com

Defendants' Liaison Counsel

John E. Joiner
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Phone:  (202) 434-5024
Fax:  (202) 434-5029

Email:  jjoiner@wc.com

Andrew B. Johnson
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35206
Phone:  (205) 521-8295
Fax:  (205) 488-6295
Email:  ajohnson@babc.com

Matthew A. Holian
DLA Piper LLP (US)
33 Arch Street, 26th Floor
Boston, Massachusetts 02110
Phone:  (617) 406-6009
Fax:  (617) 406-6109
Email: matt.holian@dlapiper.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 09-2051-MD-ALTONAGA/Brown

In RE

DENTURE CREAM PRODUCTS
LIABILITY LITIGATION

_____/

This Document Relates to All Actions

### CASE MANAGEMENT AND SCHEDULING ORDER NO. 1

The Court having considered the Motion for entry of CMO 1, it is

**ORDERED AND ADJUDGED** that:

**I.      PRETRIAL CONSOLIDATION.**

Any other actions filed, whether filed directly in the United States District Court for the Southern District of Florida or in any other United States District Court (whether by original filing or removal), that are related to this litigation (that is, civil actions seeking damages arising from the use of Denture Cream products) are hereby consolidated into one action (the "Consolidated Action") for all pre-trial purposes pursuant to Rule 42 of the Federal Rules of Civil Procedure.  Counsel shall familiarize themselves with the District's Local Rules.  The provisions of this Order supersede any inconsistent provisions of the District's Local Rules.

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of June 9, 2009; (2) any tag-along actions subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation; and (3) all related cases originally filed in this Court or transferred or removed to this Court.  This Order applies to all Plaintiffs in federal actions, and to Defendants Aaron Mosley, SmithKline Beecham Corporation, GlaxoSmithKline Consumer Healthcare L.L.C., Glaxosmithkline Consumer Healthcare, L.P., Block Drug Company, Inc., The Procter & Gamble Company, The Procter & Gamble Manufacturing Co.,

Case No. 09-2051-MD-ALTONAGA/Brown

The Procter and Gamble Manufacturing Company, Procter and Gamble Distributing Company, the Procter & Gamble Distributing LLC (hereinafter "Defendants") in the federal actions in which each such defendant was properly served. This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

All subsequent Orders of this Court with the designation "All Actions" entered in MDL-2051 shall likewise apply to all cases that are or become part of this MDL, regardless of whether that case was part of MDL-2051 when the Order was entered.

## II.   CASE IDENTIFICATION.

The purpose of the following instructions is to reduce the time and expense of duplicate filings of documents through the use of a master case, while at the same time not congesting the master case with miscellaneous papers and orders that are of interest only to the parties directly affected by them.

### A.   Master Docket and Record

For the convenience of the parties and the Court, the Clerk will maintain a master docket with a single docket number and master record under the style: "In re Denture Cream Products Liability Litigation," Master Case No. 09-2051-MD-ALTONAGA/Brown. When a document is filed and docketed in the master case, it shall be deemed filed and docketed in each individual case to the extent applicable and will not ordinarily be separately docketed or physically filed in any individual cases. However, the caption may also contain a notation indicating whether the document relates to all cases or only to specified cases, as described below.

### B.   Caption

All Orders, papers, motions and other documents served or filed in this Consolidated Action shall bear the same caption as this Order.

If the document(s) is generally applicable to all consolidated actions, the caption shall include the notation: "This Document Relates to All Actions," and the Clerk will file and docket the document(s) only in the master record. However, if a document is intended to apply only to a

Case No. 09-2051-MD-ALTONAGA/Brown

particular case, the caption shall include the notation "This Document Relates to [case number of the case(s) to which it applies]," and extra copies shall be provided to the Clerk to facilitate filing and docketing both in the master record and the specified individual case records.

The original of this Order shall be filed by the Clerk in each of the Denture Cream Products Liability actions pending in this Court and a copy thereof shall be filed in each subsequently filed or transferred action, which is related to and consolidated with this action for pretrial purposes. The Clerk of Court will maintain docket and case files under this caption.

## III.    STATUS CONFERENCES.

The next Status Conference shall take place on **August 17, 2009 at 11:00 a.m.**  Further Status Conferences shall be held as directed by the Court. On or before **August 14, 2009**, the parties shall provide the Court with a proposed set of dates for future Status Conferences.

To minimize costs and facilitate manageable conferences, all Parties are not required to attend but shall be represented at status conferences by Lead and/or Liaison Counsel.  A Party will not, by designating an attorney to represent its interests at a status conference, be precluded from other representation during the litigation and attendance at the conference will not waive objections to jurisdiction, venue or service.  Those parties who choose to appear at the Status Conference via telephone shall be permitted to listen but will not be allowed to speak during the conference.

To aid the Court and the Parties in preparing for future conferences, Lead and/or Liaison Counsel for the Parties shall meet and confer at least ten (10) days prior to each future status conference to attempt to agree upon a proposed agenda for the conference.  Not less than three (3) business days prior to the conference, the Parties shall submit a joint agenda that reports on the number of cases in the MDL and the number tagged for transfer, that lists all motions that have been fully briefed, and that identifies any issue that either or both Parties wish to raise with the Court. The Parties may submit at the same time separate statements of their positions on said issues.  If the Parties agree that they would like the Court to take any action, the joint agenda shall so state.  The agenda is intended to inform the Court of matters that the Parties desire to raise at the status

3

conference, and the Court may amend or augment the agenda as it deems appropriate.

## IV.   ADMISSION AND ORGANIZATION OF COUNSEL.

### A.   Admission of Counsel

Attorneys admitted to practice and in good standing of the bar of any United States District Court will be admitted to practice in this litigation upon the filing of a Notice of Appearance in (1) the Master File and (2) the particular action(s) in which they seek to appear.  The requirements of Rule 4 of the Special Rules Governing the Admission and Practice of Attorneys (contained in the Local Rules of the United States District Court for the Southern District of Florida) are waived. Attorneys, upon filing of a Notice of Appearance, will be permitted to electronically receive Notices of Electronic Filing provided the Notice of Appearance includes a request to receive such Notices and provides an e-mail address for the Attorney.  Attorneys admitted to practice in this litigation pursuant to this Section are authorized to file documents conventionally as this District does not currently have any mechanism allowing for electronic filing by attorneys located outside of the Southern District of Florida.  The Court waives any *pro hac vice* admission fees associated with this action.

### B.   Appointment of Plaintiffs' Steering Committee/Lead/Liaison Counsel

Plaintiffs' counsel have met and discussed their organizational structure and functions.  All have agreed to serve in the following manner.

#### 1.   Co-Lead Counsel

The Court hereby appoints as Plaintiffs' Co-Lead Counsel:

Andy Alonso, Esq.
Parker Waichman Alonso LLP
111 Great Neck Road
Great Neck, New York 11021-5402

Scott Weinstein, Esq.
Morgan & Morgan P.A.
One University Park Drive, Suite 600
Fort Myers, Florida 33907

Case No. 09-2051-MD-ALTONAGA/Brown

Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and control, administer, and supervise the litigation. The Court may designate such additional or substitute members as may be necessary. Plaintiffs' Co-Lead Counsel shall:

(a)   determine (after consultation with other members of the Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

(b)   delegate specific tasks to other counsel in a manner to assure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

(c)   enter into stipulations with opposing counsel necessary for the conduct of the litigation;

(d)   prepare and distribute to the parties periodic status reports;

(e)   maintain adequate time and expense records covering services of Plaintiffs' Legal Committee;

(f)   monitor the activities of co-counsel to assure that schedules are met and unnecessary expenditures of time and funds are avoided;

(g)   perform such other duties as may be incidental to proper coordination of plaintiffs' pre-trial activities or authorized by further order of the Court;

(h)   coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Federal Rule of Civil Procedure 26(b)(1) and (2) and (g), including the preparation of

5

Case No. 09-2051-MD-ALTONAGA/Brown

joint interrogatories and requests for production of documents and the examination of witnesses in depositions; and

(i)    conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized.

Counsel for plaintiffs who disagree with Lead Counsel (or those acting on behalf of Lead Counsel) or who have individual or divergent positions, may present written and oral arguments, provided that in doing so they do not repeat arguments or actions of Lead Counsel.

2.    <u>Plaintiffs' Liaison Counsel</u>

The Court hereby designates as Plaintiffs' Liaison Counsel:

Scott Weinstein, Esq.
Morgan & Morgan P.A.
One University Park Drive, Suite 600
Fort Myers, Florida 33907

Plaintiffs' Liaison Counsel shall:

(a)    serve as the contact for the Court for all Court orders;

(b)    coordinate service and filings;

(c)    maintain and distribute to co-counsel and to Defendants' Lead and Liaison Counsel an up-to-date service list;

(d)    receive and distribute pleadings, orders, and motions by email within three (3) days after receipt;

(e)    maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party [except such documents as may be available at a document depository]; and

(f)    establish and maintain a document depository.

Plaintiffs' Liaison Counsel may provide copies of documents produced by a defendant only to any plaintiff in these consolidated proceedings (i) who has filed an individual action against the specific defendant by which the document production is made and who has served such defendant,

6

Case No. 09-2051-MD-ALTONAGA/Brown

or defendant's counsel if service is waived, in the individual action; and (ii) who is subject to the

Protective Order for confidential information to be developed by the parties and entered by the

Court.

      3.    Plaintiffs' State Court/Federal Court Liaison

As Plaintiffs' liaison between these proceedings and the MTP proceedings pending before

Judge Moss in Philadelphia PA, the Court appoints:

Eric Chaffin, Esq.
Bernstein Liebhard LLP
10 East 40th Street
29th Floor
New York, New York 10016

      4.    Plaintiffs' Steering Committee ("PSC")

The Court hereby appoints the following members to the PSC:

| | |
|---|---|
| Andy Alonso, Esq.<br>Parker Waichman Alonso LLP<br>111 Great Neck Road<br>Great Neck, New York 11021-5402 | Michael London, Esq.<br>Douglas & London, P.C.<br>111 John Street<br>New York, New York 10038 |
| Alex Alvarez, Esq.<br>The Alvarez Law Firm<br>355 Palermo Avenue<br>Coral Gables, Florida 33134 | David Shiner, Esq.<br>Shiner and Sosin, PA<br>95 South Federal Highway, 1st Floor<br>Boca Raton, Florida 33432 |
| Daniel Becnel, Esq.<br>Becnel Law Firm, L.L.C.<br>P.O. Drawer H<br>106 W. 7th Street<br>Reserva, LA 70084 | John Walsh, Esq.<br>Hill & Robbins, P.C.<br>100 Black Street Building<br>1441 Eighteenth Street<br>Denver, Colorado 80202-5932 |
| Eric Chaffin, Esq.<br>Bernstein Liebhard LLP<br>10 East 40th Street, 29th Floor<br>New York, New York 10016 | Scott Weinstein, Esq.<br>Morgan & Morgan P.A.<br>One University Park Drive, Suite 600<br>Ft. Myers, Florida 33907 |
| Berry Cooper<br>Deal, Cooper & Holton, PLLC<br>296 Washington Avenue<br>Memphis, Tennessee 38103 | Kirk Wolden<br>Arnold Law Firm<br>865 Howe Avenue, Suite 300<br>Sacramento, California 95825 |

Case No. 09-2051-MD-ALTONAGA/Brown

The PSC will have the following responsibilities:

    (a)    <u>Discovery</u>

          (i)    initiate, coordinate and conduct all pretrial discovery on behalf of all plaintiffs who file civil actions which are consolidated with the instant multidistrict litigation known as "MDL-2051, In re: Denture Cream Products Liability Litigation."

          (ii)    develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs.

          (iii)    cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation.  Similar requests, notices and subpoenas may be caused to be issued by the Steering Committee upon written request by an individual attorney in order to assist that attorney in the preparation of the pretrial stages of the particular claims asserted by their clients.

          (iv)    conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs.

    (b)    <u>Miscellaneous</u>

          (i)    call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the Court.

          (ii)    distribute copies of periodic status reports prepared by the PSC Chairperson to all plaintiffs' attorneys.  The reports shall

Case No. 09-2051-MD-ALTONAGA/Brown

be submitted by the PSC Chairperson to the Plaintiffs' Liaison Counsel who will promptly distribute copies. The periodic status and progress reports must be forwarded to all plaintiffs' counsel at intervals of no more than sixty (60) days commencing from the date of this Order, and more frequently in the event of significant matters appropriate for communication.

(iii)   perform any tasks necessary and proper for the Steering Committee to accomplish its responsibilities as defined by the Court's orders.

Reimbursement for costs and fees for services of the Steering Committee will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

The appointment of the PSC is of a personal nature. Accordingly, the above appointees cannot be substituted by other attorneys, including members of the appointee's law firm, to perform the PSC's exclusive functions, such as committee meetings and court appearances, except with prior approval of the Court.

C.   Appointment of Defendants' Steering Committee/Lead/Liaison Counsel

Defendants' counsel have met and discussed their organizational structure and functions. All have agreed to serve in the following manner.

1.   Defendants Lead and Liaison Counsel

As Lead Counsel and Federal/State Liaison Counsel for Defendants Smithkline Beecham Corporation D/B/A Glaxosmithkline, Glaxosmithkline Consumer Healthcare, L.P., Glaxosmithkline Consumer Healthcare, L.L.C., and Block Drug Company, Inc., the Court now designates:

Stephanie A. Smith, Esq.
Stacey A. Martinez, Esq.
Fulbright & Jaworski L.L.P.
600 Congress Avenue, Suite 2400
Austin, Texas 78701

9

Case No. 09-2051-MD-ALTONAGA/Brown

As Lead Counsel and Federal/State Liaison Counsel for Defendants The Procter & Gamble Manufacturing Company and The Procter & Gamble Distributing LLC, the Court now designates:

> Frank C. Woodside, III, Esq.
> Dinsmore & Shohl LLP
> 1900 Chemed Center
> 255 E. Fifth St.
> Cincinnati, OH 45202

As Liaison Counsel for Defendants Smithkline Beecham Corporation D/B/A Glaxosmithkline, Glaxosmithkline Consumer Healthcare, L.P., Glaxosmithkline Consumer Healthcare, L.L.C., and Block Drug Company, Inc.; and for Defendants The Procter & Gamble Manufacturing Company and The Procter & Gamble Distributing LLC, the Court now designates:

> Edward W. Gerecke, Esq.
> Carlton Fields, P.A.
> 4221 W. Boy Scout Boulevard
> Suite 1000
> Tampa, Florida 33607-5780

D.    Privileges Preserved

No communications among Plaintiffs' Counsel or among Defendants' Counsel shall be taken as a waiver of any privilege or protection to which the parties would otherwise be entitled. This provision, however, does not in any way expand or create a protection or privilege that counsel do not otherwise already enjoy.

**V.    SERVICE OF PROCESS.**

A.    Orders

A copy of each Order designated in the caption as related to All Actions shall be provided to Plaintiffs' Liaison Counsel and Defendants' Lead and Liaison Counsel for distribution as appropriate to counsel and parties.

B.    Pleadings, Motions, and Other Documents

A party filing a pleading, motion, or other document shall immediately email copies to Plaintiffs' Liaison Counsel and Defendants' Lead and Liaison Counsel for distribution. Service on

Case No. 09-2051-MD-ALTONAGA/Brown

Plaintiffs' Liaison Counsel or on Defendants' Lead and Liaison Counsel constitutes service on other attorneys and parties for whom Lead or Liaison Counsel is acting, such service being deemed effective three (3) business days after service on Lead or Liaison Counsel. Service and distribution by Lead or Liaison Counsel to other attorneys of record shall be by email. The foregoing procedure shall apply to Denture Cream products liability cases filed in or removed to federal court only and not to any other litigation.

## VI.  STAY OF PROCEEDINGS.

All Denture Cream actions are stayed in all respects pending entry of further orders of this Court. To the extent there are deadlines that would otherwise exist for objections, responses, replies, answers, affirmative defenses or other responsive pleadings to complaints, motions, discovery or other pleadings, such deadlines for responsive pleadings are stayed until further Order of this Court or unless otherwise previously agreed to among Lead/Liaison Counsel.

## VII.  PENDING MOTIONS DENIED WITHOUT PREJUDICE

All motions pending at the time of transfer to this Court are **DENIED WITHOUT PREJUDICE**. With respect to the *Mourning, Peterson, Bates* and *Bond* class action cases, Plaintiffs shall have 45 days from the date of this Order in which to determine whether they wish to prosecute these cases as class actions.

## VIII.  CONFIDENTIALITY

An order preserving the confidentiality of documents shall be confected jointly by the parties and filed with the Court after the initial conference.

## IX.  PROPOSED CASE MANAGEMENT ORDER NO. 2 - INITIAL SCHEDULING ORDER

The parties shall jointly submit a proposed Case Management Order No. 2 - Initial Scheduling Order (CMO 2) on or before **August 14, 2009**, which shall incorporate to the extent possible direction provided by the Court and agreements of counsel announced at the July 8, 2009 Status Conference.

11

Case No. 09-2051-MD-ALTONAGA/Brown

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 13th day of July, 2009.

_Cecilia M. Altonaga_
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: VIOXX                                       :        MDL NO. 1657
       PRODUCTS LIABILITY LITIGATION         :
                                          :        SECTION:  L
                                          :
                                          :        JUDGE FALLON
                                          :        MAG. JUDGE KNOWLES

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

**THIS DOCUMENT RELATES TO ALL CASES**

**PRETRIAL ORDER #1**
**Setting Initial Conference**

      It appearing that civil actions listed on Schedule A, attached hereto, which were

transferred to this Court by order of the Judicial Panel on Multi District Litigation pursuant to its

order of February 16, 2005, merit special attention as complex litigation, it is, therefore,

ORDERED that:

      1.      APPLICABILITY OF ORDER---Prior to the initial pretrial conference and entry

of a comprehensive order governing all further proceedings in this case, the provisions of this

Order shall govern the practice and procedure in those actions that were transferred to this Court

by the Judicial Panel on Multi District Litigation pursuant to its order of February 16, 2005 listed

on Schedule A.  This Order also applies to all related cases filed in all sections of the Eastern

District of Louisiana and  will also apply to any "tag-along actions" later filed in, removed to, or

transferred to this Court.

2. CONSOLIDATION---The civil actions listed on Schedule A are consolidated for pretrial purposes. Any "tag-along actions" later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.

3. DATE OF INITIAL CONFERENCE AND AGENDA FOR CONFERENCE--- Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial pretrial conference to be held on Friday, March 18, 2005 at 9:00 a.m. in Judge Eldon E. Fallon's courtroom, Room 468, United States Courthouse, 500 Poydras Street, New Orleans, Louisiana. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. The items listed in MCL 4th Sections 22.6, 22.61, 22.62, and 22.63 shall, to the extent applicable, constitute a tentative agenda for the conference. Counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan, amendment of pleadings, and consideration of any class action allegations and motions. If the parties have any suggestions as to any case management orders or additional agenda items, these shall be faxed to (504) 589-6966 or otherwise submitted to the Court by March 11, 2005.

4.      POSITION STATEMENT---Plaintiffs and defendants shall submit to the Court by March 11, 2005 a brief written statement indicating their preliminary understanding of the facts involved in the litigation and the critical factual and legal issues.  These statements will not be filed with the Clerk, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a party in later proceedings.  The parties' statements shall list all pending motions, as well as all related cases pending in state or federal court, together with their current status, including any discovery taken to date, to the extent known.  The parties shall be limited to one such submission for all plaintiffs and one such submission for all defendants.

5.      APPEARANCE---Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation.  Parties not represented by counsel may appear in person or through an authorized and responsible agent.  To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference.  A party will not by designating an attorney to represent its interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

6.      SERVICE---Prior to the initial pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto and designated as Schedule B.  Any attorney who wishes to have his/her name added to or deleted from such Panel Attorney Service List may do so upon request to the Clerk and notice to all other persons on such service list.  The parties shall present to the Court at the initial conference a list of attorneys and their office addresses and E-mail addresses.

7.    EXTENSION AND STAY---The defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be renoticed for resolution on a motion day or days after the Court's initial conference herein.

8.    MASTER DOCKET FILE---The Clerk of Court will maintain a master docket case file under the style "In Re: VIOXX Products Liability Litigation" and the identification "MDL No. 1657". When a pleading is intended to be applicable to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to less than all cases, this Court's docket number for each individual case to which the document number relates shall appear immediately after the words "This Document Relates to". The following is a sample of the pleading style:

In Re: VIOXX                                          MDL No. 1657
          Products Liability Litigation
                                                     SECTION: L

This Document Relates to:                             Judge Fallon
                                                     Mag. Judge Knowles

9.    FILING---Until electronic filing is instituted in the Eastern District of Louisiana, a signed original of any pleading or paper together with the number of copies set forth in the Local Rules is all that need be filed. The Clerk of Court is directed to make all entries on the master docket sheet with a notation listing the cases to which the document applies, except that a document closing a case will also be entered on the individual docket sheet. All documents shall be filed in the master file.

-4-

10. DOCKETING---When an action that properly belongs as a part of <u>In Re: VIOXX</u> <u>Products Liability Litigation</u> is hereinafter filed in the Eastern District of Louisiana or transferred here from another court, the Clerk of this Court shall:

      a. File a copy of this Order in the separate file for such action;

      b. Make an appropriate entry on the master docket sheet;

      c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order;

      d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

11. APPEARANCES---Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation, and the requirements of Local Rules 83.2.6E and 83.2.7 are waived. Association of local counsel is not required.

12. REMAND STIPULATIONS---In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

13. PRESERVATION OF EVIDENCE---All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess

materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

14. FILING OF DISCOVERY REQUESTS---In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except when specifically ordered by the Court to the extent needed in connection with a motion.

15.    LIAISON COUNSEL---Prior to the initial conference, counsel for the plaintiffs and counsel for the defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of liaison counsel for each group who will be charged with essentially administrative matters. For example, liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi District Litigation pursuant to Rule 5.2(e) of the Panel's *Rules of Procedure* or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of liaison counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement. Appointment of liaison counsel shall be subject to the approval of the Court. At the first conference liaison counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

16. PLAINTIFFS' STEERING COMMITTEE---It is the Court's intent to appoint a Plaintiffs' Steering Committee ("PSC") to conduct and coordinate the discovery stage of this litigation with the defendant's representatives or committee. Applications/nominations for the

PSC positions must be filed as an original and one copy with the Eastern District of Louisiana's Clerk's Office on or before Monday, March 28, 2005. A copy must also be served upon counsel named in the attached list on the day of filing. The main criteria for membership in the PSC will be: (a) willingness and availability to commit to a time-consuming project; (b) ability to work cooperatively with others; and (c) professional experience in this type of litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than three (3) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.

Objections may be made to the appointment of a proposed applicant/nominee. Nevertheless, the Court will entertain only written objections to any application/nomination. These must be filed with the Clerk in an original and one copy on or before April 4, 2005. The objections, if there be any, must be short, yet thorough, and must be supported by necessary documentation. As with the application/nomination, any objection must be served on all counsel appearing on the attached list on the day of filing.

The PSC will have the following responsibilities:

Discovery

(1)     Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant multi district litigation.

(2)     Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs.

(3)     Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and

-8-

documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by the PSC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(4)     Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of all plaintiffs. No attorney for a plaintiff may be excluded from attending the examination of witnesses and other proceedings. Such attorney may suggest questions to be posed to deponents through the designated PSC members provided that such questions are not repetitious.

Hearings and Meetings

(1)     Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(2)     Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

(3)     Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

-9-

Miscellaneous

    (1)    Submit and argue any verbal or written motions presented to the Court or Magistrate on behalf of the PSC as well as oppose when necessary any motions submitted by the defendant or other parties which involve matters within the sphere of the responsibilities of the PSC.

    (2)    Negotiate and enter into stipulations with Defendants regarding this litigation. All stipulations entered into by the PSC, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

    (3)    Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

    (4)    Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by Plaintiffs or their attorneys.

    (5)    Prepare periodic status reports summarizing the PSC's work and progress. These reports shall be submitted to the Plaintiffs' Liaison Counsel who will promptly distribute copies to the other plaintiffs' attorneys.

    (6)      Perform any task necessary and proper for the PSC to accomplish its responsibilities as defined by the Court's orders.

    (7)      Perform such other functions as may be expressly authorized by further orders of this Court.

    (8)      Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

17.     COMMUNICATION WITH THE COURT---Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendant's counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

New Orleans, Louisiana, this 17th day of ___February___, 2005.

/s/ Eldon E. Fallon_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE

Attachments

-11-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA  FEB 1 6 2005

FILED
CLERK'S OFFICE

2005 FEB 17  A 11: 37
LORETTA G. WHYTE
CLERK

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1657*

*A CERTIFIED TRUE COPY*
*FEB 1 6 2005*
*ATTEST*
*FOR THE JUDICIAL PANEL ON*
*MULTIDISTRICT LITIGATION*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE VIOXX PRODUCTS LIABILITY LITIGATION

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of 148 actions pending in 41 federal districts and listed on the attached Schedule A. Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of all but one of these actions.[1] Plaintiff in one Eastern Louisiana action seeks centralization of this litigation in the Eastern or Western Districts of Louisiana. Defendant Merck & Co., Inc. (Merck) moves for centralization of this litigation in either the District of Maryland, the Southern District of Indiana, or the Northern District of Illinois. Merck also agrees with some plaintiffs that the District of New Jersey would be an appropriate transferee district. AmerisourceBergen Corp., a wholesaler defendant, supports centralization in the Maryland district. Most responding plaintiffs agree that centralization is appropriate, although some plaintiffs suggest alternative transferee districts, including the Northern District of Alabama, the Central or Northern Districts of California, the District of Delaware, the Southern District of Illinois, the District of Minnesota, the Eastern District of Missouri, the District of New Jersey, the Eastern or Southern Districts of New York, the Northern or Southern Districts of Ohio, the Western District of Oklahoma, the Eastern District of Pennsylvania, and the Southern or Western Districts of Texas.

---

* Judge Motz took no part in the decision of this matter.

[1] Included in the Section 1407 motions were eleven additional actions pending in the Central District of California (2), the Southern District of California (1), the Southern District of Illinois (2), the Southern District of Indiana (1), the Western District of Missouri (1), the Southern District of New York (1), the Northern District of Texas (1), and the Southern District of Texas (2). These actions have been either remanded to their respective state courts, voluntarily dismissed, or otherwise closed. Accordingly, inclusion of the actions in Section 1407 proceedings is moot.

One other action – *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, S.D. New York, C.A. No. 1:04-9248 – was not included on either MDL-1657 motion and is now included in this transfer order. All parties to this action had notice of the proceedings before the Panel relating to Section 1407 centralization and had an opportunity to participate in those proceedings by stating their respective positions in writing and during the Panel's hearing session.

The Panel has been notified of nearly 300 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

Fee_____
Process_____
X_Dktd_____
CtRmDep_____
Doc. No_____

- 2 -

A CERTIFIED TRUE COPY

The three arguments in opposition to Section 1407 centralization can be summarized as follows: plaintiffs in two actions oppose inclusion of their actions in MDL-1657 proceedings because motions to remand their actions to state court are pending; plaintiffs in some Southern Texas actions along with plaintiffs in one third-party payor action pending in the Southern District of New York oppose these actions' inclusion in MDL-1657, arguing that individual questions of fact in their actions predominate over any common questions of fact and/or that discovery is already underway in these actions; and plaintiffs in one action pending in the Eastern District of New York oppose inclusion of their action in 1407 proceedings, since it involves additional claims relating to a different prescription medication not involved in other MDL-1657 actions.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings. We note that motions to remand in two actions, one action each in the District of Kansas and the Eastern District of Missouri, as well as in any other MDL-1657 actions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Nor are we persuaded by the arguments of some opposing Texas plaintiffs and the New York third-party payor plaintiffs. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1657 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

- 3 -

The Panel is persuaded, however, that claims involving a prescription drug other than Vioxx in one Eastern District of New York action do not share sufficient questions of fact with claims relating to Vioxx to warrant inclusion of these non-Vioxx claims in MDL-1657 proceedings.

Given the geographic dispersal of constituent actions and potential tag-along actions, no district stands out as the geographic focal point for this nationwide docket. Thus we have searched for a transferee judge with the time and experience to steer this complex litigation on a prudent course. By centralizing this litigation in the Eastern District of Louisiana before Judge Eldon E. Fallon, we are assigning this litigation to a jurist experienced in complex multidistrict products liability litigation and sitting in a district with the capacity to handle this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Louisiana are transferred to the Eastern District of Louisiana and, with the consent of that court, assigned to the Honorable Eldon E. Fallon for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that claims in *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, E.D. New York, C.A. No. 1:01-3441, against Pharmacia Corp., Pfizer Inc., and G.D. Searle & Co. relating to a prescription medication other than Vioxx are simultaneously separated and remanded to the Eastern District of New York.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

## SCHEDULE A

SECT. L MAG. 3

MDL-1657 -- In re Vioxx Products Liability Litigation

CASE No. ASSIGNED
EASTERN DIST OF LOUISIANA

### Middle District of Alabama

*Paul Turner, Sr. v. Merck & Co., Inc.*, C.A. No. 1:04-999                 05-0428
*Danny M. Wilson v. Merck & Co., Inc.*, C.A. No. 2:03-844                 05-0429

### Northern District of Alabama

*Carolyn O. Hensley, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-906            05-0430
*William Cook v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2710            05-0431
*Sharon Scott Jones v. Merck & Co., Inc.*, C.A. No. 5:04-3079            05-0432

### Southern District of Alabama

*Carolyn Younge, etc. v. Merck & Co., Inc., et al.*, C.A. No. 1:03-125        05-0433

### Eastern District of Arkansas

*Linda Sue Otts v. Merck & Co., Inc.*, C.A. No. 5:04-57                05-0434

### Western District of Arkansas

*Bobby Brown, et al. v. Merck & Co., et al.*, C.A. No. 4:04-4140            05-0435
*Arthur Fulton, etc. v. Merck & Co., Inc.*, C.A. No. 6:03-6107            05-0436

### Central District of California

*Charles Ashman v. Merck & Co., Inc.*, C.A. No. 2:04-8225            05-0437
*Janet Briggs v. Merck & Co., Inc.*, C.A. No. 2:04-9275            05-0438

### Northern District of California

*Kathy Tokes v. Merck & Co., Inc.*, C.A. No. 3:04-4435            05-0439
*Patricia A. Taylor v. Merck & Co., Inc.*, C.A. No. 3:04-4510            05-0440
*Jeffrey Brass v. Merck & Co., Inc.*, C.A. No. 3:04-4521            05-0441

### Middle District of Florida

*Frances Dunleavey, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-539        05-0442

- A2 -

## MDL-1657 Schedule A (Continued)

**SECT. L MAG. 3**

### Northern District of Florida

*Benjamin Burt, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-388          05-0443

### Southern District of Florida

*Ellen B. Gerber, et al. v. Merck & Co., Inc.*, C.A. No. 0:04-61429          05-0444
*Josefa Abraham, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-22631          05-0445
*Sidney Schneider v. Merck & Co., Inc., et al.*, C.A. No. 1:04-22632          05-0446
*Clara Fontanilles v. Merck & Co., Inc.*, C.A. No. 1:04-22799          05-0447
*Stanley Silber, et al. v. Merck & Co., Inc.*, C.A. No. 9:04-80983          05-0448

### Northern District of Georgia

*Richard Zellmer v. Merck & Co., Inc., et al.*, C.A. No. 1:03-2530          05-0449
*Edna Strickland v. Merck & Co., Inc.*, C.A. No. 1:04-3231          05-0450

### Northern District of Illinois

*Linda Grant, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-6407          05-0451
*Constance Oswald v. Merck & Co., Inc.*, C.A. No. 1:04-6741          05-0452
*Anita Ivory v. Merck & Co., Inc.*, C.A. No. 1:04-7218          05-0453

### Southern District of Illinois

*Roberta Walson, etc. v. Merck & Co., Inc.*, C.A. No. 3:04-27          05-0454
*John Ellis v. Merck & Co., Inc., et al.*, C.A. No. 3:04-792          05-0455
*Bilbrey v. Merck & Co., Inc.*, C.A. No. 3:04-836          05-0456

### Southern District of Indiana

*Estate of Lowell D. Morrison v. Merck & Co., Inc.*, C.A. No. 1:03-1535          05-0457
*Kimberly Van Jelgerhuis, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-1651          05-0458

### District of Kansas

*Vicky Hunter v. Merck & Co., Inc.*, C.A. No. 2:04-2518          05-0459
*Betty S. Smith v. Merck & Co., Inc.*, C.A. No. 6:04-1355          05-0460

- A3 -

**MDL-1657 Schedule A (Continued)**

SECT. L MAG. 3

### Eastern District of Kentucky

*Daniel K. Williams v. Merck & Co., Inc.*, C.A. No. 2:04-235        05-0461
*Richard J. Getty, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-452        05-0462

### Eastern District of Louisiana

*Salvadore Christina, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-2726
*Angelis Alexander v. Merck & Co., Inc.*, C.A. No. 2:04-2845
*Leonce Davis v. Merck & Co., Inc.*, C.A. No. 2:04-2937
*Mary V. Gagola v. Merck & Co., Inc.*, C.A. No. 2:04-3053
*Christine L. Parr v. Merck & Co., Inc.*, C.A. No. 2:04-3054
*Clifton Adam Savage, Sr. v. Merck & Co., Inc.*, C.A. No. 2:04-3055
*Delores Thomas Robertson v. Merck & Co., Inc.*, C.A. No. 2:04-3056
*Howard Mark Falick v. Merck & Co., Inc.*, C.A. No. 2:04-3060
*Warren L. Gottsegen, M.D. v. Merck & Co., Inc.*, C.A. No. 2:04-3065

### Middle District of Louisiana

*Michael Wayne Russell v. Merck & Co., Inc.*, C.A. No. 3:04-712        05-0463
*Linda Kay Hudson v. Merck & Co., Inc.*, C.A. No. 3:04-776        05-0464
*Jesse Wilkinson v. Merck & Co., Inc.*, C.A. No. 3:04-800        05-0465
*Wilson Brown v. Merck & Co., Inc.*, C.A. No. 3:04-801        05-0466
*Dorothy Bracken v. Merck & Co., Inc.*, C.A. No. 3:04-802        05-0467
*James Edward Benoit v. Merck & Co., Inc.*, C.A. No. 3:04-803        05-0468
*Clarence Chiszle v. Merck & Co., Inc.*, C.A. No. 3:04-804        05-0469

### Western District of Louisiana

*Anthony J. Mallet, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:02-2304        05-0470
*Calvin Warren, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-2110        05-0471
*Vicki White v. Merck & Co., Inc.*, C.A. No. 3:04-2126        05-0472
*Norma Merrit, et al. v. Merck & Co., Inc.*, C.A. No. 5:03-1401        05-0473
*Herchial Wright, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2268        05-0474
*Leroy Bates, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2269        05-0475
*Vaughn McKnight v. Merck & Co., Inc.*, C.A. No. 5:04-2270        05-0476
*Josephine Harper v. Merck & Co., Inc.*, C.A. No. 5:04-2271        05-0477
*Lendell Burns, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2272        05-0478
*Leona Sadler v. Merck & Co., Inc.*, C.A. No. 5:04-2273        05-0479
*William Tice, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2274        05-0480
*Maynard Butler, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2275        05-0481
*Marion Evans, et al. v. Merck & Co., Inc.*, C.A. No. 5:04-2276        05-0482
*Donna Lavergne v. Merck & Co., Inc.*, C.A. No. 6:04-2174        05-0483

- A4 -

## MDL-1657 Schedule A (Continued)

### District of Maryland

| | |
|---|---|
| *Lindsey Edler, etc. v. Merck & Co., Inc.*, C.A. No. 1:03-3612 | 05-0484 |
| *Melvin Biles v. Merck & Co., Inc.*, C.A. No. 1:04-975 | 05-0485 |
| *David Morris, Jr. v. Merck & Co., Inc.*, C.A. No. 8:04-3024 | 05-0486 |
| *Daniel Martin Jeffers, et al. v. Merck & Co., Inc.*, C.A. No. 8:04-3604 | 05-0487 |

### District of Massachusetts

| | |
|---|---|
| *Frank R. Saia v. Merck & Co., Inc.*, C.A. No. 1:04-12166 | 05-0488 |

### District of Minnesota

| | |
|---|---|
| *Carolyn Y. Glover v. Merck & Co., Inc.*, C.A. No. 0:03-5166 | 05-0489 |
| *Lowell Burris, Jr. v. Merck & Co., Inc.*, C.A. No. 0:04-4375 | 05-0490 |
| *Shirley Homister v. Merck & Co., Inc.*, C.A. No. 0:04-4754 | 05-0491 |

### Northern District of Mississippi

| | |
|---|---|
| *Frances Shannon, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-105 | 05-0492 |

### Southern District of Mississippi

| | |
|---|---|
| *Leona McFarland, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-247 | 05-0493 |
| *Bettye J. Magee, et al. v. Merck & Co., Inc., et al.*, C.A. No. 2:03-249 | 05-0494 |
| *Jerry Melton v. Merck & Co., Inc., et al.*, C.A. No. 2:04-372 | 05-0495 |
| *Janet Sue Morgan, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:03-435 | 05-0496 |
| *Brenda Price, et al. v. Merck & Co., Inc., et al.*, C.A. No. 3:04-866 | 05-0497 |

### Eastern District of Missouri

| | |
|---|---|
| *Deyonne E. Whitmore v. Merck & Co., Inc.*, C.A. No. 4:03-1354 | 05-0498 |
| *Janice Perkins v. Merck & Co., Inc.*, C.A. No. 4:04-1446 | 05-0499 |
| *Jurhee Bench v. Merck & Co., Inc.*, C.A. No. 4:04-1447 | 05-0500 |

### Western District of Missouri

| | |
|---|---|
| *Caroline Nevels v. Merck & Co., Inc., et al.*, C.A. No. 4:04-952 | 05-0501 |
| *Russell Young, etc. v. Merck & Co.*, C.A. No. 6:04-5117 | 05-0502 |

- A5 -

## MDL-1657 Schedule A (Continued)

SECT. L MAG. 3

### District of New Jersey

| | |
|---|---|
| *Patrick Besaw v. Merck & Co., Inc.*, C.A. No. 3:04-5178 | 05-0503 |
| *Brenda Aguero, et al. v. Merck & Co., Inc.*, C.A. No. 3:04-5341 | 05-0504 |

### Eastern District of New York

| | |
|---|---|
| *Dominick Cain, et al. v. Merck & Co., Inc., et al.*, C.A. No. 1:01-3441 | 05-0505 |
| *William Hanson v. Merck & Co., Inc.*, C.A. No. 1:04-2949 | 05-0506 |
| *Jerome Covington v. Merck & Co., Inc.*, C.A. No. 1:04-4439 | 05-0507 |
| *Alan Mell v. Merck & Co., Inc.*, C.A. No. 1:04-4606 | 05-0508 |
| *Lorraine Fialo v. Merck & Co., Inc.*, C.A. No. 1:04-4686 | 05-0509 |
| *Lawrence Wright, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4485 | 05-0510 |
| *William Fontanetta, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4486 | 05-0511 |

### Southern District of New York

| | |
|---|---|
| *Laney C. Davis v. Merck & Co., Inc.*, C.A. No. 1:04-8082 | 05-0512 |
| *Elizabeth Aiken v. Merck & Co., Inc.*, C.A. No. 1:04-8085 | 05-0513 |
| *Walter McNaughton v. Merck & Co. Inc.*, C.A. No. 1:04-8297 | 05-0514 |
| *Carmen M. Pagan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-8959 | 05-0515 |
| *Teamsters Local 237 Welfare Fund, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-9248 | 05-0516 |
| *Anna Quick v. Merck & Co., Inc.*, C.A. No. 7:04-8169 | 05-0517 |

### Northern District of Ohio

| | |
|---|---|
| *Marjory Knoll v. Merck & Co., Inc.*, C.A. No. 1:04-2209 | 05-0518 |
| *Danford K. Jones, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2217 | 05-0519 |
| James E. *Meadows, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2229 | 05-0520 |
| *Wanda Moldovan, et al. v. Merck & Co., Inc.*, C.A. No. 1:04-2245 | 05-0521 |
| *Janet Dauterman, et al. v. Merck & Co., Inc.*, C.A. No. 3:03-7623 | 05-0522 |

### Western District of Oklahoma

| | |
|---|---|
| *Paul E. House v. Merck & Co., Inc.*, C.A. No. 5:04-1235 | 05-0523 |

### Eastern District of Pennsylvania

| | |
|---|---|
| *Henry Smith, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-4713 | 05-0524 |
| *Michelle Donovan v. Merck & Co., Inc.*, C.A. No. 2:04-4882 | 05-0525 |
| *Gwendolyn L. Carr v. Merck & Co., Inc.*, C.A. No. 2:04-4900 | 05-0526 |
| *Fred S. Engle v. Merck & Co., Inc.*, C.A. No. 2:04-5077 | 05-0527 |
| *Merrick Sirota, et al. v. Merck & Co., Inc.*, C.A. No. 2:04-5130 | 05-0528 |

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

In re: **BAYCOL PRODUCTS LITIGATION**                     **MDL No. 1431**
                                                                                                                     **(MJD)**

**This Document Relates to All Actions**                          **Pretrial Order**
**No. 3**

_____

     Pursuant to Pretrial Order No. 2, the Court requested that those Plaintiffs'

counsel that wished to be considered for positions as Plaintiffs' Liaison Counsel, Lead

Counsel, or as a member of the Plaintiffs' Steering Committee to submit an application

on or before January 31, 2002.  The Court received many applications, and has also

received a few objections.  The Court also held a hearing on February 1, 2002, and

heard argument from counsel as to their applications for Plaintiffs' Lead and Liaison

counsel positions.  Based on the submissions of counsel, and having considered  §§

20.22 and 41.31 on the *Manual on Complex Litigation (Third)*, IT IS HEREBY

ORDERED:

I.  ORGANIZATION AND RESPONSIBILITIES OF COUNSEL

     To act on behalf of plaintiffs, the Court designates the following counsel:

     A.  Plaintiff's Co-Lead Counsel

     The Court designates the following counsel to serve as Plaintiffs' Co-Lead

Counsel:

     Charles S. Zimmerman
     ZIMMERMAN REED

1

651 Nicollet Mall, Suite 501
Minneapolis, MN 55402


Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401

B.  Plaintiffs' Steering Committee

The Court designates the following counsel to serve on Plaintiffs' Steering

Committee:

Samuel D. Heins*
HEINS MILLS & OLSON, P.L.C.
Minneapolis, Minnesota

Andy Birchfield
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.
Montgomery, Alabama

Don Barrett
BARRETT LAW OFFICE
Lexington, Mississippi

Turner W. Branch
BRANCH LAW FIRM
Albuquerque, New Mexico

Elizabeth J. Cabraser*
LIEF, CABRASER, HEIMANN & BERNSTEIN, LLP
San Francisco, California

Stanley M. Chesley*
WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., LPA
Cincinnati, Ohio

John R. Climaco
CLIMACO, LEFKOWITZ, PECA, WILCOX & GAROFOLI CO., L.P.A.
Cleveland, Ohio

Walter Dumas
DUMAS & ASSOCIATES
Baton Rouge, Louisiana

Frederic S. Fox
KAPLAN, FOX & KILSHEIMER, LLP
New York, New York

Michael Gallagher
GALLAGHER, LEWIS, DOWNEY & KIM
Houston, Texas

Paul J. Geller
CAULEY GELLER BOWMAN & COATES, LLP
Little Rock, Arkansas

Don Hildre
DOUGHERTY, HILDRE, DUDEK & HAKLAR
San Diego, California

James R. Dugan, II
GAUTHIER, DOWNING, LABARRE, BEISER & DEAN
Metairie, Louisiana

Daniel E. Becnel, Jr.
LAW OFFICES OF DANIEL E. BECNEL, JR.
LaPlace, Louisiana

Will Kemp
HARRISON, KEMP & JONES
Las Vegas, Nevada

Dianne M. Nast*
RODA & NAST, P.C.
Lancaster, Pennsylvania

W. James Singleton
SINGLETON LAW FIRM
Shreveport, Louisiana

Kenneth B. Moll*
KENNETH B. MOLL & ASSOCIATES, LTD.
Chicago, Illinois

3

Counsel marked by asterisk shall serve, with Co-Lead Counsel, on an Executive Committee of the Plaintiffs' Steering Committee.

C. Responsibilities of Co-Lead Counsel

Plaintiffs' Co-Lead Counsel shall be generally responsible for coordinating the activities of plaintiffs during pretrial proceedings and, in consultation and with the assistance of the Executive Committee, shall:

a. Determine (after consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of Fed. R. Civ. P. 26(b)(1) and (2), and (g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

c. Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

d. Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

e. Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

f. Prepare and distribute to the parties periodic status reports;

g. Maintain adequate time and disbursement records covering services of designated counsel;

h. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

4

    i.      Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further order of the Court; and

    j.      Submit additional committees and counsel for designation by the Court.

Counsel for plaintiffs who disagree with Co-Lead Counsel (or those acting on behalf of lead counsel) or who have individual or divergent positions may present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of Co-Lead Counsel.

D.  Responsibilities of Plaintiffs' Steering Committee

The other members of Plaintiffs' Steering Committee shall from time to time consult with Plaintiffs' Co-Lead Counsel and Executive Committee in coordinating the plaintiffs' pretrial activities and in planning for trial.

E.  Plaintiffs' Liaison Counsel

The Court designates the following counsel to serve as Plaintiffs' Liaison Counsel:

Dale Larson
LARSON•KING
St. Paul, Minnesota

Plaintiffs' Liaison Counsel shall:

    a.      Maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

    b.      Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

    c.      Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except

5

such documents as may be available at a document depository; and

d.  Establish and maintain a document depository.

F.  Defendants' Lead Counsel

Lead Counsel for Defendant Bayer AG and Bayer Corporation is:

Philip Beck
BARLET BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard, Suite 300
Chicago, Illinois 60610

Local Counsel for Defendant Bayer AG and Bayer Corporation is:

Peter W. Sipkins
DORSEY & WHITNEY
50 South Sixth Street, Suite 1500
Minneapolis, MN 55401-1498

Liaison Counsel for the Bayer Defendants is:

Adam L. Hoeflich
BARLET BECK HERMAN PALENCHAR & SCOTT
54 West Hubbard, Suite 300
Chicago, Illinois 60610

Susan A. Weber
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603

Peter W. Sipkins
DORSEY & WHITNEY
50 South Sixth Street, Suite 1500
Minneapolis, MN 55401-1498

Lead/Liaison Counsel for Defendant GlaxoSmithKline is:

Fred T. Magaziner
Robert A. Limbacher
Hope S. Freiwald

DECHERT
400 Bell Atlantic Tower
1717 Arch Street
Philadelphia, Pennsylvania 19103-2793
Tracy J. Van Steenburgh
Scott A. Smith
HALLELAND LEWIS NILAN SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, Minnesota 55402-4501

## II. PRIVILEGES PRESERVED

No communication among Plaintiffs' Counsel or among Defendants' Counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

## III. DOCUMENT DEPOSITORY

There shall be one document depository in this litigation located at the law offices of Larson•King, St. Paul, Minnesota.

## IV. SERVICE OF DOCUMENTS

A. Orders

A copy of each Order will be provided to Plaintiffs'Co-Lead Counsel for distribution as appropriate to other counsel and parties.

B. Pleadings, Motions, and Other Documents

Plaintiffs' Co-Lead Counsel will be provided with two copies of each document filed by a party. Pursuant to Fed.R.Civ.P. 5, service on Plaintiffs' Co-Lead Counsel constitutes service on other attorneys and parties for whom Co-Lead Counsel is acting, such service being deemed effective seven (7) days after service on Co-Lead Counsel.

## V. OFFICIAL COURT WEBSITE

7

The Court will create and maintain a website devoted solely to the Baycol Product Liability Litigation, found at www.mnd.uscourts.gov.  Through the website, parties may access Court Orders, Court Minutes, Court Calendar, Frequently Asked Questions, Court Transcripts, Court Docket, Current Developments, information as to Plaintiffs' Co-Lead and Liaison Counsel as well as Defendants' Lead and Liaison Counsel. Plaintiffs' Co-Lead and Liaison Counsel and Defendants' Lead and Liaison Counsel shall confer with the Court regarding the content of the website.

VI.  <u>ELECTRONIC SERVICE PROVIDERS</u>

The Court hereby grants the parties permission to utilize an electronic service provider of their choice.

VII.  <u>TRANSCRIPT PAYMENT</u>

The Official Transcript of all hearings shall be posted on the Baycol website.  The cost of the Official Transcript shall be borne by the Plaintiffs and Defendants equally. Payment is to be made within seven(7) days of receipt of the Court Reporter's  invoice.

VIII.  <u>SCHEDULE CHANGE</u>

Based on the request of counsel, the Court will reschedule the Initial Conference, currently scheduled for April 1, 2002.  The Initial Conference is re-scheduled for March 4, 2002, at 10:00 a.m.  Because the Initial Conference has been rescheduled, counsel is now ordered to submit their preliminary reports, list of affiliated companies and counsel, list of pending motions and a list of related cases to the Court by February 18, 2001.

Date: February 1, 2002

//s//
_____
Michael J. Davis
United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: BAYCOL PRODUCTS LITIGATION | MDL No. 1431 |
| | (MJD/JGL) |
| This Document Relates to All Actions | Pretrial Order No. 4 |

Having considered the written submission of the parties, the comments and

proposals presented at the Initial Conference held March 4, 2002, and §§ 21.1 – 21.223;

41.2 of the *Manual for Complex Litigation (Third)*, IT IS HEREBY ORDERED:

## I.   **DOCKET AND FILING PROCEDURES**

**A.   Master Docket and File.**  The clerk will maintain a master docket and case

file under the style set forth in Pretrial Order No. 1.  All orders, pleadings, motions and

other documents will, when filed and docketed in the master case file, be deemed filed and

docketed in each individual case to the extent applicable.

**B.   Separate Dockets and Files.**  The clerk will maintain a separated docket

and case file for each case removed or transferred to this Court.  Each such case will be

assigned a new case number in this Court.

**C.   Captions; Separate Filing.**  Orders, pleadings, motions and other

documents will bear a caption similar to that of this Order.  If generally applicable to all

consolidated actions, they shall include in their caption the notation that they relate to "ALL

CASES" and shall be filed and docketed only in the master file.  Documents intended to

apply only to particular cases will indicate in their caption the case number of the case(s) to

which they apply and will be filed and docketed in the master case file and specified

individual case files.

D.     **Address; Number of Copies.**  When filing documents relating to "ALL CASES" with the Court, one signed original shall be sent to the Clerk, U.S. District Court, District of Minnesota, Suite 202, 300 South 4th Street, Minneapolis, MN 55415.  When filing documents relating to a particular case or cases, one signed original shall be sent for the Master File and an additional copy for each particular case to which the matter related. For all motions and briefs, send a courtesy copy of the document to Chambers (Suite 14E, U.S. District Court, 300 South 4th Street, Minneapolis, MN, 55415), accompanied by a computer-readable disk in WordPerfect or Microsoft Word format.  Documents should be stapled once and should not have backing or cover sheets.

E.     **Discovery Requests and Responses.**  Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.


II.     **SERVICE OF DOCUMENTS**

A.     **Orders.**  A copy of each order will be provided electronically and in hard copy to Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel for distribution by overnight delivery or facsimile to other counsel and parties.

B.     **Pleadings, Motions and Other Documents.**  Counsel designated on Attachment A shall be served with each pleading, motion or other document filed by a party by (i) hand delivery, (ii) overnight delivery or (iii) facsimile unless the party has, in writing, refused to accept service by facsimile.  In addition, all motions and briefs will be served

2

(without attachments) upon Lead and Liaison Counsel by electronic mail. Service on Plaintiffs' Liaison Counsel constitutes service on all Plaintiffs' Counsel and Plaintiffs who are unrepresented. Service by Liaison Counsel to other attorneys of record shall be by overnight courier service, facsimile or electronic mail. Alternatively, documents may be served electronically, if the Court later approves such electronic service.

      **C.**     **Service of Original Complaints; Amendments Adding Parties.** To eliminate disputes over service of process and reduce the expense of such service, Defendants Bayer Corporation and GlaxoSmithKline have agreed to waive service of process for Baycol-related cases filed in federal court, subject to the provisions of Fed. R. Civ. P. 4(d). The notice required by that rule should be provided to the following representatives of the Defendants:

      For Bayer Corporation:

      Gary McConnell
      Senior Counsel
      Bayer Corporation
      100 Bayer Road – Omega Building
      Pittsburgh, PA 15205-2000

      For GlaxoSmithKline:

      Jean Sherwood
      GlaxoSmithKline
      One Franklin Plaza
      Philadelphia, PA 19101

Plaintiffs shall have 30 days after the date of this Order (or, if later, 30 days after the date a case is subsequently filed in, removed to or transferred to this Court) to provide notice pursuant to Rule 4(d) to Defendants.

      The parties are continuing to negotiate with respect to service on Bayer A.G. and

GlaxoSmithKline, plc and will report to the Court no later than the next status conference.

III.    **STATUS CONFERENCES**

      A.    **Regularly Scheduled Conferences.**  The Court will convene a status conference in this litigation at 1 p.m. the second Thursday of every month, subject to the Court's calendar.  Except in emergencies, motions shall not be brought for hearing at any time other than a regularly scheduled status conference.  In order to be heard at a regularly scheduled status conference, motions must be fully briefed at least one week before the conference.  Lead and/or Liaison Counsel for the parties shall (i) confer 72 hours prior to each scheduled hearing in an attempt to resolve outstanding disputes and (ii) provide to the Court 48 hours prior to each scheduled hearing a joint letter listing all motions and other matters that the parties anticipate addressing at the hearing.  Each party shall endeavor not to notice depositions for days on which status conferences are scheduled, and no deposition shall go forward on such days without prior leave of Court.

      B.    **Telephonic Conferences.**  Telephonic conferences may be conducted at the Courts' discretion by prior arrangement with the Court's chambers, provided that all interested parties are available and receive at least 24 hours notice.  The Court may initiate conference calls on procedural or scheduling matters.

IV.    **REFINEMENT OF PLEADINGS AND ISSUES**

      A.    **General Briefing Requirements.**  Briefs in support of, or in opposition to,

any motions may not exceed 30 pages without leave of Court. Reply briefs shall be limited to 15 pages without leave of Court. All briefs shall conform to D. Minn. L. R. 7.1(e). Unless otherwise provided, briefs in response to motions shall be filed 21 days after the date of service. Any replies thereto shall be filed within 15 days after service of the response.

**B.     Rule 12 Motions.** As of the date of entry of this Order, no Rule 12 motions are pending with respect to the cases already transferred to this Court. Briefing of any Rule 12 motions will proceed pursuant to the provisions set forth in Paragraph IV.A. of this Order.

**C.     Answers.** Each Defendant already served with a complaint that has been transferred to this Court shall have until 45 days from entry of this Order to answer or otherwise plead.

Each Defendant served with a complaint pursuant to Paragraph II.C. of this Order shall have 60 days from the date of notification to answer or otherwise plead.

For complaints subsequently transferred to this Court as to which Plaintiffs do not avail themselves of the provisions of Paragraph II. C., each Defendant shall have 30 days from the date of transfer (the date established in the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation or, where transfer is contested, the date of transfer in any subsequent order from the JPML) to answer or otherwise plead.

**D.     Summary Judgment.** Parties may seek early judgment on issues pursuant to Fed. R. Civ. P. 56.

**E.     Class Actions.** Plaintiffs will file by May 15, 2002, any motion and supporting brief seeking class certification pursuant to Fed. R. Civ. P. 23. The motion shall

be accompanied, for each named Plaintiff, by a completed Plaintiff Fact Sheet, *see infra*, Part V.D.1, including executed copies of Authorizations for Release of Records, and copies of medical records in the possession of Plaintiff or Plaintiff's counsel, if those documents have not already been supplied to Defendants. Defendants shall file any opposition thereto no later than 90 days after the filing of any class certification motion. During this period, Defendants may conduct class-related discovery. The court will thereafter be requested to set a hearing under Rule 23(c).

## V. DISCOVERY

    **A.    Approval of Expedited Discovery.** Expedited discovery of Plaintiffs and Plaintiffs' health care provider(s) is granted in certain cases where all of the following conditions exist:

        1.    the Plaintiff or a member of the Plaintiff's family is terminally ill;

        2.    there is an urgent need to record and preserve the testimony because of the gravity of the illness; and

        3.    Plaintiff has fully completed the Plaintiff Fact Sheet and provided and fully complied with the execution of the medical authorization as required by the Fact Sheet and Defendants have had an opportunity to conduct reasonable informal discovery prior to the taking of the deposition.

    **B.    Schedule.** Discovery shall be conducted according to the schedule set forth herein. Orders issued by other courts imposing dates for initiation or completion of discovery are, when a case is removed or transferred to this Court, vacated and replaced

6

by the schedule provided in this Order.

       **C.**    **Initial Disclosures.** The parties have agreed that, in light of the discovery plan set forth herein, the parties are relieved from complying with Fed. R. Civ. P. 26(a).

       **D.**    **Initial Written Discovery by Defendants.**

           **1.**    **Plaintiff Fact Sheets.** Each Plaintiff whose case already has been transferred to this Court shall have until 45 days from entry of the Order to complete and serve upon Defendants a Plaintiff Fact Sheet and Authorization for Release of Medical Records, in a form to be agreed upon by counsel or to be determined by the Court. Transferred Plaintiffs shall have 60 days from entry of this Order to produce all documents responsive to the document requests contained therein. When Defendants notify the Judicial Panel on Multidistrict Litigation of additional cases for transfer to this Court, Defendants shall serve Plaintiffs in those cases with a copy of this Order. After such cases are transferred to this Court, each Plaintiff shall have 45 days from the date of transfer to complete and serve upon Defendants a Plaintiff Fact Sheet and Authorization for Release of Medical Records and 60 days from the date of transfer to produce all documents responsive to the document requests contained therein. The information contained in the Plaintiff Fact Sheet shall be verified under oath. Plaintiffs' responses shall be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34 and shall be supplemented in accordance with Fed. R. Civ. P. 26.

           **2.**    **Additional Written Discovery by Defendants.** Defendants may serve a Master Set of Requests for Production and, subject to Fed. R. Civ. P. 33(a), a

Master Set of Interrogatories on Plaintiffs within 60 days of entry of this Order. Plaintiffs' written responses and/or objections shall be served 30 days after receipt of any such written discovery. Plaintiffs shall produce any requested documents not subject to an objection within 60 days of receipt of Defendants' document requests.

The parties shall meet and confer regarding any objections to discovery. Any party seeking judicial determination with respect to a discovery dispute must certify that the parties have conferred in good faith in an effort to resolve the dispute without court action.

**E.      Initial Written Discovery by Plaintiffs.**

**1.      Document Requests.** Within 30 days of the entry of this Order, Plaintiffs shall serve upon Defendants a Master Set of Requests for Production of Documents. Any objections to said document requests shall be served (a) within 45 days after receipt of the document requests for Defendants Bayer Corporation and GlaxoSmithKline and (b) within 75 days after receipt for Defendant Bayer A.G. Bayer Corporation will begin producing documents not subject to objection on a rolling basis upon entry of this Order. GlaxoSmithKline will begin producing documents not subject to objection on a rolling basis by April 1, 2002. The parties will meet and confer regarding a schedule for the orderly production of different categories of documents. The parties will seek to coordinate this schedule, with this Court's assistance, with document productions in pending state court proceedings.

The parties shall meet and confer regarding any objections to the document requests. Any party seeking judicial determination with respect to a discovery dispute must certify that the parties have conferred in good faith in an effort to resolve the dispute

8

without court action.

    **(a)**  **Numbering System.**  Counsel shall develop and use a system for identifying by unique number or symbol each document produced or referred to during the course of this litigation.

    **(b)**  **Document Depository.**  All documents disclosed and produced by Defendants pursuant to this Order shall be produced to a document depository to be established by Plaintiffs' Steering Committee.

    Reimbursement of incremental expenses related to the maintenance of the document depository may be obtained by imposing user fees.  These fees, however, will be kept to the minimum necessary to fund the costs of the depository incurred by reason of this litigation.  Any proposal for collection of user fees shall be submitted for approval by this Court.

    **(c)**  **Document Preservation.**  See Attachment B.

    **(d)**  **Confidentiality.**  See Attachment C.

    **(e)**  **Authentication.**  The parties will confer on authentication to resolve any disputes by 60 days prior to the close of discovery.

    **2.**  **Interrogatories.**  Within 30 days of the entry of this Order, Plaintiffs shall serve upon Defendants a Master Set of Interrogatories subject to Fed. R. Civ. P. 33(a).  Defendants' written responses and/or objections shall be served (a) within 45 days after receipt of the interrogatories for Defendants Bayer Corporation and GlaxoSmithKline and (b) within 75 days after receipt for Defendant Bayer A.G.  The parties shall meet and confer regarding any objections to interrogatories.  Any party seeking

9

judicial determination with respect to a discovery dispute must certify that the parties have conferred in good faith in an effort to resolve the dispute without court action.

        3.      **Discovery Directed to GlaxoSmithKline, plc.**  GlaxoSmithKline, plc disputes that it can be subject to the jurisdiction of this Court and expects to challenge jurisdiction pursuant to the schedule set for filing Rule 12 motions.  In the event that such challenge is unsuccessful, GlaxoSmithKline, plc will commence production of documents and responses to written discovery within 60 days of the order denying GlaxoSmithKline, plc's Motion to Dismiss for lack of jurisdiction.

        **F.**      **Requests to Admit**.  Parties may serve Requests to Admit upon a party upon completion of document production by that party.  No more than 30 Requests to Admit shall be served on any party.  Responses shall be served within 45 days.

## VI.    PROCEDURES GOVERNING WRITTEN DISCOVERY

        **A.**      **Coordination of Discovery with Other Courts.**  Defendants have agreed to produce in these proceedings all documents and information that they produce in Baycol-related litigation pending in other courts, on the same schedule or as near thereto as is practicable.  In return, Plaintiffs have agreed that the sequence in which the documents are produced need not conform to the requirements of Fed. R. Civ. P. 34(b).

        **B.**      **Privilege.**  A party who, relying on any privilege or the work product doctrine, does not produce all relevant or requested documents in response to a request for production of documents or a subpoena must state that it is invoking a privilege and must specify which privilege or doctrine it is invoking.  The parties are to confer to determine the

10

format and time for production of privilege logs.

Where courts in other jurisdictions have ordered the production of any document initially withheld by a Defendant as privileged or work product, the parties shall either produce the document in these proceedings or timely move for a protective order.

**C.** **Supplementation of Responses.** Parties will supplement discovery responses as required by Fed. R. Civ. P. 26(e).

**D.** **Avoidance of Multiple Requests.** Counsel shall coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests from the same party. No party shall request documents available to it at the document depository or from its own Liaison Counsel, either during the pendency of this MDL or after remand of a case to a transferor district court.

**E.** **Document Subpoenas to Non-Parties.** Commencing upon entry of this Order, any party may serve subpoenas on non-parties for the production of documents without testimony pursuant to F. R. Civ. P. 45.

**F.** **Depositions.**

**1.** **General Procedures.** See Attachment D.

**2.** **Avoidance of Duplicative Depositions.** As a general rule, no witness should be deposed on the same subject more than once in this litigation. If a party seeks to take a second deposition of a witness, it shall provide the opposing party its basis for an exception to the rule along with a list of the subject matters as to which interrogation is sought. Second depositions on new subject matter shall be permitted by consent of the parties or upon order of this Court authorizing such deposition based upon

11

a showing of good cause.

3.     **Depositions of Defendants.**  Rule 30(b)(6) depositions of Defendants

concerning the location and preservation of documents may commence April 1, 2002.

Depositions of fact witnesses may commence after May 1, 2002.

If Plaintiffs serve prior to May 1, 2002 a notice of deposition for a witness whose

documents have not been produced, Defendants shall produce that witness and his or her

documents within 60 days of the May 1, 2002 start date for depositions.  Thereafter, if

Plaintiffs seek to depose a fact witness prior to the production of documents relevant to

that witness's interrogation, Plaintiffs shall provide 60 days notice to Defendants and

coordinate with Defendants so that necessary documents will be produced prior to the

deposition.

4.     **Depositions of Plaintiffs.**  Depositions of Plaintiffs may commence after

April 1, 2002.

5.     **Treating Physicians.**  Depositions of physicians who have treated Plaintiffs

may commence July 1, 2002.

6.     **Defendants' Examining or Consulting Physicians.**  Depositions of

physicians who examine Plaintiffs under Rule 35 on the request of a Defendant or who may

otherwise be called by a Defendant to express opinions regarding a Plaintiff's condition

ordinarily should be taken after the depositions of the Plaintiff's treating physicians.  These

depositions may commence September 1, 2002.

7.     **Other Witnesses.**  The parties will confer to establish a schedule for

depositions of other persons.

## VII.   ATTORNEYS' TIME AND EXPENSE RECORDS

All counsel who may seek to recover court-awarded attorneys' fees shall keep a daily record of their time and expenses incurred in connection with this litigation, indicating with specificity the hours, locations and particular activity and shall, by the fifteenth day of each month, submit to Plaintiffs' Lead Counsel a report of their time and expense records for the preceding month.

## VIII.   TRIALS

Plaintiffs will apply to the Court for an early trial date in cases where trial is to be held in the District of Minnesota.  Defendants reserve their right to object to any such application.

## IX.   GENERAL APPLICABILITY OF ORDERS

This Order applies to all pending cases and to each subsequently filed case that becomes part of MDL No. 1431.  Each subsequent Order entered herein shall also apply to all pending cases and to each subsequently filed case unless said Order provides otherwise.

13

## X.    COMMUNICATION AMONG COUNSEL

This Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendants' counsel is essential for the orderly and expeditious conduct of this litigation. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against any Plaintiff by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

Dated: March 4, 2002

BY THE COURT:

_____//s//_____
Michael J. Davis
United States District Court

14

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:  Guidant Corp. Implantable Defibrillators Products Liability Litigation | MDL No. 05-1708 (DWF/AJB) |
| This Document Relates to All Actions | **PRETRIAL ORDER NO. 2** |

The Judicial Panel on Multidistrict Litigation has transferred actions in the above-captioned matter to this Court for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving implantable defibrillators and pacemakers.  Pursuant to this Court's jurisdiction over these actions, this Court hereby enters the following order:

1.      <u>Consolidation of Related Actions</u>.  Any other actions filed, whether filed directly in the United States District Court for the District of Minnesota or in any other United States District Court (whether by original filing or removal), that are related to this litigation are hereby consolidated into one action (the "Consolidated Action") for all pre-trial purposes, pursuant to Rule 42 of the Federal Rules of Civil Procedure and MDL Order dated November 7, 2005, under 28 U.S.C. § 1407(a).

2.      <u>Caption of Case</u>.  All Orders, pleadings, motions and other documents served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: GUIDANT CORP. IMPLANTABLE
DEFIBRILLATORS PRODUCTS
LIABILITY LITIGATION

MDL No. 05-1708 (DWF/AJB)

This Document Relates to ["All Actions" or
specify by title and case number the individual
applicable cases if the document relates to less
than all of the consolidated cases.]

The original of this Order shall be filed by the Clerk and a copy thereof shall be filed in each

subsequently filed or transferred action, which is related to and consolidated with this action.

The Clerk of Court will maintain docket and case files under this caption, and pursuant to the

procedures set forth in paragraph 3, below.

3.     Docket and Filing Procedures.

A.     Master Docket and File.  The Clerk will maintain a Master Docket and case file

under the style set forth in paragraph 2, above.  All Orders, pleadings, motions

and other documents will, when filed and docketed in the master case file, be

deemed filed and docketed in each individual case to the extent applicable.  The

Master Docket is set up with the following parties:  Plaintiffs' Lead Counsel,

Plaintiffs' Liaison Counsel, and individual Defendants.  These parties will appear

in the docket report.  Plaintiffs from the other cases will be added as MDL -

Notice Only party types, but will not appear on the docket report.  *See*

Attachment A (the procedural instructions and the MDL attorney registration

form to obtain CM/ECF login and password).

2

B.    Separate Dockets and Files.  The Clerk will maintain a separate docket for each case removed or transferred to this Court.  Each such case will be assigned a new case number in this Court.

C.    Captions and Separate Filing.  Orders, pleadings, motions and other documents will bear the caption set forth in paragraph 2, above.  If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file. As set forth in paragraph 2, documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will be filed and docketed in the master case file and specified individual case file(s).

D.    Address, Number of Copies, and Electronic Filing.  When filing documents relating to "ALL ACTIONS" with the Court, the parties will comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the Master File or, if electronic filing is not possible, a signed original shall be sent to the Clerk, U.S. District Court, District of Minnesota, Suite 202, 300 South Fourth Street, Minneapolis, Minnesota 55415 for filing in the Master File.  When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the Master File and the particular case, or, if electronic filing is not possible, one signed original shall be sent for the Master File and an additional copy for each particular case to which the matter related.  For all motions and briefs, send two courtesy copies of memoranda and one copy of the attachments to Chambers (The Honorable Donovan W. Frank, Warren E. Berger Federal Building, 316 North Robert Street,

3

Room 738, St. Paul, Minnesota 55101). In addition, proposed orders should be sent in WordPerfect or Word to the Chambers mail box at frank_chambers@mnd.uscourts.gov.

E.    <u>Discovery Requests and Responses</u>. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

F.    <u>Rules of Civil Procedure</u>. All actions listed in the Schedule A attached to the JPML's Transfer Order of November 7, 2005, as well as any other actions subsequently transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota, including Local Rules 72.1 ("Magistrate Judge Duties") and 72.2 ("Review of Magistrate Judge Rulings").

4.    <u>Consolidation of Additional Actions</u>. Any other action pending, subsequently filed or transferred to this Court, which arises out of the acts or transactions alleged in the Consolidated Action will be reassigned to this Court, and shall be consolidated herewith if and when they are called to the Court's attention.

5.    <u>Applicability of Order</u>. This Order applies automatically to all actions listed in the Schedule A attached to the JPML's Transfer Order of November 7, 2005, as well as any other actions subsequently transferred to or filed in this proceeding, without the necessity of future motions or orders. Should parties in any subsequently transferred or filed action object to the terms of this Order, they must do so within thirty (30) days of receipt of this Order from Plaintiffs' Liaison Counsel.

6.    <u>Service List</u>. This Order is being mailed to the persons shown on Attachment B, which has been prepared from the list of counsel forwarded to this Court by the Judicial Panel on

4

Multidistrict Litigation.  Counsel on this list are requested to forward a copy of the Order to other attorneys who should be notified of its contents.  An updated and corrected service list will be prepared as the litigation progresses.  The Liaison Counsel for each party shall be responsible for establishing a service list and conferring with the Clerk of the Court to ensure that a Master Service List is established and kept current and which shall include all parties and counsel that may join this action.

7.     <u>List of Affiliated Companies and Counsel</u>.  To assist the Court in identifying any issues or matters of recusal or disqualification, counsel will submit to the Court, no later than 15 days, a list of all companies affiliated with the parties and all counsel associated in the litigation.

8.     <u>List of Related Cases</u>.  Lead Counsel (as set forth below) shall confer among themselves and jointly submit to the Court, no later than thirty days, a list of all related cases pending in state and federal court and their current status, to the extent known.

9.     <u>Admission of Counsel</u>.  Attorneys admitted to practice and in good standing in any United States District Court are admitted as mdl attorneys in in this litigation.  Association of local co-counsel is not required.  All counsel are expected to familiarize themselves with the Local Rules of this Court, the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation* 4th (Federal Judicial Center 2004), which the Court and parties may be called upon to refer to as a resource in the case management of this litigation.  It is necessary to obtain a login and password to file electronically.   Instructions regarding electronic filing and how to obtain a login and password in the District of Minnesota will be available on the website and will also be distributed to parties.

10.     <u>Organization and Responsibilities of Plaintiffs' Counsel</u>.  As noted in the Court's Pretrial Order No. 1 dated December 19, 2005, to act on behalf of Plaintiffs, the Court designates the following counsel:

A.    Plaintiffs' Lead Counsel Committee (LCC)

The Court designates the following counsel, who will also be members and direct

the work of the Plaintiff Steering Committee, to serve as Plaintiffs' Lead Counsel

Committee:

> Richard Arsenault
> NEBLETT, BEARD & ARSENAULT
> 2220 Bonaventure Court
> Alexandria, LA  71301
> rarsenault@nbalawfirm.com
> Phone: 318.487.9874
> Facsimile:  318.561.2591
>
> Elizabeth Cabraser
> LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
> 275 Battery Street, 30th Floor
> San Francisco, CA  94111-3339
> ecabraser@lchb.com
> Phone: 415.956.1000
> Facsimile:  415.956.1008
>
> Seth R. Lesser
> LOCKS LAW FIRM, PLLC
> 110 East 55th Street
> New York, NY  10022
> slesser@lockslawny.com
> Phone:  212.838.3333
> Facsimile:  212.838.3735
>
> Charles S. Zimmerman
> ZIMMERMAN REED
> 651 Nicollet Mall, Suite 501
> Minneapolis, MN  55402
> csz@zimmreed.com
> Phone: 612.341.0400
> Facsimile:  612.341.0844

B.    Responsibilities of the Plaintiffs' Lead Counsel Committee.  The Counsel

on Plaintiffs' Lead Counsel Committee shall be responsible for coordinating the activities

of Plaintiffs during pretrial proceedings and, in consultation and, with the assistance of

the Plaintiffs' Steering Committee, shall:

i.      Determine (after consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

ii.     Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

iii.    Conduct settlement negotiations on behalf of Plaintiffs, but not enter binding agreements except to the extent expressly authorized;

iv.     Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted effectively, efficiently, and economically;

v.      Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

vi.     Prepare and distribute to the parties periodic status reports;

vii.    Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

viii.   Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

ix.     Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further Order of the Court; and

x.  Submit, if appropriate, additional committees and counsel for designation

by the Court.

Counsel for Plaintiffs who disagree with Lead Counsel Committee (or those acting on

behalf of lead counsel) or who have individual or divergent positions may present written

and oral arguments, and otherwise act separately on behalf of their client(s) as

appropriate, provided that in doing so they do not repeat arguments, questions, or actions

of the Lead Counsel Committee.

C.  Plaintiffs' Steering Committee.  After carefully reviewing all requests

received, the Court designates the following counsel, in addition to the members of the

Lead Counsel Committee, to serve on Plaintiffs' Steering Committee:

William M. Audet
Alexander, Hawes & Audet, LLP
300 Montgomery St.
Suite 400
San Francisco, CA 94104

Daniel E. Becnel
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh St., P.O. Drawer H
Reserve, LA 70084

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox & Garofoli Co., L.P.A.
1220 Huron Road, Suite 1000
Cleveland, Ohio 44115

Mr. C. Brooks Cutter
Kershaw, Cutter & Ratinoff, LLP
980 9th St.
Suite 1900
Sacramento, CA 95814

Mr. Lance A. Harke
Harke & Clasby LLP
155 S. Miami Ave.
Suite 600
Miami, FL 33130

8

Mr. Irwin B. Levin
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204

Richard A. Lockridge
Lockridge Grindal Nauen, PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401

Mr. Ramon R. Lopez
Lopez, Hodes, Restaino, Milman & Skikos
450 Newport Center Dr.
Second Floor
Newport Beach, CA 92660

Mr. Tobias L. Millrood
Schiffrin & Barroway, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Ms. Stacey L. Mills
Heins, Mills & Olson, PLC
3550 IDS Center
80 South 8th St.
Minneapolis, MN 55402

Timothy M. O'Brien
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32501

Mr. Paul J. Pennock
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Mr. Christopher A. Seeger
Seeger Weiss LLP
One William St.
New York, NY 10004

Mr. Hunter J. Shkolnik
Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP
113 E. 37th St.
New York, NY 10016-3042

9

Mr. Thomas M. Sobol
Hagens Berman Sobol Shapiro, LLP
One Main Street
4th Floor
Cambridge, MA 02142

Ms. Silvija A. Strikis
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
Sumner Square, Suite 400
1615 M Street N.W.
Washington, DC 20036-3209

Ms. Teresa Toriseva
Hill Toriseva & Williams, PLLC
89 Twelfth St.
Wheeling, WV 26003

Mr. Sol Weiss
Anapol, Schwartz, Weiss, Cohan, Felman and Smalley, PC
1900 Delancey Place
Philadelphia, PA 19103

Mr. Justin Witkin
Aylstock, Witkin & Sasser, PLC
4400 Bayou Blvd.
Suite 58
Pensacola, FL 32503

The Court acknowledges that a number of competent and qualified attorneys who have submitted requests to be placed on Plaintiffs' Steering Committee were not selected. However, it is the expectation of the Court that these attorneys and others will be consulted and, from time to time, placed on working committees. The Court has already communicated this expectation to members of Plaintiffs' Lead Counsel Committee.

The members of Plaintiffs' Steering Committee shall consult with the Plaintiffs' Lead Counsel Committee in coordinating the Plaintiffs' pretrial activities and in planning for trial.

D.    Plaintiffs' Liaison Counsel. The Court designates Charles S. Zimmerman to serve as Plaintiffs' Liaison Counsel. Plaintiffs' Liaison Counsel shall:

i. **Service List:** Maintain and distribute to co-counsel and to Defendants' Liaison Counsel an up-to-date service list;

ii. **Accept Service:** Receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel; and

iii. **MDL Case File & Document Depository:** Maintain and make available to co-counsel and other Plaintiffs' counsel at reasonable hours a complete file of all documents served by or upon each party, and shall establish and maintain an electronically accessible document depository no later than January 25, 2006.

11. <u>Defendants' Lead and Liaison Counsel.</u>

Lead Counsel for Defendants is:

> Timothy A. Pratt
> SHOOK HARDY & BACON LLP
> 2555 Grand Blvd.
> Kansas City, MO 64108-2613
> tpratt@shb.com
> Phone: 816.474.6550
> Facsimile: 816.421.5547

Liaison Counsel for Defendants is:

> Joseph M. Price
> FAEGRE & BENSON
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN 55402-3901
> jprice@faegre.com
> Phone: 612.766.7000
> Facsimile: 612.766.1600

12. <u>Privileges Preserved.</u> No communication among Plaintiffs' Counsel or among Defendants' Counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

13.    Service of Documents.

A.    **Orders.**  A copy of each Order will be provided to Defendants' Lead and Liaison

Counsel, and to the Plaintiffs' Lead Counsel Committee for distribution as

appropriate to other counsel and parties.  To clarify the meaning of this paragraph,

service through CM/ECF only goes to those who have filed a case and are in ECF.

In cases that will be transferred here (but are not here yet), the new plaintiffs are

not in the system yet.  ECF can only notice those that are in the system at the time

the document was filed.  It therefore remains the responsibility of the lead or

liaison counsel to affect service.  While the Court can assist counsel with

counsel's service list, at least in the beginning of this litigation, the list will

contain parties and attorneys that are not in our system yet.

B.    **Pleadings, Motions, and Other Documents.**  Each member of the Plaintiffs'

Lead Counsel Committee and Defendants' Lead and Liaison Counsel shall be

provided with one copy of each document served and/or filed by a party,

including any and all attachments, to be delivered by electronic mail.   Lead and

Liaison Counsel shall also be provided with one non-electronic copy of each

document served and/or filed by a party, including any and all attachments.

Pursuant to Fed. R. Civ. P. 5, service on Plaintiffs' Lead Counsel Committee,

including Liaison Counsel, constitutes service on other attorneys and parties for

whom Counsel is acting, such service shall be deemed effective seven (7) days

after service on Plaintiffs' Lead Counsel Committee.

14.    Official Court Website.    The Court has created and will maintain a website

devoted solely to the Guidant Implantable Defibrillators Products Liability Litigation, found at

http://www.mnd.uscourts.gov/.  Through the website, parties may access, as may be established,

12

Court Orders, Court Minutes, Court Calendar, the Master Service List, Frequently Asked Questions, Court Transcripts, Court Docket, Current Developments and information as to Plaintiffs' Lead Counsel Committee and Liaison Counsel as well as Defendants' Lead and Liaison Counsel. Plaintiffs' Lead Counsel Committee and Liaison Counsel and Defendants' Lead and Liaison Counsel shall confer with the Court regarding the content of the website.

15.     Transcript Payment.  The Official Transcript of all hearings shall be posted on the Guidant Litigation website.  The cost of the expedited Official Transcript shall be borne by the Plaintiffs and Defendants equally.  Payment is to be made within fourteen (14) days of receipt of the Court Reporter's invoice.

16.     Pleadings.  Deadlines for answers or responses to the Complaints in all actions are hereby suspended until further Order of this Court.

17.     Discovery.  The following discovery propounded in *Brennan v. Guidant Corp.*, Case No. 1:05-cv-0827-DFH-TAB (S.D. Ind.) and *In re: Guidant Litigation*, Master File No. 05-1411 (DWF/AJB), and responses or objections thereto, are hereby adopted as if served in this MDL litigation:

> Plaintiffs' First Request for Production of Documents (served under Brennan case caption on August 10, 2005)
>
> [Guidant's] Responses to Plaintiffs' First Request for Production of Documents (served September 15, 2005)
>
> Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served under Brennan and In re: Guidant Litigation case captions on October 7, 2005);
>
> Defendant Guidant Corporation's Responses to Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served November 16, 2005);
>
> Defendant, Guidant Sales Corporation's, Responses to Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served November 16, 2005);

Defendant, Cardiac Pacemakers, Inc.'s, Guidant Corporation's Responses to Plaintiffs' First Joint Set of Requests for Production of Documents and Notice of Documents for Which Priority Production is Requested (served November 16, 2005);

Plaintiffs' Second Joint Set of Requests for Production of Documents (served under Brennan and In re: Guidant Litigation case captions on October 27, 2005)

18.   <u>Document Repository</u>.  Within thirty (30) days of entry of this Order, Plaintiffs Lead Counsel Committee shall establish an electronic document repository, to which all plaintiffs can obtain access, subject to the Protective Order and the imposition of certain charges, if necessary, to cover related costs.  The parties shall produce all documents and electronic data in electronic format, unless specifically requested or agreed upon otherwise.

19.   <u>Preservation of Evidence</u>.  The Amended Order for the Preservation of Evidence, entered by this Court on September 19, 2005 (copy annexed as Attachment C hereto) is hereby adopted for this litigation and shall be issued as a separate Order of this Court under the caption set forth in paragraph 2 and shall be applicable to all parties and all actions in this litigation.

20.   <u>Protective Order</u>.  The Protective Order previously agreed upon by the parties thereto and entered by the Court in *Brennan v. Guidant Corp.*, Case No. 1:05-cv-0827-DFH-TAB (S.D. Ind.) (copy annexed as Attachment D hereto), is hereby adopted for this litigation and shall be issued as a separate Order of this Court and shall be applicable to all counsel, parties and all actions in this litigation pursuant to its terms.  Notwithstanding the adoption of the Brennan Protective Order, counsel and parties in this Consolidated Action are not required to execute Attachment "A" to the Protective Order.

21.    <u>Status Conferences</u>.  The Court will convene Status Conferences in its discretion. Counsel for each side shall meet and confer in advance of each Status Conference and submit to the Court a joint Agenda and Status Conference report listing matters to be considered by the Court at the Status Conference.

Status Conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties.  Except as otherwise provided herein, and to accommodate the schedules of the Court and the parties, all argument or hearing on any motion will be scheduled to coincide with calendared Status Conferences.  Any hearing or oral argument deemed necessary by the Court on motions that require a ruling on an expedited basis will be scheduled with notice of at least five business days.  If circumstances warrant, the Court may shorten a notice period.

The next Status Conference is scheduled for Tuesday, January 24, 2006, at 9:00 a.m., in Courtroom 15E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. At the next and all future Status Conferences, the parties are to provide the Court, within four business days before each Status Conference an agreed upon agenda for the conference, and to provide a brief—one to two paragraph—summary of the party positions as to any disputed issues.

Further, unless otherwise ordered herein, it shall be the intent of the Court to meet in chambers with lead counsel for Plaintiffs and lead counsel for Defendants 45 minutes before each Status Conference.

Beginning in February 2006, unless otherwise ordered by this Court, Status Conferences shall be held on the third Tuesday of each month at 9:00 a.m. The location will be announced prior to the hearing and will take place in either the United States Courthouse in Minneapolis, 300 South Fourth Street, Minneapolis, Minnesota, or in the temporary United States Courthouse in St. Paul at 180 East Fifth Street, 7th Floor, St. Paul, Minnesota.

22.    Disputed Issues Known to the Court to be Addressed at the January 24, 2006, Status Conference.

A.    Timing and sequencing of discovery, including, but not limited to document production deadlines.

B.    Fact-witness discovery.

C.    Class certification discovery. Merit discovery issues including an overall discovery schedule with meaningful deadlines.

D.    Necessity of a Master Complaint. The parties should be prepared to discuss and present any appropriate oral argument on these issues, absent agreement. Moreover, the parties should be prepared to submit a proposed discovery schedule to the Court addressing these specific issues on January 24, 2006. The Court will then rule, either contemporaneous with the hearing, or within one week of the Status Conference, absent further order of the Court or stipulation of the parties.

23.    Additional Agenda Items.

A.    A selection process for trials and trial dates including reasonable efforts to propose and identify so-called bellwether cases for trial before the Court in an expeditious manner. The Court is especially concerned about plaintiffs who are elderly or otherwise have serious health conditions.

B.    Inventory and discuss the status of any remand motions and Rule 12 motions.

16

C.      Necessity of a Plaintiffs' State Liaison Counsel.

D.      The Court would like Plaintiffs' Lead Counsel and Defendants' Lead Counsel to prepare a brief written summary indicating their joint understanding of the facts involved in the litigation and the important factual legal issues.  Specifically, the Court will give input to counsel for the summary of the case that will appear on the Court's website entitled "Introduction."  In the event the parties cannot agree on what the substance of the "Introduction" or summary should be, the parties should note what they agree on and what they do not agree on so that the Court, within one week of the Status Conference can place a summary on the Court's website.

E.      Use of telephonic conferences.

F.      Discovery status in state court cases.

G.      Objection to Stipulated Protective Order.

24.     The Court approves the Plaintiff's Fact Sheet (attached hereto as Attachment E). The Court is prepared to discuss at the next status conference a time line for completion of Plaintiff Fact Sheets and production of documents called for by Plaintiff Fact Sheets for each Plaintiff whose case has already been transferred to this Court and for any Plaintiff whose case is transferred to this Court after the date of this Order.


Dated:  January 6, 2006                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           Judge of United States District Court

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re:                                          Multidistrict Litigation
MEDTRONIC, INC.,                                No. 08-1905 (RHK/JSM)
SPRINT FIDELIS LEADS
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES                           ORDER NO. 4
TO ALL CASES

            The Judicial Panel on Multidistrict Litigation has transferred actions in the

above-captioned matter to this Court for coordinated and consolidated pretrial

proceedings pursuant to 28 U.S.C. § 1407 as part of a nationwide litigation involving

Medtronic's Sprint Fidelis defibrillator leads.  Pursuant to this Court's jurisdiction over

these actions, this Court hereby enters the following order:

            1.      Consolidation of Related Actions.  Any other actions filed, whether filed

directly in the United States District Court for the District of Minnesota or in any other

United States District Court (whether by original filing or removal), that are related to this

litigation are hereby consolidated into one action (the "Consolidated Action") for all

pretrial purposes, pursuant to Fed. R. Civ. P. 42 and MDL Order dated February 21,

2008 under 28 U.S.C. § 1407(a).  This order does not constitute a determination that

these actions should be consolidated for trial, nor does it have the effect of making any

person or entity a party to an action in which it has not been joined and served in

accordance with the Federal Rules of Civil Procedure.

            2.      Caption of Case.  All Orders, pleadings, motions and other documents

served or filed in this Consolidated Action shall have the following caption:

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re:                                    Multidistrict Litigation
MEDTRONIC, INC.,                          No. 08-1905 (RHK/JSM)
SPRINT FIDELIS LEADS
PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
["ALL ACTIONS" or specify by title and case number the individual
applicable cases if the document relates to less
than all of the consolidated cases.]

The original of this Order shall be filed by the Clerk and a copy thereof shall be filed in each subsequently filed or transferred action, which is related to and consolidated with this action. The Clerk of Court shall maintain docket and case files under this caption, and pursuant to the procedures set forth in paragraph 3, below.

3.      Docket and Filing Procedures.

A.      Master Docket and File. The Clerk shall maintain a master docket and a master case file under the style set forth in paragraph 2, above. All Orders, pleadings, motions and other documents shall, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. The master docket is set up with the following parties: Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, and Defendants' Liaison Counsel. These parties shall appear in the docket report. The plaintiffs and defendants from the other cases shall be added as MDL - Notice Only party types, but shall not appear on the docket report. See Attachment A (the procedural instructions and the MDL attorney registration form to obtain CM/ECF login and password).

2

B.  Separate Dockets and Files.  The Clerk shall maintain a separate docket for each case removed or transferred to this Court.  Each such case shall be assigned a new case number in this Court.

C.  Captions and Separate Filing.  Orders, pleadings, and other documents shall bear the caption set forth in paragraph 2 above.  If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL ACTIONS" and shall be filed and docketed only in the master file.  Orders, pleadings, and other documents intended to apply only to particular cases shall indicate in their caption the case number of the case(s) to which they apply and shall be filed and docketed in the master case file and specified individual case file(s).

D.  Address, Number of Copies, and Electronic Filing.  When filing pleadings and other documents relating to "ALL ACTIONS" with the Court, the parties shall comply with the Court's requirements as to electronic filing and the documents shall be filed on the ECF system under the master file or, if electronic filing is not possible, a signed original shall be sent or delivered to the Clerk of Court, U.S. District Court, District of Minnesota, 316 North Robert Street, St. Paul, Minnesota 55101 for filing in the master file.  When filing documents relating to a particular case or cases, the documents shall be filed on the ECF system under both the master file and the particular case, or, if electronic filing is not possible, one signed original shall be sent for the master file and an additional copy for each particular case file to which the matter related.  For all dispositive motions, send two courtesy copies of the submissions to the Chambers of Judge

3

Richard H. Kyle, U.S. District Court, Room 764, 316 North Robert Street, St. Paul, Minnesota 55101. In addition, proposed orders should be sent in WordPerfect or Word format to the Chambers mailbox at kyle_chambers@mnd.uscourts.gov. For all nondispositive motions, send two courtesy copies of the submissions to the Chambers of Magistrate Judge Janie S. Mayeron, U.S. District Court, Room 610, 316 North Robert Street, St. Paul, Minnesota 55101. In addition, proposed orders should be sent in WordPerfect or Word format to the Chambers mailbox at mayeron_chambers@mnd.uscourts.gov. [1]

E.  <u>Discovery Requests and Responses</u>. Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses shall not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

F.  <u>Rules of Civil Procedure</u>. All actions listed in Schedule A, attached to the JPML's Transfer Order dated February 21, 2008, as well as any other actions subsequently transferred to or filed in this proceeding, shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota, including Local Rules 72.1 ("Magistrate Judge Duties") and 72.2 ("Review of Magistrate Judge Rulings").

4.  <u>Consolidation of Additional Actions</u>. Any action subsequently filed or transferred to this Court that arises out of the acts or transactions alleged in the

---

[1]  Prior to September 9, 2008, any pleading or document hand-delivered to the Court, (<u>e.g.</u>, by messenger, Federal Express, UPS), including courtesy copies of pleadings or documents for the Judges, shall be delivered to the Clerk's office located in the temporary District Court at Suite 700, 180 East Fifth Street, St. Paul, Minnesota 55101.

Consolidated Action shall be reassigned to this Court, and shall be consolidated herewith if and when they are called to the Court's attention.

5.     <u>Applicability of Order</u>.  This Order applies automatically to all actions listed in Schedule A, attached to the JPML's Transfer Order dated February 21, 2008, as well as any other actions subsequently transferred to or filed in this proceeding, without the necessity of future motions or orders.  Should parties in any subsequently transferred or filed actions object to the terms of this Order, they must do so within 30 days of receipt of this Order from Plaintiffs' Liaison Counsel.

6.     <u>Service List</u>.  This Order is being mailed to liaison counsel previously appointed by this Court for the parties and referenced in paragraphs 10.D and 11 below. Pursuant to paragraphs 10.D and 11, liaison counsel for each side shall forward a copy of this Order to all other attorneys for their respective side.  Currently, this Court is operating with the service list attached to Order No. 1 as Attachment B.  [Docket No.12]. An updated and corrected service list shall be prepared as the litigation progresses. Liaison counsel for the parties shall be responsible for conferring with the Clerk of Court to ensure that a master service list is established and kept current and which shall include all parties and counsel that join this action.  Counsel are also directed to send email addresses to the Court for notification purposes and service.

7.     <u>List of Affiliated Companies and Counsel</u>.   To assist the Court in identifying any issues or matters of recusal or disqualification, and to the extent that counsel did not comply with this directive in connection with Order No. 1 dated April 23, 2008 [Docket No. 12], counsel shall submit to the Court, no later than 15 days from the date of this Order, a list of all companies affiliated with the parties and all counsel associated in the litigation.

8.    <u>List of Related Cases</u>.  Plaintiffs' Lead Counsel and Defendants' Liaison Counsel shall confer among themselves and jointly file with the Court, no later than 30 days from the date of this Order, a list of all related cases pending in state and federal court and their current status, to the extent known.

9.    <u>Admission of Counsel</u>.  Attorneys admitted to practice and in good standing in any United States District Court are admitted as MDL attorneys in this litigation.  Association of local co-counsel is not required.  All counsel are expected to familiarize themselves with the Local Rules of this Court[2], the American Bar Association's *Civil Discovery Standards*, as well as *The Manual for Complex Litigation 4th* (Federal Judicial Center 2004), which the Court and parties may be called upon to refer to as a resource in the case management of this litigation.

10.    <u>Organization and Responsibilities of Plaintiffs' Counsel</u>.  As stated in the Court's Order No. 3 dated May 30, 2008 [Docket No. 113], to act on behalf of plaintiffs, the Court has designated the following counsel:

A.    <u>Plaintiffs' Lead Counsel</u>

Daniel E. Gustafson, Esq.
Gustafson Gluek PLLC
725 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
(612) 333-8844

---

[2]    http://www.mnd.uscourts.gov/local_rules/local_rules.pdf

B.    <u>Responsibilities of the Plaintiffs' Lead Counsel</u>.  Plaintiffs' Lead Counsel shall be a member of and direct the work of the Plaintiffs' Steering Committee.  In this regard, Plaintiffs' Lead Counsel shall be responsible for coordinating the activities of plaintiffs during pretrial proceedings and in consultation and with the assistance of Plaintiff's Steering Committee, shall:

    i.    Determine (after consultation with other members of Plaintiffs' Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

    ii.    Coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

    iii.    Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

    iv.    Delegate specific tasks to other counsel in a manner to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

    v.    Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

    vi.    Prepare and distribute to the parties periodic status reports;

    vii.    Maintain adequate time and disbursement records covering services of designated counsel and establish guidelines, for approval by the Court, as to the keeping of time records and expenses;

    viii.    Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

    ix.    Perform such other duties as may be incidental to proper coordination of plaintiffs' pretrial activities or authorized by further Order of the Court; and

    x.    Submit, if appropriate, additional committees and counsel for designation by the Court.

Any counsel for any plaintiff who disagrees with Plaintiffs' Lead Counsel (or those acting on behalf of Plaintiffs' Lead Counsel) or who have individual or divergent positions may present written and oral arguments, and otherwise act separately on behalf of their client(s) as appropriate, provided that in doing so they do not repeat arguments, questions, or actions of the Plaintiffs' Lead Counsel.

    C.    <u>Plaintiffs' Steering Committee</u>.

Chair of Plaintiffs' Steering Committee
Charles S. Zimmerman, Esq.
Zimmerman Reed PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
(612) 341-0400

Richard J. Arsenault, Esq.
Neblett, Beard & Arsenault
2220 Bonaventure Court
P. O. Box 1190
Alexandria, LA 71309-1190
(800) 256-1050

8

C. Brooks Cutter, Esq.
Kershaw, Cutter & Ratinoff, LLP
980 Ninth Street
19th Floor
Sacramento, CA 95814
(916) 448-9800

Jim Doyle, Esq.
Williams, Kherkher, Hart & Boundas LLP
8441 Gulf Freeway
Suite 600
Houston, TX 77017
(713) 230-2200

R. Jackson Drake, Esq.
Whatley Drake & Kallas LLC
1000 Park Place Tower
2001 Park Place North
Birmingham, AL 35202
(205) 328-9576

Nicholas J. Drakulich, Esq.
The Drakulich Firm
2727 Camino Del Rio South
Suite 322
San Diego, CA 92108
(858) 755-5887

Wendy R. Fleishman, Esq.
Lieff, Cabraser, Heimann & Bernstein, LLP
780 Third Avenue
48th Floor
New York, NY 10017
(212) 355-9500

Michael K. Johnson, Esq.
Goldenberg & Johnson, PLLC
33 South Sixth Street
Suite 4530
Minneapolis, MN 55402
(612) 333-4662

Dianne M. Nast, Esq.
Roda Nast, P.C.
801 Estelle Drive
Lancaster, PA 17601
(717) 892-3000

9

Tina B. Nieves, Esq.
Gancedo & Nieves LLP
418 North Fair Oaks Avenue
Suite 202
Pasadena, CA 91103
(626) 685-9800

Neil D. Overholtz, Esq.
Aylstock, Witkin, Kreis & Overholtz
803 North Palafox Street
Pensacola, FL 32501
(850) 916-7450

Eric M. Quetglas-Jordan, Esq.
Quetglas Law Offices
P. O. Box 16606
San Juan, PR 00908
(787) 722-0635

Mark P. Robinson, Jr., Esq.
Robinson, Calcagnie & Robinson
620 Newport Center Drive
Seventh Floor
Newport Beach, CA 92660
(949) 720-1288

Camilo K. Salas, III, Esq.
Salas & Co., L.C.
650 Poydras Street
Suite 1660
New Orleans, LA 70130
(504) 799-3080

Hunter J. Shkolnik, Esq.
Rheingold, Valet, Rheingold, Shkolnik & McCartney LLP
113 East 37th Street
New York, NY 10016
(212) 684-1880

Marcus L. Stevenson, Esq.
Sanford Stevenson Riff LLP
2016 Bissonnet Street
Houston, TX 77005
(800) 240-2460

Fred Thompson, III, Esq.
Motley Rice LLC
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC 29464
(843) 216-9000

Teresa Toriseva, Esq.
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
(304) 238-0066

Leila H. Watson, Esq.
Corey, Watson, Crowder & DeGaris, P.C.
2131 Magnolia Avenue
Birmingham, AL 35205
(205) 328-2200

The members of Plaintiffs' Steering Committee shall consult with Plaintiffs' Lead

Counsel in coordinating the plaintiffs' pretrial activities and in planning for trial.

D.     Plaintiffs' Liaison Counsel

Robert K. Shelquist, Esq.
Lockridge Grindal Nauen PLLP
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339-6900

Plaintiffs' Liaison Counsel shall:

i.     Maintain and distribute to all other plaintiffs' counsel and to

defendants' counsel an up-to-date service list;

ii.    On behalf of all counsel for all plaintiffs, receive from defendants,

the Court, and third parties, and as appropriate, distribute to all

other plaintiffs' counsel the following: written and electronic

communications from the Court, defendants and third parties;

11

pleadings; Orders from the Court; and discovery and documents from defendants and third parties.

iii. At the appropriate time[3], maintain and make available to all other plaintiffs' counsel at reasonable hours a complete file of all documents served by or upon each party, and establish and maintain an electronically accessible document depository.

11. <u>Defendants' Liaison Counsel</u>. As stated in the Court's Order No. 3 dated May 30, 2008 [Docket No. 113], the Court has designed the following counsel to act as Defendants' Liaison Counsel:

> George W. Soule, Esq.
> Jennifer K. Huelskoetter, Esq.
> Melissa R. Stull, Esq.
> Bowman & Brooke LLP
> 150 South Fifth Street
> Suite 3000
> Minneapolis, MN 55402
> (612) 339-8682

Defendants' Liaison Counsel shall

A. Maintain and distribute to Plaintiffs' Liaison Counsel and to defendants' co-counsel an up-to-date service list;

B. On behalf of all counsel for all defendants, receive from plaintiffs, the Court and third parties, and as appropriate, distribute to all other defendants' counsel the following: written and electronic communications from the Court, plaintiffs and third parties; pleadings; Orders from the Court; and discovery and documents from plaintiffs and third parties.

---

[3] Pursuant to paragraph 25 of this Order, pending further order of this Court, discovery has been stayed.

12.    <u>Privileges Preserved</u>.    No communication among plaintiffs' counsel or among defendants' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

13.    <u>Service of Documents</u>.

A.    <u>Orders</u>.    A copy of each Order shall be provided to Plaintiffs' Liaison Counsel, and to Defendants' Liaison Counsel for distribution as appropriate to other counsel and parties.    To clarify the meaning of this paragraph, service through CM/ECF only goes to those who have filed a case and are in ECF.    In cases that will be, but have not yet been transferred to this District, the new plaintiffs are not in the system.    ECF can only notice those that are in the system at the time the document was filed.    It therefore remains the responsibility of the liaison counsel for both plaintiffs and defendants to effect service of all Orders on all parties. While the Court can assist counsel with counsel's service list, at least in the beginning of this litigation, that list may contain parties and attorneys that are not yet in our system.

B.    <u>Pleadings and Other Documents</u>.    Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall be provided with one copy of each pleading and other document served and/or filed by a party, including any and all attachments, to be delivered by electronic mail.    Liaison counsel for plaintiffs and for defendants shall also be provided with one non-electronic copy of each pleading and other document served and/or filed by a party, including any and all attachments.    Pursuant to Fed. R. Civ. P. 5, service on Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel,

constitutes service on other attorneys and parties for whom liaison counsel is acting, and such service shall be deemed effective seven days after service on liaison counsel.

14.    <u>Official Court Website</u>.    The Court has created and shall maintain a website devoted solely to the Medtronic Sprint Fidelis Leads Products Liability Litigation, found at http://www.mnd.uscourts.gov.    Through the website, parties may access, as may be established, such items as Court Orders, Court Minutes, Court Calendar, Contacts, the Master Service List, Frequently Asked Questions, and Court Transcripts. Plaintiffs' Lead Counsel and counsel for defendants shall confer with the Court regarding the content of the website.

15.    <u>Transcript Payment</u>.    The official transcript of all hearings shall be posted on the Medtronic Sprint Fidelis Leads Litigation website.    The cost of an expedited official transcript shall be borne by the plaintiffs and defendants equally.    Payment is to be made within 14 days of receipt of the court reporter's invoice.

16.    <u>Pleadings</u>.    Deadlines for answers or responses to the Complaints filed in all individual actions are hereby suspended until further Order of this Court.

17.    <u>Master Pleadings, Motions, and Orders</u>.

A.    <u>Master Complaint</u>.    It shall be the responsibility of Plaintiffs' Steering Committee to file (1) a single master consolidated complaint containing allegations that would be suitable for adoption by reference in individual cases, and (2) a single master consolidated complaint containing allegations that would be suitable for adoption by reference in third-party payor cases.    The master complaints shall not constitute the inception of a new "case or controversy" in this District and shall not supersede or render

moot each pending separate action that had been transferred to this District for pretrial proceedings by the MDL Panel. Rather, said master complaints shall be used as a device to facilitate administration of the dockets and to assist in identifying issues common to all of the cases centralized before this Court. The allegations of the master complaints are not deemed automatically included in any particular case. However, in order to avoid possible problems with statutes of limitations or doctrines of repose, the following shall apply: For cases now pending in this Court (or as of the date a case is filed in, removed to, or transferred to this Court), it is deemed that a motion to amend is filed in each such case to add any potentially applicable claims and theories from the master complaints not contained in the complaint actually filed in that case, except to the extent a plaintiff hereinafter files an amended complaint disavowing such claims and theories or limits its claims and theories to those contained in an amended complaint.

B.  Master Answers. Defendants' counsel shall file master answers that shall incorporate defendants' defenses in law or fact to claims made against them in the various actions that are presently pending in this litigation. The answers shall not attempt to provide a cross-reference to particular paragraphs or counts of the various complaints. The master answers shall, however, cross-reference to particular paragraphs or counts in plaintiffs' master complaints. The master answers shall in a "generic" manner admit or deny (including denials based on lack of information and belief) the allegations typically included in claims made against it as well

15

as make such additional allegations as are appropriate to its defenses. When so filed in MDL 08-1905, the master answers constitute an answer in each constituent case now pending or when hereafter filed in, removed to, or transferred to this Court, except to the extent the defendants later file a separate answer in an individual case.

C.     <u>Refinement of Pleadings</u>. It is anticipated that an amended, more specific complaint and answer may be required before a case is scheduled for trial or remanded to a transferor court, but amendments of pleadings prior to that time should generally be avoided.

D.     <u>Motions; Orders</u>. A motion, brief, or response that has a potential effect on multiple parties (<u>e.g.</u>, the anticipated motion of defendants to dismiss based on preemption) shall be deemed made in all similar cases on behalf of, and against, all parties similarly situated except to the extent such other parties timely disavow such a position. Additional motions, briefs, or responses addressed to such issues should not be filed or submitted by other parties except to the extent needed because of inadequacy of the original papers, to present unique facts, or because of a difference in positions. Orders resolving such motions shall likewise be deemed as made with respect to all parties similarly situated unless the order indicates otherwise.

E.     <u>Meet and Confer Prior to Nondispositive Motions</u>. To avoid unnecessary litigation concerning nondispositive motions, including motions relating to discovery disputes, counsel are directed to meet and confer before filing a

motion. In any motion filed, counsel for the moving party must certify that a good-faith effort was made to resolve the dispute.

18.    Preservation of Evidence.    Currently, preservation of evidence and documents is governed by Order Nos. 1 and 2. [Docket Nos. 12, 53]. It is the Court's intention to enter a more complete order concerning preservation of evidence and documents. Therefore, the parties are directed to confer for the purpose of reaching an agreement on the language to be included in such order and to file with the Court the agreed-upon preservation order on or before **4:30 p.m. on June 18, 2008**. To the extent that the parties are unable to agree on the language of the preservation order, they shall file with the Court a redline version of a proposed order containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same. Said redlined order setting forth the parties' competing proposals shall be filed with the Court no later than **4:30 p.m. on June 18, 2008**. By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected. Unless Magistrate Judge Mayeron determines that a hearing on the contents of the preservation order is necessary, this matter shall be decided based on the written submissions of the parties.

19.    Protective Order.    It is the Court's intention to enter a protective order. Therefore, the parties are directed to confer for the purpose of reaching an agreement on the language to be included in such order and to file with the Court the agreed-upon protective order on or before **4:30 p.m. on June 18, 2008**. To the extent that the

parties are unable to agree on the language of the protective order, they shall file with the Court a redline version of a proposed order containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same. Said redlined order setting forth the parties' competing proposals shall be filed with the Court no later than **4:30 p.m. on June 18, 2008**. By this date, the parties may also supply Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected. Unless Magistrate Judge Mayeron determines that a hearing on the contents of the protective order is necessary, this matter shall be decided based on the written submissions of the parties.

     20.    <u>Introduction for Website.</u>  It is the Court's intention to include an Introduction of this litigation on the Court Website. Therefore, for the purpose of developing the language to be included in the Introduction, the parties are directed to confer and prepare a brief written summary indicating their joint understanding of the facts involved in the litigation and the important factual legal issues. This agreed-upon summary shall be filed with the Court on or before **4:30 p.m. on June 18, 2008**. In the event the parties cannot agree on this summary, they shall file with the Court a redline version of a summary containing the language agreed to, clearly identifying the language which is the subject of disagreement between the parties, and setting forth clearly the parties' respective proposals concerning the same. Said redlined Introduction setting forth the parties' competing proposals shall be filed with the Court no later than **4:30 p.m. on June 18, 2008**. By this date, the parties may also supply

Magistrate Judge Mayeron and opposing counsel with an informal letter brief, not to exceed two pages in length, setting forth why their respective language should be adopted and the opposing parties' proposed language should be rejected.

21.     <u>Status Conferences</u>.  The Court shall convene status conferences in its discretion.   The next two status conferences are scheduled for **July 14, 2008 at 10:00 a.m., and August 27, 2008 at 10:00 a.m.**  These two status conferences shall take place in Courtroom 1 on the 7th Floor of the temporary United States Courthouse, 180 East Fifth Street, St. Paul, Minnesota.  Thereafter, beginning in September, 2008, unless otherwise ordered by this Court, status conferences shall be held on the **fourth Wednesday of each month at 10:00 a.m.**  The location for these status conferences shall be in the Courtroom of Judge Richard H. Kyle at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Further, unless otherwise ordered herein, it shall be the intent of the Court to meet in chambers with Plaintiffs' Lead Counsel, the Chair of Plaintiffs' Steering Committee and counsel for defendants one hour before each status conference (<u>i.e.</u> at 9:00 a.m.).

Counsel for each side shall meet and confer in advance of each status conference and submit to the Court within four business days before each status conference the following:  (1) a report setting forth a summary of the activities of the parties since the last status conference; (2) a joint agenda listing matters to be considered by the Court at the status conference; and (3) a brief—one to two paragraph—summary of the party positions as to any disputed issues listed on the agenda.

19

22. <u>Issues Known to the Court to be Addressed at the July 14, 2008, Status Conference.</u> At the next status conference on July 14, 2008, the parties should be prepared to discuss with the Court the following items:

A. Necessity of a plaintiffs' state liaison counsel

B. Other duties of plaintiffs' lead counsel, plaintiffs' steering committee, plaintiffs' liaison counsel, and defendants' liaison counsel

C. Additions or changes to website, including draft Introduction

D. Protective Order

E. Preservation Order

F. Tolling Agreement

G. Common Benefit Attorneys Fund

H. Individual Fact Sheets

23. <u>Scheduling of Motions.</u> Status conferences shall be regularly scheduled by the Court to permit substantial advance notice to all parties. Therefore, except as otherwise provided herein, and to accommodate the schedules of the Court and the parties, all argument or hearing on any motion shall be scheduled to coincide with calendared status conferences. Any hearing or oral argument deemed necessary by the Court on motions that require a ruling on an expedited basis shall be scheduled with notice of at least five business days. If circumstances warrant, the Court may shorten a notice period.

24. <u>Informal Motion Practice.</u> Magistrate Judge Mayeron is willing to resolve nondispositive disputes between the parties on an informal basis via a telephone conference. However, before she will agree to proceed with this informal resolution mechanism, all parties to the dispute must agree in advance of the telephone

conference to use this resolution process because the very nature of the process requires that parties give up rights they would otherwise have (e.g. dispute is heard over the telephone; there is no recording of the telephone conversation; no briefs are filed). Therefore, if all parties to a dispute agree to use the informal resolution process to resolve the matter, then the parties may schedule a telephone conference with Magistrate Judge Mayeron. In addition, in advance of the telephone conference, the parties may submit to Magistrate Judge Mayeron and the other parties to the dispute an informal letter brief, not to exceed three pages in length, setting forth their respective positions with respect to the dispute. If there is no agreement to resolve the dispute through this informal resolution process, then the dispute must be presented to the Court via formal motion and hearing.

25. <u>Discovery</u>. Until further order of this Court, all discovery is stayed.

26. <u>Schedule</u>.

    A. Plaintiffs' Master Complaints shall be filed and served on or before **July 3, 2008**.

    B. Defendants' Master Answer or other responsive pleading, including a dispositive motion to dismiss based on preemption, shall be filed and served on or before **August 4, 2008**.

    C. Plaintiffs' responsive brief to any dispositive motions filed by defendants shall be filed and served on or before **September 18, 2008**.

    D. Defendants' reply brief to any such motions shall be filed and served on or before **October 20, 2008**.

E.    A hearing on any such motions filed shall be held before Judge Richard H. Kyle at 9:00 a.m. on **November 4, 2008** in Judge Kyle's Courtroom at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Dated:      June 4, 2008

*s/ Richard H. Kyle*
RICHARD H. KYLE
United States District Judge


*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

22