UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272 |
| | Master Docket Case No. 1:11-cv-05468 |
| | Hon. Judge Rebecca R. Pallmeyer |
| This Document Relates to All Cases | |

## PROTECTIVE ORDER

This Order governs the production and review of certain discovery materials to be made available in the matters consolidated in MDL No. 2272. This discovery material includes information to be produced by one or more of the defendants (collectively referred to herein as "Zimmer") or third parties, and it includes trade secrets, confidential, proprietary and/or otherwise non-public documents and information, the public disclosure of which could be detrimental to the Parties or third parties; documents that may contain information that is personal and confidential to the Parties or third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation).

By agreement of the parties, IT IS HEREBY ORDERED that the following Protective Order shall govern material entitled to be kept confidential in the above-captioned matter, as follows:

1.  Definitions:

a.  A "Stamped Confidential Document" means any document, including any document produced electronically, which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains information subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G), federal or state statute or regulation, or common law.

b.  "Document" means all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise.

c.  "Product" means a specific product type designed, manufactured, or sold by Zimmer, e.g., the CR-Flex Porous Femoral Component. "Product" does not mean all NexGen® branded products; nor does it

mean all NexGen® branded femoral components, patella components, or tibial components. Part numbers differing only by size are variants of the same Product.

d.     "Producing Party" means the party that produced the Stamped Confidential Documents.

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as Stamped Confidential Documents, but, to the extent feasible, shall be prepared in such a manner that Stamped Confidential Documents are bound separately from those not entitled to protection.

2.     A producing party may also add to any produced document a legend, affixed in the same manner as set forth in paragraph 1 above, identifying that document as specific to a particular Product or group of Products. For example, without limiting the generality of the foregoing, such a legend would read "CR-Flex Porous Femoral Component Only" on documents specific to that product. A document bearing a legend identifying a particular Product or Products to which the document relates will be referred to herein as "Product-Specific Confidential Documents."

All Product-Specific Confidential Documents shall be deemed Stamped Confidential Documents whether or not expressly so marked. This provision should not be read or understood to limit Plaintiffs' Steering Committee attorneys from communicating amongst themselves across product categories in any way.

3. Stamped Confidential Documents and their contents, as well as copies, summaries, notes, memoranda and computer databases relating thereto, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of actions consolidated herein, except with the prior written consent of the party or other person originally designating a document as a Stamped Confidential Document, or as hereinafter provided under this Order.

In addition, each Product-Specific Confidential Document and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall not be disclosed in any manner beyond (a) the specific parties whose claims asserted against Zimmer in this proceeding are based expressly on the implantation of the Product identified on the legend of that Product-Specific Confidential Document, and who have produced to Zimmer evidence of product-identifying information from that party's medical records (i.e. peel-n-sticks, operative reports, physician's notes, or other evidence that the party was implanted with the Product); (b) the law firm directly engaged to represent that party in that

4

action, following production to Zimmer of the aforementioned product-identifying information; and (c) Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, and all members of the Plaintiffs' Steering Committee.

4.     The disclosures allowed under paragraph 3 above shall be strictly limited to the partners, associates, secretaries, paralegal assistants, and employees and agents of such an attorney to the extent reasonably necessary to render professional services in this litigation to persons with prior knowledge of such documents or the confidential information contained therein, and their agents; and to court officials involved in this ligation (including Judges, court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court or jointly designated by the parties).   Subject to other provisions of this Protective Order, such documents also may be disclosed:

a.     To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

b.     To any person(s) noticed for deposition or designated as trial witnesses, who has knowledge of the subject matter to which the documents relate; and

c.     To the extent reasonably necessary in preparing to testify, to any outside, non-attorney consultants or experts retained for the purpose of assisting counsel in this litigation provided, however, that in all

such cases, the individual to whom disclosure is to be made has signed a Confidentiality Agreement, the form of which is attached as Exhibit A, containing –

    i.    A recital that the signatory has read and understands this Order and will abide by it;

    ii.    A recital that the signatory understands that unauthorized disclosures of Stamped Confidential Documents and Product-Specific Confidential Documents or their substance constitute contempt of Court; and

    iii.    A statement that the signatory consents to the exercise of personal jurisdiction by this Court for purposes of enforcing this Order.

Each outside, non-attorney consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 4(c) above must – before disclosure – sign a Confidentiality Agreement, the form of which is attached hereto as Exhibit A. That agreement then must be returned to plaintiffs' Lead Counsel who shall retain any such Agreements during the pendency of this litigation and will confirm Zimmer's counsel in writing within ten (10) days of the execution of the Confidentiality Agreement that: (1) a disclosure was made to a consultant or expert; and (2) the consultant or expert

signed and returned the Confidentiality Agreement." Nothing in this provision shall require any party to disclose the identity of any expert prior to those dates set forth in the Court's Scheduling Order regarding production of expert disclosures.

1. Each person executing the Confidentiality Agreement submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

2. Nothing in this Order shall preclude the disclosure by a party of stamped confidential documents that it has produced.

3. Nothing in this Order shall preclude the disclosure by any party of publicly available documents or information.

4. Stamped confidential documents included as part of any pleading or memorandum shall be filed according to this Court's Local Rule 10-5.

5. Persons with knowledge of Stamped Confidential Documents or the subject matter discussed in a Stamped Confidential Document may be deposed regarding those documents or the subject matter thereof. Only the parties and persons described in paragraph 3, including the court reporter and the witness,

shall be present at such depositions. Any party may designate any portion of any deposition as confidential to the extent the designated portion falls within the definition set forth herein and is entitled such a designation under the Federal Rules of Civil Procedure. The party making such designation shall supply the page(s) of the deposition they intend to designate as confidential within thirty (30) days of its receipt of a transcript from the court reporter. The entire deposition transcript shall be treated as confidential during the thirty (30) day period, or until the designating party designates the page(s) of the deposition as confidential, whichever is first.

6. If, in connection with a dispositive motion or at the time of trial, counsel for any of the parties attempts to introduce into evidence or use in cross-examination any Stamped Confidential Documents, whether as part of a document or deposition testimony, counsel for either party will have an opportunity to request the Court to preserve the confidentiality of that Stamped Confidential Document as the Court deems appropriate.

7. In the event that another party disagrees with a party's designation of any document or information as confidential under this Protective Order, the objecting party shall advise counsel for the designating party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fourteen (14) days of receiving the objection, the parties

shall confer to determine whether the designating party will change the designation of the document or item. If the dispute cannot be resolved between the parties, then the party asserting the designation shall file a motion for a protective order with the Court within twenty (20) days of the parties' conference regarding the designation by motion or otherwise. During the pendency of any such motion the designated document or item shall continue to be treated as Stamped Confidential Document subject to the provision of this Order. On the hearing of any such motion, the burden shall be on the Producing Party who made the designation to establish that the designated document or item should be deemed confidential.

8. Confidential documents that are produced in this MDL pursuant to a valid Document Request, Deposition Notice or subpoena shall be produced in their entirety with no internal redaction with the exception of information that is covered by the attorney client privilege or work product doctrine.

9. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying generally on examination of designated confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs (b) and (c).

10. If another court or an administrative agency subpoenas or orders production of Stamped Confidential Documents which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order or other legal process.

11. If a Producing Party inadvertently or unintentionally produces to a receiving party any document or information without marking it as Stamped Confidential Document or Product-Specific Confidential Document pursuant to paragraphs 1 through 4, the Producing Party shall, within twenty (20) days of the discovery of the inadvertent production, give notice to the receiving party in writing and thereafter the receiving party shall treat the document as a properly-designated document. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of restriction either as to specific documents and information disclosed or on the same or related subject matter.

12. If a Producing Party inadvertently or unintentionally produces to a receiving party any documents or information the Producing Party determines was entitled to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the Producing Party shall, within

twenty (20) business days of the discovery of the inadvertent production, give notice to the receiving party in writing of the Producing Party's claim of privilege or immunity from discovery, and provide a privilege log. Thereafter, the receiving party shall immediately return to the Producing Party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the receiving party. However, the receiving party may retain sufficient copies to be presented to the Court in connection with any motion to compel production of the documents, or for the sole purpose of resolving any dispute arising from the claim of privilege or immunity, as described below in this paragraph. Upon discovery of the inadvertently produced document, the receiving party will be deemed to have notice that material is restricted if the party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the Producing Party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the receiving party disagrees with the Producing Party's claim of privilege or immunity from discovery, then the receiving party shall notify the Producing Party within five (5) business days of receipt of the Producing Party's written notice of claim of privilege, and shall set forth the grounds upon which the

receiving party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the receiving party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, except for the purposes of resolving the dispute, and shall instruct all persons to whom the receiving party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court. If either party wishes to file the disputed documents or information as an exhibit to any such motion, it must do so under seal. Should the Court ultimately find that the document is privileged and protected from discovery, the receiving party will destroy any copies it maintains, including those that it maintained for purposes of litigating the issue of whether the document was privileged or protected.

13. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 90 days after final conclusion of all aspects of this litigation, all Stamped Confidential Documents and all copies of same (other than exhibits of record) either shall be destroyed or returned to the Producing Party. In the event that Stamped Confidential Documents are produced in electronic form, or are put into electronic form by the receiving party with the consent of the providing party,

then the receiving party shall delete all electronic copies of Stamped Confidential Documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 120 days after final termination of this litigation.

14. The attorneys of record are responsible for employing reasonable measures to control and record, consistent with this Order, duplication of, access to, and distribution of Stamped Confidential Documents, including abstracts and summaries thereof. No duplication of Stamped Confidential Documents shall be made except by counsel or its designated agents for use in connection with this litigation.

15. The Clerk may return to counsel or destroy any Stamped Confidential Documents in its possession.

16. It is expressly understood by and between the parties that in granting access to or producing Stamped Confidential Documents in this litigation, the parties are relying upon the terms and conditions of this Order.

APPROVED the 17th day of November, 2011.

Judge of the United States District Court

EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: ZIMMER NEXTGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>Master Docket Case No. 1:11-cv-05468<br><br>Hon. Judge Rebecca R. Pallmeyer |
| This Document Relates to All Cases | **CONFIDENTIALITY AGREEMENT** |

1.    I acknowledge that I am about to receive confidential information supplied by Zimmer, Inc., or one of the defendants in the above-captioned matter.

2.    I have read the Protective Order governing the restricted use of confidential information in this litigation, a copy of which has been provided to me. I understand the Protective Order and agree to abide by it.

3.    I will not utilize any Stamped Confidential Document or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor

discuss it with, anyone, except in accordance with the terms of the Protective Order.

4.    I understand that the Protective Order means I cannot share confidential information regarding Zimmer Products except with Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, Plaintiffs' Steering Committee, and counsel for patients implanted with that particular Product.

5.    I understand unauthorized disclosures of Stamped Confidential Documents or their substance constitute contempt of Court.

6.    At the termination of this litigation, I will return all documents marked "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

7.    I submit to the jurisdiction of the United States District Court for the Northern District of Illinois, as necessary to enforce the provisions of the Protective Order.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____

City, State, Zip

_____

Telephone Number BDDB01 6973263v1