UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO APPROVE
PLAINTIFF FACT SHEET AND CASE MANAGEMENT ORDER NO. 2**

**I.
INTRODUCTION**

Since early October 2011, the parties have worked collaboratively to negotiate an agreed-upon Plaintiff Fact Sheet ("PFS") to be used in MDL-2272. The parties were successful in their negotiations about the substance of the PFS, but for one issue: the production of the plaintiffs' tax returns. In the document request section of the PFS, the defendants seek each plaintiff's W-2s and federal tax returns for each of the last five years; the plaintiffs object to this request and agree only to produce W-2s for the last five years. *See* proposed Plaintiff Fact Sheet, attached as Exhibit A.

The parties also have endeavored to negotiate a case management order intended to govern the timing of production of executed authorizations in pending matters, the schedule for completion of the PFS and Defendant Fact Sheet ("DFS"), and the procedure for handling inadequate/incomplete fact sheets. *See* proposed Case Management Order No. 2 – Fact Sheets, attached as Exhibit B (CMO No. 2). The parties have successfully negotiated the terms of CMO No. 2, except for disagreements on the periods of time for: (1) completion and return of medical records authorizations for pending matters; (2) completion and return of the PFS for pending

matters; and (3) the conversion of a dismissal without prejudice to one with prejudice following a plaintiff's failure to produce a substantially complete fact sheet.

The defendants respectfully request that the Court approve Defendants' proposed PFS, attached as Exhibit A, and Case Management Order No. 2, attached as Exhibit B.

## II.
## PLAINTIFF FACT SHEET

A.  <u>Defendants' Proposed Request For Tax Returns is Proper Under the Law.</u>

The defendants make the following document request in the PFS:

> L. If you claim to have suffered a loss of earnings, or lost earnings capacity, your federal tax returns and W-2s for each of the last five (5) years.

*See* Exhibit A, XI.L. The plaintiffs object to production of a plaintiff's tax returns in addition to the W-2s, however, applicable case law supports production of both tax returns *and* W-2s. Accordingly, the defendants' request is wholly proper here.

Seventh Circuit courts consistently have found a plaintiff's entire tax return, not just the W-2, to be discoverable. *See Camphausen v. Schweitzer*, 2010 WL 4539452 (N.D. Ill. 2010) (discovery request regarding income tax returns reasonably calculated to lead to the discovery of admissible evidence when plaintiff claims economic losses); *Scheffler v. County of Dunn*, 2009 WL 1249291 (W.D. Wisc. 2009) (court granted defendant's motion to compel plaintiff's production of income tax returns); *Fields v. G.M. Corp.*, 1996 WL 14040 (N.D. Ill. 1996). This principle has been upheld by court in other jurisdictions as well. *See, e.g., Reed v. Tokio Marine & Nikido Fire Ins. Co., Ltd*, 2010 WL 420921, at *2 (W.D. La. 2010); *Kumar v. Hilton Hotels Corp.*, 2009 WL 3681837, at *3 (W.D. Tenn. 2009); *Smith v. CSX Transp., Inc.*, 1994 WL 762208 (E.D. N.C. 1994).

In addition, there are a number of reasons why a plaintiff's entire tax return is discoverable. For plaintiffs who claim economic loss, one example is the existence of non-wage income. If a plaintiff claims economic losses related to a loss of employment following surgery, the plaintiff's W-2 would show any decrease in wage-related income. However, that same plaintiff may use the additional time to increase non-wage income following the lost employment, and those amounts would not be present on a W-2. Furthermore, other examples of the relevance of the returns exist regardless of whether the plaintiff makes a claim of lost wages, including but not limited to information regarding a plaintiff's receipt disability benefits and activity that may revealed by the plaintiff's itemized deductions (i.e., deductions for travel, memberships, and the like).

Defendants' request clearly seeks information that is relevant to plaintiffs' claimed damages under Rule 26. *See* Fed.R.Civ.Pro. 26(b)(1) ("parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). The requested tax returns are relevant, not privileged, and defendants' request for them should be permitted.

**III.**
**CASE MANAGEMENT ORDER NO. 2**

The parties disagree on three time periods governed by proposed CMO No. 2, including the periods of time for: (1) completion and return of medical records authorizations in pending matters; (2) completion and return of the PFS in pending matters; and (3) conversion of a dismissal without prejudice to one with prejudice following a plaintiff's failure to provide a substantially complete PFS. *See* Exhibit B.

First, the defendants propose that the plaintiffs execute and serve medical record authorizations in matters currently pending in MDL-2272 by January 6, 2011. The plaintiffs claim they are unable to complete the authorizations in that time period and request an additional

week's time, or through January 13, 2011. Typically, the defendants would not argue over the difference of a week's time, however, the plaintiffs' position on this matter is not reasonable in light of the length of time the plaintiffs have had the final form authorization in their possession.

This Court ruled on the final form language for the authorization on November 22, 2011. *That same day*, counsel for the defendants, Andrea Roberts Pierson, forwarded a final authorization complying with the Court's ruling to the plaintiffs' counsel, Michael London. A true and accurate copy of the final authorization sent to Mr. London is attached as Exhibit C. Because the parties previously had discussed return of the authorizations in pending matters 30 days from the Court's approval of the authorization (Defendants' proposal) or 45 days from the Court's approval of the authorization (Plaintiffs' proposal), Ms. Pierson proposed that the parties agree on a compromise time period for the authorizations' return.

Since transmission of the final authorization to the plaintiffs on November 22, 2011, the parties have been unable to reach compromise on the date by which authorizations shall be returned in pending matters. The defendants propose return of authorizations for matters pending in MDL-2272 by January 6, 2012; the plaintiffs propose January 13, 2012. Given that the plaintiffs have possessed the Court's November 22, 2011 ruling and final authorization for two weeks, it is reasonable that the executed authorizations be returned by January 6, 2012 – **more than six weeks** *after the Court's order approving the authorization*. Moreover, the defendants must begin the process of obtaining the plaintiffs' medical records (a process that will take an *additional 4 months* or more). As such, a deadline of January 6, 2011, for the completion of authorizations for the pending matters is more than reasonable.

The second issue in dispute regarding proposed CMO No. 2 involves the timing for the completion of the PFS in matters pending in MDL-2272. The defendants initially proposed the

4

return of said PFSs 30 days from the Court's approval of the same. Later, at the plaintiffs' suggestion, the defendants agreed to extend that time to 60 days from the date of this Court's approval of the PFS. However, the plaintiffs now request 75 days for the return of PFSs in matters pending in MDL-2272.

Again, the defendants ordinarily would not present to the Court an impasse involving a difference of only 15 days. However, (1) given that the plaintiffs have collected medical records and have in their possession the personal information requested by the PFS, and (2) given that the defendants first presented the draft PFS to the plaintiffs' lead counsel on October 10, 2011, and continue to await any substantive information about the plaintiffs' claims (i.e., when did a plaintiff's Zimmer component allegedly fail; which Zimmer component is alleged to have failed; how does the plaintiff allege that she/he was damaged), 60 days' time for return of the PFS in matters currently pending in MDL -2272 is wholly reasonable.

Finally, the parties are unable to agree on the timing with regard to when the defendants may move for conversion of a dismissal without prejudice to a dismissal with prejudice in the event of a plaintiff's failure substantially to complete a PFS. Proposed CMO No. 2 sets up a multi-step procedure for handling of delinquent/incomplete PFS. *See* Exhibit B, A.8. The first step is the issuance of a warning letter when a PFS is 30 days past due. Then, if the PFS is not received within 30 days of the date of the warning letter, the defendants may file a motion to dismiss a plaintiff's claim without prejudice. The plaintiff then has 30 days to respond to the motion. If the plaintiff does not respond, then the case is dismissed without prejudice. The dispute here is in regard to what happens next – how long the defendants must wait <u>after</u> the dismissal without prejudice has been ordered before filing a motion to convert it to a dismissal with prejudice, if the plaintiff does not act to cure his/her failure to substantially complete the

5

PFS. The defendants contend that an additional 30 days is more than sufficient, while the plaintiffs request 120 days post-dismissal for the defendants to file a motion for conversion. The parties have discussed compromise between 30 and 120 days, but have been unable to resolve the issue. The defendants' proposed 30 days is more than reasonable here. All told, the defendants' schedule gives the plaintiffs 120 days to complete a delinquent PFS - allowing the plaintiffs a total of *six months' time* to complete a PFS after issuance before a dismissal with prejudice can be entered. Moreover, even if the defendants file a motion to convert the dismissal to one with prejudice, the plaintiffs still have an opportunity to respond and brief the issue. Under the plaintiffs' proposed schedule, a plaintiff could hold onto a PFS for over eight months' time and still not have his/her case dismissed. The defendants submit that such a delay creates unfair prejudice.

       The deadlines set forth by the defendants proposed CMO No. 2 are more than reasonable. Accordingly, the defendants request that the Court approve Case Management Order No. 2, attached as Exhibit B, for entry.

# IV.
# CONCLUSION

For the foregoing reasons, the defendants respectfully request that this Court enter an order approving the defendants' proposed Plaintiff Fact Sheet, attached at Exhibit A, and proposed Case Management Order No. 2 – Fact Sheets, attached at Exhibit B.

Dated: December 6, 2011  Respectfully submitted,

BAKER & DANIELS LLP


/s/ Andrea Roberts Pierson

Joseph H. Yeager, Jr. (Ind. State Bar #2083-49)
Andrea Roberts Pierson (Ind. State Bar # 18435-49A)
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
Email: jay.yeager@bakerd.com
Email: andrea.pierson@bakerd.com

*Attorneys for Zimmer, Inc., Zimmer Holdings, Inc., Wilson/Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., Zimmer Surgical, Inc., and Zimmer US, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 6, 2011, a copy of the foregoing *Brief In Support Of Defendants' Motion To Approve Plaintiff Fact Sheet And Case Management Order No. 2* was filed electronically. Parties may access this filing through the Court's system. I further certify that on December 6, 2011, a copy of the foregoing was sent by first-class United States mail, postage prepaid, to the following:

Alan Daniel Mathis
Johnston, Barton, Proctor & Rose LLP
563 Brookwood Village, Suite 901
Birmingham, AL 35209

Alexis Woolsey Myer
Robinson Calcagnie and Robinson
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Bharati O. Sharma
Pogust Braslow & Millrood LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

Daniel S. Robinson
Robinson Calcagnie and Robinson
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Gregory T. Mueller
Frank & Mueller, LLC
308 North 21st Street, Suite 401
St. Louis, MO 63103

Jan E. Dodd
Fulbright and Jaworski LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90072

Jennifer R. Liakos
Robinson Calcagnie and Robinson
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Karen Barth Menzies
Baum Hedlund Aristei, et al.
12100 Wilshire Boulevard, Suite 950
Los Angeles, CA 90025

Kevin R. Weiss
Laureate Group
1805 Kensington Drive
Waukesha, WI 53188

Mark P. Robinson, Jr.
Robinson Calcagnie and Robinson
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Matthew J Sill
Sill & Medley
14005 N. Eastern Avenue
Edmond, OK 73103

Roxanne Conlin
Conlin & Associates PC
319 7th Street, Suite 600
Des Moines, IA 50309

Ryan T. McCoy
Fulbright & Jaworski LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

Shannon Lukei
Robinson Calcagnie and Robinson
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Vincent Joseph Moccio
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

William L. Bross, IV
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203

/s/ Andrea Roberts Pierson
_____