# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

IN RE: ZIMMER NEXGEN KNEE )
    IMPLANT PRODUCTS          )         MDL No. 2272
    LIABILITY LITIGATION       )
                                    )
                                    )         **CASE MANAGEMENT ORDER**
                                    )         **NO. 2**

---

This Document Relates to All Cases        Master Docket Case No. 1:11-cv-05468

---

                                                          Hon. Rebecca R. Pallmeyer

## FACT SHEETS

**A.**    **PLAINTIFF FACT SHEETS**

    1.    The Court approves, with the consent of the parties, the Plaintiff Fact Sheet ("PFS") attached as Exhibit A and the medical records authorization attached as Exhibit B.

    2.    Each plaintiff in MDL No. 2272 shall complete and serve a PFS within 60 days of the date of this order.

    3.    In addition, each plaintiff in MDL No. 2272 shall execute and serve medical record authorizations for all health care providers identified in the plaintiffs' initial disclosures in the form attached as Exhibit B by January 6, 2011. Each plaintiff also shall execute and serve medical records authorizations for any additional health care providers identified in the PFS simultaneously with their service of the PFS pursuant to paragraph (2).

    4.    The PFS and authorizations shall be served electronically and by US mail on the defendants as follows:

        Nicole Brett
        Baker & Daniels LLP
        Suite 800
        111 E. Wayne Street
        Fort Wayne, IN 46802
        nicole.brett@bakerdaniels.com

5. For all cases transferred to MDL No. 2272 after the date of this Order, the PFS and authorizations for each plaintiff shall be served no later than 90 days from the date a case is transferred to MDL No. 2272. A case shall be deemed transferred to the MDL either: (a) on the date that the certified copy of the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("JPML") is entered in the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML. Defendants' liaison counsel will notify each new plaintiff's counsel of his/her obligation under this paragraph promptly.

6. Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any fact sheet response.

7. The parties may agree to an extension of the above time limits for service of the PFS. Consideration should be given to requests for extensions to stagger PFS deadlines where a single law firm has a large number due on or near the same dates. If the parties cannot agree on reasonable extensions of time, such party may apply to the Court for such relief.

8. Should any plaintiff fail to submit substantially complete responses to the PFS within the deadlines set forth above, the defendants may follow the following procedure for enforcement of this Order:

    a. **Warning Letter:** If a plaintiff fails to serve either a PFS or substantially complete responses to the PFS by the deadlines set in Paragraphs A(2) and (5) of this Order, once the PFS is 30 days past due, the defendants may send a letter to the plaintiff's counsel regarding plaintiff's failure to serve

        complete responses to the PFS and the defendants' intent to file a motion to dismiss.

    b. **Motion:** If a PFS or a substantially complete PFS is not received within 30 days of the date of the letter from the defendants, the defendants may file a motion to dismiss without prejudice. A copy of said motion must be served on the plaintiff's counsel and the MDL lead and liaison counsel.

    c. **Dismissal:** The plaintiff shall have 30 days to respond to a motion to dismiss for failure to provide the PFS or failure to provide substantially complete PFS. If the plaintiff does not respond, then the case will be dismissed without prejudice. If the plaintiff does respond, then the motion to dismiss will be heard on the merits.

    **Reinstatement:** The decision to reopen a case following dismissal without prejudice is within the discretion of the Court. When moving to reopen a case dismissed without prejudice for failure to provide a PFS and/or failure to provide substantially complete PFS, the plaintiff must file a certification that he/she has served a PFS and/or served a substantially complete PFS on the defendants' Liaison Counsel. ==If a plaintiff does not file this certification within 30 days of the date of dismissal without prejudice, the defendants may file a motion requesting that the court convert the dismissal without prejudice to a dismissal with prejudice==.

9. "Substantially complete" shall be defined as:

    a. Answer all questions in the PFS (Plaintiff may answer questions in good faith by indicating "not applicable" or "I don't know" or "Unknown");

      b.      Include the signed Declaration (found on the last page of the PFS);

      c.      Provide duly executed record release Authorizations; and

      d.      Produce the documents requested in the PFS, to the extent such documents are in Plaintiff's possession.

**B.**    **DEFENDANT FACT SHEETS**

1. The defendant, Zimmer, Inc. ("Zimmer"), shall complete and serve upon Plaintiff's Liaison Counsel in each action pending before the Court in MDL No. 2272 (or later transferred to MDL No. 2272) a completed Defendant Fact Sheet ("DFS") in the form to be approved by this Court at a later date. The completed DFS must be served within 120 days from the date on which a complete PFS is received by Defendants' Lead Counsel. DFSs also shall be served on the counsel identified in Section I. of the PFS by regular or electronic mail.

2. Nothing in the DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in the DFS shall be governed by the Federal Rules, and no objections are waived by virtue of any fact sheet response.

3. The parties may agree to an extension of the above time limits for service of the DFS. Consideration should be given to requests for extensions to stagger DFS deadlines where Zimmer has a large number due on or near the same dates. If the parties cannot agree on reasonable extensions of time, such party may apply to the Court for such relief upon a showing of good cause.

APPROVED this _____ day of _____, 2011.

                                                                     _____
                                                                       Judge of the United States District Court