UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO APPROVE PLAINTIFF FACT SHEET AND CASE MANAGEMENT ORDER NO. 2**

**I.
INTRODUCTION**

On December 6, 2011, the defendants filed their Motion to Approve Plaintiff Fact Sheet and Case Management Order No. 2 and a brief in support thereof (collectively "Motion"), in anticipation of the Court's consideration of fact sheet-related issues on December 12, 2011. The proposed Plaintiff Fact Sheet has been the subject of discussion and negotiation between the parties since the defendants first submitted it to Plaintiffs Lead Counsel on October 10, 2011. Following several email exchanges and a telephone conversation with the plaintiffs' counsel on December 6, 2011, the defendants filed the Motion setting forth certain disputed issues for the Court's consideration: (1) whether the plaintiffs must produce their entire tax returns or simply their W-2s; and (2) certain dates contained in proposed Case Management Order No. 2, which is attached to the Motion as Exhibit B.

Following the defendants' filing of the Motion, the defendants' counsel received an email from the plaintiffs' counsel advising that the plaintiffs did not agree to certain questions in the proposed Plaintiff Fact Sheet ("PFS"). Accordingly, the defendants submit this supplemental brief on the additional points the plaintiffs now dispute.

1

The three additional areas of questioning which the defendants now understand to be in dispute are as follows:

- **Psychological injury claims.** The defendants seek to discover whether the plaintiffs plan to assert claims for damages including mental health-related claims. The proposed PFS, thus, asks whether each plaintiff plans to claim "psychological, psychiatric (including depression), cognitive or mental injury" as a result of a defect in the defendants' product. If a plaintiff indicates that he or she plans to make such claims, only then do the defendants seek information regarding mental health treatment related to the claims. Counsel for the defendants understood the plaintiffs to agree to this language on December 6, 2011, after extensive negotiation. However, the plaintiffs' counsel's December 6, 2011, email indicates that plaintiffs now dispute two related mental health questions in the PFS in which the defendants seek additional information regarding mental health treatment related to the claims.

- **Economic Losses.** The defendants ask each plaintiff to identify in the PFS the total amount of medical expenses incurred as well as the total estimated amount of lost future wages resulting from the claimed defect. The plaintiffs object to the production of both.

- **Loss of Consortium Claims**. The defendants seek a brief description of the alleged damages/claims of loss of consortium plaintiffs. The plaintiffs object to providing a summary of the damages/claims of loss of consortium plaintiffs.

Attached as Amended Exhibit A is Defendants' proposed PFS, which highlights what the defendants believe to be all of the remaining areas of dispute (identified in the original Motion and this Supplemental Brief) for ease of reference.

## II.
## ARGUMENT

A. <u>Defendants' Psychological Injury Treatment Questions Seek Highly Relevant Information and are Narrowly Tailored.</u>

The parties negotiated extensively regarding the PFS language used to inquire whether a plaintiff is asserting a claim for any mental health-related condition allegedly caused or aggravated by a Zimmer product. Different jurisdictions use different terms to describe these legal claims, but the parties seem to agree that the defendants are entitled to discovery of information regarding such legal claims for recovery, if asserted by the plaintiffs.

2

The defendants' original proposal for the PFS asked each plaintiff whether he/she claimed to have suffered "emotional distress or psychological injuries" as a result of a defect in the defendants' product. The plaintiffs objected to the inclusion of the term "emotional distress," and the parties subsequently exchanged several different versions of the question. Late in the afternoon on December 6, 2011, the plaintiffs' counsel advised that the plaintiffs were in agreement with the inclusion of "*psychological, psychiatric (including depression), cognitive or mental injury*" instead of "*emotional distress or psychological injuries*" or some other statement. Specifically, the parties agreed that Section V, Question 5 would state as follows:

> 5. Do you claim that your use of any Zimmer product caused or aggravated any *psychological, psychiatric (including depression), cognitive or mental injury* in the last ten years?
>
> If "yes," describe the factual basis for your claim, including the approximate date of onset:

Amended Exhibit A, V.5. (emphasis added). Because the parties had conferred for several weeks by email and telephone regarding the above-quoted language as used in Question 5 and a series of follow up questions, the defendants' proposed PFS includes that language in Questions 6 and 7 as well:

3

> 6. State the following for any psychiatrist, psychologist, or any other mental healthcare professional who has ever treated you, or who you are currently seeing, for any condition(s) underlying your claim that a Zimmer product *caused or aggravated any psychological, psychiatric (including depression), cognitive or mental injury*:
>
> | Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
> |---|---|---|---|---|
> |  |  |  |  |  |
> |  |  |  |  |  |
> |  |  |  |  |  |
>
> 7. Has any mental healthcare professional attributed the condition(s) underlying your claim of *psychological, psychiatric (including depression), cognitive or mental injury* resulting to your experience with the Zimmer component(s):
>
> Yes: \_\_\_\_\_ No: \_\_\_\_\_
>
> If "yes," state the following:
>
> Name and address of mental healthcare professional:
>
> _____
>
> _____

Amended Exhibit A, V.6.-7. (emphasis added).

The defendants understand that the plaintiffs are not in agreement with some aspect of Question 6 and 7. However, this Court should approve Questions 6 and 7 for inclusion in the PFS because they are narrowly tailored to obtain relevant information from those plaintiffs who claim they suffered psychological injuries as a result of a defect in the defendants' product. Question 5 first asks whether the plaintiff is making such a claim. Then, *only if* the plaintiff indicates he/she plans to make the specified claims, do the defendants seek additional information about any treatment the plaintiff has received for the conditions underlying these claims. *See* Amended Exhibit A, VI.5.-7. Questions 6 and 7, thus, are more than reasonable and are narrowly tailored to seek only the production of information likely to lead to the discovery of admissible evidence pursuant to Rule 26.

In addition, the information sought in Questions 6 and 7 is discoverable pursuant to Rule 26. A plaintiff puts his/her mental health treatment at issue when making claims for damages based upon alleged psychological injuries, as numerous courts have held. *See, e.g., Doe v Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006), *cert. denied*, 549 U.S. 1278 (2007); *Flowers v. C.O. Owens*, *et al.* 274 F.R.D. 218, 223 (N.D. Ill. 2011). In an abundance of caution and at the request of the plaintiffs' counsel, the defendants specifically tailored Questions 6 and 7 to ensure that the defendants do not seek mental health treatment information from plaintiffs not making mental health-related claims, and -- for plaintiffs who *are* making such claims -- that the defendants only seek mental health treatment information that is related to that plaintiff's claims for injuries and damages *in this case*.

The defendants' mental health claim-related questions seek relevant information and are narrowly tailored. Pursuant to Rules 26 and 33, proposed Questions 5-7 in Section V should be permitted.

B. <u>Defendants' Economic Loss-Related Requests Are Reasonably Calculated To Lead To The Discovery Of Admissible Evidence.</u>

The defendants' proposed PFS asks two economic loss-related requests to which the plaintiffs now object. First, the defendants ask each plaintiff to identify the total amount of medical expenses he/she has incurred, if known, as a result of the claimed defect in the defendants' product:

5

> 4. If you know, has your insurer paid or incurred any medical expenses related to any condition that you allege was caused by a defect in the component(s) implanted in your knee?
>
> Yes: _____
>
> No: _____
>
> I don't know if my insurer paid or incurred medical expenses: _____
>
> If "yes," state the total amount of medical expenses incurred, if known:
>
> $ _____

Amended Exhibit A, VIII.4.

The plaintiffs now object to the production of the information requested by Question 4, Section VIII. However, the amount of the plaintiff's medical expenses is clearly relevant to the plaintiffs' claimed damages and is discoverable pursuant to Rules 26 and 34, as well as Evidence Rule 104. It is well-settled law that a defendant is entitled to challenge both the reasonableness and necessity of a plaintiff's claimed expenses. *See Arthur v. Cantor*, 833 N.E.2d 847 (Ill. 2005); *Stanley v. Walker*, 906 N.E.2d 852, 855 (Ind. 2009) (medical expenses must be both necessary and reasonable in order to support an award of damages based thereon). Indeed, similar requests have been approved in a number of plaintiff fact sheets in other multi-district litigation. *See, e.g., In re Guidant Corp. Implantable Defibrillators Products Liability Litigation* (MDL No. 05-1708); *In re Vioxx Litigation* (Superior Court of New Jersey, Law Division, Atlantic County, Case No. 619); *In re Diet Drugs Products Liability Litigation* (MDL No. 1203).

Second, the defendants' proposed PFS Question 2, Section VIII, asks whether the plaintiff is making a claim for lost future income and, if so, asks the plaintiff to identify the estimated amount lost and a brief description of how the plaintiff estimated the claimed amount:

> Are you making a claim for loss of future wages or income?
>
> Yes: \_\_\_\_\_   No: \_\_\_\_\_
>
> If "yes," state the following:
>
> Total amount of time and wages/money you believe you will lose in future wages or income, and a description of how you calculate or estimate your lost future wages or income:
>
> _____
>
> _____
>
> _____

Amended Exhibit A, VIII.2. Such information is central to identification of the extent of a plaintiff's alleged damages and disability.

As the defendants understand it, the plaintiffs now object to Question 2, Section VIII, including the portion wherein the defendants ask that the plaintiff briefly describe how he/she estimated the claimed amount of lost future income. However, the defendants are entitled to discover the plaintiffs' claims for damages – including the amount of any alleged lost future wages – and the bases for those claims. *See O'Shea v. Riverway Towing*, 677 F.2d 1194, 1201 (7th Cir. 1982). How a plaintiff arrives at the figure he/she claims in damages is relevant and discoverable pursuant to Rule 26 and Evidence Rule 104, and a simple description of the method used to calculate a plaintiff's claimed amount lost (e.g. amount of yearly salary x 5 years) is not unduly burdensome.

The defendants' economic loss-related requests seek relevant information and should be permitted.

C.  <u>Defendants' Loss Of Consortium Question Seeks Relevant And Discoverable Information.</u>

Defendants' proposed PFS (Section X, Question 3) asks the following question to loss of consortium plaintiffs:

> 3.  Describe separately and in detail each and every loss of care, services, companionship, counsel, advice, assistance, comfort, consortium, or any similar loss you are claiming:
> 
> _____
> 
> _____
> 
> _____
> 
> _____
> 
> _____

Amended Exhibit A, X.3. The plaintiffs object to the inclusion of this question.

Question 3 seeks only a description of the bases for each plaintiff's allegation of lost consortium and services. To the extent that a loss of consortium plaintiff contents that he/she was damaged in that he/she was required to care for the plaintiff, lost the services of the plaintiff, or otherwise sustained damages, the defendants are entitled to discover that information. Moreover, Question 3 seeks information that is not privileged, and is exceedingly relevant to both the plaintiffs' claims of damages *and* the defendants' ability to defend against those claims. *See* Fed. R. Civ. Pro. 26(b)(1). As such, the defendants' request is proper and should be approved.

8

## III.
## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the defendants' original Motion, the defendants respectfully request this Court enter an order approving the defendants' proposed Plaintiff Fact Sheet, attached as Exhibit A to Plaintiffs' original Motion.

Dated: December 8, 2011          Respectfully submitted,

BAKER & DANIELS LLP

/s/ Andrea Roberts Pierson

Joseph H. Yeager, Jr. (Ind. State Bar #2083-49)
Andrea Roberts Pierson (Ind. State Bar # 18435-49A)
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone:     (317) 237-0300
Fax:           (317) 237-1000
Email:         jay.yeager@bakerd.com
Email:         andrea.pierson@bakerd.com

*Attorneys for Zimmer, Inc., Zimmer Holdings, Inc., Wilson/Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., Zimmer Surgical, Inc., and Zimmer US, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on December 8, 2011, a copy of the foregoing ***Supplemental Brief In Support Of Defendants' Motion To Approve Plaintiff Fact Sheet And Case Management Order No. 2*** was filed electronically. Parties may access this filing through the Court's system. I further certify that on December 8, 2011, a copy of the foregoing was sent by first-class United States mail, postage prepaid, to the following:

Alan Daniel Mathis
Johnston, Barton, Proctor & Rose LLP
563 Brookwood Village, Suite 901
Birmingham, AL 35209

Alexis Woolsey Myer
Robinson Calcagnie Robinson Shapiro and Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Bharati O. Sharma
Pogust Braslow & Millrood LLC
161 Washington Street, Suite 1520
Conshohocken, PA 19428

Daniel S. Robinson
Robinson Calcagnie Robinson Shapiro and Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Gregory T. Mueller
Frank & Mueller, LLC
308 North 21st Street, Suite 401
St. Louis, MO 63103

Jan E. Dodd
Fulbright and Jaworski LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

Jennifer R. Liakos
Robinson Calcagnie Robinson Shapiro and Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Karen Barth Menzies
Robinson Calcagnie Robinson Shapiro and Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Kevin R. Weiss
Laureate Group
1805 Kensington Drive
Waukesha, WI 53188

Mark P. Robinson, Jr.
Robinson Calcagnie Robinson Shapiro and Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Matthew J Sill
Sill & Medley
14005 N. Eastern Avenue
Edmond, OK 73103

Roxanne Conlin
Conlin & Associates PC
319 7th Street, Suite 600
Des Moines, IA 50309

Ryan T. McCoy
Fulbright & Jaworski LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

Shannon Lukei
Robinson Calcagnie Robinson Shapiro and Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

Vincent Joseph Moccio
Robins, Kaplan, Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

William L. Bross, IV
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203

/s/ Andrea Roberts Pierson