**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

IN RE: ZIMMER NEXGEN KNEE )
IMPLANT PRODUCTS LIABILITY ) MDL No. 2272
LITIGATION )
)
_____ )

**This Document Relates to All Cases**   **Master Docket Case No. 11 C 05468**
_____   **Judge Rebecca R. Pallmeyer**

### ORDER

This order will memorialize rulings entered by the court at a Rule 16 conference on December 12, 2011. At that hearing, the court heard argument and resolved certain of the disputed issues surrounding the parties' proposed Case Management Order No. 2 as follows:

1.  By agreement, enforcement of certain subpoenas served by Plaintiffs' counsel is stayed for 15 days. Plaintiffs' counsel will provide appropriate notice to the subpoena respondents and their lawyers, if any, of this order.

2.  Plaintiffs will file a master complaint and short form complaint by January 3, 2012. Defendants' response will be filed on or before February 16, 2012.

3.  Any motion to dismiss Plaintiffs' master complaint will be filed within 45 days of its filing.

4.  Short form complaints will identify the Plaintiff by name; the name of the implanting and explanting surgeon[s], if any; the name[s] of hospital[s] where surgery was performed; and the name of the Plaintiff's spouse, if any. If the short form complaint does not also identify the catalogue and lot number information for the device at issue (expected to be available from inspection of a sticker on the operative report or in medical records), such information must be furnished as soon as practicable but no later than at the time of submission of the Plaintiff's Fact Sheet (hereinafter, "PFS").

5.  Plaintiffs' interrogatories and requests for production of documents are deemed withdrawn

without prejudice. Without prejudice to further rulings from the court, the parties will continue to negotiate concerning the categories of documents to be produced by Defendants (a list referred to as "Exhibit A [to Discovery CMO]"). Negotiation concerning Exhibit A will include, but will not be limited to, disclosure by Defendants of a general description of the types of documents contained within "custodial files." If that disclosure is not satisfactory to Plaintiffs' counsel, the court will expect the parties to schedule the deposition of one or more Rule 30(b)(6) witnesses on this issue at an early date.

6. By agreement, Defendants will continue to produce documents in further "waves" and is committed to produce documents in at least 32 categories within 90 days. The court expects substantial further production will take place prior to the next scheduled conference on January 12, 2012. Production to date of some 10,000 documents is a good start but will be amplified promptly.

7. With respect to the content of the PFS, the court concludes:

   (A) <u>Lost wages</u>: Each Plaintiff will be asked to state (i) whether he/she is making a claim for such losses and, if so, (ii) explain how those losses are measured (for example, by reference to previous income; statement of reason for inability to perform previous work; and estimate of current income, if any).

   (B) <u>Medical Expense</u>: The parties agree that each Plaintiff will provide his best estimate of his/her medical expense resulting from the alleged failure of the device at issue.

   (C) <u>Loss of Consortium</u>: Each Plaintiff will be asked to state (i) whether he/she is making such a claim for such losses; if so, (ii) whether that loss includes a claim of lost income; and, if so (iii) explain how that loss is measured (again, for example, by reference to previous income; statement of reason for inability to perform previous work; and estimate of current income, if any).

   (D) <u>Tax Returns</u>: The court sustains Plaintiffs' objection to production of tax returns at

      this stage, but directs that each Plaintiff (i) produce his/her W-2 forms, if any, and (ii) state whether he/she received any non-wage income, including but not limited to Social Security Disability payment, unemployment compensation benefits, or business income.

8. Plaintiffs will execute and serve medical record authorizations for all health care providers by January 11, 2012.

9. Plaintiffs will produce the PFS forms within 75 days and will make Rule 26(a)(1) disclosures for cases transferred in from other districts within 30 days after the transfer. Such disclosures need not include catalogue and lot numbers.

10. Where a case is dismissed without prejudice for failure to furnish the PFS, the court will presumptively allow the individual Plaintiff 90 days in which to seek reinstatement. Any motion for reinstatement must be accompanied by PFS compliance. Absent a motion for reinstatement being filed within that time period, the court will dismiss the case with prejudice on its own motion without further input from counsel.

11. At Plaintiffs' request, the court will revisit the issue of direct filing at its next conference.

12. By agreement and pursuant to Ms. Pierson's December 15 letter to the court, the parties will submit the revised version of CMO 2 within 48 hours of entry of this order.

      ENTER:

Dated: December 19, 2011

      REBECCA R. PALLMEYER
      United States District Judge