UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | § § § | MDL NO. 2272<br>Master Docket Case No. 1:11-cv-05468<br>Hon. Rebecca Pallmeyer |
| WILLIE BRADLEY<br><br>V.<br><br>ZIMMER, INC., a Delaware corporation; ZIMMER HOLDINGS, INC., a Delaware corporation; ZIMMER PRODUCTION, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; and CORPORATIONS 1 through 20, inclusive | § § § § § § § § § § § | Civil Action No. 1:11-cv-07411 |

## AMENDED COMPLAINT

COMES NOW WILLIE BRADLEY, Plaintiff herein, complaining of ZIMMER, INC., a Delaware corporation; ZIMMER HOLDINGS, INC., a Delaware corporation; ZIMMER PRODUCTION, INC., a Delaware corporation; ZIMMER US, INC., a Delaware corporation; and CORPORATIONS 1 through 20, inclusive, Defendants herein, and for cause of action says:

### Amendment

A Plaintiff has a right to amend a pleading to which a responsive pleading is required within 21 days after service of a responsive pleading to it, or within 21 days after the filing of a motion under Rule 12(b), (e) or (f). Fed.R.Civ.P. 15(a)(1)(B). Plaintiff's Complaint is a pleading to which a responsive pleading is required. No responsive Pleading has been served in response to Plaintiff's Complaint. Neither has a motion under Rule 12(b), (e) or (f) been filed. Thus, Plaintiff has the right to amend Plaintiff's Complaint by filing this Amended Complaint.

## Parties

1. Plaintiff Willie Bradley ("Plaintiff") is, and at all times material hereto was, an individual residing in Savannah, Georgia, and a citizen of Georgia.

2. Defendant Zimmer, Inc. is, and at all times material hereto was, a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana, a citizen of Delaware and Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. A waiver of service has been filed for this Defendant.

3. Zimmer Holdings, Inc. is, and at all times material hereto was, a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana, a citizen of Delaware and Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. A waiver of service has been filed for this Defendant.

4. Zimmer Production, Inc. is, and at all times material hereto was, a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana, a citizen of Delaware and Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, DE 19808. A waiver of service has been filed for this Defendant.

5. Zimmer US, Inc. is, and at all times material hereto was, a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana, a citizen of Delaware and Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E 7th St, Ste 620, Austin, Texas 78701-3218. A waiver of service has been filed for this Defendant.

6. Defendant Zimmer, Inc., Defendant Zimmer Holdings, Inc., Defendant Zimmer Production, Inc., and Defendant Zimmer US, Inc. shall hereinafter, jointly and severally, be referred to as "Defendant" or "Zimmer" or "Manufacturer."

## Jurisdiction

The basis for jurisdiction in this action is based on diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendants. 28 U.S.C. § 1332.

## Venue

Venue is proper in this Court as it is in a judicial district at least one Defendant resides, and all Defendants reside in this State. 28 U.S.C. § 1391(a)(1). All Defendants reside in this District, and in this State, because all Defendants are corporations and are subject to personal jurisdiction in this District at the time this lawsuit was filed. 28 U.S.C. § 1391(c). Each Defendant has sufficient minimum contacts with this District such that it would be subject to jurisdiction in this District if this District were a separate state. 28 U.S.C. § 1391(c).

## Statement of Facts Applicable to All Counts

1.  On October 16, 2007, Neil C. Romero, MD, Howard Brilliant, MD and Yuehue An, MD performed right total knee arthroplasty on Plaintiff in Savannah OPC-Charleston. During that surgery, Plaintiff received a Zimmer Complete Knee Solution cruciate-retaining, trabecular metal, monoblock tibial component, size 4, femoral size E, polyethelene height of 12 mm, with a trabecular metal patellar button, size 29 mm, thickness 10 mm. It was the high-flex flavor of the Complete Knee Solution.

2.  Because the femoral component allows too much flexion/range of motion and is not cemented, it pulls away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component.

3.  On August 26, 2009, Edward J. Whelan, III, MD performed a revision of femoral component to an E sized right femur cemented with antibiotic cement on Plaintiff in Memorial Health University Hospital in Savannah, Georgia. The reason for the revision was a loose femoral component. During this surgery, Dr. Whelan found the femur loose with only fibrous ingrowth, and removed it with minimal difficulty.

4.  On or about October 28, 2010, Dr. Whelan was concerned there might be a lack of ingrowth into the porous coated knee arthroplasty.

5.  On or about April 7, 2011, a slight lucent line in the anterior cement panel was noted.

6.  On or about May 31, 2011, an increasing line of loosening on the femoral component with some loosening of the tibial plate was noted.

7.  On or about June 13, 2011, bone scan confirmed loose prosthesis.

8. On or about September 8, 2011, Dr. Whelan revised Plaintiff's right total knee arthroplasty (femoral and tibial) in Memorial Health University Medical Center in Savannah, Georgia. Dr. Whelan found the distal femur loss and removed it. He changed the components to Stryker Triathlon components.

9. The knee implant shall, jointly and severally, constitute the implant components Plaintiff received on October 16, 2007, the knee implant components Plaintiff received on September 8, 2011.

### Count One

For strict liability cause of action against Defendant, Plaintiff says:

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

2. The knee implant contained a design or marketing defect, more particularly set forth below.

*Marketing Defect*

7. The knee implant contained one or more marketing defects:

   (a) there was an inherent risk in the intended or reasonably foreseeable use of the knee implant that it could loosen because the femoral component allows too much flexion/range of motion and is not cemented, pulling away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component.

   (b) there were inadequate warnings in that, among other things:

      (1) the warnings were not placed in a location to reasonably be expected to catch the attention of the user;

-5-

    (2)    the warnings failed to inform the user of the nature of the danger that it could loosen because the femoral component allows too much flexion/range of motion and is not cemented, pulling away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component;

(c)    Defendant knew or reasonably foresaw (or should have known or reasonably foreseen) the above risk.

(d)    Defendant failed to warn the consumer or his physician(or to adequately warn the consumer or his physician of the above risk), failed to instruct the consumer or his physician (or failed to adequately instruct the consumer or his physician) how to avoid the above risk.

8.    Among other things, Defendant should have informed the consumer or his physician of the above risk.

## *Design Defects*

9.    The knee implant contained one or more of the following design defects:

(a)    Because the femoral component allows too much flexion/range of motion and is not cemented, it pulls away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component.

10.    One or more of the following safer alternative designs for the knee implant existed that would have prevented or significantly reduced the risk of Plaintiff's injury without substantially impairing the product's utility, and that was economically and technologically feasible at the time the knee implant left Defendant's control by the application of existing or reasonably achievable scientific knowledge:

(a)    Shaping the femoral component so that it did not allow too much flexion/range of motion, or cementing the femoral component, or both, so that it did not pull away from the bone, allowing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component.

*Unreasonable Dangerousness*

11. The marketing defects, or any of them, rendered the knee implant unreasonably dangerous by making it dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the knowledge common to the community as to its characteristics.

12. The design defect or defects rendered the knee implant unreasonably dangerous as designed considering the utility of the knee implant and the risks involved in its use.

*Producing and Proximate Cause*

13. The above defects, or any of them, were a producing cause, proximate cause, or both, of Plaintiff's injuries and damages, more particularly set forth below.

## Count Two

For negligence cause of action against Defendant, Plaintiff says:

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

2. Defendant owed Plaintiff a duty of reasonable care. Defendant owed Plaintiff a duty to exercise care to discover dangerous propensities of the knee implant. Defendant owed Plaintiff a duty to exercise ordinary care in the design, production (manufacture) and sale (marketing) of the knee implant.

3. Defendant breached the duties it owed to Plaintiff, failed to exercise ordinary care, and was negligent in the following particulars, among others:

 (a) the product was negligently designed because the femoral component allows too much flexion/range of motion and is not cemented, pulling away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component.

(b) failing to warn the consumer of the risk that the knee implant could loosen because the femoral component allows too much flexion/range of motion and is not cemented, pulling away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component.

(c) failing to place a warning where it could reasonably be expected to catch the attention of the user;

(d) failing to instruct consumers in general, and Plaintiff or his physician specifically, of the above defect and how to safely use the knee implant;

(e) As more particularly set forth below, Plaintiff invokes the doctrine of res ipsa loquitur.

4. Each and every one of the foregoing acts or omissions, taken singularly or in any combination, proximately caused Plaintiff's injuries and damages, more particularly set forth below.

## Count Three

For breach of the implied warranty of merchantability cause of action against Defendant, Plaintiff says:

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

2. Defendant sold the knee implant.

3. The knee implant was unmerchantable. It was unfit for ordinary purposes. It was unfit for ordinary purposes because it was constructed in such a way that made it unreasonably dangerous. It was unreasonably dangerous because the femoral component allows too much flexion/range of motion and is not cemented, it pulls away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral

-8-

component. Had the knee implant been shaped so that it did not pull away from the bone, or was cemented, or both, Plaintiff's knee implant would not have loosened.

4. Plaintiff notified Defendant of the breach of this warranty. Exhibit A.

5. The breach of warranty of merchantability proximately caused Plaintiff's injuries and damages more particularly set forth below.

### Res Ipsa Loquitur

As a basis for application of res ipsa loquitur to this lawsuit, Plaintiff says:

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

2. The character of the incident made the basis of this lawsuit was such that it would not ordinarily occur without negligence; and

3. The knee implant was under the management and control of Defendant. Defendant was in control of the knee implant at the time that the negligence (inferable from the incident made the basis of this lawsuit) occurred, so that the reasonable probabilities point to the Defendant and support a reasonable inference that Defendant was the negligent party.

4. Defendant has superior knowledge or means of information to determine the cause of the incident made the basis of this lawsuit.

5. By reason of the above and foregoing circumstances, among others, the jury is permitted to infer Defendant's negligence.

### Damages Applicable to All Counts

1. Plaintiffs adopt by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

2. Plaintiffs hereby adopt by reference each and every Count of this Complaint as if fully copied and set forth at length herein.

3. Plaintiff suffered sustained and incurred, and in reasonable medical probability will suffer, sustain and incur, the following injuries and damages as a producing or proximate result (or both) of Defendant's conduct, the defective knee implant, or both, among others:

(a) physical pain, past and future;

(b) mental suffering, past and future;

(c) physical impairment, past and future;

(d) physical disfigurement, past and future;

(e) reasonable and necessary medical bills, past and future;

(f) loss of earnings/earning capacity, past and future;

(g) costs of court.

### **Punitive Damages**

As a basis for imposition of punitive damages on Defendant, Plaintiffs say:

1. Plaintiff adopts by reference each and every Paragraph of the Statement of Facts Applicable to All Counts of this Complaint as if fully copied and set forth at length herein.

2. Plaintiff intends to prove by clear and convincing evidence that his injuries and damages, more particularly set forth below, resulted from gross negligence.

3. The conduct of Defendant when viewed objectively from the standpoint of Defendant at the time of its occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

4. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

5. The acts, omissions, or both, of Defendant that constituted gross negligence include one or more of the following, among others:

   (a) designing the femoral component such that it allowed too much flexion/range of motion and was not cemented, allowing it to pull away from the bone, preventing bony ingrowth. This resulted in early loosening, which is what occurred with Plaintiff's femoral component;

   (b) failing to inform the user of the nature of the danger that the knee implant could loosen because the femoral component allowed too much flexion/range of motion and was not cemented, allowing it to pull away from the bone, preventing bony ingrowth. This results in early loosening, which is what occurred with Plaintiff's femoral component

6. The above acts, omissions, or both, created a high probability of serious injury. There was a high probability that the knee implant would loosen, requiring revision surgery.

7. Defendant knew of the above risk, but nevertheless proceeded with conscious indifference to the rights safety or welfare of consumers in general, and Plaintiff specifically.

### Statute of Limitations

Plaintiff did not discover that a defect in knee implant caused his injuries and damages until less than two years before the filing of this lawsuit.

The knee implant was purchased October 16, 2007 and September 8, 2011. Thus, the four year statute of limitations on Plaintiffs breach of warranty claim will not expire until October 16, 2011.

### Jury Demand

Plaintiffs request trial by jury.

## **Prayer**

Plaintiffs pray that Defendant be cited to appear herein, and that upon final trial, Plaintiffs have judgment against Defendant for the following, among other things:

1. Compensatory damages in an amount above the minimum jurisdictional limits of the Court;

2. Punitive or exemplary damages in an amount above the minimum jurisdictional limits of the Court;

3. Pre-judgment interest according to Texas law;

4. Post-judgment interest according to Texas law;

5. Costs of court;

6. Such other and further relief to which Plaintiff shows himself justly entitled to receive.

Respectfully submitted,
**Houssiere, Durant & Houssiere, LLP**


By: /s/ Charles R. Houssiere, III
Charles R. Houssiere, III
State Bar No. 10050700
1990 Post Oak Blvd., Suite 800
Houston, Texas 77056-3812
Telephone: (713)626-3700
Facsimile: (713)626-3709
choussiere@HDHtex.com
astinnett@HDHtex.com

ATTORNEYS FOR PLAINTIFF