

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------

IN RE: ZIMMER NEXGEN KNEE )
      IMPLANT PRODUCTS )    MDL No. 2272
      LIABILITY LITIGATION )
                        )
                        )    **CASE MANAGEMENT ORDER**
                        )    **NO. 2**

-----------------------------------------------------

This Document Relates to All Cases    Master Docket Case No. 1:11-cv-05468

-----------------------------------------------------

Hon. Rebecca R. Pallmeyer

**STIPULATED ORDER**

**A.    PLAINTIFF FACT SHEETS, AUTHORIZATIONS, AND INITIAL DISCLOSURES**

      1.      The Court approves, with the consent of the parties, the Plaintiff Fact Sheet ("PFS") attached as Exhibit A and the medical records authorization attached as Exhibit B.

      2.      Plaintiffs in matters pending in MDL 2272 as of December 19, 2011, shall execute and serve medical records authorizations in the form attached as Exhibit B for the following providers on the following schedule:

            a.      Plaintiffs in matters pending in MDL 2272 as of December 19, 2011, shall serve executed authorizations on the dates listed in (b) below for (1) all current family and/or primary care physicians, (2) all healthcare providers with whom the plaintiff has consulted regarding any orthopedic condition or knee condition from ten (10) years prior to the date implanted to present; and (3) all places of hospitalization for any orthopedic condition or knee condition at any time from ten (10) years prior to the plaintiff's

1

implant surgery to the present. (All other authorizations required by Section VII of the PFS will be produced with the PFS on or before March 5, 2012. *See* paragraph 3.)

    b.    Deadlines:

        (1)    Plaintiffs in matters transferred to MDL 2272 as of November 10, 2011, will serve executed authorizations in compliance with paragraph 2(a) by January 11, 2012;

        (2)    Plaintiffs in matters transferred to MDL 2272 between November 11, 2011, and December 18, 2011, will serve executed authorizations in compliance with paragraph 2(a) by February 11, 2012; and

        (3)    Plaintiffs in cases transferred to MDL 2272 after December 19, 2011, will serve all executed authorizations in compliance with Section VIII of the PFS within 75 days after transfer to MDL 2272.

3.    All plaintiffs in matters currently pending in MDL 2272 shall complete and serve a PFS by March 5, 2012.

4.    For all cases transferred to MDL No. 2272 after December 19, 2011, the PFS and authorizations for each plaintiff shall be served no later than 90 days from the date a case is transferred to MDL 2272.

5.    Plaintiffs shall make Rule 26(a)(1) disclosures for cases transferred from other districts within 30 days after transfer. Such disclosures need not include catalog and lot numbers.

6.    A case shall be deemed "transferred" within the meaning of this Order either: (a) on the date that the certified copy of the Conditional Transfer Order issued by the Judicial Panel on Multidistrict Litigation ("JPML") is entered in the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

7.      The PFS and authorizations shall be served electronically and by US mail on the defendants as follows:

8.      Nicole Brett
9.      Baker & Daniels LLP
10.     Suite 800
11.     111 E. Wayne Street
12.     Fort Wayne, IN 46802
13.     nicole.brett@bakerdaniels.com

14.     Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any fact sheet response.

15.     The parties may agree to an extension of the above time limits for service of the PFS. Consideration should be given to requests for extensions to stagger PFS deadlines where a single law firm has a large number due on or near the same dates. If the parties cannot agree on reasonable extensions of time, such party may apply to the Court for such relief.

16.     Should any plaintiff fail to submit substantially complete responses to the PFS within the deadlines set forth above, the defendants may follow the following procedure for enforcement of this Order:

a.      **Warning Letter:** If a plaintiff fails to serve either a PFS or substantially complete responses to the PFS by the deadlines set in Paragraphs A(2) and A(5) of this Order, once the PFS is 30 days past due, the defendants may send a letter to the plaintiff's counsel regarding plaintiff's failure to serve complete responses to the PFS and the defendants' intent to file a motion to dismiss.

b.   **Motion:** If a PFS or a substantially complete PFS is not received within 30 days of the date of the letter from the defendants, the defendants may file a motion to dismiss without prejudice. A copy of said motion must be served on the plaintiff's counsel and the MDL lead and liaison counsel.

c.   **Dismissal:** The plaintiff shall have 30 days to respond to a motion to dismiss for failure to provide the PFS or failure to provide substantially complete PFS. If the plaintiff does not respond, then the case will be dismissed without prejudice. If the plaintiff does respond, then the motion to dismiss will be heard on the merits.

d.   **Reinstatement:** The decision to reopen a case following dismissal without prejudice is within the discretion of the Court. Where a case is dismissed without prejudice for failure to furnish a substantially complete PFS, the Court presumptively will allow the plaintiff 90 days in which to seek reinstatement. Any motion for reinstatement must be accompanied by a substantially complete PFS. Absent a motion for reinstatement filing within that time period, the Court will dismiss the case with prejudice on its own motion without further input from counsel.

e.   **Conversion to dismissal with prejudice:** At the time of dismissal without prejudice, the Court will direct a date by which the dismissal without prejudice shall be converted to a dismissal with prejudice, absent an intervening motion to reinstate the matter pursuant to sub-paragraph (d).

17.   "Substantially complete" shall be defined as:

a.   Answer all questions in the PFS (Plaintiff may answer questions in

good faith by indicating "not applicable" or "I don't know" or "Unknown");

      b.      Include the signed Declaration (found on the last page of the PFS);

      c.      Provide duly executed record release Authorizations; and

      d.      Produce the documents requested in the PFS, to the extent such documents are in Plaintiff's possession.

## B.    DEFENDANT FACT SHEETS

18.      The defendant, Zimmer, Inc. ("Zimmer"), shall complete and serve upon Plaintiff's Liaison Counsel in each action pending before the Court in MDL No. 2272 (or later transferred to MDL No. 2272) a completed Defendant Fact Sheet ("DFS") in the form to be approved by this Court at a later date. The completed DFS must be served within 120 days from the date on which a complete PFS is received by Defendants' Lead Counsel. The completed DFS also shall be served on the counsel identified in Section I.3 of the PFS by regular or electronic mail.

19.      Nothing in the DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The admissibility of information in the DFS shall be governed by the Federal Rules, and no objections are waived by virtue of any fact sheet response.

20.      The parties may agree to an extension of the above time limits for service of the DFS. Consideration should be given to requests for extensions to stagger DFS deadlines where Zimmer has a large number due on or near the same dates. If the parties cannot agree on reasonable extensions of time, such party may apply to the Court for such relief upon a showing of good cause.

APPROVED the 23rd day of December, 2011.

_____
Judge of the United States District Court

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE | ) | |
| IMPLANT PRODUCTS LIABILITY | ) | MDL NO. 2272 |
| LITIGATION | ) | |
| | ) | |
| This Document Relates to All Cases | ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | |
| | ) | Hon. Rebecca Pallmeyer |

## PLAINTIFF FACT SHEET

Plaintiff: _____

(Printed Name)

This Plaintiff Fact Sheet must be completed pursuant to Case Management Order No. 2 by each plaintiff or their personal representative. Section XI. must be completed by loss of consortium plaintiffs.

In completing this Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. Please answer every question and do not leave any blanks throughout this Fact Sheet. If appropriate, you may in good faith answer "I don't know" or "unknown." If you cannot recall all of the details requested, please provide as much information as you can. If a question is not applicable to you, please state "Not Applicable" or "N/A." If any information you need to complete this Fact Sheet is in the possession of your attorney, please consult with that attorney so that you can fully and accurately respond to the questions. If you do not have room in the space provided to complete your answer, please attach as many sheets of paper as necessary to fully answer the questions. You are obligated to supplement your responses if you learn that they are incomplete or incorrect in any material respect.

As used herein, the term "communication" and/or "correspondence" shall mean and refer to any oral, written or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, memoranda, letters, e-mails, text messages, conferences, or seminars or any other exchange of information.

As used herein, the term "identify" or "identity" with respect to persons, means to give, to the extent known, the person's full name, their present or last known addresses and phone numbers.

As used herein, the term "person" means natural person, as well as corporate and/or governmental entity.

1

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

As used herein, the terms "Relating to," "relate to," "referring to," "refer to," "reflecting," "reflect," "concerning," or "concern" shall mean evidencing, regarding, concerning, discussing, embodying, describing, summarizing, containing, constituting, showing, mentioning, reflecting, pertaining to, dealing with, relating to, referring to in any way or manner, or in any way logically or factually, connecting with the matter described in that paragraph of these demands, including documents attached to or used in the preparation of or concerning the preparation of the documents.

## I.     CASE INFORMATION

1.     Name of person completing this form: _____

2.     State the following for the civil action which you filed:

      a.     Current case caption: _____

      b.     Current case number: _____

      c.     Court in which original case was filed (transferor district): _____

_____

      d.     Original civil action number in the transferor district: _____

_____

3.     State the name, address, telephone and facsimile numbers, and e-mail address of the principal attorney representing you:

      a.     Name: _____

      b.     Firm: _____

      c.     Address: _____

      d.     Telephone: _____ Fax: _____

      e.     E-mail: _____

_____

4.     If you are completing this questionnaire in a representative capacity (*e.g.*, on behalf of an estate, or incapacitated or deceased person), please state the following:

      a.     Name: _____

2

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

b.     Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names: _____

_____

c.     Your Address: _____

d.     Individual or estate you are representing, and in what capacity you are representing the individual or estate: _____

_____

e.     If you were appointed as a representative by a court, state the court: _____

_____

f.     Date of Appointment: _____

g.     State your relationship with the represented person claimed to be injured: _____

_____

h.     If you represent a decedent's estate, state the date and the address of the place of death:

_____

_____

## II.    PLAINTIFF'S PERSONAL INFORMATION

1.    State the following regarding your personal information:

a.     Name: _____

b.     Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names: _____

_____

c.     Social Security Number: _____

d.     Address: _____

e.     State how long you have lived at your present address: _____

_____

3

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

    f.       Identify all persons who lived with you at the time of the events alleged in the Complaint:

        _____

2.      Date and place of birth: _____

3.      Sex:  Male: \_\_\_\_\_  Female: \_\_\_\_\_

4.      Have you held a driver's license in the past 10 years?

        Yes: \_\_\_\_\_   No: \_\_\_\_\_

5.      If yes to 4 above, have you had your license suspended or limited based on health or physical condition?

        Yes: \_\_\_\_\_   No: \_\_\_\_\_

        If yes, identify the date of the suspension/limitation, and the State of issuance of your driver's license at the time of the suspension/limitation:

        _____

6.      Identify each address at which you have resided during the last ten (10) years, and list the approximate years when you started and stopped living at each one:

| Address | Dates of Residence |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

7.      Are you currently, or have you ever been, married?  Yes: \_\_\_\_\_   No: \_\_\_\_\_

4

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If "yes," for each spouse, please state the following:

| Name and Address of Spouse | Spouse's Date of Birth | Date Marriage Began/Ended | How Marriage Ended | Spouse's Occupation |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

8.   For each of your children, list the following:

| Child's Name | Date of Birth |
|---|---|
| | |
| | |
| | |
| | |

9.   Identify the following information for each high school, college, university, vocational school, or other educational institution you have attended:

| Name of School | Address | Dates of attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

10.   For your current employer (if you are not currently employed, your last employer) and each employer for the last ten (10) years, state the following:

5

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

| Name and Address of Employer | Approx. Dates of Employment | Occupation/Job Title | Supervisor |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

11.     If you have ever served in any branch of the United States Military, please state the branch, dates of service, and reason for discharge:

_____

12.     Have you ever been rejected from military service?

Yes: _____ No: _____

If "yes," state the reasons why: _____

13.     If you have been convicted of a felony in the last ten (10) years, state the nature, date and location of the crime: _____

14.     Have you ever posted or written anywhere on the internet about Defendants, any product manufactured or sold by Defendants, including the NexGen Flex or MIS Tibia product, or the injuries you allege were caused by Defendants' product, including but not limited to, posting on a personal website, blog, Facebook account, Linked In account, or other social media?

Yes: _____ No: _____

If "yes," then identify the web address or name and type of social media, and dates during which you held the address, account, or other type of social media:_____

_____

15.     In the five (5) years prior to filing suit, what information (electronic or hard copy) did you see or review regarding knee replacement surgery, knee replacement components, the Defendants, or their products, if any?

_____

_____

6

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

### III.     <u>INSURANCE AND OTHER CLAIM INFORMATION</u>

1.     Identify any person, insurance company, or other entity, including Medicare or Medicaid, that provided medical coverage to you (either directly or through a group, including any employer) or paid medical bills on your behalf at any time, beginning seven (7) years before your alleged injuries through the present.

| Name of Entity | Policy Number | Name of Policy Holder/Insured (if different than you) | Approx. Dates of Coverage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2.     Have you been denied life insurance or medical insurance for reasons relating to any medical or physical condition in the last seven (7) years?

     Yes: _____ No: _____

     If "yes," state the name of entity that denied coverage, the date of denial and the stated reason for denial: _____

_____

3.     Have you filed a worker's compensation claim in the last ten (10) years?

     Yes: _____ No: _____

     If "yes," please state:

     Year the claim was filed: _____

     Court/State where the claim was filed: _____

     Claim/docket number, if applicable: _____

     Nature of disability: _____

     Period of disability: _____

     Benefits received, if any: _____

<u>**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**</u>

4.   During the last 10 years, have you ever been out of work for more than thirty (30) days
     per year for any reasons related to your health?

     Yes: _____   No: _____

     If "yes," please state:

     The date(s) you were out of work: _____

     The reason(s) you were out of work: _____

5.   In the past 10 years, have you filed social security disability claims (SSI or SSD) or filed
     a disability claim with a private insurer?

     Yes: _____   No: _____

     If "yes," please state:

     Year the claim was filed: _____

     With whom and where the claim was filed: _____

     Nature of disability: _____

     Period of disability: _____

6.   In the past 10 years, have you filed a lawsuit or made a claim, other than the present
     lawsuit, relating to any bodily injury?

     Yes: _____   No: _____

     If "yes," please state:

     Date the lawsuit or claim was filed or made: _____

     Court/State where the lawsuit was filed: _____

     Cause number, civil action number, or docket number assigned to each lawsuit: _____

     _____

     Name(s) of all parties involved in each lawsuit or claim:

     _____

     _____

8

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Brief description of the claims asserted: _____

_____

## IV.    MEDICAL BACKGROUND AND SOCIAL HISTORY

1.    Identify the following vital statistics:

Current height: _____

Current weight: _____

Weight at the time you were implanted with your knee replacement component(s):

_____

Weight at time of your explantation or revision surgery: _____

2.    For each prescription medication you have taken regularly (*i.e.*, daily over the course of three months or more) in the ten (10) years prior to receiving your component(s) to present, identify the following information:

| Name of Prescription Medication Used on a Regular Basis | The Doctor(s) that Prescribed the Medication & Pharmacy at which the Prescription was Filled | Approximate dates/years taken | Your understanding as to why you were taking the Medication |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

9

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

3.     Identify the following regarding regular physical exercise:

     a.     During the five (5) years prior to receiving your component(s), did you engage in any regular physical exercise?

          Yes: _____ No: _____

          If "yes," state the following:

          Type of exercise: _____

          How often (average times per week): _____

     b.     After you were implanted with your component(s), and before the injury alleged in your lawsuit, did you engage in any regular physical exercise?

          Yes: _____ No: _____

          If "yes," state the following:

          Type of exercise: _____

          How often (average times per week/month/other): _____

     c.     Since the time you experienced the injury alleged in your lawsuit, have you engaged in any regular physical exercise?

          Yes: _____ No: _____

          If "yes," state the following:

          Type of exercise: _____

          How often (average times per week/month/other): _____

4.     Have you ever used tobacco in any form one (1) year before or at any time after you were implanted with a component(s)?

     Yes: _____ No: _____

     If "yes," check the answer and state the following:

     _____ Past tobacco user

          Type(s) of tobacco used: _____

          Date on which you began using tobacco: _____

10

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Date on which you ceased using tobacco: _____

Amount of tobacco used: _____ per day for _____ years.

Other description of tobacco use: _____

_____

_____ Current tobacco user

Type(s) of tobacco used: _____

Date on which you began using tobacco: _____

Amount of tobacco used: _____ per day for _____ years.

Other description of tobacco use: _____

_____

5.  Did you ever consume alcohol in any form in the time period between one (1) year before and one (1) year after you were implanted with any artificial knee component(s)?

Yes: _____ No: _____

If "yes," complete the answer below that best describes your alcohol consumption in the time period between one (1) year before and one (1) year after you were implanted with a *NexGen®* component(s):

_____ drinks per week; or

_____ drinks per month; or

_____ drinks per year; or

Other (describe alcohol consumption): _____

_____

6.  Did you consume any recreational drugs (or prescription drugs used for a nonmedical purpose) in any form one (1) year before or at any time after you were implanted with a component(s)?

Yes: _____ No: _____

If "yes," list the drug type, amount, and date of consumption: _____

_____

11

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## V.   IMPLANT/EXPLANT INFORMATION

1.   State the following information related to the implantation of your Zimmer devices.

For each component implanted, identify the catalog and lot number of the product:

Component Name: _____

Catalog #: _____ Lot #: _____

Component Name: _____

Catalog #: _____ Lot #: _____

Component Name: _____

Catalog #: _____ Lot #: _____

Component Name: _____

Catalog #: _____ Lot #: _____

**(In lieu of listing the catalog and lot numbers, you may produce the peel-n-sticks for the devices implanted during all surgeries.)**

Date(s) of implant for each component: _____

_____

Name and address of implanting surgeon: _____

_____

Name and address of hospital where implant surgery occurred: _____

_____

2.   Were any of the above components explanted (i.e., removed)?  Yes: _____ No: _____

If "yes," state the following:

Date of explant: _____

Components explanted: _____

_____

12

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

3.    State your understanding of why your *NexGen*® components were explanted:

_____

_____

4.    Name and address of explanting surgeon: _____

_____

5.    Name and address of hospital where explant surgery occurred: _____

_____

6.    Identify who is currently in possession of your explanted components:

_____

7.    Identify all persons who came into possession of your explanted components and the

dates each person possessed them:

_____

_____

_____

8.    If one or more of your components has been explanted, to your knowledge have any of
them been tested or inspected in any way?

Yes: _____ No: _____ If "yes," state the following:

Date(s) of testing: _____

Name and address of person or entity that conducted testing: _____

_____

Results of testing: _____

_____

13

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

9.   If none of your components has been explanted, state the following:

Has any doctor advised you that you will need to have your components explanted at some future time? Yes: _____ No: _____

If "yes," state the following:

Name and address of doctor who advised you that your components will need to be explanted: _____

_____

State the reason your doctor recommended that the components be explanted:

_____

_____

Identify the component(s) recommended for removal: _____

_____

_____

Date(s) you were so advised: _____

State whether you intend to have your component(s) explanted, and if so, when:

_____

_____

If you do not intend to have your component(s) explanted, state why not:

_____

_____

10.  If your components have not been explanted, has any doctor advised you <u>not</u> to have your components explanted?

Yes: _____ No: _____

If "yes," state the following:

Name and address of doctor advising you not to have your component(s) explanted:

_____

_____

Date you were so advised: _____

14

**<u>CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER</u>**

State the reason your doctor recommended that you not have your component(s) explanted: _____

_____

## VI.    CURRENT CLAIM INFORMATION

1.    Do you allege that you suffered, or are currently suffering from, physical and/or bodily injury as a result of a defect in your Zimmer component(s)?

Yes: _____ No: _____

If "yes," describe your physical and/or bodily injuries, and state whether you currently suffer from the injury:

_____

_____

_____

_____

_____

_____

_____

2.    State the date on which you first became aware of the failure of your knee replacement surgery and/or knee replacement device(s), including a description of how and from whom you learned that information:

_____

_____

15

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

3.    Describe any activities that you can no longer perform, or cannot perform as well, since the time you experienced the alleged physical injury:

_____

_____

_____

_____

_____

4.    Do you allege that a defect in your Zimmer component worsened a previously existing injury?

Yes: _____    No: _____

If "yes," describe the previously existing injury, the approximate date of onset of the previously existing injury, and any treatment for and resolution of the injury:

_____

_____

_____

_____

_____

5.    Do you claim that your use of any Zimmer product caused or aggravated any psychological, psychiatric (including depression), cognitive or mental injury in the last ten years?

Yes: _____    No: _____

If "yes," describe the factual basis for your claim, including the approximate date of onset:

_____

_____

_____

16

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

a.   If you responded "yes" to question 5 above, please state the following for any psychiatrist, psychologist, or any other mental healthcare professional who has ever treated you, or who you are currently seeing, for any condition(s) underlying your claim that a Zimmer product caused or aggravated any psychological, psychiatric (including depression), cognitive or mental injury:

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

b.   Has any mental healthcare professional told you that the condition(s) underlying your claim of psychological, psychiatric (including depression), cognitive or mental injury was caused by or results from your experience with a Zimmer knee component(s):

Yes: _____ No: _____

If "yes," state the following:

Name and address of mental healthcare professional:

_____

_____

c.   Date the mental healthcare professional first advised you of the condition(s) underlying your claim that a Zimmer product caused or aggravated any psychological, psychiatric (including depression), cognitive or mental injury:

_____

_____

6.    Have you read or seen any written, televised, or internet-based advertising or labeling material related to your Zimmer knee component(s) or other related knee implant components, other than in consultation with your lawyer?

Yes: _____ No: _____

17

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If "yes," state which written, televised, or internet-based advertising or labeling materials you read or saw regarding your component(s) or other related knee implant components, and when you reviewed those materials:

_____

_____

_____

_____

_____

7. Were you given any written instructions or warnings regarding your component(s) or other related knee implant components?

Yes: _____ No: _____

If "yes," state the following:

When the written instructions or warnings were given:

_____

_____

Describe the format of the written warnings or instructions (*e.g.*, package insert, patient product information, etc.):

_____

_____

_____

Identify each person or entity from whom you received the written warnings or instructions and the date on which you received them:

_____

_____

8. Were you given any oral instructions or warnings regarding the Zimmer component(s) or other related knee implant components?

Yes: _____ No: _____ I don't recall receiving any oral instructions or warnings: _____

18

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

If "yes," state the following:

When the oral instructions or warnings were given:

_____

_____

Summary of the oral warnings or instructions you received:

_____

_____

_____

Identify each person or entity from whom you received the oral warnings or instructions:

_____

_____

9.   Have you or anyone acting on your behalf, other than your attorney, ever communicated directly with, or received communications directly from, any Zimmer representative or lawyer, whether face-to-face, by telephone, or written communication?

   Yes: _____   No: _____

   If "yes," state the following:

   Name and address of the person making the communication: _____

   _____

   Person from Zimmer with whom the communication took place:

   _____

   _____

   Method of communication (*e.g.*, telephone, e-mail, letter, etc.):

   _____

   _____

19

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Date of any communication either before or after your injury:

_____

_____

Describe the substance of the communication:

_____

_____

10.    Did anyone from any Zimmer entity ever tell you that you got a warranty with your component(s)?

Yes: _____

No: _____

I don't recall anyone from a Zimmer entity telling me that I got a warranty with my

components: _____

If "yes," state the following:

Person from Zimmer who told you about the warranty:

_____

_____

Method of communication (*e.g.*, telephone, e-mail, letter, etc.): _____

_____

Date the warranty was communicated to you:

_____

_____

20

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Describe the substance of the warranty:

_____

_____

11. Did anyone from any Zimmer entity ever make any representation to you about the success of your component(s)?

     Yes: _____

     No: _____

     I don't recall anyone from a Zimmer making a representation about the success of

     my component(s): _____

If "yes," state the following:

Person from Zimmer who made the representation:

_____

_____

Method of communication (*e.g.*, telephone, e-mail, letter, etc.):

_____

_____

Date the representation was made to you:

_____

_____

Describe the substance of the representation:

_____

_____

21

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## VII.   MEDICAL PROVIDERS AND HOSPITALIZATIONS

1.      Identify the name and address of your current family and/or primary care physician:

_____

_____

_____

_____

2.      Identify all healthcare providers with whom you have consulted or treated from ten (10) years prior to the date you were implanted with a component(s) to the present, including but not limited to all providers you consulted or treated with for alleged injuries resulting from your Zimmer component,  and for each consultation, examination, or treatment, state the following information:

| Doctor or Healthcare Provider's Name | Doctor or Healthcare Provider's Specialty | Address | Approx. Dates/Years of Visits | Reason for Visit |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

3.      For each hospitalization at any time from ten (10) years prior to the date you were implanted with a component(s) to the present, state the following information:

| Name | Address and Telephone Number | Admission Date(s) | Reason for Admission Approx dates/years of visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

22

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

4.  Identify the following for each pharmacy that has dispensed medication to you in the past ten (10) years:

| Name of Pharmacy | Address and Telephone Number of Pharmacy | Name of medication dispensed | Approx. Dates/Years You Used Pharmacy |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## VIII.  ECONOMIC DAMAGES

1.  Are you making a claim for loss of past wages or income?

Yes: _____  No: _____

a.  If "yes," state the following:

Total amount of time and wages/money allegedly lost from work as a result of any condition that you allege was caused by a defect in a component(s):

_____

_____

If yes, state your total earned income (including any salary, bonus, and benefits) for each of the last five (5) years:

| Year | Annual gross income |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

23

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

2.    Are you making a claim for a future loss of wages or income that you attribute to the failure of your Zimmer knee implant?

Yes: _____ No: _____ I Don't Know: _____

a.    If "yes," state the following:

How do you measure your future lost wages or income (*i.e.*, by reference to previous income and, if so, a statement of the reason for inability to perform previous work)?

_____

_____

4.    Provide your best estimate of your medical expenses resulting from the alleged failure of your Zimmer knee implant:

_____

_____

a.    Have you paid out-of-pocket medical expenses that are related to any condition that you allege was caused by a defect in the component(s) implanted in your knee?

Yes: _____ No: _____

b.    If "yes," state the total amount of out-of-pocket medical expenses incurred:

$ _____

Provide an itemization for each out-of-pocket medical expense (*e.g.*, explant surgery, physical therapy, etc.):

| Nature of the out-of-pocket expense | Approximate dollar amount |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

24

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

4.  If you know, has any person or entity other than you and your insurer paid or incurred any medical expenses related to any condition that you allege was caused by a defect in the component(s) implanted in your knee?

    Yes: _____

    No: _____

    If "yes," state the total amount of medical expenses that person or entity paid or incurred, if known:

    $ _____

    If the answer to the preceding question was "yes," indentify the name, address, and approximate dates during which that entity or person paid or incurred any such medical expenses: _____

5.  Provide a detailed itemized statement of the nature and amount of any other economic damages you claiming:

| Nature of other economic damage | Approximate dollar amount |
|---|---|
|  |  |
|  |  |
|  |  |

## IX.    POTENTIAL WITNESSES

1.  Identify each person who you believe possesses key, important information concerning the facts of your lawsuit, including your injuries and current medical conditions, other than your healthcare providers, including the following:

| Name | Address | Relationship to You |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

25

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## X.     DOCUMENTATION

1.     **Authorizations**: Please sign and attach to this Fact Sheet the authorizations for release of records appended hereto for all healthcare providers listed in Section VII.

2.     **Documents in your possession**: If you have any of the following materials in your possession (and they are not subject to any privilege including but not limited to attorney client protection or work-product), please attach a copy to this Fact Sheet.

A.     If you have been a claimant or subject of a worker's compensation or Social Security, or other disability proceeding during the ten (10) years preceding your knee replacement surgery or at any time thereafter, all documents related to such proceeding.

B.     All diagnostic tests and test results, including original films or video of ultra sounds, MRIs, x-rays, CT scans, etc., taken during the ten (10) years preceding your knee replacement surgery or at any time thereafter.

C.     Copies of all documents from physicians, healthcare providers, or others related to knee replacement surgery, knee replacement components, or your rehabilitation from knee replacement surgery.

D.     All documents related to, concerning, or constituting product use instructions, product warnings, package inserts, pharmacy instructions, warranties, guarantees, or other materials distributed or provided to you in connection with your knee replacement surgery or knee replacement components.

E.     Copies of advertisements or promotions that you saw or reviewed prior to your knee replacement surgery discussing knee replacement surgery or knee replacement components.

F.     All statements obtained from or given by any person having knowledge of facts relevant to the subject of this litigation in your possession (excluding information subject to the attorney-client privilege or work product protection).

G.     All documents relating to your knee replacement surgery, including, but not limited to medical records, medical bills, prescriptions, diaries, notes, rehabilitation instructions, etc., whether made by you or any other person or entity, other than your attorney in this action.

H.     All documents regarding the health risks or hazards associated with knee replacement surgery or your knee replacement components in your possession at or before the time of injury alleged in your Complaint other than documents prepared by your attorney in this action.

26

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

I.      All documents in your possession that you believe were provided to you (not by your lawyer) by any defendant.

J.      All photographs, drawings, journals, slides, or videos, relating to your alleged injury and the limits the alleged injury has placed on your life.

K.      All documents and things in your possession prior to your knee replacement surgery regarding any defendant.

L.      If you claim to have suffered a loss of earnings, or lost earnings capacity, your W-2s for each of the last five (5) years, if any, and a statement of whether you received any non-wage income during that period, including but not limited to Social Security Disability payments, unemployment compensation benefits, or business income.

M.      If you received any non-wage income (including, but not limited to Social Security benefits, disability benefits, small business income, or other relevant non-wage income) during the last five (5), please produce the portions of your tax returns and any attachments thereto related to your non-wage income for each of the last five (5) years.

N.      If you claim any loss from medical expenses, copies of all bills from any physician, hospital, pharmacy, or other healthcare provider.

O.      Decedent's death certificate (if applicable).

P.      All journals, diaries, notes, letters, or emails written by you or received by you from five (5) years prior to the injury through present which refer to your health or well being, including any injuries or illnesses, or which refer to knee replacement surgery or knee replacement components.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## PLAINTIFF VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that all of the

information provided in this Fact Sheet is true and correct to the best of my knowledge.

_____

Print Name

_____

Signature

_____

Date

28

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## XI.    LOSS OF CONSORTIUM PLAINTIFFS

1.    State the following:

    a.    Name: _____

    b.    Any other names (*e.g.*, maiden name or alias) you have used or by which you have been known and the dates you used those names:

    _____

    _____

    c.    Social Security Number:

    _____

    d.    Did you live with the primary plaintiff at the time the alleged injury occurred?

2.    Sex:  Male: _____  Female: _____

3.    Have you sustained a loss of consortium, care, services, companionship, counsel, advice, assistance, comfort, or any similar loss for which you content the defendants should pay you compensation?

Yes: _____  No: _____

If "yes," do you contend that you have suffered, or will you suffer in the future, a loss of wages or income attributable to your loss?

Yes: _____  No: _____

If "yes," state the following:

How do you measure your past or future lost wage or income (*i.e.*, by reference to previous income and, if so, please provide a statement of the reason for your inability to perform your previous work and an estimate of current income, if any)?

_____

_____

29

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## LOSS OF CONSORTIUM PLAINTIFF VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the information provided in Section XI in this Fact Sheet is true and correct to the best of my knowledge.

_____
Print Name

_____
Signature

_____
Date

30

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

# EXHIBIT B

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO: _____

Patient Name:_____ SSN:_____ DOB: _____

I, _____, hereby authorize you to release and furnish to:
Baker & Daniels, LLP and/or duly assigned agents, copies of the following information:

- All records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, xrays, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records created or received by you or other physicians or staff, as well as all autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records including all statements, itemized bills, and insurance records.

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire two years from the date of execution.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name:_____ (plaintiff/representative)

Signature: _____ Date: _____

BDDB01 6923247v1