UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

**ZIMMER'S OBJECTION TO PLAINTIFFS' PROPOSED ABBREVIATED SHORT FORM COMPLAINT**

## I. INTRODUCTION

On January 12, 2012, plaintiffs filed their proposed form of Short Form Complaint for Zimmer NexGen Knee Implant Products Liability Litigation ("Short Form Complaint"). Over the next five days, the parties attempted to negotiate the form of the Short Form Complaint and were successful in resolving some, but not all, of their differences. This Objection to Plaintiffs' Proposed Abbreviated Short Form Complaint ("Objection") sets forth the remaining areas of dispute and Zimmer's position thereon.

First, Zimmer sought confirmation from plaintiffs on two points of procedure on which the parties have previously agreed: (1) filing of the Short Form Complaint would be mandatory for all plaintiffs; and (2) filing of the Short Form Complaint would serve as an amended complaint for any plaintiffs who had already filed complaints. Plaintiffs had previously agreed to both of these points in proposed Case Management Order No. 3 ("CMO No. 3"), agreed upon by the parties and submitted to the Court on December 8, 2011. Plaintiffs now seek relief from their agreement that the Short Form Complaint should be mandatory for all plaintiffs, but do agree that filed Short Form Complaints will serve as amended complaints in cases where there

are previously filed Complaints. Zimmer seeks an entry from the Court confirming that all plaintiffs in MDL No. 2272 must file the Short Form Complaint and that it will serve as an amended complaint for all those who have filed complaints previously.

The second dispute involves the proposed Short Form Complaint's list of 6 device categories from which each individual plaintiff will choose when filing the Short Form Complaint. Zimmer seeks removal of the 6th category – a "catch-all" category entitled "Other Zimmer Device(s)." Allowing plaintiffs to add "other devices" beyond those included in the MDL by order of the JPML would subvert the MDL process and will only serve to create confusion and a lack of consistency. At the least, leave of court should be a predicate for any attempt to broaden this case without intervention of the JPML.

Finally, plaintiffs' Short Form Complaint references an Order permitting direct filing into the Northern District of Illinois. This Court denied plaintiffs' motion seeking direct filing and while plaintiffs have asked the Court to reconsider this issue, at this time the Court has not indicated it intends to change its existing ruling. Zimmer seeks removal of the Short Form Complaint's reference to an order permitting direct filing into the Northern District of Illinois since no such order exists.

## II. MANDATORY ADOPTION OF THE SHORT FORM COMPLAINT IS REQUIRED FOR CONSISTENCY AND HAS BEEN PREVIOUSLY AGREED UPON BY THE PARTIES

On December 8, 2011, the parties submitted to the Court for approval agreed upon CMO No. 3 which set forth, among other things, an agreed procedure for handling the Master Complaint and Short Form Complaint. *See* proposed CMO No. 3 attached as Exhibit A. In Section I.D. of proposed CMO No. 3, the parties agreed that all plaintiffs "shall" file Short Form Complaints, that the Short Form Complaint shall contain space for the raising of different counts

outside the Master Complaint if needed, and that filed Short Form Complaints would serve as amended complaints in cases where a complaint had already been filed:

D. Operation of Master Complaint and Master Answer:

1. **In matters pending in MDL-2272 as of February 16, 2012, Plaintiffs shall file Short Form Complaints by March 16, 2012. For matters transferred after February 16, 2012, Short Form Complaints shall be due 30 days after transfer**.
2. The Short Form Complaint will be drafted so that counsel can adopt portions of the Master Complaint by checking boxes. **The Short Form Complaint shall contain space for naming additional parties or raising different counts not included in the Master Complaint.** On counts identified or parties named in the Short Form Complaint who are not named in the Master Complaint, Plaintiff shall attach to the Short Form complaint sufficient detail to satisfy the Federal Rules of Civil Procedure related to pleadings.
3. **Upon filing of the Master Complaint, each plaintiff shall be deemed to have amended his individual complaint to substitute such parts of the Master Complaint as an individual plaintiff may identify by filing a Short Form Complaint**. Each plaintiff whose case is subsequently transferred to this MDL will be deemed to have amended his individual complaint to substitute such parts of the Master Complaint as that plaintiff may identify in a Short Form Complaint.

*See* Exh. A, I., D., p. 1-3 (emphasis added).

Contrary to this agreement, plaintiffs now seek to avoid mandatory filing of the Short Form Complaint and instead seek to allow each plaintiff the opportunity to opt out of adopting the Short Form Complaint if they desire.

Making the master complaint process optional would directly undermine its purpose: simplifying pleadings based on commonality of issues. An optional process would leave great variety among the plaintiffs' claims, variety that would make the work of Zimmer and the Court more difficult. Indeed it would not help plaintiffs much either, which is presumably why they agreed to a mandatory process on December 8th. In addition, plaintiffs are not "locked in" to certain claims by filing the Short Form Complaint. As indicated above, Zimmer has agreed to allow a space in the Short Form Complaint where additional claims can be identified if need be.

*See* Exh. A, I.D. Thus, mandatory adoption of the Short Form Complaint serves efficiency and consistency while still allowing individual plaintiffs to tailor their claims as needed.

For the sake of consistency and in keeping with the purpose behind the Master/Short Form Complaint process, Zimmer seeks an order from the Court confirming that all existing plaintiffs shall file a Short Form Complaint within the timeframe set forth in this Court's January 13, 2012 Minute Entry, and that future plaintiffs file Short Form Complaints within 30 days of transfer. Further, Zimmer asks that the Court order that Short Form Complaints served as amended complaints in all cases where complaints have been filed previously.[1]

## III.
## PLAINTIFFS SHOULD NOT BE ALLOWED TO CIRCUMVENT THE JPML BY ADDING DEVICES OUTSIDE OF THE JPML'S TRANSFER ORDER

The proposed Short Form Complaint includes the following paragraph in which each plaintiff is to identify the device that caused his/her injury:

> 8. On or about [date] ________________, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):
>
> _________ Zimmer NexGen LPS-Flex
>
> _________ Zimmer NexGen CR-Flex
>
> _________ Zimmer NexGen GSF LPS-Flex
>
> _________ Zimmer NexGen GSF CR-Flex
>
> _________ Zimmer NexGen MIS Tibia
>
> _________ Other Zimmer Device(s) (Attach separately allegations)"

Proposed Short Form Complaint, Para. 8.

[1] Plaintiffs have indicated that they do not disagree with the latter proposal (Short Form Complaint serves as amended complaint), however, filing of the Short Form Complaint incorporates the Master Complaint, in which the introductory paragraphs purport to preserve, not replace, the previously filed complaints. *See* Master Complaint, p. 1.

Zimmer's objection to Paragraph 8 concerns the final check box category entitled "Other Zimmer Device(s)." The other five enumerated devices from which plaintiffs are allowed to choose directly correlate with the JPML's Transfer Order describing the devices to be included in MDL No. 2272. *See* August 8, 2011 Transfer Order, p. 1-2, attached as Exhibit B. Zimmer does not dispute their inclusion in the Short Form Complaint. However, including the additional check box that permits – indeed invites – plaintiffs to include devices not belonging in MDL No. 2272 not only undermines the JPML's Transfer Order, but subverts the goal of consistency in the MDL process.

Current plaintiffs should seek leave of Court if they wish to add claims based upon another device. Zimmer will object to such motions, and the Court can then decide whether it has the authority and the inclination to broaden this action without involvement of the JPML.

## IV.
## SHORT FORM COMPLAINT'S REFERENCE TO AN ORDER PERMITTING DIRECT FILING SHOULD BE REMOVED

The Court denied plaintiffs' motion for direct filing of cases into the Northern District of Illinois in its Order entered October 7, 2011. [Docket No. 89]. Plaintiffs have since sought reconsideration on this issue and the Court has taken the matter under advisement; however, the Court has not indicated it plans to change its prior ruling. Accordingly, paragraph 2 of plaintiffs' proposed Short Form Complaint should have its reference to an "order permitting direct filing into the Northern District of Illinois" removed as incorrect.

## V.
## CONCLUSION

Use of a Master/Short Form Complaint system is designed to promote consistency and streamline the multi-district litigation process. In keeping with this principle and with the parties' agreement, Zimmer respectfully request that the Court make use of the master complaint

process mandatory for all plaintiffs in MDL No. 2272, and that the Court order that the Short Form Complaint should serve as an amended complaint in cases containing a previously filed complaint. Also in the interest of consistency and fairness and to respect the authority and jurisdiction of the JPML, Zimmer respectfully request that the proposed Short Form Complaint's section referencing potential claims based on "Other Zimmer Device(s)" be removed, and that the Court order that plaintiffs may not add additional devices to this case without leave of court. Finally, the proposed Short Form Complaint's reference to an order permitting direct filing should be removed because no such Order exists at this time.

If it would aid the Court, Zimmer will submit a proposed revised version of the Short Form Complaint promptly upon receipt of a Word version of the existing document from plaintiffs.

FAEGRE BAKER DANIELS LLP

/s/ Joseph H. Yeager, Jr.

Joseph H. Yeager, Jr. (Ind. State Bar #2083-49)
Andrea Roberts Pierson (Ind. State Bar #18435-49-A)
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
Email: jay.yeager@FaegreBD.com
andrea.pierson@FaegreBD.com

Attorneys for Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc., Wilson/ Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., Zimmer Surgical, Inc., and Zimmer US, Inc.

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2012 a copy of the foregoing ***Zimmer's Objection To Plaintiff's Proposed Abbreviated Short Form Complaint*** was filed electronically. Parties may access this filing through the Court's ECF/CFM system. I further certify that on January 19, 2012, a copy of this document was served by first-class United States mail, postage prepaid, upon the following:

Gregory T. Mueller
Frank & Mueller, LLC
308 North 21st Street, Suite 401
St. Louis, MO 63103

Shannon Lukei
Robinson, Calcagnie, Robinson, Shapiro & Davis
620 Newport Center Drive Suite 700
Newport Beach, CA 92660

/s/ Joseph H. Yeager, Jr.