# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) ) | Master Docket Case No. 1:11-cv-05468 Honorable Rebecca Pallmeyer |

### [PROPOSED] CASE MANAGEMENT PLAN AND SCHEDULE: CMO3

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and the Court's November 13, 2011, Minute Entry, the parties present the following Agreed Case Management Plan And Schedule: CMO3 (the "Plan"). This Plan controls the subsequent course of this proceeding, and shall apply to all cases currently pending in or later transferred to MDL 2272.

**I. MASTER PLEADINGS**

A. **Deadline for Plaintiffs' Lead Counsel to file Master Complaint and Short Form Complaint:** January 2, 2012.[1]

B. **Deadline for Defendants' Lead Counsel to file a Master Answer to Master Complaint:** February 16, 2012.

C. **Rule 12 Motions:** Should any defendant elect to file a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure concerning any or all portions of the Master Complaint, such motion shall be filed within 45 days after Plaintiffs file their Master Complaint. This provision does not preclude the filing of other Rule 12(b) motions or other dispositive motions. **[Plaintiffs propose: This provision does not preclude the filing of other Rule 12(b) motions or other**

---

[1] The parties shall confer regarding the content of the Master Complaint prior to its filing in an effort to resolve issues likely to lead to unnecessary motion practice.

**dispositive motions in individual cases.**] [Defendants propose: **This provision does not preclude the filing of other Rule 12(b) motions or other dispositive motions.**] Plaintiffs' responses to any Rule 12(b) motions shall be filed and served thirty (30) days thereafter, and Defendants' replies (if any) shall be filed and served fifteen (15) days thereafter.

D. **Operation of Master Complaint and Master Answer:**

1. In matters pending in MDL-2272 as of February 16, 2012, Plaintiffs shall file Short Form Complaints by March 16, 2012. For matters transferred after February 16, 2012, Short Form Complaints shall be due 30 days after transfer.

2. The Short Form Complaint will be drafted so that counsel can adopt portions of the Master Complaint by checking boxes. The Short Form Complaint shall contain space for naming additional parties or raising different counts not included in the Master Complaint. On counts identified or parties named in the Short Form Complaint who are not named in the Master Complaint, Plaintiff shall attach to the Short Form complaint sufficient detail to satisfy the Federal Rules of Civil Procedure related to pleadings.

3. Upon filing of the Master Complaint, each plaintiff shall be deemed to have amended his individual complaint to substitute such parts of the Master Complaint as an individual plaintiff may identify by filing a Short Form Complaint. Each plaintiff whose case is subsequently transferred to this MDL will be deemed to have amended his individual complaint to

        substitute such parts of the Master Complaint as that plaintiff may identify in a Short Form Complaint.

4. Any defendant who files or has filed a Master Answer is relieved of the obligation to answer any complaint not yet answered and any complaint in a case subsequently transferred to or consolidated with MDL 2272. For each complaint for which an answer otherwise would have been due, Defendants' Master Answer will be deemed the answer to those allegations that correspond to the allegations of the Master Complaint and will be deemed a denial of any allegations not contained in the Master Complaint.

## II.  INITIAL DISCLOSURES

**[Defendants propose the inclusion of Section II; Plaintiffs object – see below]**

    A. **The deadline for filing initial disclosures, October 28, 2011, has passed for all cases consolidated in the MDL prior to that date.**

    B. **Initial disclosures for all cases joined in the MDL after October 28, 2011, must be served on Defendants' Lead Counsel no later than 30 days after transfer of the case to the MDL.**

    C. **Plaintiffs' Lead Counsel will make Defendants' Initial Disclosures available to counsel for the plaintiffs in all cases transferred to the MDL after the entry date of this order.**

    D. **Supplementation of initial disclosures should occur in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.**

E. **Should the parties agree to forego or modify the Rule 26 initial disclosure requirement following approval and completion of the Plaintiff Fact Sheet, Section II may be modified by separate order.**

**[Plaintiffs propose the inclusion of the following in lieu of Section II: In cases transferred to this MDL, there shall be no requirement for the plaintiffs to serve Rule 26 initial disclosures.]**

III. **PLAINTIFF FACT SHEETS AND AUTHORIZATIONS**

    A. Procedures applicable to fact sheets and authorizations are the subject of Case Management Order No. 2. **[Plaintiffs believe that all the discovery issues under consideration should be incorporated into this Plan]**

    B. A proposed Plaintiff Fact Sheet is currently pending before the Court. Plaintiffs shall file their motion for approval of Defendant Fact Sheet by December 29, 2011. Defendants shall file any response by January 5, 2012. The Court will hear argument on any disputed issues during the January 12, 2012, status conference.

IV. **WRITTEN DISCOVERY**

    A. **Overview:** Discovery in this matter shall be in accordance with this Plan and subsequent case management orders. The parties shall confer and make good faith efforts to resolve discovery disputes in accordance with Rule 26.

    B. **Preservation Order:** The parties shall file an agreed preservation order, and any disputes regarding the same by April 2, 2012. The Court will modify and/or approve the preservation order by separate order.

    C. **Discovery Not Filed:** The parties shall not file discovery materials (or certificates of service regarding the same, including certificates of initial

disclosure) unless necessary in connection with motion practice. The Court encourages the exchange of discovery requests on diskette or by email.

D. **Initial Document Production by Defendants**.

1. **[Defendants propose: Within 30 days of the date of this order, Zimmer shall provide to Plaintiffs Steering Committee a description of the documents attached as Exhibit A[2] and the periods for which those documents will be produced**.] [**Plaintiffs propose: Within 15 days of the date of this order, Zimmer shall provide to Plaintiffs' Steering Committee the following information regarding the documents described in Exhibit A:**

   a. **A description of the types of documents that will be produced in the categories below; and**

   b. **Whether to the documents produced in a particular category are being produced as they are kept in the usual course of business or in some other order. If in some other order, Defendant Zimmer Inc. shall describe (1) what order the documents are being produced in, (2) whether documents which are kept with the documents produced in the usual course of business are not being produced, and if so (3) a description of the documents not being produced**.]

---

[2] The parties continue to confer regarding the document types to be included in Exhibit A. As a result, the parties will submit Exhibit A to the Court during the December 12, 2011, status conference. If no agreement can be reached on Exhibit A, it will be omitted from this Plan, and the parties will discuss a plan for formal written discovery with the Court.

2. Within 90 days after the entry of this Order, Zimmer will make a good faith effort to produce to Plaintiffs (subject to Fed. Rules 26 and 34) the documents described in sub-paragraph 1 above, subject to later production of particular documents for good cause shown. The parties agree that Zimmer's production will be considered responses to Plaintiffs' discovery requests.

3. Not later than 30 days after the entry of this Order, Zimmer will identify the primary custodians who may have discoverable information regarding the products that are subject of this litigation. Custodians shall be identified by name and title or position within the company. Plaintiffs will review this list and provide within **[Defendants propose 15 days][Plaintiffs propose 30 days]** the names of additional custodians. The parties will meet and confer regarding these lists and attempt to agree on a master lists of custodians. If the parties fail to agree, the differences shall be presented to the Court at the February 24, 2012 status conference.

4. Zimmer will make a good faith effort to produce by June 1, 2012 (subject to later production for good cause shown) to Plaintiffs Steering Committee otherwise discoverable documents in the possession, custody, or control of the custodians identified pursuant to paragraph 3, **[Defendants propose: which are identified pursuant to the use of mutually-agreeable search term parameters. The parties shall confer regarding the parameters, and any disputes shall be presented to the Court within 60 days of the date of this order.][Plaintiffs propose: regarding**

6

**Zimmer products that are subject to this litigation and any ancillary information that may lead to relevant evidence in this litigation (for example, the 510(k) approval for the Zimmer LPS Flex refers to non-flex products as predicate or identical devices so that information regarding those non-flex products may reasonably lead to relevant evidence in this litigation)**] Zimmer reserves all objections to the production of custodian files. Production will be subject to Rules 26 and 34, the discovery rules of the Northern District of Illinois, and the Sedona Principles. The production may include hard copy (paper) and Electronically Stored Information ("ESI"). If resumes exist for the custodians identified in paragraph 3, Zimmer shall produce them by [**Plaintiffs propose: March 15, 2012**; **Defendants propose: April 15, 2012**.]

5. [**Plaintiffs propose: The June 1, 2012, production by Zimmer shall include hard copy (paper) and Electronically Stored Information ("ESI") of present or former custodians agreed or ordered as set forth in 3 above. Hard-copy (paper) documents and ESI productions will be made, as applicable, and available, from paper files maintained by the individual, the hard drive of the individual's personal and work computers, the individual's e-mail file, the individual's home share file on file share servers and other media (external drives, CDs or DVDs) on which the individual has stored ESI (hereinafter "Personal File Materials").**][**Defendants propose:**

7

> **The June 1, 2012, production by Zimmer shall include hard copy (paper) and Electronically Stored Information ("ESI") of present or former custodians agreed or ordered as set forth in 3 above. The parties shall confer regarding the scope of custodial documents to be produced, and any disputes shall be subject to the provisions of a separate order.]**

E. **Additional Discovery by Plaintiffs:**

    1. The Plaintiffs' Steering Committee may serve additional requests for production and interrogatories. Requests for production and interrogatories shall be non-duplicative of questions contained in the Defendant Fact Sheet and shall not exceed **[Plaintiffs propose: 100 requests for production; Defendants propose: 50 requests for production]** and **[Plaintiffs propose: 100 interrogatories; Defendants propose: 25 interrogatories]**, including all discrete subparts, unless good cause is shown.

    2. **[Defendants propose: No other requests for production or interrogatories may be propounded on any defendant; Plaintiffs object]**

    3. Defendants shall respond and/or object to the interrogatories and requests for production in the manner described in Rules 33 and 34, respectively, in accordance with a schedule ordered by the Court.

F.  **Document Production Protocol (ESI)**: Zimmer will produce paper and electronic documents in a manner consistent with an ESI protocol to be submitted to the Court at a later date.

1.  Document productions will be made on CD, DVD, or hard drive.

    [Defendant proposes: **If a production includes the provision of a party's original hard drive, the receiving Party will return the hard drive to the producing Party within 30 days after receipt**; Plaintiff objects.]

2.  <u>Objective Coding and Metadata</u>.

    (a) Zimmer will provide objective coding information as described below with each production. Zimmer may review and, where necessary, revise or redact objective coding if it contains privileged or work product information.

    (b) Zimmer will provide the following coding information for electronic documents:

        (1) custodian or source

        (2) starting and ending production number

        (3) electronic document type (e.g. word processing, email, spreadsheet, etc.)

        (4) date (date-sent for e-mail; date-created and last date modified for non-email electronic documents)

        (5) title (subject line for e-mail; file name or title on face of document for non-email electronic documents)

        (6) author(s)

        (7) recipient(s) (for email)

        (8) cc(s) (for email)

        (9) bcc(s) (for email)

9

(c) Zimmer will provide the following coding information for paper documents if Zimmer created such information for their own use with respect to this litigation:

    (1) custodian or source

    (2) starting and ending production number

    (3) document type (e.g. report, email, letter, article, etc.)

    (4) date (if determinable from face of document)

    (5) title (if determinable from face of document)

    (6) author(s)

    (7) recipient(s)

    (8) cc(s)

    (9) bcc(s)

(d) To the extent that Plaintiffs produce electronic documents and/or create coding information for paper documents for Plaintiffs' own use, Plaintiffs will provide objective coding in the format as set forth above. Plaintiffs may review and, where necessary, revise or redact objective coding if it contains privileged or work product information.

(e) With respect to objective coding information provided for paper documents, the Parties will make reasonable efforts to provide accurate information, but the Parties do not certify the reliability, accuracy, or completeness of objective coding as to any particular paper document. Objective coding of paper documents is not evidence and may not be used by any Party for any purpose other than discovery and document management in this litigation.

(f) Objective coding information for electronic documents, as set forth above, will be derived from metadata associated with the document. However, the Parties understand that metadata differs between types of electronic documents and that particular electronic documents may not contain metadata for all of the fields described above.

(g) Other than information described in subparagraph (f), Zimmer is not required to provide other metadata that may be associated with an electronic document.

10

G. **Privilege Logs.**

1. The Parties will produce privilege logs pursuant to Rule 26 in a format that allows text searching.

2. The Parties' privilege logs shall include the information required by Rule 26(b)(5).

H. **Defendants' Discovery of Documents from Third Parties.**

1. The Parties shall confer regarding the procedure for the exchange of records collected pursuant to third party subpoenas and authorizations. If necessary, that procedure may be the subject of a separate order.

2. <u>Defendants' Use of Medical Authorizations</u>. Defendants may not use medical authorizations except in accordance with this Order. Medical authorizations provided pursuant to this order do not grant authority to the defendants to have correspondence or discussions with the providers for whom the medical authorization was given other than to obtain records.

I. **Extension of Discovery Deadlines:** Nothing in this Order shall be interpreted to restrict the ability of the parties to stipulate to an extension of discovery deadlines in a particular case or to move for an extension of discovery deadlines in a particular case based on a showing of good cause.

J. **[Defendants propose: <u>The PSCs shall bear the cost of and administer their own document depository. The PSCs shall use its best efforts to make the documents produced by Defendants available to Plaintiffs in any state court litigation, subject to an appropriate cost-sharing provision, which will be the subject of a further order. This production shall not preclude any party</u>**

11

**from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.**][Plaintiffs object and note that this will be covered in the Common Benefit Fee/Costs order]

K. **Identification of Documents:**

1. Numbering System: Defendants shall develop and use a system for identifying, by unique number or symbol, each document produced or referred to during the course of litigation. Defendants shall give each page of any document it produces a unique number, using a consistent numbering system. All reasonable efforts should be made to avoid having the same page assigned more than one identifying number except when there is a need to account for different copies of the same document or page (for example, because of special notations being placed on the document).

2. Documents Produced by Non-Parties: In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of the paragraph above. The party at whose request production was made shall promptly provide Lead Counsel of the opposing party with a properly numbered copy of any third party documents received, other than plaintiff-specific medical records.

12

V. **RULES APPLICABLE TO DEPOSITIONS**

    A. The procedure(s) for taking and using depositions shall be the subject of a separate order to be filed with the Court prior to the January 12, 2012, status conference.

VI. **SCHEDULE**

    A. As noted in Section IV(D) above, Zimmer shall provide to Plaintiffs Steering Committee certain information and documents within **30 and 90 days of the date of this order**. Additional information in the possession of certain custodians also shall be produced by June 1, 2012, as noted in Section IV(D).

    B. Zimmer shall produce current organizational charts for Zimmer, Inc., to Plaintiffs Steering Committee within **21 days of the date of this order**.

    C. Zimmer shall produce its current document retention schedule or relevant portions thereof to Plaintiffs Steering Committee within **21 days of the date of this order**.

    D. Plaintiffs may conducted depositions pursuant to Rule 30(b)(6) regarding the organization of Zimmer, Inc., and its document retention policy at any time following (1) Zimmer's production of organizational charts and document retention schedule, and (2) entry of the order on the conduct and use of depositions noted in Section V.

    E. Defendants assert that there are a number of improperly joined defendants named in the matters pending in MDL 2272. The Parties may informally resolve this issue and motions regarding improperly joined defendants shall be heard at the Court's **April 13, 2013**, status conference. If necessary, Plaintiffs may take a Rule 30(b)(6) deposition directed solely to the question of whether the defendants are

properly joined. If Plaintiffs elect to do so, said deposition shall be completed by **March 1, 2012**.

F. [**Defendants propose: <u>Depositions of Zimmer employees (other than the Rule 30(b)(6) depositions noted in paragraph D) and depositions of all other fact witness depositions, including but not limited to the plaintiffs and their treating physicians, shall be stayed until May 1, 2012</u>**.][**Plaintiffs propose: <u>Depositions of Zimmer employees (other than the Rule 30(b)(6) depositions noted in paragraph D) and depositions of all other fact witness except plaintiffs' treating physicians, shall be stayed until May 1, 2012. The depositions of Plaintiffs' treating physicians may begin after November 1, 2012, and shall not occur until at least 60 days after Zimmer completes both production under section D1 above and also completes a Defendant Fact Sheet and provides the documents required for production by the Defendant's Fact Sheet and cures any deficiencies in the Defendant Fact Sheet</u>**.]

G. All fact discovery shall be completed by **February 1, 2013,** unless extended by further order of court.

[**Defendants propose the following, to which Plaintiffs object:**

H. **<u>The deadline for Plaintiffs to serve Rule 26(a)(2) reports from experts shall be December 1, 2012.</u>**

I. **<u>Plaintiffs shall produce all expert witnesses for deposition within 45 days of the deadline for Plaintiffs' service of Rule 26(a)(2) reports, and depositions of the experts shall be completed during that time. Plaintiffs shall produce all</u>**

14

       **expert materials producible under Rule 26 at least 10 days prior to each expert's deposition.**

- J. **The deadline for Defendants to serve Rule 26(a)(2) reports from experts shall be 75 days after the deadline for Plaintiffs' service of Rule 26(a)(2) reports.**

- K. **Defendants shall produce all expert witnesses for deposition within 45 days of the deadline for Defendants' service of Rule 26(a)(2) reports, and depositions of the experts shall be completed during that time. Defendants shall produce all expert materials producible under Rule 26 at least 10 days prior to each expert's deposition.**

- L. ***Daubert* motions shall be filed 90 days after the deadline for Defendants' production of expert witnesses for deposition. Responses to *Daubert* motions shall be filed 45 days thereafter. Replies in support of *Daubert* motions shall be filed 30 days after any responses are filed.**

- M. **The Court will endeavor to conduct a hearing on *Daubert* motions within 30 days after the completion of all briefing on the motions.]**

## VII. COORDINATION WITH OTHER LITIGATION

- A. **Coordination to Extent Practical**: Plaintiffs and Defendants in this litigation, and in particular Plaintiffs' Lead Counsel, PSC, and Defendants' Lead Counsel, shall work to coordinate to the extent practicable the conduct of this litigation with other product liability actions involving the NexGen Flex Femoral Components and MIS Tibia, as defined by the Panel's August 8, 2011, transfer order. Such coordination is intended to conserve scarce judicial resources, eliminate duplicative discovery, serve the convenience of the parties and

15

    witnesses, and promote the just and efficient conduct of this litigation. It is contemplated by the Court and the parties that all discovery conducted in these proceedings may be utilized in any related state court action, in accordance with that state's law and rules of evidence, and vice versa, subject to an appropriate cost-sharing provision that will be the subject of a further order.

 B. **Coordination with State Courts**: In order to achieve the full benefits of this MDL proceeding, this Court may make efforts to coordinate with state courts presiding over related cases, to the extent such state courts so desire, such as through joint orders that will allow the parties in the state court actions to fully utilize any **[Plaintiffs propose: generic]** discovery conducted in the MDL proceedings and vice versa. The Court expects counsel for parties in the MDL proceeding to help ensure such coordination is achieved wherever it is practicable. To that end, Plaintiffs' Lead Counsel and/or Defendants' Lead Counsel shall jointly submit to the Court as needed a status report on the state court cases, along with contact information for all state court judges presiding over such cases.

 ~~C.~~ **Coordination by Plaintiffs' Counsel**: All **[Plaintiffs propose: generic]** discovery directed to Defendants and non-party witnesses on behalf of Plaintiffs shall be undertaken by, or under the direction of, the PSCs on behalf of all Plaintiffs with cases in these MDL proceedings. The PSCs shall, where practicable and provided appropriate provision for the payment of fees and costs related to Common Benefit work product is agreed in advance, coordinate [**Plaintiffs propose: <u>Defendants' responses to generic discovery</u>**][Defendants

16

**propose: their requests]** with Plaintiffs' counsel in state court litigation to the extent practicable to eliminate duplicative discovery.

**VIII.   REPRESENTATIVE TRIALS**

    A.    It is premature to determine whether representative proceedings may be appropriate.  Should the parties later agree that representative proceedings are appropriate, procedures with respect to the same will be the subject of a separate order.  [**Plaintiffs propose: If the parties do not agree, the Court may order that representative trials shall occur upon motion by either of the parties.**][Defendants object]


IT IS SO ORDERED.


                                          THE HONORABLE REBECCA R. PALLMEYER
                                          U.S. DISTRICT COURT JUDGE

BDDB01 9033214v3