# EXHIBIT B

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ZIMMER NEXGEN KNEE IMPLANT
PRODUCTS LIABILITY LITIGATION            MDL No. 2272

## TRANSFER ORDER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, plaintiff in an action pending in the Northern District of Illinois (*Stone*) moves to centralize this litigation in that district. The motion encompasses 28 actions pending in thirteen districts, as listed on Schedule A. The Panel has been notified of more than 45 additional related actions.[1]

All responding plaintiffs support centralization, and almost all argue for selection of either the Northern District of Illinois or the Eastern District of New York as transferee district. Plaintiffs in five potential tag-along actions, however, urge the Panel to select the Central District of California. Responding Zimmer defendants[2] oppose centralization, but, in the alternative, argue for selection of the Northern District of Indiana as transferee district.

On the basis of the papers filed and hearing session held, we find that these 28 actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The subject actions share factual issues arising from allegations that Zimmer's "high-flex" femoral components (*i.e.*, the Cruciate Retaining (CR) and Legacy Posterior Stabilized (LPS) components, and the "Gender Solutions" versions thereof) and/or the MIS Tibial

---

[*]    Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the disposition of this matter.

[1]    These actions and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[2]    Zimmer, Inc.; Zimmer Holdings, Inc.; Zimmer Orthopaedic Surgical Products, Inc.; Wilson/Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (according to Zimmer, this entity is incorrectly named as (1) Zimmer Tri-State, d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State, d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State, d/b/a Tri-State Orthopedic); and K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (according to Zimmer, this entity is incorrectly named as Zimmer Melia & Associates, Inc.). We refer to defendants collectively as "Zimmer."

- 2 -

component[3] – all of which are used in knee replacement surgery – are prone to premature loosening, causing affected individuals pain and loss of movement, and often forcing them to undergo revision surgery. The actions also raise factual issues as to whether the aforementioned high-flex components actually provide an individual with any increase in flexion. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings on *Daubert* and other pretrial issues, and conserve the resources of the parties, their counsel and the judiciary.

In opposing centralization, Zimmer strenuously argues that the involved components are quite distinct. Zimmer asserts, for example, that the actions before the Panel implicate eight products, six different design teams, six different sets of design history documents, and eight different 510(k) regulatory applications,[4] and thus discovery will not significantly overlap among the actions. After careful consideration of the entire record, we are not persuaded by Zimmer's arguments. As an initial matter, we note that we have ordered centralization in other dockets involving multiple devices made by a single (or related) manufacturers. *See In re Medtronic, Inc., Implantable Defibrillators Prods. Liab. Litig.*, 408 F. Supp. 2d 1351 (J.P.M.L. 2005) (centralizing, over defendant's objections, actions involving allegations concerning approximately ten different models of defendant's implantable cardioverter defibrillators and cardiac resynchronization therapy defibrillators); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 398 F. Supp. 2d 1371 (J.P.M.L. 2005) (centralizing actions sharing allegations of defects in certain implantable defibrillator devices and pacemakers manufactured by the defendants). More importantly, our review of the record indicates that the distinctiveness of the various femoral components is not as clear-cut as Zimmer contends. Plaintiffs reference, for example, certain 510(k) submissions that appear to reflect significant similarities among the subject femoral components, a surgical techniques brochure containing largely identical language describing the designs of the LPS-Flex and CR-Flex femoral components, and a Zimmer marketing pamphlet covering both the CR-Flex Gender Solutions and LPS-Flex Gender Solutions components.

As we have stated previously, centralization under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. *E.g., In re Kugel Mesh Hernia Patch Prods. Liab. Litig.*, 493 F. Supp. 2d 1371, 1373 (J.P.M.L. 2007). Centralization has the salutary effect of placing all actions in a given docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *Id*. Here, as with any MDL, the transferee judge can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation.[5] As the litigation progresses, the transferee judge may conclude that

---

[3] Zimmer states that the full name of this product is "MIS Total Knee Procedure Stemmed Tibial Component Fixed Bearing Precoat."

[4] *See Medtronic, Inc. v. Lohr*, 518 U.S. 470, 477-79 (1996) (describing 510(k) process).

[5] Our decision to centralize these actions in no way dictates or even suggests the particular manner or course of pretrial proceedings; consistent with our typical practice, we leave those

- 3 -

issues concerning one or more of these Zimmer components are sufficiently dissimilar that the associated claims or actions should be remanded to their transferor districts, while pretrial proceedings as to other actions continue in the MDL. *See In re: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liab. Litig.*, — F. Supp. 2d —, 2011 WL 2132995, at *1 (J.P.M.L. May 23, 2011). If she does so conclude, procedures are available to effect remand with minimal delay. *See* Rule 10.1(b).

We conclude that the Northern District of Illinois is an appropriate transferee district for pretrial proceedings in this litigation. Ten of the 28 constituent actions are pending in that district, and the district is relatively close to Zimmer's Indiana headquarters. Judge Rebecca R. Pallmeyer, to whom we assign this MDL, is an experienced and highly-regarded jurist, and we have every confidence in her ability to guide this litigation efficiently to a just resolution.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Rebecca R. Pallmeyer for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

                                      PANEL ON MULTIDISTRICT LITIGATION

                                      _____
                                          John G. Heyburn II
                                               Chairman

Kathryn H. Vratil                  W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.             Barbara S. Jones

---

determinations to the transferee judge. *See In re: Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 657 F. Supp. 2d 1375, 1376 (J.P.M.L. 2009).

**IN RE: ZIMMER NEXGEN KNEE IMPLANT
PRODUCTS LIABILITY LITIGATION**                MDL No. 2272

# SCHEDULE A

<u>Southern District of Florida</u>

Douglas Root v. Zimmer, Inc., et al., C.A. No. 9:11-80640

<u>Northern District of Illinois</u>

Robert Carr v. Zimmer, Inc., et al., C.A. No. 1:11-00974
Richard Cleveland v. Zimmer, Inc., et al., C.A. No. 1:11-01210
Fred Stone v. Zimmer, Inc., et al., C.A. No. 1:11-03408
Charles Holder v. Zimmer, Inc., et al., C.A. No. 1:11-03704
Jacqueline Gangloff v. Zimmer, Inc., et al., C.A. No. 1:11-03707
Robert Fitzpatrick v. Zimmer, Inc., et al., C.A. No. 1:11-03710
Daniel Pancotto v. Zimmer, Inc., et al., C.A. No. 1:11-03711
Gayle Cavada v. Zimmer, Inc., et al., C.A. No. 1:11-03714
Javier Saucedo v. Zimmer, Inc., et al., C.A. No. 1:11-03717
Mary Lou Malee v. Zimmer, Inc., et al., C.A. No. 1:11-03718

<u>Southern District of Iowa</u>

Michael Cozzolino v. Zimmer, Inc., et al., C.A. No. 4:11-00246

<u>Western District of Kentucky</u>

Barry Davis v. Zimmer, Inc., et al., C.A. No. 3:11-00251

<u>Eastern District of Michigan</u>

Angela Coleman v. Zimmer, Inc., et al., C.A. No. 2:11-11909

<u>District of Minnesota</u>

Ron Singsaas v. Zimmer, Inc., et al., C.A. No. 0:11-00122
Jerry S. Hanson v. Zimmer, Inc., et al., C.A. No. 0:11-00530
David R. Langevin v. Zimmer, Inc., et al., C.A. No. 0:11-01123

- A2 -

**MDL No. 2272 Schedule A (Continued)**

      District of Nevada

Kim Sizemore v. Zimmer, Inc., et al., C.A. No. 2:10-01979
Monica Hood v. Zimmer, Inc., et al., C.A. No. 2:11-00863
Duane Poser, et al. v. Zimmer, Inc., et al., C.A. No. 2:11-00886

      Eastern District of New York

Michelina Vargas, et al. v. Zimmer Inc., et al., C.A. No. 1:11-02600
Sherry Ritter, et al. v. Zimmer, Inc., et al., C.A. No. 1:11-02601
Joseph Campbell v. Zimmer, Inc., et al., C.A. No. 1:11-02610

      District of North Dakota

Mary Wahlman v. Zimmer Inc., et al., C.A. No. 1:11-00042

      Eastern District of Pennsylvania

Carol Hasse-Jungkurt, et al. v. Zimmer, Inc., et al., C.A. No. 2:11-02992

      Middle District of Pennsylvania

James Krammes, et al. v. Zimmer, Inc., et al., C.A. No. 3:11-00916

      Middle District of Tennessee

Larry E. Effler, et al. v. Zimmer, Inc., et al., C.A. No. 3:11-00351

      Eastern District of Wisconsin

Sandra Anderson v. Zimmer, Inc., et al., C.A. No. 2:10-01178