**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

----------------------------------------------------

IN RE: ZIMMER NEXGEN KNEE  )
IMPLANT PRODUCTS LIABILITY )  **MDL No. 2272**
LITIGATION        )
            )  **Master Docket Case No. 1:11-cv-05468**
            )
            )
            )
            )

----------------------------------------------------

This Document Relates to All Cases

----------------------------------------------------

## PLAINTIFFS' RESPONSE TO ZIMMER'S OBJECTION
## TO PLAINTIFFS' PROPOSED FORM OF SHORT FORM COMPLAINT

   Two overarching issues are left for this Court's resolution before a short form complaint process can take shape in this MDL: 1) whether any authority exists for the Master Complaint and Short Form Complaint to be "mandatory" as insisted by the Defendants; and 2) whether direct filing will aid the efficient management of this litigation, while still preserving the rights of Defendants and while addressing this Court's *Lexecon* concerns. The experience of mass tort MDLs such as this one demonstrate, however, that if procedural vehicles like a master complaint and short form complaint are to have meaningful effect, direct filing, with *Lexecon* protections, is a necessary complement. Nevertheless, for reasons that are not clear from their filing, Defendants object to these efficiencies, without any citation to or support from any authority.

## I.    A Master Complaint and Its Short Form Complement Are Administrative Devices to Aid Efficiency Which Cannot Be Mandated

The PSC recently filed a Master Complaint as an administrative tool that would stand as a platform from which individual plaintiffs could adopt its facts and counts, should a plaintiff choose.  In practicality and based on the experience of other MDLs in which such procedural devices are offered, it is expected that most every plaintiff who brings her action to this MDL will adopt the Master Complaint.  And indeed, the PSC has proposed a Short Form Complaint that will allow the Master Complaint to be adopted as the norm, rather than the exception. Nevertheless, there is no authority under the Federal Rules that mandates a plaintiff must adopt a master complaint.  Defendants suggest that the Master Complaint and its adoption by a Short Form Complaint must be mandatory for every plaintiff in this MDL.[1]  This demand, however, is made without any authority.

While it is true that master complaints are often used in complex litigation, they are not specifically mentioned or expressly authorized within the Federal Rules of Civil Procedure or in any federal statute. Instead, they seem to be grounded instead in the general provisions of Rule 42(a) of the Federal Rules of Civil Procedure.  Rule 42(a) broadly authorizes district courts to consolidate actions pending before the court and to make such orders "as may tend to avoid unnecessary costs or delay." Courts have in turn interpreted Rule 42(a) to authorize the filing of a unified or master complaint in cases consolidated both for pretrial discovery and for trial.  *See,* Katz v. Realty Equities Corp.

---

[1]Defendants imply in their objection that Plaintiffs' leadership has somehow backtracked on their pledge to use a Master Complaint and Short Form Complaint.  That is not so.  In fact, the PSC timely filed a voluminous, detailed Master Complaint that far exceeds the requirements of notice pleading and the PSC filed a precise Short Form Complaint that allows the parties to quickly narrow the individual factual and legal allegations of Plaintiffs who file it. As indicated *infra*, however, the only issue is that no rule or authority allows the PSC to bind any Plaintiff to use this as his pleading.  The CMO3 that includes the language that Plaintiffs "shall" file a Short Form Complaint applies to any Plaintiff ***if that Plaintiff*** chooses to use adopt the Master Complaint and Short Form Complaint.

of New York, 521 F.2d 1354 (2d Cir. 1975); In re Equity Funding Corp. of America

Securities Litigation , 416 F. Supp. 161, 175 (C.D. Cal. 1976); see also Hebert B.

Newberg & Alba Conte, Newberg on Class Actions § 9.27, at 269 (2d ed. 1985). In both

situations, consolidation is not supposed to "merge the suits into a single cause, or change

the rights of the parties, or make those who are parties in one suit parties in another." See

9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2382, at

255 (1971) (hereinafter "Wright & Miller"). Rather, consolidation through a Master

Complaint is intended only as a procedural device used to promote judicial efficiency and

economy. See Diana E. Murphy, Unified and Consolidated Complaints in Multidistrict

Litigation, 132 F.R.D. 597 (1991) (hereinafter "Murphy"); see also, In re Propulsid

Prods. Liab. Litig., 208 F.R.D. 133, 141 (E.D. La. 2002). In Propulsid, the Court

determined that a master complaint is only an administrative device used to aid efficiency

and economy and, thus, should not be given the status of an ordinary complaint. Id.

    In fact, the Master Complaint in this action must serve as no more than an

administrative device. After all, at this juncture, Defendants have yet to file an answer or

other responsive pleading. How can Defendants mandate a Master Complaint and Short

Form Complaint whose final form (subject to amendments and the like) may still be

unfinished? It seems that Defendants' unspoken reasons for mandatory adoption and

unspoken intentions for how Defendants will respond to the Master Complaint are

because they plan to use the Master Complaint as some type of vehicle to attempt to pare

claims within this MDL. But this is not a class action, and a Master Complaint cannot

serve as a unified or consolidated pleading. MDL courts have confronted this issue

before. In the Nuvaring MDL litigation, Defendants tried to convert the filing of a Master

Complaint as a vehicle for a global motion to dismiss. Such a ploy was rejected by the MDL court:

> Because neither Plaintiffs nor I intended the master complaint to be subject to pleadings challenges (based predominately on Organon's history of answering all of the individual complaints filed to that date) I denied Organon's motion to dismiss and subsequently vacated my order granting Organon's motion to require Plaintiffs to file a master complaint.

In re Nuvaring Prods. Liab. Litig., 2009 U.S. Dist. LEXIS 115711*3. See also, Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., 489 F. Supp.2d 932, 936 (D.C. Minn. 2007) ("The transfer under [28 U.S.C.] § 1407, even after the filing of an amended complaint, is only a change in courtrooms. Consolidation of a master complaint is merely a procedural device designed to promote judicial economy, and, as such, it does not affect the rights of the parties in separate suits."). In re Digitek Prods. Liab. Litig., 74 Fed. R. Serv. 3d (Callaghan) 116*102.

Defendants' mandatory request runs afoul of the very nature of the MDL process. As one recent MDL court noted, an MDL proceeding

> is merely a collection of individual cases, combined to achieve efficiencies in pretrial proceedings. MDL courts cannot lose sight of the separate and distinct nature of those actions. As the Ninth Circuit recently summarized in In re Korean Air Lines Co. Antitrust Litig., No. 08-056385, 642 F.3d 685, 2011 U.S. App. LEXIS 7887, 2011 WL 1458794, at *10 (9th Cir. Apr. 18, 2011): Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions, intended to resume their independent status once the pretrial stage of litigation is over. Neither should an MDL be managed in a manner that fails to take into account that the cases are destined to be returned to their transferee jurisdictions. [**96] See 28 U.S.C. § 1407(a)-(b); Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998) (characterizing § 1407(a) as "straightforward language imposing the Panel's responsibility to remand" upon the conclusion of pretrial proceedings); Korean Air Lines, 2011 U.S. App. LEXIS 7887, 2011 WL 1458794, at *10.

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 925, 929-930 (C.D. Cal. 2011). Because these cases may ultimately be remanded, the plaintiffs must retain the right to proceed as he or she individually chooses.

Because the Short Form Complaint serves as the backdrop for which the Master Complaint is adopted, there are likewise practical concerns for the mandatory use of a Short Form Complaint. First, the Federal Rules and the Manual for Complex Litigation are silent on the use of a short form, let alone its mandatory requirement. Because the Short Form is an extension of the Master Complaint, the same considerations and concerns regarding mandatory adoption as described within apply.

In recent practice, other MDL courts have recognized that a Short Form Complaint is a voluntary tool which must remain optional for parties to employ. Consider the example of the recent Deepwater Horizon Oil Spill MDL litigation:

> After these individual actions were filed, the Plaintiffs' Steering Committee was granted leave to file a ***voluntary*** Local Government Entity Master Complaint (sometimes referred to as "Master Complaint," Rec. Doc. 1510; Pretrial Order No. 33, Rec. Doc. 1549). Local government entities ***could*** adopt the Master Complaint by filing a "Local Government Short Form Joinder" into member case 10-9999 (Pretrial Order No. 33, Rec. Doc. 1549). [2] Any answer, motion to dismiss, or other pleading filed in response to the Master Complaint was deemed responsive **[*6]** to the common legal and factual issues contained in individual civil actions within Bundle C as well (Stipulated Order of May 6, 2011, Rec. Doc. 2273).

*In re Oil Spill by the Oil Rig Deepwater Horizon...*, 2011 U.S. Dist. LEXIS 142037 *5-6. (Emphasis added.)

Most importantly, however, the Short Form Complaint, if direct filing is not permitted only serves as a procedural device of confusion. If direct filing is not

permitted, there are, of course no restrictions on what a Plaintiff can file in the originating

district court.  Until a case is transferred, the Court's jurisdiction cannot extend to the

originating courts.  As such, a plaintiff will file a complaint that may or may not include

the same or similar allegations as contained with the Master Complaint here in the MDL.

Then, if the Defendants do not oppose transfer, the plaintiff's action would arrive at this

MDL only for the plaintiff to prepare another pleading, which again, may or may not

mirror the originally filed pleading.  Because the Master Complaint and its Short Form

complement are only administrative devices, it then begs the question of which

Complaint returns with the case when the case is remanded for trial to the originating

district court.   Defendants may claim that they would stipulate to use of the Short Form

Complaint at the originating district court level so as to avoid this problem (they have

intimated as such at the status conferences discussing this issue).  Of course, if that were

the case, there is no reason (other than to inject delay) to oppose direct filing.

Accordingly, the subject of the Master Complaint and the Short Form Complaint, and its

use at all, let alone mandatory requirement, cannot be divorced from a discussion of

direct filing.

## II.    Direct Filing Will Encourage Ease and Use of the Short Form Complaint Without Any Ramifications to Defendants' §1407 Transfer Rights or This Court's *Lexecon* Concerns

The reality is that the short form complaint will become *de facto* mandatory if

direct filing is permitted.  Plaintiffs will have even fewer reasons not to use it if the ease

of its use and implementation is built in.  That is why direct filing has become the norm

in recent mass tort MDLs such as this one. These MDL courts recognize that with a direct

filing, the attendant delays with MDL transfer can be avoided and judicial efficiency can

be promoted. As this Court has pointed out, a valid question remains for how to treat the *Lexecon* issue where a Plaintiff from a different venue files directly in the Northern District of Illinois. Fortunately, through the experience of recent MDLs, the fix is a simple one.

First, it is now standard fare in product liability MDLs to include in a case management order language that permits direct filing:

> **In order to eliminate delays associated with the transfer of cases in or removed to other federal district courts to this Court, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to [this] MDL may file his or her case directly in the MDL proceedings."**

*See*, *e.g.,* MDL 1657: <u>In re: Vioxx Products Liability Litigation</u> (Dkt. No. 360); MDL 1724: <u>In re: Viagra Products Liability Litigation</u> (Dkt. No. 42); MDL 1943: <u>In re: Levaquin Products Liability Litigation</u> (Dkt. No. 50); MDL 1968: <u>In re: Digitek Products Liability Litigation</u> (PTO 19); MDL 2092: <u>In re: Chantix (Varenicline) Products Liability Litigation</u> (Dkt. No. 12); MDL 2100 <u>In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation</u>; MDL 2197: <u>In re: DePuy Orthopaedics, Inc. ASR Hip Implant Products</u> (Dkt. No. 23); MDL 2244: <u>In re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Products Liability Litigation</u> (Dkt. No. 20) (emphasis added).

Second, Defendants and this Court have raised a legitimate concern concerning the Court's authority to preside over cases that are filed directly in this district, for which the Court would not retain jurisdiction under *Lexecon.* But this issue has been fixed, not only in recent MDL practice, but in Plaintiffs' proposed Short Form Complaint, as well. The simple fix is the parties' acknowledgment (which the PSC has submitted within the

7

Short Form here) that the case *is* to return to the jurisdiction where the case would have otherwise been filed. In the Southern District of Illinois, Judge Herndon, presiding over the Yaz/Yasmin MDL implemented a Case Management Order that provided exactly that. In fact, Judge Herndon posted a "Frequently Asked Questions" on the court website that demonstrates in practice how to provide this efficiency:

> **6.      May plaintiffs that do not reside in the Southern District of Illinois file directly in this MDL?**
>
> Yes. In order to eliminate delays associated with transfer to this Court of cases filed in or removed to other federal district courts, and to promote judicial efficiency, any plaintiff whose case would be subject to transfer to MDL 2100 may file his or her case directly in this MDL. The procedures for direct filing are outlined in Amended Case Management Order Number Nine.
>
> **7.      How will direct filing pursuant to Amended Case Management Order Number Nine impact my case?**
>
> *Direct filing will have no impact on choice of law issues. Further, upon completion of pretrial proceedings, the Court will transfer the case to the federal district court where the plaintiff was allegedly injured or where the plaintiff resides at the time of such transfer.* Please review Amended Case Management Order Number Nine for additional information regarding this matter.

MDL 2100 In re: Yasmin and YAZ (Drospirenone) Marketing, Sales Practices and Products Liability Litigation.[2] (Emphasis added).

Plaintiffs' proposed Short Form Complaint takes it one step further. In the proposed Short Form Complaint, Plaintiff explicitly addresses any potential *Lexecon* concern and eliminates it altogether:

> **2.**            Venue of this case is appropriate in the _____District Court of State of_____. Plaintiff states that but for the Order permitting direct filing into the Northern District of Illinois pursuant to

---

[2] http://www.ilsd.uscourts.gov/documents/mdl2100/2100FAQ.pdf

> Case Management Order No. __, **Plaintiff would have filed in the _____ District Court of the State of_____. Therefore, Plaintiff consents that at the time of transfer of this action back to the trial court for further proceedings, that this case be transferred to the above referenced District Court.**

*See,* Plaintiffs' Proposed Form of Short Form Complaint, ¶2. (Emphasis added.) With Plaintiffs' language, there is no divestment of the Court's authority and no elimination of Defendants' right for transfer. A plaintiff will have consented to it. As the Vioxx MDL Judge pointed out, direct filing "ultimately has the valuable potential to streamline the MDL process. In re Vioxx Prods. Liab. Litig., 478 F. Supp. 2d 897, 902-904 (E.D. La. 2007).

**III. The Failure of Zimmer Knee Components Are Included Within a "NexGen System" and if a Short Form Complaint Procedure is Adopted, Plaintiffs Must Be Given the Option to Plead Facts Relating to the Alleged Failure of Other Integrated Component Parts**

Zimmer's final objection relates to Paragraph 8 of the Short Form Complaint and the "check box" for "Other Zimmer Devices." Zimmer's objection ignores the reality of the very system that Zimmer promoted sold and profited from. As has been described to this Court both within Plaintiffs' position paper and in the Master Complaint, Zimmer sought approval and sold the NexGen knees as part of a "system." When the knee fails, there may be more than one component that fails. In fact, at the time of filing the complaint, a plaintiff is not required to prove her expert theory of failure. Instead, she is only required to put Zimmer on notice of the facts she intends to prove at trial. At the time of filing, it is entirely reasonable and foreseeable for a plaintiff to claim that other component parts not listed within the standard five components (CR-Flex, LPS-Flex, GSF CR-Flex, GSF LPS-Flex and MIS Tibia) contributed to the knee failure. If a

plaintiff does that, she must, as the Short Form Complaint suggests, attach the particular allegations relative to the "other" component.

Zimmer's elimination of such an option would lead to absurd results.  In effect, if a plaintiff wanted to plead that, under Zimmer's plan, a plaintiff would have to file two entirely separate complaints.  She could file one in the MDL with the "approved" component part, but as to the other component, she would have to sever that and file a separate action.  This cannot be the efficiency envisioned by either the JPML or this court in this MDL.  Zimmer's protest should be muted by the safeguard to plead the allegations specific to the "other" device.  If plaintiff ultimately cannot make out her case as to that component part of the integrated system, there are future methods for treating the failure of proof.  At this juncture, it is premature to eliminate what is likely both a foreseeable and necessary option.

## IV.    Conclusion

If the Master Complaint and Short Form Complaint process is to be used, it should include the regular hallmarks of other MDL litigations: the use of them cannot be made mandatory and efficiencies should be increased by the use of direct filing.  For the reasons stated herein, the  PSC therefore respectfully requests that the Court approve the Proposed Form of Short Form Complaint.


Dated: January 23, 2012

Respectfully submitted,

**POGUST BRASLOW & MILLROOD, LLC**

/s/ Tobias L. Millrood
Tobias L. Millrood, Esq.
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Phone: (610) 941-4204
Fax: (610) 941-4245
Email: tmillrood@pbmattorneys.com

James R. Ronca, Esq.
Anapol, Schwartz, Weiss, Cohan, Feldman &
Smalley, P.C.
1710 Spruce Street
Philadelphia, PA 19103
Phone: (215) 735-1130
Fax: (215) 875-7700
Email: jronca@anapolschwartz.com

Timothy J. Becker, Esq.
Johnson Becker PLLC
33 South Sixth Street, Suite 4530
Minneapolis, MN 55402
Phone: (612) 333-4662
Fax: (612) 339-8168
Email: tbecker@johnsonbecker.com

***Proposed Co-Leads for Plaintiffs' Counsel***

Peter J. Flowers
Foote, Meyers, Mielke & Flowers
3 North Second Street, Suite 300
St. Charles, Illinois 60174
Phone: (630) 232-6333
Fax: (630) 845-8982
Email: pjf@foote-meyers.com

***Proposed Plaintiffs' Liaison Counsel***

**CERTIFICATE OF SERVICE**

I certify that on January 23, 2012, a copy of the foregoing *Plaintiffs' Response to Zimmer's Objection to Plaintiffs' Proposed Form of Short Form Complaint* was filed electronically by using the CM/ECF system, which will deliver the document to all counsel of record.

/s/  Tobias L. Millrood
Tobias L. Millrood, Esq.
Eight Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Phone: (610) 941-4204
Fax: (610) 941-4245