**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------

| | |
|---|---|
| **IN RE: ZIMMER NEXGEN KNEE** ) | |
| **IMPLANT PRODUCTS LIABILITY** ) | **MDL No. 2272** |
| **LITIGATION** ) | |
| ) | **Master Docket Case No. 1:11-cv-05468** |
| ) | |
| ) | |

---------------------------------------------------------

**This Document Relates to All Cases**

---------------------------------------------------------

## PLAINTIFFS' OPPOSITION TO DEFENDANTS MOTION FOR PROTECTIVE ORDER

Counsel, on behalf of Plaintiffs and Plaintiffs Steering Committee ("PSC") of this MDL respectfully request that this Court deny Defendants' Motion for Protective Order wherein they request that discovery is limited to five specific categories of products, and in support of this opposition to Defendants' Motion, Plaintiffs respond as follows:

1.      Denied.   Plaintiffs' document requests and nonparty subpoenas define the products at issue as:

> "Zimmer" and/or "Zimmer Nexgen Knee Implant" refers to "Zimmer NexGen Complete Knee Solution Minimally Invasive Solutions Procedures Trabecular Metal Technology Tibial Tray" "Zimmer CR Flex Knee" "Zimmer LPS Flex Knee" "Zimmer Gender Solutions" "Zimmer Nexgen Tibial Trays"  "Zimmer Nexgen MIS Tibial Components" and/or "MIS Modular Tibial Plates.

Plaintiffs seek discovery on all NexGen Flex femoral components, NexGen MIS products, the comparative NexGen standard femoral components and any other components that may have been implanted in a particular plaintiff because they are relevant to Plaintiffs alleged theories and fall within the scope of relevant information under Fed. R. Civ. P. 26.

2.      Denied in part; admitted in part.  Denied to the extent that Defendants claim Plaintiffs requests are outside the permissible scope of discovery.  The scope of discovery is governed by Rule 26 of the Fed. R. Civ. P. and has been defined by the Supreme Court: "to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978).

3.      Admitted.  In support of Plaintiffs opposition to Defendants Motion, Plaintiffs submit simultaneously with this opposition a memorandum in support thereof.

4.      Admitted in part; denied in part.  It is admitted that there was a discussion between the parties on that date regarding the scope of the third party subpoenas.

Dated: February 17, 2012                    Respectfully Submitted,

                                             ___/s/ James Ronca_____
                                             James Ronca, Esq. (SBN 25631)
                                             ANAPOL, SCHWARTZ, WEISS, COHAN,
                                             FELDMAN & SMALLEY, PC
                                             1710 Spruce Street
                                             Philadelphia, PA 19103
                                             Jronca@anapolschwartz.com

                                             Timothy Becker, Esquire
                                             Johnson Becker PLLC
                                             33 South Sixth Street, Suite 4530
                                             Minneapolis, MN 55402
                                             tbecker@johnsonbecker.com

                                             Tobias Milrood, Esquire
                                             Pogust, Braslow and Millrood
                                             Eight Tower Bridge, Suite 1520
                                             161 Washington Street
                                             Conshohocken, PA 19428
                                             tmillrood@pbmattorneys.com
                                             ***Co-Lead Plaintiffs' Counsel***

                                             Peter Flowers, Esquire
                                             Foote Meyers Mielke & Flowers, PC
                                             3 North 2nd Street, Suite 300
                                             Saint Charles, IL 60174
                                             pjf@foote-meyers.com
                                             ***Plaintiffs' Liaison Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2012, that a true and correct copy of the foregoing document was served upon counsel of record by electronic mail through the U.S. District Court, Northern District of Illinois, electronic case filing system.

/s/ James Ronca_____