# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to the Below Listed Cases | ) ) ) ) | Master Docket Case No. 1:11-cv-05468 Honorable Rebecca Pallmeyer |

## AFFIDAVIT OF JAY KENDALL

Jay Kendall, being duly sworn, states as follows:

1. I am over 18 years of age and have personal knowledge of the facts and representations set forth in this affidavit.

2. I am currently employed as the Marketing Manager for NexGen Primary Knees at Zimmer, Inc. ("Zimmer").

3. As part of my job duties, I am familiar with the personnel structure and staffing of Zimmer's marketing department.

4. Also as part of my job duties, I am familiar with Zimmer's general marketing and sales practices, as well as Zimmer's record-keeping practices regarding surgeon communications.

5. Zimmer does not engage in direct marketing and sales to individual surgeons regarding an individual patient's surgery.

6. While Zimmer employees do communicate with surgeons regularly regarding product designs and other issues, Zimmer employees are not directly involved in the selection, sale, or marketing of a specific component for an individual plaintiff surgery.

7. Historically, the sales force who communicates most regularly with individual surgeons has not been employed by Zimmer.[1] These sales representatives are employed by or contractors to independent distributors of Zimmer products.

8. To the extent that a Zimmer employee communicates with a surgeon about a Zimmer issue or product, those communications happen individually between the employee and surgeon, and Zimmer does not track those communications by surgeon name, employee name, department, project, or otherwise.

9. Because Zimmer does not have a centralized way of tracking employee contact with surgeons, the only way to locate surgeon contacts is to search through <u>all</u> of the existing hard copy and electronic records for each past and present employee for the past 16 years.

10. Over the past sixteen (16) years, I estimate the number of employees who worked in the marketing department to be well over 200. Each of these employees could have had contact with an implanting surgeon during their employment.

11. Searching over 200 complete employee records for one-off contact with a list of 250-300 surgeons is incredibly burdensome, if not impossible, for Zimmer. I am unable to estimate an exact amount of time or money, but I believe such a search would involve hundreds of Zimmer employee and attorney hours.

---

[1] Over the last two years, Zimmer has begun to directly employ a small percentage (approximately 5-10%) of its sales force.

I declare under penalties of perjury under the laws of the Unites States of America that the foregoing is correct.

Dated: February 17, 2012

_____
Jay Kendall