UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468  Hon. Rebecca R. Pallmeyer |

**ZIMMER'S MOTION TO DISMISS, IN PART, MASTER
LONG FORM COMPLAINT AND JURY DEMAND**

Defendants[1] ("Zimmer"), respectfully move to dismiss, in part, Plaintiffs' Master Long Form Complaint And Jury Demand (the "Master Complaint" or "Complaint"), as to the Illinois Plaintiffs, under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to meet the pleading standards set forth in Rules 8(a) and 9(b).

As explained in Zimmer's brief filed herewith, the Master Complaint attacks two groups of components in Zimmer's line of artificial knee replacement products – the *NexGen®* Flex femoral components and the "MIS Tibial Component."[2] Despite its length, the Master Complaint does not plead the non-conclusory objective facts required to state plausible claims for relief as required by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

---

[1] For purposes of this motion, "Zimmer, Inc.," or "Zimmer" include the following defendants in this action: Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Surgical, Inc., f/k/a Zimmer Orthopaedic Surgical Products, Inc., Wilson/Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., and Zimmer US, Inc.

[2] The only "MIS Tibial Component" at issue in this case is the 5950.

For instance, the Complaint has not pled non-conclusory facts to support or identify what warning or instructions were purportedly inadequate or identify the alleged design defect in the *NexGen®* Flex. The allegations of defect are just the kind of formulaic conclusions, and speculation, that the Supreme Court rejected twice, in *Twombly* and *Iqbal*. Similarly, with respect to the manufacturing defect claims as to both the MIS Tibial Component and the *NexGen®* Flex, the Complaint does not allege facts that these products failed to conform to Zimmer's manufacturing specifications or other identical product models. Lacking facts that support the elements of their legal theories, Plaintiffs cannot state a plausible claim for relief.

By contrast, the Master Complaint likely meets the pleading standard as to the MIS Tibial Component for strict liability design defect, strict liability failure to warn, negligence, and breach of implied warranty of merchantability (Counts I(e), II(e), IV(e), and VII(e)).

Plaintiffs' remaining claims are based on representation and warranty: negligent misrepresentation, express and implied warranty, and violation of consumer protection statutes. Here again, Plaintiffs fail to allege the requisite facts to push their claims across the line from the possible to the plausible. These theories all require some representation or warranty made by Zimmer that was relied upon by Plaintiffs and/or Plaintiffs' physicians. Yet, nowhere in the Master Complaint do Plaintiffs allege some or all Plaintiffs or their physicians received any particular communication from Zimmer or identify how any particular statement played any role in the Plaintiffs' or physicians' selection of the product at issue. Absent some factual allegations with respect to an actual statement or representation made to an actual Plaintiff or physician that was relevant to their decision to select one of the products at issue (all information which is in Plaintiffs', not Zimmer's, knowledge) Plaintiffs have failed to state a plausible claim for relief.

For these reasons, set forth more fully in Zimmer's brief filed herewith, Plaintiffs' Master Complaint should be dismissed as to these deficient claims.

WHEREFORE, Defendants respectfully request dismissal of Counts I (a)-(d) – VII (a)-(d), Counts XII, and Count XIV as to the *NexGen*® Flex; Count III (e), Count V (e), Count VI (e), Count XII, and Count XIV as to the MIS Tibial Component; the claims that rise and fall along with the causes of actions from which they derive – Count IX, Count X, Count XI, and Count XIII; and, all other appropriate relief.

Respectfully submitted,

FAEGRE BAKER DANIELS LLP


/s/ Joseph H. Yeager, Jr.

Joseph H. Yeager, Jr. (Ind. State Bar #2083-49)
Andrea Roberts Pierson (Ind. State Bar #18435-49-A)
300 North Meridian Street, Suite 2700
Indianapolis, IN  46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
Email: jay.yeager@faegrebd.com
andrea.pierson.@faegrebd.com

Attorneys for Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Surgical, Inc., f/k/a Zimmer Orthopaedic Surgical Products, Inc., Wilson/ Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., and Zimmer US, Inc.

## **CERTIFICATE OF SERVICE**

      I certify that on February 27, 2012 a copy of the foregoing Zimmer's Motion To Dismiss, In Part, Master Long Form Complaint And Jury Demand, was filed electronically. Parties may access this filing through the Court's ECF/CFM system.

                                  /s/ Joseph H. Yeager, Jr.