IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>**APPROVED FORM OF SHORT FORM COMPLAINT** |
| This applies to:<br><br>HARVEY BARRETT, JAMES BERRY, MARY KNOX, THOMAS ROSE, JANE ESSLINGER, AND PAULA PONOMASKY | **JURY TRIAL DEMAND** |
| Plaintiffs,<br><br>vs.<br><br>Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopedic Surgical Products, Inc.<br><br>Defendants. | Case No: 1:12cv1003 |

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff, HARVEY BARRETT, incorporates by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into

1

MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff, HARVEY BARRETT, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff HARVEY BARRETT is a resident and citizen of Tennessee and claims damages as set forth below.

5. Plaintiff was born on May 16, 1944.

### **ALLEGATIONS AS TO DEVICE(S) AND INJURIES**

6. Plaintiff was implanted with Zimmer NexGen® Knee devices on his right knee on or about January 10, 2006 at Middle Tennessee Medical Center by Dr. Michael Jordan.

7. On or about January 10, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

    \_\_\_\_\_ Zimmer NexGen LPS-Flex

2

    _X____ Zimmer NexGen CR-Flex

    _____ Zimmer NexGen GSF LPS-Flex

    _____ Zimmer NexGen GSF CR-Flex

    _____ Zimmer NexGen MIS Tibia

8. Plaintiff has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee devices.

9. Plaintiff has suffered injuries as a result of implantation of the Zimmer NexGen® Knee devices manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

10. At the time of implantation with the Zimmer NexGen® Knee devices, the plaintiff resided at 4404 Halls Hill Parkway, Murfreesboro, Tennessee 37130.

11. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12. Plaintiff claims damages as a result of:

    _X_ injury to herself/himself

    ___ injury to the person represented

    ___ wrongful death

    ___ survivorship action

    _X_ economic loss

    _X_ loss of services

    ___ loss of consortium

13. Neither Plaintiff nor his physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective devices, or as the facts dictate and produced in discovery.

14. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

15. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number 5952-17-06 (Right) and lot number 60131946.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

16. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

_____ COUNT I (a) ZIMMER LPS-FLEX;

\_\_X\_\_\_\_ COUNT I (b) ZIMMER CR-FLEX;

_____ COUNT I (c) ZIMMER GSF LPS-FLEX;

_____ COUNT I (d) ZIMMER GSF CR-FLEX;

_____ COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

_____ COUNT II (a) ZIMMER LPS-FLEX ;

\_\_X\_\_\_\_ COUNT II (b) ZIMMER CR-FLEX;

_____ COUNT II (c) ZIMMER GSF LPS-FLEX;

_____ COUNT II (d) ZIMMER GSF CR-FLEX;

Case: 1:11-cv-05468 Document #: 431 Filed: 04/25/12 Page 5 of 9 PageID #:17734

| | |
|---|---|
| _____ | COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

| | |
|---|---|
| _____ | COUNT III (a) ZIMMER LPS-FLEX; |
| \_\_X\_\_\_\_ | COUNT III (b) ZIMMER CR-FLEX; |
| _____ | COUNT III (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT III (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT IV -NEGLIGENCE**

| | |
|---|---|
| _____ | COUNT IV (a) ZIMMER LPS-FLEX; |
| \_\_X\_\_\_\_ | COUNT IV (b) ZIMMER CR-FLEX; |
| _____ | COUNT IV (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT IV (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT V – NEGLIGENT MISREPRESENTATION**

| | |
|---|---|
| _____ | COUNT V (a) ZIMMER LPS-FLEX; |
| \_\_X\_\_\_\_ | COUNT V (b) ZIMMER CR-FLEX; |
| _____ | COUNT V (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT V (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VI – EXPRESS WARRANTY**

| | |
|---|---|
| _____ | COUNT VI (a) ZIMMER LPS-FLEX; |

| | |
|---|---|
| __X____ | COUNT VI (b) ZIMMER CR-FLEX; |
| _____ | COUNT VI (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VI (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VI – BREACH OF EXPRESS WARRANTY**

| | |
|---|---|
| _____ | COUNT VI (a) ZIMMER LPS-FLEX; |
| __X____ | COUNT VI (b) ZIMMER CR-FLEX; |
| _____ | COUNT VI (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VI (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VII – BREACH OF IMPLIED WARRANTY**

| | |
|---|---|
| _____ | COUNT VII (a) ZIMMER LPS-FLEX; |
| __X____ | COUNT VII (b) ZIMMER CR-FLEX; |
| _____ | COUNT VII (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VII (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VIII – REDHIBITION**

| | |
|---|---|
| _____ | COUNT VIII (a) ZIMMER LPS-FLEX; |
| _____ | COUNT VIII (b) ZIMMER CR-FLEX; |
| _____ | COUNT VIII (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VIII (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS; |

| | |
|---|---|
| _____ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT XI - SURVIVAL ACTION |
| __X____ | COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES: |
| | *Tenn. Code Ann. 47-18-109* |
| __X____ | COUNT XIII – UNJUST ENRICHMENT |
| __X____ | COUNT XIV – PUNITIVE DAMAGES |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: April 25, 2012.

7

Respectfully submitted,

/s/ Sheila M. Bossier
Sheila M. Bossier
**BOSSIER & ASSOCIATES, PLLC**
1520 North State Street
Jackson, MS 39202
Telephone: (601) 352-5450
Facsimile: (601) 352-5452

OF COUNSEL:

Richard A. Freese
Tim K. Goss
**FREESE & GOSS, PLLC**
Regions Harbert Center
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile: (205) 871-4104

David P. Matthews
**MATTHEWS AND ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

## CERTIFICATE OF SERVICE

I certify that on April 25, 2012, a copy of the foregoing *Plaintiffs' Short Form Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation* was served, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

>Peter Meyer
>Nicole Brett
>BAKER & DANIELS LLP
>Suite 800
>111 E. Wayne Street
>Fort Wayne, IN 46802

>/s/ Sheila M. Bossier
>Sheila M. Bossier