IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>**APPROVED FORM OF SHORT FORM COMPLAINT** |
| This applies to:<br><br>HARVEY BARRETT, JAMES BERRY, MARY KNOX, THOMAS ROSE, JANE ESSLINGER, AND PAULA PONOMASKY<br><br>Plaintiffs,<br><br>vs.<br><br>Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopedic Surgical Products, Inc.<br><br>Defendants. | **JURY TRIAL DEMAND**<br><br>Case No: 1:12cv1003 |

**APPROVED SHORT FORM COMPLAINT FOR**

**ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiff, JANE ESSLINGER, incorporates by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into

1

MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff, JANE ESSLINGER, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION,</u> MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff JANE ESSLINGER is a resident and citizen of Tennessee and claims damages as set forth below.

5. Plaintiff was born on July 8, 1956.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

6. Plaintiff was implanted with Zimmer NexGen® Knee devices on her left knee on or about March 14, 2007 at Summitt Medical Center by Dr. Michael Reid.

7. On or about March 14, 2007, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

__X___ Zimmer NexGen LPS-Flex

\_\_\_\_\_ Zimmer NexGen CR-Flex

\_\_\_\_\_ Zimmer NexGen GSF LPS-Flex

\_\_\_\_\_ Zimmer NexGen GSF CR-Flex

_X_\_\_\_ Zimmer NexGen MIS Tibia

8. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee devices on July 15, 2010 at Saint Thomas Hospital by Dr. Jeffrey Hodrick.

9. Plaintiff has suffered injuries as a result of implantation of the Zimmer NexGen® Knee devices manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

10. At the time of implantation with the Zimmer NexGen® Knee devices, the plaintiff resided at 404 Autumn Knoll Court, Hermitage, Tennessee.

11. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12. Plaintiff claims damages as a result of:

_X_ injury to herself/himself

\_\_\_ injury to the person represented

\_\_\_ wrongful death

\_\_\_ survivorship action

_X_\_ economic loss

_X_ loss of services

\_\_\_ loss of consortium

13. Neither Plaintiff nor her physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective devices, or as the facts dictate and produced in discovery.

14. As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

15. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number 5960-12-51 (Left) and lot number 60490058 and MIS tibia device bears catalog number 5950-27-01 and lot number 60317606.

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

16. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

_X_____    COUNT I (a) ZIMMER LPS-FLEX;

_____    COUNT I (b) ZIMMER CR-FLEX;

_____    COUNT I (c) ZIMMER GSF LPS-FLEX;

_____    COUNT I (d) ZIMMER GSF CR-FLEX;

_X_____    COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT II – STRICT LIABILITY FAILURE TO WARN**

_X___      COUNT II (a) ZIMMER LPS-FLEX ;

_____      COUNT II (b) ZIMMER CR-FLEX;

_____      COUNT II (c) ZIMMER GSF LPS-FLEX;

4

| | |
|---|---|
| _____ | COUNT II (d) ZIMMER GSF CR-FLEX; |
| \_\_X\_\_ | COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

| | |
|---|---|
| \_\_X\_\_\_\_ | COUNT III (a) ZIMMER LPS-FLEX; |
| _____ | COUNT III (b) ZIMMER CR-FLEX; |
| _____ | COUNT III (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT III (d) ZIMMER GSF CR-FLEX; |
| \_\_X\_\_\_\_ | COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT IV - NEGLIGENCE**

| | |
|---|---|
| \_\_X\_\_\_ | COUNT IV (a) ZIMMER LPS-FLEX; |
| _____ | COUNT IV (b) ZIMMER CR-FLEX; |
| _____ | COUNT IV (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT IV (d) ZIMMER GSF CR-FLEX; |
| \_\_X\_\_\_ | COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT V – NEGLIGENT MISREPRESENTATION**

| | |
|---|---|
| \_X\_\_\_\_\_ | COUNT V (a) ZIMMER LPS-FLEX; |
| _____ | COUNT V (b) ZIMMER CR-FLEX; |
| _____ | COUNT V (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT V (d) ZIMMER GSF CR-FLEX; |
| \_X\_\_\_\_ | COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VI – EXPRESS WARRANTY**

_X_____        COUNT VI (a) ZIMMER LPS-FLEX;

_____        COUNT VI (b) ZIMMER CR-FLEX;

_____        COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VI (d) ZIMMER GSF CR-FLEX;

_X_____        COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – BREACH OF EXPRESS WARRANTY**

_X_____        COUNT VI (a) ZIMMER LPS-FLEX;

_____        COUNT VI (b) ZIMMER CR-FLEX;

_____        COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VI (d) ZIMMER GSF CR-FLEX;

_X_____        COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VII – BREACH OF IMPLIED WARRANTY**

_X_____        COUNT VII (a) ZIMMER LPS-FLEX;

_____        COUNT VII (b) ZIMMER CR-FLEX;

_____        COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VII (d) ZIMMER GSF CR-FLEX;

_X_____        COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VIII – REDHIBITION**

_____        COUNT VIII (a) ZIMMER LPS-FLEX;

_____        COUNT VIII (b) ZIMMER CR-FLEX;

_____        COUNT VIII (c) ZIMMER GSF LPS-FLEX;

| | |
|---|---|
| _____ | COUNT VIII (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS; |
| _____ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT XI - SURVIVAL ACTION |
| \_\_X\_\_ | COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES: |
| | *Tenn. Code Ann. 47-18-109* |
| \_\_X\_\_ | COUNT XIII – UNJUST ENRICHMENT |
| \_\_X\_\_ | COUNT XIV – PUNITIVE DAMAGES |

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: April 25, 2012.

Respectfully submitted,

/s/ Sheila M. Bossier
Sheila M. Bossier
**BOSSIER & ASSOCIATES, PLLC**
1520 North State Street
Jackson, MS 39202
Telephone: (601) 352-5450
Facsimile: (601) 352-5452

OF COUNSEL:

Richard A. Freese
Tim K. Goss
**FREESE & GOSS, PLLC**
Regions Harbert Center
1901 6th Avenue North
Suite 3120
Birmingham, AL 35203
Telephone: (205) 871-4144
Facsimile: (205) 871-4104

David P. Matthews
**MATTHEWS AND ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

## CERTIFICATE OF SERVICE

I certify that on April 25, 2012, a copy of the foregoing *Plaintiffs' Short Form Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation* was served, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

>Peter Meyer
>Nicole Brett
>BAKER & DANIELS LLP
>Suite 800
>111 E. Wayne Street
>Fort Wayne, IN 46802

/s/ Sheila M. Bossier
Sheila M. Bossier