Daniel J. King, Esq.#115862
**LAW OFFICES OF DANIEL J. KING**
6320 Canoga Avenue, Suite 675
Woodland Hills, CA 91367
Tel.: (818) 587-9299
Fax: (866) 260-2160

Attorneys for Plaintiff,
**CAROL J. CONNORS**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | **Case No.** 2:12-cv-02112-DDP-JC |
| This applies to: | **MDL No. 2272** |
| CAROL J. CONNORS, | **PLAINTIFFS' FIRST AMENDED SHORT FORM COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION** |
| Plaintiff, | |
| vs. | |
| Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc., | (Approved Form of Short Form Complaint) |
| Defendants. | |

## APPROVED SHORT FORM COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

## INTRODUCTION AND GENERAL ALLEGATIONS

1. Plaintiff, CAROL J. CONNORS, incorporates by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability

1

1    Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant

2    to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the

3    following Short Form Complaint is approved for use in this action. Where Plaintiff's

4    Complaint was previously transferred into MDL 2272, this Short Form Complaint and

5    the incorporated Master Long Form Complaint shall serve as an amended Complaint.

6

7        2.   Plaintiff selects and indicates by checking off the appropriate spaces, those

8    products and claims that are specific to his or her case. Where certain claims require

9    specific pleadings or case specific facts and individual information, plaintiff shall add

10   and include them herein.

11

12       3.   Plaintiff, CAROL J. CONNORS, states and brings this civil action before the

13   Court for the United States District Court for the Northern District of Illinois as a related

14   action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS

15   LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint

16   as permitted and approved by Order of the MDL 2272 Court, and adopts and

17   incorporates by reference those allegations in the Plaintiffs' Master Long Form

18   Complaint and any and all amendments thereto.

19

20       4.   This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship

21   exists among and between the parties.

22

23       5.   Venue is proper under 28 U.S.C. §1391 as defendants named herein do

24   business within this district.

25

26       6.   Plaintiff, CAROL J. CONNORS is a resident and citizen of the State of

27   California, and claims damages as set forth below.

28

APPROVED SHORT FORM COMPLAINT( First Amended) - ZIMMER NEXGEN KNEE IMPLANT LITIGATION

7. Plaintiff was born on July 30, 1947.

8. Pursuant to the Transfer Order filed on or about August 8, 2011, signed by Chairman of the Panel on Multidistrict Litigation, the Hon. John G. Heyburn, II, consolidating Zimmer NexGen Knee claims in the United States District Court, Northern District of Illinois, designated MDL No. 2272, (the "Multidistrict Case"). Plaintiff requests that this case be transferred to the Northern District of Illinois in conformity with such Order.

9. Pursuant to the Order of the Hon. Rebecca R. Pallmayer, in the Multidistrict Case, Plaintiff files this Short Form Complaint, and attaches hereto, as **Exhibit 1**, a true and correct copy of the document entitled "Master Long Form Complaint and Jury Demand" filed on or about January 12, 2012 in MDL No. 2272 in the United States District Court, Northern District of Illinois, which document is incorporated herein by reference as if set forth at length.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

10. Plaintiff was implanted with a Zimmer NexGen® Knee devices on her right knee on or about June 23, 2007 at St. John's Health Center in Santa Monica, California hospital, by Walter R. O'Brien, M.D., an orthopedic surgeon, and was assisted by Peter G. Alexakis, M.D.

11. Since on implantation of the Zimmer NexGen® Knee devices on her right knee, Plaintiff has never achieved proper use and function of her right knee. In or about January, 2012, Plaintiff first became aware of the issues regarding the defects and deficiencies with the Zimmer NexGen® Knee devices. Prior to that time, notwithstanding the exercise of reasonable diligence on the part of the Plaintiff, Plaintiff did not know or have reason to suspect that the injuries and harm which resulted in the continuing problems she was

experiencing with her right knee joint were related to the Zimmer NexGen® Knee devices which had been implainted on her right knee, nor that the continuing problems that she was experienced were caused by the wrongdoing of the defendants as is more fully alleged herein and in the Master Long Form Complaint. As a direct and proximate result, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee devices:

_____ Zimmer NexGen LPS-Flex

__X__ Zimmer NexGen CR-Flex

_____ Zimmer NexGen GSF LPS-Flex

_____ Zimmer NexGen GSF CR-Flex

__X__ Zimmer NexGen MIS Tibia

12. Plaintiff has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee devices.

13. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee devices manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

14. At the time of implantation with the Zimmer NexGen® Knee devices, the plaintiff resided at 1515 Amherst Avenue, #103, Los Angeles, CA 90025.

15. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

16. Plaintiff claims damages as a result of:

4

_X_ injury to herself

___ injury to the person represented

___ wrongful death

___ survivorship action

_X_ economic loss

___ loss of services

___ loss of consortium

17.   Neither Plaintiff nor her  physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee devices any earlier than the evidence of loosening and/or other indication for planned revision of the defective devices, or as the facts dictate and produced in discovery.

18.   As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

19.   Plaintiff's Zimmer NexGen® Flex Knee devices implanted on Plaintiff's right knee are believed to bear catalog and lot numbers as follows:

a.   Catalog Number 5952-16-02; Lot Number 60553554 - CR-Flex Femoral Component - Porous;

b.   Catalog Number 5952-30-14; Lot Number 60292475 - Prolong™ Highly Crosslinked Polyethylene NexGen® Complete Knee Solution Cruicate Retaining (CR);

c.   Catalog Number 5982-37-02; Lot Number 60258877 - NexGen® Complete Knee Solution - Stemmed Tibial Component - Porous; and

5

APPROVED SHORT FORM COMPLAINT( First Amended) - ZIMMER NEXGEN KNEE IMPLANT LITIGATION

1      d.     REF Number 5972-66-32; Lot Number 60639659 - NexGen® Complete Knee

2               Solution - A.L. Poly Patella - Standard,

3

4  confirmation of which Catalog, Reference, and Lot Numbers is subject to proof upon

5  ascertainment and production of all medical records related to Plaintiff.

6

7                       **ALLEGATIONS AS TO DEFENDANTS**

8        **SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

9

10     20.   The following claims and allegation are asserted by Plaintiff and are herein

11  adopted by reference:

12  **COUNT I – STRICT LIABILITY DESIGN DEFECT**

13  _____    COUNT I (a) ZIMMER LPS-FLEX;

14  ......X......    COUNT I (b) ZIMMER CR-FLEX;

15  _____    COUNT I (c) ZIMMER GSF LPS-FLEX;

16  _____    COUNT I (d) ZIMMER GSF CR-FLEX;

17  ......X......    COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

18

19  **COUNT II – STRICT LIABILITY FAILURE TO WARN**

20  _____    COUNT II (a) ZIMMER LPS-FLEX ;

21  ......X......    COUNT II (b) ZIMMER CR-FLEX;

22  _____    COUNT II (c) ZIMMER GSF LPS-FLEX;

23  _____    COUNT II (d) ZIMMER GSF CR-FLEX;

24  ......X......    COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

25  **COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

26  _____    COUNT III (a) ZIMMER LPS-FLEX;

27  ......X......    COUNT III (b) ZIMMER CR-FLEX;

28

**APPROVED SHORT FORM COMPLAINT( First Amended) - ZIMMER NEXGEN KNEE IMPLANT LITIGATION**

1    _____ COUNT III (c) ZIMMER GSF LPS-FLEX;

2    _____ COUNT III (d) ZIMMER GSF CR-FLEX;

3    ......X....... COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

4

5 **COUNT IV -NEGLIGENCE**

6    _____ COUNT IV (a) ZIMMER LPS-FLEX;

7    ......X....... COUNT IV (b) ZIMMER CR-FLEX;

8    _____ COUNT IV (c) ZIMMER GSF LPS-FLEX;

9    _____ COUNT IV (d) ZIMMER GSF CR-FLEX;

10    ......X....... COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

11

12 **COUNT V – NEGLIGENT MISREPRESENTATION**

13    _____ COUNT V (a) ZIMMER LPS-FLEX;

14    ......X....... COUNT V (b) ZIMMER CR-FLEX;

15    _____ COUNT V (c) ZIMMER GSF LPS-FLEX;

16    _____ COUNT V (d) ZIMMER GSF CR-FLEX;

17    ......X....... COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

18

19 **COUNT VI – EXPRESS WARRANTY**

20    _____ COUNT VI (a) ZIMMER LPS-FLEX;

21    ......X....... COUNT VI (b) ZIMMER CR-FLEX;

22    _____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

23    _____ COUNT VI (d) ZIMMER GSF CR-FLEX;

24    ......X....... COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

25

26 **COUNT VI – BREACH OF EXPRESS WARRANTY**

27    _____ COUNT VI (a) ZIMMER LPS-FLEX;

28    ......X....... COUNT VI (b) ZIMMER CR-FLEX;

_____   COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VI (d) ZIMMER GSF CR-FLEX;

........X........   COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VII – BREACH OF IMPLIED WARRANTY

_____   COUNT VII (a) ZIMMER LPS-FLEX;

........X........   COUNT VII (b) ZIMMER CR-FLEX;

_____   COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VII (d) ZIMMER GSF CR-FLEX;

........X........   COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VIII – REDHIBITION

_____   COUNT VIII (a) ZIMMER LPS-FLEX;

_____   COUNT VIII (b) ZIMMER CR-FLEX;

_____   COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VIII (d) ZIMMER GSF CR-FLEX;

_____   COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

_____   COUNT IX – LOSS OF CONSORTIUM

_____   COUNT X – WRONGFUL DEATH

_____   COUNT IX – LOSS OF CONSORTIUM

_____   COUNT X – WRONGFUL DEATH

_____   COUNT XI - SURVIVAL ACTION

........X........   COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

[State]   California   and applicable statute: Business and Professions Code, §§21700, et seq.; and Civil Code, §§1770, et seq.

_____   COUNT XIII – UNJUST ENRICHMENT

........X........   COUNT XIV – PUNITIVE DAMAGES

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.  For compensatory damages requested and according to proof;

2.  For punitive or exemplary damages against Defendants;

3.  For all applicable statutory damages of the state whose laws will govern this action;

4.  For an award of attorney's fees and costs;

5.  For prejudgment interest and the costs of suit; and

6.  For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Respectfully submitted,

DATED: April 13, 2012         LAW OFFICES OF DANIEL J. KING

By _____

DANIEL J. KING, Attorneys for Plaintiff,
CAROL J. CONNORS

APPROVED SHORT FORM COMPLAINT( First Amended) - ZIMMER NEXGEN KNEE IMPLANT LITIGATION

## CERTIFICATE OF SERVICE

I certify that on April 13, 2012, a copy of the foregoing *Plaintiffs' First Amended*

*Short Form Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation*

was served upon:

Ryan McCoy, Esq.
FULBRIGHT & Jaworski L.L.P.
555 South Flower Street • Forty-First Floor
Los Angeles, California 90071

DATED: April 13, 2012        LAW OFFICES OF DANIEL J. KING

By _____
DANIEL J. KING, Attorneys for Plaintiff,
CAROL J. CONNORS

APPROVED SHORT FORM COMPLAINT( First Amended) - ZIMMER NEXGEN KNEE IMPLANT LITIGATION