# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272 <br><br> **SHORT FORM COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION** |
| *THIS APPLIES TO:* <br><br> *NORMAN JENKINS (1:12-cv-02857)* <br><br> Plaintiff, <br><br> vs. <br><br> Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc.; <br><br> Defendants. | **JURY TRIAL DEMAND** |

## APPROVED SHORT FORM COMPLAINT FOR
## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff Larry Giddings incorporates by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into

1

MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff Norman Jenkins, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff Norman Jenkins is a resident and citizen of Virginia and claims damages as set forth below.

5. ~~Plaintiff's Spouse _____, is a resident and citizen of [state] _____, and claims damages as a result of loss of consortium.~~ *[Cross out Spousal Claim if Not Applicable]*

6. Plaintiff was born on August 14, 1944.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] _____ of the [Estate of] _____. *[Cross out if Not Applicable]* A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## **ALLEGATIONS AS TO DEVICE(S) AND INJURIES**

8. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on his right knee on or about November 29, 2010 at Sentara Obici Hospital, by Dr. Anthony M. Bevilacqua.

9. On or about November 12, 2011, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

| | |
|---|---|
| **X** | Zimmer NexGen LPS Flex |
| ___ | Zimmer NexGen CR-Flex |
| ___ | Zimmer NexGen GSF LPS-Flex |
| ___ | Zimmer NexGen GSF CR-Flex |
| ___ | Zimmer NexGen MIS Tibia |

10. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on November 12, 2011, at Sentara Obici Hospital by Dr. Aaron L. Marlow.

11. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the

forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 612 City Park Avenue, Portmouth, VA 23701.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. Plaintiff claims damages as a result of:

| | |
|---|---|
| **X** | injury to himself |
| ___ | injury to the person represented |
| ___ | wrongful death |
| ___ | survivorship action |
| ___ | economic loss |
| ___ | loss of services |
| ___ | loss of consortium |

15. Neither Plaintiff nor his physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device (s), or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, he is entitled to recovery compensatory damages for pain and suffering and emotional distress, for physical impairment and for economic loss as well as punitive damages.

17. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number for LPS-FLEX Femoral component (00596401752), lot number (61627994); catalog number for LPS articular surface (00591607012), lot number (60959808) and catalog number for tibial component (00591608001), lot number (60849921).

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

### COUNT I – STRICT LIABILITY DESIGN DEFECT

**X**     COUNT I (a)   ZIMMER LPS-FLEX ;

_____     COUNT I (b)   ZIMMER CR-FLEX

_____     COUNT I (c)   ZIMMER GSF LPS-FLEX;

_____     COUNT I (d)   ZIMMER GSF CR-FLEX;

_____     COUNT I (e)   ZIMMER MIS TIBIAL COMPONENTS;

### COUNT II – STRICT LIABILITY FAILURE TO WARN

**X**     COUNT II (a)   ZIMMER LPS-FLEX ;

_____     COUNT II (b)   ZIMMER CR-FLEX

_____     COUNT II (c)   ZIMMER GSF LPS-FLEX;

_____     COUNT II (d)   ZIMMER GSF CR-FLEX;

_____     COUNT II (e)   ZIMMER MIS TIBIAL COMPONENTS;

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

__X__    COUNT III (a)  ZIMMER LPS-FLEX ;

_____    COUNT III (b)  ZIMMER CR-FLEX

_____    COUNT III (c)  ZIMMER GSF LPS-FLEX;

_____    COUNT III (d)  ZIMMER GSF CR-FLEX;

_____    COUNT III (e)  ZIMMER MIS TIBIAL COMPONENTS;


**COUNT IV – NEGLIGENCE**

__X__    COUNT IV (a)  ZIMMER LPS-FLEX ;

_____    COUNT IV (b)  ZIMMER CR-FLEX

_____    COUNT IV (c)  ZIMMER GSF LPS-FLEX;

_____    COUNT IV (d)  ZIMMER GSF CR-FLEX;

_____    COUNT IV (e)  ZIMMER MIS TIBIAL COMPONENTS;


**COUNT V – NEGLIGENT MISREPRESENTATION**

__X__    COUNT V (a)  ZIMMER LPS-FLEX ;

_____    COUNT V (b)  ZIMMER CR-FLEX

_____    COUNT V (c)  ZIMMER GSF LPS-FLEX;

_____    COUNT V (d)  ZIMMER GSF CR-FLEX;

_____    COUNT V (e)  ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

__X__      COUNT VI (a)  ZIMMER LPS-FLEX ;

_____      COUNT VI (b)  ZIMMER CR-FLEX

_____      COUNT VI (c)  ZIMMER GSF LPS-FLEX;

_____      COUNT VI (d)  ZIMMER GSF CR-FLEX;

_____      COUNT VI (e)  ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF EXPRESS WARRANTY**

__X__      COUNT VII (a)  ZIMMER LPS-FLEX ;

_____      COUNT VII (b)  ZIMMER CR-FLEX

_____      COUNT VII (c)  ZIMMER GSF LPS-FLEX;

_____      COUNT VII (d)  ZIMMER GSF CR-FLEX;

_____      COUNT VII (e)  ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – BREACH OF IMPLIED WARRANTY**

__X__      COUNT VIII (a)  ZIMMER LPS-FLEX ;

_____      COUNT VIII (b)  ZIMMER CR-FLEX

_____      COUNT VIII (c)  ZIMMER GSF LPS-FLEX;

_____      COUNT VIII (d)  ZIMMER GSF CR-FLEX;

_____      COUNT VIII (e)  ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IX – REDHIBITION**

__X__    COUNT IX (a)  ZIMMER LPS-FLEX ;

_____    COUNT IX (b)  ZIMMER CR-FLEX

_____    COUNT IX (c)  ZIMMER GSF LPS-FLEX;

_____    COUNT IX (d)  ZIMMER GSF CR-FLEX;

_____    COUNT IX (e)  ZIMMER MIS TIBIAL COMPONENTS;

**COUNT X – LOSS OF CONSORTIUM**

_____    COUNT X  LOSS OF CONSORTIUM

**COUNT XI – WRONGFUL DEATH**

_____    COUNT XI  WRONGFUL DEATH

**COUNT XII – SURVIVAL ACTION**

_____    COUNT XII SURVIVAL ACTION

**COUNT XIII – VIOLATION OF CONSUMER PROTECTION STATUTES:**

_____    COUNT XIII  VIOLATION OF CONSUMER PROTECTION STATUTES

(State) _____   And applicable statue: _____

**COUNT XIV – UNJUST ENRICHMENT**

__X__    COUNT XIV  UNJUST ENRICHMENT

**COUNT XV – PUNITIVE DAMAGES**

__X__    COUNT XV  PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]:_____

_____
_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: May 9, 2012

           Respectfully submitted,

           **FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP**

      By: */s/Russell S. Briggs*
           Russell S. Briggs
           State Bar No: 02987720
           Fibich, Hampton, Leebron, Briggs
             & Josephson, L.L.P.
           1150 Bissonnet Street
           Houston, TX 77005-1848
           (713) 751-0025
           (713) 751-0030 fax
           rbrigss@fhl-law.com

           **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on May 9, 2012, a copy of the foregoing *Plaintiff's Short Form Complaint for Zimmer Nexgen Knee Implant Products Liability Litigation* was filed electronically by using the CM/ECF system and was served, pursuant to waiver of service of summons process, F.R.C.P.4(d) upon:

Peter Meyer
FAEGRE, BAKER & DANIELS LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802

**FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP.**

By: */s/Russell S. Briggs*
Russell S. Briggs
State Bar No: 02987720
Fibich, Hampton, Leebron, Briggs
 & Josephson, L.L.P.
1150 Bissonnet Street
Houston, TX 77005-1848
(713) 751-0025
(713) 751-0030 fax
rbriggs@fhl-law.com

**ATTORNEYS FOR PLAINTIFF**