**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>This applies to:<br><br>Gary D. Evans and Kristy K. Evans,<br><br>Plaintiffs,<br><br>vs.<br><br>Zimmer, Inc., Zimmer Holdings, Inc., and Zimmer Orthopaedic Surgical Products, Inc,<br><br>Defendants. | MDL No. 2272<br><br>**APPROVED FORM OF SHORT FORM COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**APPROVED SHORT FORM COMPLAINT FOR**

**ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in *In Re: Zimmer NexGen Knee Implant Products Liability Litigation*, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiffs' Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiffs, Gary Dean Evans and Kristy Karla Evans, state and bring this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled *In Re: Zimmer Nexgen Knee Implant Products Liability Litigation*, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §139l as defendants named herein do business within this district.

4. Plaintiff Gary D. Evans is a resident and citizen of Idaho and claims damages as set forth below.

5. Plaintiffs Spouse Kristy K. Evans, is a resident and citizen of Idaho, and claims damages as a result of loss of consortium. *[Cross out Spousal Claim if Not Applicable]*

6. Plaintiff was born on XX/XX/1943.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] of the [Estate of] . *[Cross out if Not Applicable]* A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on his right knee on or about February 2, 2006 at West Valley Medical Center, by Dr. John Q. Smith.

9. On or about February 18, 2011, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

- ☐ Zimmer NexGen LPS-Flex
- ☒ Zimmer NexGen CR-Flex
- ☐ Zimmer NexGen GSF LPS-Flex
- ☐ Zimmer NexGen GSF CR-Flex
- ☐ Zimmer NexGen MIS Tibia

10. ~~Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on [date]      , at [hospital]      by Dr.~~ **or** ~~Plaintiff will be undergoing revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on or about [date] ,~~ **or** Plaintiff has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee device(s).

11. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided in Homedale, ID.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. Plaintiff claims damages as a result of:

- ☒ injury to herself/himself
- ☐ injury to the person represented

82960697.1               3

☐ wrongful death

☐ survivorship action

☒ economic loss

☒ loss of services

☒ loss of consortium

15. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17. Plaintiffs Zimmer NexGen® CR-Flex Knee device bears catalog number 00-5950-017-06 and lot number 60081406. ~~If unknown, [check] ☐ to be provided at or before service of Plaintiffs fact sheet~~.

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I - STRICT LIABILITY DESIGN DEFECT**

☐ COUNT I (a) ZIMMER LPS-FLEX;

☒ COUNT I (b) ZIMMER CR-FLEX;

☐ COUNT I (c) ZIMMER GSF LPS-FLEX;

☐ COUNT I (d) ZIMMER GSF CR-FLEX;

☐ COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II - STRICT LIABILITY FAILURE TO WARN**

☐ COUNT II (a) ZIMMER LPS-FLEX ;

☒ COUNT II (b) ZIMMER CR-FLEX;

☐ COUNT II (c) ZIMMER GSF LPS-FLEX;

☐ COUNT II (d) ZIMMER GSF CR-FLEX;

☐ COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT III - STRICT LIABILITY MANUFACTURING DEFECT**

☐ COUNT III (a) ZIMMER LPS-FLEX;

☒ COUNT III (b) ZIMMER CR-FLEX;

☐ COUNT III (c) ZIMMER GSF LPS-FLEX;

☐ COUNT III (d) ZIMMER GSF CR-FLEX;

☐ COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV · NEGLIGENCE**

☐ COUNT IV (a) ZIMMER LPS-FLEX;

☒ COUNT IV (b) ZIMMER CR-FLEX;

☐ COUNT IV (c) ZIMMER GSF LPS-FLEX;

☐ COUNT IV (d) ZIMMER GSF CR-FLEX;

☐ COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V - NEGLIGENT MISREPRESENTATION**

☐ COUNT V (a) ZIMMER LPS-FLEX;

☒ COUNT V (b) ZIMMER CR-FLEX;

☐ COUNT V (c) ZIMMER GSF LPS-FLEX;

☐ COUNT V (d) ZIMMER GSF CR-FLEX;

☐ COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI - EXPRESS WARRANTY**

☐ COUNT VI (a) ZIMMER LPS-FLEX;

☒ COUNT VI (b) ZIMMER CR-FLEX;

☐ COUNT VI (c) ZIMMER GSF LPS-FLEX;

☐ COUNT VI (d) ZIMMER GSF CR-FLEX;

☐ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI - BREACH OF EXPRESS WARRANTY**

☐ COUNT VI (a) ZIMMER LPS-FLEX;

☒ COUNT VI (b) ZIMMER CR-FLEX;

☐ COUNT VI (c) ZIMMER GSF LPS-FLEX;

☐ COUNT VI (d) ZIMMER GSF CR-FLEX;

☐ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII - BREACH OF IMPLIED WARRANTY**

☐ COUNT VII (a) ZIMMER LPS-FLEX;

☒ COUNT VII (b) ZIMMER CR-FLEX;

☐ COUNT VII (c) ZIMMER GSF LPS-FLEX;

☐ COUNT VII (d) ZIMMER GSF CR-FLEX;

☐ COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII - REDHIBITION**

☐ COUNT VIII (a) ZIMMER LPS-FLEX;

☐ COUNT VIII (b) ZIMMER CR-FLEX;

☐ COUNT VIII (c) ZIMMER GSF LPS-FLEX;

☐ COUNT VIII (d) ZIMMER GSF CR-FLEX;

☐ COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

☒ COUNT IX - LOSS OF CONSORTIUM

☐ COUNT X - WRONGFUL DEATH

☐ COUNT IX - LOSS OF CONSORTIUM

☐ COUNT X - WRONGFUL DEATH

☐ COUNT XI - SURVIVAL ACTION

☒ COUNT XII - VIOLATION OF CONSUMER PROTECTION STATUTES:

Idaho Code § 48-601 *et seq.*

☐ COUNT XIII - UNJUST ENRICHMENT

☒ COUNT XIV - PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]:

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

82960697.1

7

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: 05/09/2012

>Respectfully submitted,
>
> s/ *Holly H. Dolejsi*
>Vincent J. Moccio (#184640)
>Holly  H. Dolejsi (#0390110)
>ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
>2800 LaSalle Plaza
>800 LaSalle Avenue
>Minneapolis, MN 55402-2015
>(612) 349-8500
>vjmoccio@rkmc.com
>hhdolejsi@rkmc.com
>
>Attorney for Plaintiffs