## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272 |
| | **APPROVED FORM OF SHORT FORM COMPLAINT** |
| This applies to: | **JURY TRIAL DEMAND** |
| CORDA B. GADDY | |
| Plaintiff, | |
| vs. | |
| Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc.; and (if necessary): _____ _____ _____ | |
| Defendants. | |

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff incorporates by reference Plaintiff's Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form

Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1.      Plaintiff, Corda B. Gaddy, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2.      This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3.      Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4.      Plaintiff Corda B. Gaddy is a resident and citizen of Oklahoma and claims damages as set forth below.

5.      Plaintiff was born on April 28, 1937.

**ALLEGATIONS AS TO DEVICE(S) AND INJURIES**

6.      Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on her right knee on or about April 21, 2010 at St. John Medical Center, by Dr. John C. Balbas.

7.      Shortly after surgery, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

___X__ Zimmer NexGen LPS-Flex

_____ Zimmer NexGen CR-Flex

___X__ Zimmer NexGen GSF LPS-Flex

_____ Zimmer NexGen GSF CR-Flex

_____ Zimmer NexGen MIS Tibia

8.    Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on May 17, 2010, St. John Medical Center by Dr. John C. Balbas.

9.    Plaintiff underwent a third surgery to replace the defective Zimmer NexGen® Knee device(s) with a different Zimmer product on July 28, 2010.

10.    Plaintiff has suffered injuries as a result of implantation and revision/explanation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

11.    At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 108 East 483rd Road, Salina, OK 74365.

12.    The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

13.    Plaintiff claims damages as a result of:

__X_ injury to herself

___ injury to the person represented

___ wrongful death

___ survivorship action

___ economic loss

3

____ loss of services

____ loss of consortium

14.     Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

15.     As a result of the injuries Plaintiff sustained, he/she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

16.     Plaintiff's Zimmer NexGen® Flex Knee device catalog and lot numbers will be provided at or before service of Plaintiff's fact sheet..

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17.     The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

____X____     COUNT I (a) ZIMMER LPS-FLEX;

_____     COUNT I (b) ZIMMER CR-FLEX;

___X____     COUNT I (c) ZIMMER GSF LPS-FLEX;

_____     COUNT I (d) ZIMMER GSF CR-FLEX;

_____     COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

___X_____     COUNT II (a) ZIMMER LPS-FLEX ;

_____      COUNT II (b) ZIMMER CR-FLEX;

____X____      COUNT II (c) ZIMMER GSF LPS-FLEX;

_____      COUNT II (d) ZIMMER GSF CR-FLEX;

_____      COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

___X_____      COUNT III (a) ZIMMER LPS-FLEX;

_____      COUNT III (b) ZIMMER CR-FLEX;

___X_____      COUNT III (c) ZIMMER GSF LPS-FLEX;

_____      COUNT III (d) ZIMMER GSF CR-FLEX;

_____      COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV -NEGLIGENCE**

____X____      COUNT IV (a) ZIMMER LPS-FLEX;

_____      COUNT IV (b) ZIMMER CR-FLEX;

___X_____      COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____      COUNT IV (d) ZIMMER GSF CR-FLEX;

_____      COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

____X____      COUNT V (a) ZIMMER LPS-FLEX;

_____      COUNT V (b) ZIMMER CR-FLEX;

____X____      COUNT V (c) ZIMMER GSF LPS-FLEX;

_____      COUNT V (d) ZIMMER GSF CR-FLEX;

_____      COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

____X____      COUNT VI (a) ZIMMER LPS-FLEX;

_____      COUNT VI (b) ZIMMER CR-FLEX;

____X____      COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____      COUNT VI (d) ZIMMER GSF CR-FLEX;

_____      COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – BREACH OF EXPRESS WARRANTY**

____X____      COUNT VI (a) ZIMMER LPS-FLEX;

_____      COUNT VI (b) ZIMMER CR-FLEX;

___X____      COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____      COUNT VI (d) ZIMMER GSF CR-FLEX;

_____      COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VII – BREACH OF IMPLIED WARRANTY**

___X____      COUNT VII (a) ZIMMER LPS-FLEX;

_____      COUNT VII (b) ZIMMER CR-FLEX;

___X____      COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____      COUNT VII (d) ZIMMER GSF CR-FLEX;

_____      COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VIII – REDHIBITION**

____X____      COUNT VIII (a) ZIMMER LPS-FLEX;

_____      COUNT VIII (b) ZIMMER CR-FLEX;

___X_____     COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____     COUNT VIII (d) ZIMMER GSF CR-FLEX;

_____     COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

_____     COUNT IX – LOSS OF CONSORTIUM

_____     COUNT X – WRONGFUL DEATH

_____     COUNT XI - SURVIVAL ACTION

___X_____     COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

                   Oklahoma and applicable statute: 15 O.S. 751 et seq

___X_____     COUNT XIII – UNJUST ENRICHMENT

___X_____     COUNT XIV – PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: _____

_____

_____

_____

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For compensatory damages requested and according to proof;

2.     For punitive or exemplary damages against Defendants;

3.     For all applicable statutory damages of the state whose laws will govern this action;

4.     For an award of attorney's fees and costs;

5.     For prejudgment interest and the costs of suit; and

6.      For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

## ATTORNEY LIEN CLAIMED

Respectfully submitted,

/s/  Wilfred K Wright

Wright Law, PLC
P.O. Box 982
Claremore, OK 74018
(918) 341-1923 Telephone/Facsimile
re.9001@yahoo.com

## CERTIFICATE OF SERVICE

Please take notice that on May 11, 2012, I electronically filed the foregoing document

with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the

electronic case filing system of the Court.  Notice of this filing will be served on all parties of

record by operation of the ECF system and parties may access the filing through the ECF system.

A copy of the Short Form Complaint was served, pursuant to waiver of service of summons

process, F.R.C.P. 4(d) upon:

> Peter Meyer
> Baker & Daniels LLP
> Ste. 800
> 111 E. Wayne Street
> Fort Wayne, IN 46802

> Respectfully submitted,


> /s/ Wilfred K Wright

> _____

> Wilfred K Wright
> Oklahoma Bar #16349
> Wright Law PLC
> P.O. Box 982
> Claremore, OK 74018
> Telephone: 918.341.1923
> Facsimile: 918.341.1923
> re.9001@yahoo.com
> Attorney for Plaintiff Corda B. Gaddy