**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

-------------------------------------------------------------

IN RE:  ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS LIABILITY
LITIGATION

MDL No. 2272

**APPROVED FORM OF**
**SHORT FORM COMPLAINT**

This applies to:

Hugh Goldston

**JURY TRIAL DEMAND**

-----------------------------------------------------

Plaintiffs,

vs.

Zimmer, Inc., Zimmer Holdings, Inc.,
Zimmer Orthopaedic Surgical Products, Inc.;
and John Does 1-10

Defendants.

-------------------------------------------------------------

**APPROVED SHORT FORM COMPLAINT FOR**

**ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiff incorporates by reference Plaintiffs' Master Long Form Complaint in In Re:

Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12,

2012, as Document Number 211.  Pursuant to a Stipulated Order of the PSC in MDL 2272 and

Counsel for defendants, the following Short Form Complaint is approved for use in this action.

Where plaintiff's complaint was previously transferred into MDL 2272, this Short Form

Complaint and the incorporated Master Long Form Complaint shall serve as an amended

complaint.

1

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1.      Plaintiff Hugh Goldston ("Plaintiff") states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the plaintiffs' master long form complaint and any and all amendments thereto.

2.      This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3.      Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4.      Plaintiff Hugh Goldston is a resident and citizen of Utah and claims damages as set forth below.

5.      ~~Plaintiff's Spouse _____, is a resident and citizen of [state] _____, and claims damages as a result of loss of consortium. *[Cross out Spousal Claim if Not Applicable]*~~

6.      Plaintiff was born on May 2, 1948.

7.      ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] _____ of the [Estate of] _____. *[Cross out if Not Applicable]* A copy of the Letters of~~

~~Administration or other authority to proceed on behalf of the Estate, where required, is annexed~~
~~hereto if such letters are required for the commencement of such a claim by the Probate,~~
~~Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8.    Plaintiff was implanted with a Zimmer NexGen® Knee device ("Product")
on his right knee on or about December 11, 2008 at Alta View Medical Center, by Dr. Russell L.
Sorensen.

9.    Plaintiff suffered personal and economic injuries as a result of the
implantation of the following Zimmer NexGen® Knee device(s):

    _X_   Zimmer NexGen LPS-Flex

    _____   Zimmer NexGen CR-Flex

    _____   Zimmer NexGen GSF LPS-Flex

    _____   Zimmer NexGen GSF CR-Flex

    _____   Zimmer NexGen MIS Tibia

10.    Plaintiff underwent revision surgery with respect to the defective Zimmer
NexGen® Knee device(s) on December 13, 2010, at St. Mark's Hospital by Dr. Russell L.
Sorensen.

11.    Plaintiff has suffered injuries as a result of implantation and
revision/explantation of the Zimmer NexGen® Knee device manufactured by defendants as
described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery
provided to the defendants and/or obtained by the defendants through plaintiff's authorization
and are incorporated by reference herein.

12.    At the time of implantation with the Zimmer NexGen® Knee device(s),
the plaintiff resided at 3722 West Mapleleaf Way, West Jordan, Utah 84088.

13.    The defendants by their actions or inactions, proximately caused plaintiff's injuries.

14.    Plaintiff claims damages as a result of:

_X_ injury to himself

___ injury to the person represented

___ wrongful death

___ survivorship action

_X_ economic loss

___ loss of services

___ loss of consortium

15.    Neither plaintiff nor his physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device, or as the facts dictate and produced in discovery.

16.    As a result of the injuries plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17.    Plaintiff's Zimmer NexGen® Flex Knee device bears the following information:

a.    Tibial – Lot 61088548; EDI 00598004701; REF 5980-47-01

b.    Patellar – Lot 60958352; EDI 00597206632; REF 00-5972-066-32

c.    Femoral – Lot 60960294; EDI 00576401752; REF 00-5764-017-52

d.    Articular Surface – Lot 60711754; EDI 00596204217; REF 5962-42-17

**ALLEGATIONS AS TO DEFENDANTS**
**SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

18. The following claims and allegation are asserted by plaintiff and are herein adopted by reference:

### COUNT I – STRICT LIABILITY DESIGN DEFECT

___X___       COUNT I (a) ZIMMER LPS-FLEX;

_____       COUNT I (b) ZIMMER CR-FLEX;

_____       COUNT I (c) ZIMMER GSF LPS-FLEX;

_____       COUNT I (d) ZIMMER GSF CR-FLEX;

_____       COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT II – STRICT LIABILITY FAILURE TO WARN

___X___       COUNT II (a) ZIMMER LPS-FLEX ;

_____       COUNT II (b) ZIMMER CR-FLEX;

_____       COUNT II (c) ZIMMER GSF LPS-FLEX;

_____       COUNT II (d) ZIMMER GSF CR-FLEX;

_____       COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT III – STRICT LIABILITY MANUFACTURING DEFECT

___X___       COUNT III (a) ZIMMER LPS-FLEX;

_____       COUNT III (b) ZIMMER CR-FLEX;

_____       COUNT III (c) ZIMMER GSF LPS-FLEX;

_____       COUNT III (d) ZIMMER GSF CR-FLEX;

_____       COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

### COUNT IV -NEGLIGENCE

___X___       COUNT IV (a) ZIMMER LPS-FLEX;

_____ COUNT IV (b) ZIMMER CR-FLEX;

_____ COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____ COUNT IV (d) ZIMMER GSF CR-FLEX;

_____ COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

___X___ COUNT V (a) ZIMMER LPS-FLEX;

_____ COUNT V (b) ZIMMER CR-FLEX;

_____ COUNT V (c) ZIMMER GSF LPS-FLEX;

_____ COUNT V (d) ZIMMER GSF CR-FLEX;

_____ COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

___X___ COUNT VI (a) ZIMMER LPS-FLEX;

_____ COUNT VI (b) ZIMMER CR-FLEX;

_____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VI (d) ZIMMER GSF CR-FLEX;

_____ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – BREACH OF EXPRESS WARRANTY**

___X___ COUNT VI (a) ZIMMER LPS-FLEX;

_____ COUNT VI (b) ZIMMER CR-FLEX;

_____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VI (d) ZIMMER GSF CR-FLEX;

_____ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF IMPLIED WARRANTY**

___X___ COUNT VII (a) ZIMMER LPS-FLEX;

_____        COUNT VII (b) ZIMMER CR-FLEX;

_____        COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VII (d) ZIMMER GSF CR-FLEX;

_____        COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

_____        COUNT VIII (a) ZIMMER LPS-FLEX;

_____        COUNT VIII (b) ZIMMER CR-FLEX;

_____        COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____        COUNT VIII (d) ZIMMER GSF CR-FLEX;

_____        COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS

_____        COUNT IX – LOSS OF CONSORTIUM

_____        COUNT X – WRONGFUL DEATH

_____        COUNT XI - SURVIVAL ACTION

___X___        COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

                  Utah Code Ann. § 13-11-1 *et seq.*

___X___        COUNT XIII – UNJUST ENRICHMENT

___X___        COUNT XIV – PUNITIVE DAMAGES

PLAINTIFF ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION

COUNT XV – STRICT PRODUCT LIABILITY

Plaintiff brings strict product liability claims under the common law, Section 402A of the

Restatement of Torts (Second) and/or Restatement of Torts (Third) against defendants.

COUNT XVI – FRAUDULENT CONCEALMENT

a)   At all relevant times, defendants concealed or omitted material information regarding the Product's safety from consumers, including plaintiff, and the medical and orthopedic communities.

b)   Defendants knew, or were reckless in not knowing, that the Product posed significant risks of causing severe and permanent injuries, and elected not to advise the medical and orthopedic communities, plaintiff, or other consumers of the Product's risks, and consequently placed its profits above the safety of plaintiff and other consumers.

c)   In its representations, defendants fraudulently concealed dangers from consumers, including plaintiff.

d)   Defendants knew, or were reckless in not knowing, that the Product causes dangerous prosthetic loosening and other severe and permanent injuries.

e)   Defendants had sole access to material facts concerning the dangers and unreasonable risks of the Product.

f)   Defendants willfully concealed material information regarding the dangers of the Product to induce consumers, including plaintiff, to use the Product.  Defendants' concealment of the defective nature of the Product and its dangerous risks caused plaintiff to suffer damages.

g)   Defendants were under a duty to disclose to plaintiff, other consumers, and the medical and orthopedic communities the defective nature of the Product, and the risks and dangers associated with its use.

h) As a direct and proximate result of defendants' fraudulent concealment, plaintiff developed prosthetic loosening and was caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of developing other harmful conditions including additional surgeries.

i) In addition, defendants' conduct in the marketing, advertising, promotion, distribution, and sale of the Product was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as plaintiff, thereby entitling plaintiff to punitive damages so as to punish defendants and deter them from engaging in similar conduct in the future.

j) As a direct and proximate result of the fraudulent concealment of defendants' actions and/or inactions as set forth in this complaint, plaintiff was caused to suffer damages, including, but not limited to, pain, suffering, and loss of quality of life, loss of society and comfort, and to incur related expenses, including, but not limited to, prescription medicines; medical, hospital, and nursing costs; loss of earnings; and/or other costs as proof will show, and the plaintiff demands all damages to which the plaintiff is entitled under the law and in an amount deemed fair and reasonable, including interest, costs, attorneys' fees, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against defendants;

3. For all applicable statutory damages of the state whose laws govern this action;

4. For an award of attorneys' fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: May 17, 2012                    KESLER & RUST, P.C.


                                       /s/  Douglas E. Griffith
                                       Douglas E. Griffith

                                       KESLER & RUST, P.C.
                                       68 South Main Street, Second Floor
                                       Salt Lake City, Utah 84101
                                       Telephone: (801) 532-8000
                                       Facsimile:  (801) 531-7965
                                       Email:          dgriffith@keslerrust.com
                                                       agrundvig@keslerrust.com

                                       and

                                       Timothy J. Becker, Esq. (#256663)
                                       Stacy K. Hauer, Esq. (#317093)
                                       Johnson Becker, PLLC
                                       33 South 6th Street, Suite 4530
                                       Minneapolis, MN  55402
                                       Telephone:  612-436-1800
                                       Fax:  612-436-1801
                                       Email:  tbecker@johnsonbecker.com
                                               shauer@johnsonbecker.com

                                       *Counsel for Plaintiff Hugh Goldston*

## CERTIFICATE OF SERVICE

I certify that on May 17, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the Court.

I further certify that on May 17, 2012, I served via email a copy of the foregoing *Approved Form of Short Form Complaint* was served via email, pursuant to waiver of service of summons process, F.R.C.P. 4(d), upon:

Peter Meyer, Esq.
BAKER & DANIELS LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802
Email:  peter.meyer@faegrebd.com


/s/ Douglas E. Griffith
PLAINTIFF COUNSEL SIGNATURE BLOCK