# EXHIBIT 2

**Exhibit 2 – Paragraphs from Master Complaint
<u>referenced on page 11 in footnote 5 of Zimmer's reply</u>**

100.  Zimmer actively marketed to doctors and the public that the Zimmer Devices were safe and effective total knee prosthesis.

146.  Despite its knowledge of the serious injuries associated with use of the Zimmer NexGen High-Flex Knee, Defendants engaged in a marketing and advertising program which falsely and deceptively sought to create the image and impression that the use of the Zimmer NexGen Flex Knee was safe.

168 (*et al.*).  The [*NexGen*® Flex] was "defective" and "unreasonably dangerous" when it entered the stream of commerce and was received by Plaintiffs, because it was dangerous to an extent beyond that which would be contemplated by the ordinary consumer.

172 (*et al.*).  The [*NexGen*® Flex] was not reasonably safe due to defective design, because the foreseeable risks of harm posed by the device were sufficiently greater than its foreseeable therapeutic benefits, such that reasonable healthcare providers, knowing of such foreseeable risks and lack of therapeutic benefits, would not prescribe the device for any class of patients.

174 (*et al.*).  The [*NexGen*® Flex] is defective in design because of its propensity to loosen and cause patients unnecessary pain and repeat surgical procedures requiring revision resulting in additional bone loss.

175 (*et al.*).  The [*NexGen*® Flex] is defective in design because the increased risk for failure requiring revision surgery is unreasonably greater than other knee implants such as the [standard *NexGen*®].  The [*NexGen*® Flex] offers no clinical benefit over the traditional [*NexGen*®] or the standard tibial component that compensates in whole or part for the increased risk.

181 (*et al.*).  As a direct and proximate result of Defendants' wrongful conduct, including the defective and dangerous design and inadequate warnings of the [*NexGen*® Flex], Plaintiffs have sustained and will continue to sustain severe and debilitating injuries, economic loss, and other damages including, but not limited to, cost of medical care, rehabilitation, lost income, permanent instability and loss of balance, immobility, and pain and suffering, for which they are entitled to compensatory and equitable damages and declaratory relief in an amount to be proven at trial.

341(f) (*et al.*).  Defendants breached their duty of reasonable care to Plaintiffs by failing to exercise due care under the circumstances as follows … f. Failing to notify and warn the public including Plaintiffs of reported incidents involving injury, etc., and the negative health effects attendant to the use of the [*NexGen*® Flex], thus misrepresenting the safety of the product;

386 (*et al.*).  Defendants failed to disclose material facts regarding the safety and efficacy of the [*NexGen*® Flex], including information regarding increased risk of failure, harmful side-effects, increased risk of revision surgery and results of peer reviewed studies showing an increased risk

of revision with little to no clinical benefit over the comparable [standard *NexGen*®] and standard tibial components.

430 (*et al.*). Defendants advertised, labeled, marketed and promoted the [*NexGen*® Flex], representing the quality to health care professionals, the FDA, Plaintiffs, and the public in such a way as to induce its purchase or use, thereby making an express warranty that the [*NexGen*® Flex] would conform to the representations. More specifically, Defendants represented that the [*NexGen*® Flex] was safe and effective, that it was safe and effective for use by individuals such as Plaintiffs, and/or that it was safe and effective to treat Plaintiffs' condition.

603. Defendant's misrepresentations included knowingly withholding material information from the medical community and the public, including the Plaintiff herein, concerning the safety and efficacy of the subject product.