UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

**DEFENDANTS' MEMORANDUM CONCERNING ZIMMER'S CONTACT WITH AND USE OF TREATING PHYSICIANS AS DEFENSE EXPERTS**

Zimmer would like to communicate with and possibly retain as experts one or more surgeons who, by coincidence, have also treated patients who are plaintiffs in cases consolidated into this MDL. No relevant law prohibits such an engagement, and Zimmer would not consult with them about any plaintiff who may be their patient. The Plaintiffs argue that Zimmer may not speak outside the formal discovery process with anyone who Zimmer knows has treated a plaintiff.

Plaintiffs' view of the law is incorrect and would unnecessarily deprive Zimmer of access to prominent consulting physicians. Zimmer respectfully requests that the Court enter an order governing contact with and retention of treating physicians as defense experts in this MDL.

**A.    State Laws Place Some Restrictions On The Parties' Contact With Treating Physicians, But Those Should Not Control Zimmer's Retention Of Experts And Would Not Prohibit The Contact That Zimmer Seeks.**

Given the sheer number of plaintiffs in this MDL, it is not surprising that in the course of consulting potential experts, Zimmer will happen to communicate with a surgeon who may have treated a plaintiff in this matter. Indeed, it has happened already: Dr. Aaron Rosenberg, a

prominent Chicago orthopaedic surgeon with whom Zimmer has a longstanding relationship, was the implanting surgeon for at least two plaintiffs in this MDL.[1]

In recognition of the doctor-patient relationship, some state statutes prohibit the disclosure of confidential patient information without the patient's consent.  *See e.g.* Ill. Comp. Stat. 5/8-802 (2011) ("No physician or surgeon shall be permitted to disclose any information he or she may have acquired in attending any patient in a professional character," with exceptions including waiver when the patient has brought an action in which the patient's physical or mental condition is an issue).  Zimmer seeks no departure from that rule.

Those statutes, however, do not govern this issue.  In a diversity case such as this, federal procedural law should control the parties' contact with witnesses.  Under Fed. R. Evid. 501, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  But federal procedural law determines the parties' contact with witnesses, and "the right to conduct such interviews is taken for granted as a matter of federal procedure."  *Patton v. Novartis Consumer Health, Inc.,* No. 4:02-CV-0047, 2005 WL 1799509, at *3 (S.D. Ind. July 25, 2005, Hamilton, J.) (holding that defense counsel was entitled to interview treating physicians).  *See also In re Aredia and Zometa Products Liability Litigation,*  No. 3:06-MD-1760, 2008 WL 8576167, at *2 (M.D. Tenn. Jan. 17, 2008) (stating that the Federal Rules of Civil Procedure give the court discretion whether to allow ex parte conferences with a plaintiff's own treating physician, and considering state law as a matter of comity).  In fact, *Patton* went further than

---

[1] Dr. Rosenberg was a member of the CR-Flex and Gender design teams and has previously been retained by Zimmer as an expert in other litigation.  Zimmer has stopped communicating with Dr. Rosenberg pending the Court's ruling on this issue.

Zimmer proposes to go here, allowing defense counsel to interview treating physicians about the physicians' own patients.

B. **Even Illinois Law Allows Zimmer To Communicate With A Treating Physician About Topics Other Than His Or Her Treatment Of Any Particular Patient.**

Even if those statutes did govern this issue in this MDL, they would not prohibit Zimmer from speaking with physicians about patients they did not treat. Under Illinois law, for example, the case of *Petrillo v. Syntex Laboratories, Inc.*, 499 N.E.2d 952 (Ill. Ct. App. 1986) (claims against the maker of infant formula) discusses the privilege in the context of defense counsel's ex parte communication (that is, communication outside the process of formal discovery) *with a plaintiff's treating physician*. The trial court in *Petrillo* barred defense counsel from ex parte communications with any of the plaintiffs' treating physicians. The Illinois Court of Appeals affirmed, prohibiting the "extra-judicial, ex parte discussion of a patient's medical confidences" between defense counsel and a plaintiff's treating physician. *Id.* at 588. The court found that a plaintiff who files suit implicitly consents to the physician's release of certain medical information, but only through the channels of discovery.[2]

Neither *Petrillo* nor any other case, to Zimmer's knowledge, prohibits Zimmer's counsel from contacting a physician to discuss matters other than a plaintiff's own case.

Barring communication with any doctor who has ever treated a plaintiff is not necessary to protect patient confidences. There can be no disclosure of patient confidences where Zimmer communicates with a doctor only about issues other than that physician's treatment of a particular patient. Zimmer should be free to consult with potential experts about his or her

---

[2] A recent New Jersey case supports Zimmer's position, reversing the trial court's denial of defendants' right to interview treating physicians about cases not involving the physician's patient. "[O]ur mass tort procedures for managing coordinated litigation will unfairly hinder defendants' right to defend lawsuits such as these if plaintiffs as a group may engage as experts any qualified physicians with knowledge and experience but defendants may not." *See In re Pelvic Mesh/Gynecare Litigation*, No. A-5685-10T4 (June 1, 2012) (attached as Ex. A).

3

general knowledge and experience, as well as about specific cases that are filed by non-patients. Under these circumstances, the physician would not have, and so could not reveal, confidential patient information that the fiduciary duty protects as to those non-patients.[3] *See Tomasovic v. Am. Honda Motor Co., Inc.*, 525 N.E.2d 1111, 1118 (Ill. App. 1988) (pretrial communication between defense counsel and physician intern who testified for the defendant did not violate *Petrillo* where physician was not a treating physician in possession of any confidential information but rather, testified as a person to whom plaintiff made an admission).

Moreover, unlike *Petrillo* where confidential information was divulged during discovery to parties who otherwise would not possess the information absent the disclosure, the information to be discussed with experts would consist, in large part, of information *belonging to Zimmer about a Zimmer device*.

Just as important, the blanket prohibition plaintiffs favor would cause unfair prejudice to Zimmer – including a disqualification of important experts, some of whom have the most experience with a device at issue. Physicians would be disqualified even if the plaintiff saw the physician years ago or only to obtain a second opinion. Any already-retained physician would be at risk of sudden disqualification whenever a new patient-plaintiff brought suit. Indeed, disqualifying a physician from participating in a case involving another physician's patient only because the lawsuits have been coordinated in an MDL runs contrary to the very goals of efficiency that coordination is intended to promote.

---

[3] Additionally, "[a]lthough a patient/plaintiff may prevent ex parte conference with treating physicians, there is no proprietary interest in the testimony of a treating physician and plaintiff has no right to prevent a treating physician from testifying as to opinions in a deposition or in court, regardless of whether those opinions run counter to plaintiffs' theory of the case." *Tucker v. John R. Steele and Assoc., Inc.*, No. 93 C 1268, 1994 WL 127246, at *3 (N.D. Ill. April 12, 1994). A plaintiff cannot silence the treating physician's opinions in his or her own case, and so should not be allowed to do so in another's case.

4

C.   **This Court Should Set The Ground Rules For Contact With Physicians As Other MDL Courts Have Done.**

Courts in other mass-tort proceedings have agreed that fairness dictates that Zimmer be permitted to retain treating physicians as defense experts, with certain safeguards in place. *See e.g., In re Seroquel Prods. Liab. Litig.*, No. 6:06-MDL-1769-ACC-DAB, 2008 WL 821889, at *3-5 (M.D. Fla. Mar. 21, 2008) (attached as Ex. B); *In re Prempro Prods. Liab. Litig.,* No. 4:03CV1507WRW, D.E. 942 at 1 (W.D. Ark. Dec. 7, 2005) (attached as Ex. C); *Accord In Re Minnesota Penile Prosthesis Litig.*, No. PI 97-11183 (Hennepin County, Minn. May 11, 1998) (defendants permitted to retain treating physicians as expert witnesses for defendants in state court MDL, despite state law regarding physician-patient privilege and ex parte contact) (attached as Ex. D).

In its proposed order, Zimmer proposes certain measures to protect the physician-patient privilege – measures taken from the orders in the *Seroquel* and *Prempro Products Liability Litigations*. The proposed order (a) precludes Zimmer from engaging in ex parte communications with a physician-expert about any of his or her patients involved in the MDL; (b) prevents Zimmer from using a physician as a consulting or testifying expert in a case where that physician's present or former patient is a plaintiff in that particular case; and (c) requires Zimmer, before having any substantive communication with a prospective physician-expert, to provide the treating physician a copy of the order and to secure the treating physician's written acknowledgment of the Memorandum to Physicians.

D.   **Conclusion**

Zimmer respectfully requests that the Court enter the attached order confirming Zimmer's right to meet with physicians about their possibly consulting or testifying as defense experts in

5

cases brought by plaintiffs whom the physicians have not treated, subject to the safeguards proposed by Zimmer.

                Respectfully submitted,

Dated: June 4, 2012            FAEGRE BAKER DANIELS LLP

/s/ Joseph H. Yeager, Jr.
Joseph H. Yeager, Jr. (Ind. State Bar #2083-49)
Andrea Roberts Pierson (Ind. State Bar #18435-49-A)
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-0300
Fax: (317) 237-1000
Email: jay.yeager@faegrebd.com
apierson@faegrebd.com

J. Stephen Bennett (Ill. State Bar #6226615)
111 East Wayne Street, Suite 800
Fort Wayne, IN 46802-2600
Telephone: (260) 424-8000
Fax: (260) 460-1700
Email: stephen.bennett@faegrebd.com

*Attorneys for Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Surgical, Inc., f/k/a Zimmer Orthopaedic Surgical Products, Inc., Wilson/ Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., Zimmer US, Inc., and Zimmer Production, Inc.*

6

**CERTIFICATE OF SERVICE**

I certify that on June 4, 2012, a copy of the foregoing Defendants' Memorandum Concerning Zimmer's Contact With And Use Of Treating Physicians As Defense Experts was filed electronically. Parties may access this filing through the Court's system.

/s/ Joseph H. Yeager, Jr.