**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

IN RE: ZIMMER NEXGEN KNEE          MDL NO. 2272
IMPLANT PRODUCTS LIABILITY
LITIGATION

This applies to:
WARREN BEHRENS and TERRI BEHRENS

        Plaintiffs,

                                      JURY TRIAL DEMANDED

    vs.

Zimmer, Inc., Zimmer Holdings, Inc.,
Zimmer Orthopaedic Surgical Products, Inc.;
And (if necessary):

        Defendants.

---

APPROVED SHORT FORM COMPLAINT FOR
ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

     Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

     Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff, Warren Behrens is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. § 1332, as diversity of citizenship exist among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff, Warren Behrens is a resident and citizen of New Jersey and claims damages as set forth below.

5. Plaintiff's Spouse Terry Behrens, is a resident and citizen of the state of New Jersey and claims damages as a result of loss of consortium.

6. Plaintiff was born on 12/25/1953.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other]_____ of the [Estate of]_____ [Cross out if Not Applicable] A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8. Plaintiff was implanted with a Zimmer NexGen Knee device in his right knee on or about Ocotber 19, 2007 Saint Barnabas Hospital in Long Branch, NJ. The surgery was performed by Dr. David L. Chalnick and Dr. Anthony Avery.

9. Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen Knee device(s):

    X    Zimmer NexGen LPS-Flex

____Zimmer Nex Gen CR-Flex

____ Zimmer NexGen GSF LPS-Flex

____Zimmer NexGen GSF CR-Flex

    X    Zimmer NexGen MIS Tibia

10. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen Knee devices on 2/13/12 and 5/14/12. The revision surgeries were performed by Dr. David Chalnick, M.D.

11. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen Knee devices manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with Zimmer NexGen Knee devices, the plaintiff resided at 21 Butternut Lane, Bayville, NJ 08721.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. Plaintiff claims damages as a result of:

    X    injury to herself/himself

____ injury to the person represented

____ wrongful death

____ survivorship action

        X     economic loss

        X     loss of services

        X     loss of consortium

15. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective devices, or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17. Plaintiff's Zimmer NexGen Flex Knee devices bear catalog numbers 00-1112-140-01.

ALLEGATIONS AS TO DEFENDANTS SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18. The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference:

COUNT I—STRICT LIABILTY DESIGN DEFECT

    X   COUNT I (a) Zimmer NexGen LPS-Flex

    ____COUNT I (b) Zimmer NexGen CR-Flex

    ____COUNT I (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT I (d) Zimmer NexGen GSF CR-Flex

    X   COUNT I (e) Zimmer NexGen MIS Tibia

COUNT II—STRICT LIABILITY FAILURE TO WARN

    Case: 1:11-cv-05468 Document #: 536 Filed: 07/03/12 Page 5 of 8 PageID #:20272

      X    COUNT II (a) Zimmer NexGen LPS-Flex

    ____COUNT II (b) Zimmer Nex Gen CR-Flex

    ____COUNT II (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT II (d) Zimmer NexGen GSF CR-Flex

      X    COUNT II (e) Zimmer NexGen MIS Tibia

COUNT III—STRICT LIABILITY MANUFACTURING DEFECT

      X    COUNT III (a) Zimmer NexGen LPS-Flex

    ____COUNT III (b) Zimmer Nex Gen CR-Flex

    ____COUNT III (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT III (d) Zimmer NexGen GSF CR-Flex

      X    COUNT III (e) Zimmer NexGen MIS Tibia

COUNT IV—NEGLIGENCE

      X    COUNT IV (a) Zimmer NexGen LPS-Flex

    ____COUNT IV (b) Zimmer Nex Gen CR-Flex

    ____COUNT IV (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT IV (d) Zimmer NexGen GSF CR-Flex

      X    COUNT IV (e) Zimmer NexGen MIS Tibia

COUNT V—NEGLIGENT MISREPRESENTATION

      X    COUNT V (a) Zimmer NexGen LPS-Flex

    ____COUNT V (b) Zimmer Nex Gen CR-Flex

    ____COUNT V (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT V (d) Zimmer NexGen GSF CR-Flex

      X    COUNT V (e) Zimmer NexGen MIS Tibia

COUNT VI—BREACH OF EXPRESS WARRANTY

    X    COUNT VI (a) Zimmer NexGen LPS-Flex

    ____COUNT VI (b) Zimmer Nex Gen CR-Flex

    ____COUNT VI (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT VI (d) Zimmer NexGen GSF CR-Flex

    X    COUNT VI (e) Zimmer NexGen MIS Tibia

COUNT VII—BREACH OF IMPLIED WARRANTY

    X    COUNT VII (a) Zimmer NexGen LPS-Flex

    ____COUNT VII (b) Zimmer Nex Gen CR-Flex

    ____COUNT VII (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT VII (d) Zimmer NexGen GSF CR-Flex

    X    COUNT VII (e) Zimmer NexGen MIS Tibia

COUNT VIII—REDHIBITION

    X    COUNT VIII (a) Zimmer NexGen LPS-Flex

    ____COUNT VIII (b) Zimmer Nex Gen CR-Flex

    ___COUNT VIII (c) Zimmer NexGen GSF LPS-Flex

    ____COUNT VIII (d) Zimmer NexGen GSF CR-Flex

    X    COUNT VIII (e) Zimmer NexGen MIS Tibia

    X    COUNT IX Loss of Consortium

    ____ COUNT X Wrongful Death

    ____COUNT XI  Survival Action

    X     COUNT XII Violation of Consumer Protection Statutes:

        New Jersey Consumer Protection Statute

  X  COUNT XIII Unjust Enrichment

  X  COUNT XIV Punitive Damages

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an ward of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

### JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

      Respectfully submitted,
      **EDELSTEIN MARTIN & NELSON**
      BY: __pkj4003__
      **PETER K. JANCZYK, ESQUIRE**
      **Attorney ID# 201657**
      **Attorney for Plaintiff**
      **123 S. Broad Street, Suite 1800**
      **Philadelphia, PA  19109**
      **(215) 731-9900**

CERTIFICATE OF SERVICE

      I hereby certify that on July 3, 2012 , I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the Court.

      /s/ Peter K. Janczyk