# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____
IN RE: ZIMMER NEXGEN KNEE IMPLANT     )
PRODUCTS LIABILITY LITIGATION          )     MDL NO. 2272
                                       )
_____)
This Document Relates To:              )
                                       )     Docket No.: 1:11-cv-05488
James Krammes and Deborah Krammes, h/w )
Plaintiffs                             )
                                       )     Judge Rebecca R. Pallmeyer
v.                                     )
                                       )
ZIMMER, INC., et al., Defendants.      )
_____)

# **ORDER**

     AND NOW, this_____ day of _____ , 2012, it is hereby

**ORDERED** and **DECREED** that the attached Motion for Leave to File an Amended Short Form

Complaint is **APPROVED**, and the Clerk shall file the appended Amended Complaint forthwith.

                               BY THE COURT:

                               _____
                               REBECCA R. PALLMEYER
                               United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION ) ) ) ) This Document Relates To: ) ) ) James Krammes and Deborah Krammes h/w ) Plaintiffs ) ) ) v. ) ) ZIMMER, INC., et al., Defendants. ) ) | MDL NO. 2272<br><br>Docket No.: 1:11-cv-05488<br><br>Judge Rebecca R. Pallmeyer |

---

## PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED SHORT FORM COMPLAINT

---

Plaintiffs, James Krammes and Deborah Krammes, h/w, hereby move this Court for leave to file an Amended Short Form Complaint pursuant to Federal Rule of Civil Procedure 15(a). In support thereof, Plaintiffs, through their undersigned counsel, state the following:

1. On May 16, 2011, Plaintiffs initiated this action by way of filing a Complaint in the United States District Court for the Middle District of Pennsylvania. Plaintiffs' claim arises from the implantation of a defective prosthetic knee implant designed, manufactured, sold, and distributed by Defendants.

2. On July 14, 2011, Defendants moved to dismiss certain counts of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

3. Plaintiffs filed their Opposition to Defendants' Motion to Dismiss on August 4, 2011.

- 2 -

4. On August 8, 2011, the United States Judicial Panel on Multi-District Litigation transferred this action to this Honorable Court. *See* Transfer Order to MDL No. 2272.

5. On October 31, 2011, Plaintiffs filed a Motion for Leave to File Amended Complaint, which was granted by this Court in an Order dated 11/10/2011 where the Court stated "Plaintiffs' motion for leave to file Amended Complaint [20] granted, but the court anticipates the prompt filing by Lead Counsel of a consolidated master complaint following negotiations with defense counsel to eliminate the need for motion practice." Dkt. 1:11-cv-05488, Doc. #22.

6. On January 12, 2012, Plaintiffs filed a Master Long Form Complaint and Jury Demand ("Master Complaint"). Dkt. 1:11-cv-05468, Doc. #211.

7. On February 27, 2012 Zimmer filed a Motion to Dismiss, in part, Master Long Form Complaint and Jury Demand, including Count III (e) Strict Liability Manufacturing Defect for the MIS Tibial Components. Dkt. 1:11-cv-05468, Doc. #285.

8. On March 23, 2012, this Court signed the Stipulated Order by Agreement re: Short Form Complaint and Short Form Complaint Procedure wherein it was so order that, "All plaintiffs in cases pending in MDL No. 2272 as of February 27, 2012, shall either file a completed Short Form Complaint, or show cause how they would be compromised by doing so, by march 28, 2012." Dkt. 1:11-cv-05468, Doc. #277.

9. Plaintiffs seek to adopt the Master Complaint with respect to the counts identified in the attached Krammes Short Form Complaint and to Amend the complaint to add an additional count, COUNT XV – Strict Liability Manufacturing Defect. See Exhibit (Ex.) A, Krammes Short Form Complaint.

10. Plaintiffs additional count to the Amended Short Form Complaint sets forth specific allegations regarding a March 10, 2010 FDA recall involving a manufacturing defect of Zimmer's NexGen MIS Trabecular Metal Technology Tibial Tray.

11. This product was recalled because the titanium portion of the implant was separating from the trabecular metal material causing the device to break apart while inside the patient's knee.

12. Plaintiff, James Krammes, received one of these recalled MIS Trabecular Metal Technology Tibial Trays and at the time of his revision surgery it was discovered that the trabecular metal coating on the back of the tibial plate had delaminated and separated apart from the metal tray.

13. The instant case is unique in that the MIS trabecular metal tray tibial component has a design defect, warning defect and a manufacturing defect. While Zimmer has not moved to dismiss the causes of action for design defect (Count I (e)) or warning defect (Count II (e)) for the MIS tibial components, they have moved to dismiss the cause of action for manufacturing defect (Count III (e)) for the MIS tibial components.

14. Plaintiff James Krammes would be compromised by adopting COUNT III (e) Strict Liability Manufacturing Defect of the Master Complaint because it does not contemplate the manufacturing defect specific to the MIS trabecular metal tibial tray. While all the other theories of liability and allegations for this MIS tibial tray are sufficiently set forth in the Master Complaint under the allegations and theories for the MIS tibial components[1], the cause of action

---

[1] Also pending before the Court is a Motion for Suggestion of Remand filed by Zimmer wherein they request that the Court remand this action. Plaintiffs will fully set forth in detail their position as to why this case is appropriately in the MDL and should not be remanded in Plaintiffs Response to Defendants Motion for Suggestion of Remand.

- 4 -

- 5 -

asserting manufacturing defect is unique and specific to the defects laid out in the recall of the tibial plate that Plaintiff received.

15. Therefore, Plaintiff moves this court to grant leave to file the attached Amended Short Form Complaint that adds an additional manufacturing defect cause of action which sets for specific allegations and facts relating to the MIS tibial component received by the Plaintiff and the recall for that component.

16. In accordance with Rule 15, this Court should grant Plaintiffs' Motion for Leave to File an Amended Short Form Complaint. Moreover, Defendants do not oppose the instant motion. Plaintiffs agree that this motion and the proposed amendment are without prejudice to Zimmer's position and arguments as to why this case should not be part of the MDL as set forth in their Motion for Suggestion of Remand as it relates to this matter.

17. Attached hereto as Exhibit "A" is a copy of Plaintiffs' proposed Amended Short Form Complaint.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs leave to file an Amended Short Form Complaint.

                                Respectfully submitted,

                                **ANAPOL, SCHWARTZ, WEISS,
                                  COHAN FELDMAN & SMALLEY, P.C.**

By:  */s/ James R. Ronca*
       James R. Ronca, Esq.
       Thomas R. Anapol, Esq.
       Melissa Fry Hague, Esq.
       1710 Spruce Street
       Philadelphia, PA 19103
       Phone: 215.790.1130

Dated: March 28, 2012                                *Counsel for Plaintiffs*

Case 1:11-cv-05468 Document #: 372 Filed: 03/28/12 Page 7 of 20 PageID #:2428

## CERTIFICATE OF SERVICE

I certify that on March 28, 2012, a copy of the foregoing Plaintiffs' Motion For Leave To File An Amended Short Form Complaint was filed electronically. Parties may access this filing through the Court's system.

**ANAPOL, SCHWARTZ, WEISS,
 COHAN FELDMAN & SMALLEY, P.C.**

By: */s/ James R. Ronca*
James R. Ronca, Esq.
Thomas R. Anapol, Esq.
Melissa Fry Hague, Esq.
1710 Spruce Street
Philadelphia, PA 19103
Phone: 215.790.1130

*Counsel for Plaintiffs*

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>**APPROVED FORM OF**<br>**SHORT FORM COMPLAINT** |
| This applies to:<br><br>James Krammes and Deborah Krammes, h/w<br><br><br>Plaintiffs,<br><br>vs.<br><br>Zimmer, Inc., Zimmer Holdings, Inc.,<br><br>Defendants. | **JURY TRIAL DEMAND**<br><br><br><br><br><br><br><br>NO. 1:11-cv-05488 |

**APPROVED SHORT FORM COMPLAINT FOR**

**ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION**

Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form

1

Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiffs, <u>James Krammes</u> and <u>Deborah Krammes</u>, state and bring this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff <u>James Krammes</u> is a resident and citizen of <u>Pennsylvania</u> and claims damages as set forth below.

5. Plaintiff's Spouse <u>Deborah Krammes</u>, is a resident and citizen of <u>Pennsylvania</u>, and claims damages as a result of loss of consortium.

6. Plaintiff was born on <u>05/18/1957</u>.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/personal representative/executor/other] _____ of the [Estate~~

2

of] _____. *[Cross out if Not Applicable]* ~~A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## **ALLEGATIONS AS TO DEVICE(S) AND INJURIES**

8. Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on his <u>left</u> knee on or about <u>08/01/2008</u> at <u>The Surgical Specialty Center at Coordinated Health</u>, by <u>Dr. Brett P. Godbout</u>.

9. On or about [date] <u>09/30/2009</u>, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

   \_\_\_\_\_ Zimmer NexGen LPS-Flex

   \_\_\_\_\_ Zimmer NexGen CR-Flex

   \_\_\_\_\_ Zimmer NexGen GSF LPS-Flex

   \_\_\_\_\_ Zimmer NexGen GSF CR-Flex

   __X__ Zimmer NexGen MIS Tibia

10. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on <u>09/30/2009</u>, <u>The Surgical Specialty Center at Coordinated Health</u>, by <u>Dr. Brett P. Godbout</u> **or** ~~Plaintiff will be undergoing revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on or about [date] _____~~ , **or** ~~Plaintiff has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee device(s).~~

11. Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the

3

defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at <u>89 Beckville Rd. Pottsville, PA  17901</u>.

13. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14. Plaintiff claims damages as a result of:

<u> X </u> injury to herself/himself

___ injury to the person represented

___ wrongful death

___ survivorship action

<u> X </u> economic loss

<u> X </u> loss of services

<u> X </u> loss of consortium

15. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, he/she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number 00595405702 and lot number <u>60879050</u>. ~~If unknown, [check] _____ to be provided at or before service of Plaintiff's fact sheet.~~

4

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

_____ COUNT I (a) ZIMMER LPS-FLEX;

_____ COUNT I (b) ZIMMER CR-FLEX;

_____ COUNT I (c) ZIMMER GSF LPS-FLEX;

_____ COUNT I (d) ZIMMER GSF CR-FLEX;

\_\_\_X\_\_\_ COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT II – STRICT LIABILITY FAILURE TO WARN**

_____ COUNT II (a) ZIMMER LPS-FLEX ;

_____ COUNT II (b) ZIMMER CR-FLEX;

_____ COUNT II (c) ZIMMER GSF LPS-FLEX;

_____ COUNT II (d) ZIMMER GSF CR-FLEX;

\_\_\_X\_\_\_ COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

_____ COUNT III (a) ZIMMER LPS-FLEX;

_____ COUNT III (b) ZIMMER CR-FLEX;

_____ COUNT III (c) ZIMMER GSF LPS-FLEX;

_____ COUNT III (d) ZIMMER GSF CR-FLEX;

\_\_\_X\_\_\_ COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV -NEGLIGENCE**

   _____     COUNT IV (a) ZIMMER LPS-FLEX;

   _____     COUNT IV (b) ZIMMER CR-FLEX;

   _____     COUNT IV (c) ZIMMER GSF LPS-FLEX;

   _____     COUNT IV (d) ZIMMER GSF CR-FLEX;

   \_\_\_X\_\_\_     COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT V – NEGLIGENT MISREPRESENTATION**

   _____     COUNT V (a) ZIMMER LPS-FLEX;

   _____     COUNT V (b) ZIMMER CR-FLEX;

   _____     COUNT V (c) ZIMMER GSF LPS-FLEX;

   _____     COUNT V (d) ZIMMER GSF CR-FLEX;

   \_\_\_X\_\_\_     COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – EXPRESS WARRANTY**

   _____     COUNT VI (a) ZIMMER LPS-FLEX;

   _____     COUNT VI (b) ZIMMER CR-FLEX;

   _____     COUNT VI (c) ZIMMER GSF LPS-FLEX;

   _____     COUNT VI (d) ZIMMER GSF CR-FLEX;

   _____     COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – BREACH OF EXPRESS WARRANTY**

   _____     COUNT VI (a) ZIMMER LPS-FLEX;

   _____     COUNT VI (b) ZIMMER CR-FLEX;

   _____     COUNT VI (c) ZIMMER GSF LPS-FLEX;

  _____  COUNT VI (d) ZIMMER GSF CR-FLEX;

  _____  COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF IMPLIED WARRANTY**

  _____  COUNT VII (a) ZIMMER LPS-FLEX;

  _____  COUNT VII (b) ZIMMER CR-FLEX;

  _____  COUNT VII (c) ZIMMER GSF LPS-FLEX;

  _____  COUNT VII (d) ZIMMER GSF CR-FLEX;

  _____  COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

  _____  COUNT VIII (a) ZIMMER LPS-FLEX;

  _____  COUNT VIII (b) ZIMMER CR-FLEX;

  _____  COUNT VIII (c) ZIMMER GSF LPS-FLEX;

  _____  COUNT VIII (d) ZIMMER GSF CR-FLEX;

  _____  COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

  ___X___  COUNT IX – LOSS OF CONSORTIUM

  _____  COUNT X – WRONGFUL DEATH

  _____  COUNT XI - SURVIVAL ACTION

  ___ ___  COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

    <u>Pennsylvania</u> and applicable statute: <u>Pa. Stat. Ann. Tit. 73,201-2(4)</u>

  ___X___  COUNT XIII – UNJUST ENRICHMENT

  ___X___  COUNT XIV – PUNITIVE DAMAGES

7

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: ___See Attached COUNT XV – Strict Liability Manufacturing Defect_____   _____
_____
_____
_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;

5. For prejudgment interest and the costs of suit; and

6. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: _____

Respectfully submitted,

**ANAPOL SCHWARTZ**

By: */s/ James R. Ronca*
James R. Ronca, Esq.
Thomas R. Anapol, Esq.
Melissa Fry Hague, Esq.
1710 Spruce Street
Philadelphia, PA 19103
Phone: 215.790.1130

*Counsel for Plaintiffs*

8

9

COUNT XV – STRICT LIABILITY MANUFACTURING DEFECT

19.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

20.     The Zimmer NexGen MIS Tibia was the subject of a March 10, 2010 recall, wherein Zimmer recalled its NexGen MIS Trabecular Metal Technology Tibial Tray because the trabecular metal coating was separating apart from the titanium metal on the component and falling apart after it was implanted in patients.

21.     Plaintiff, James Krammes received one of the recalled MIS trabecular metal tibial trays and at the time of his revision surgery it was discovered that the trabecular metal coating had delaminated and separated from the metal tray thereby falling apart inside his knee.

22.     Defendants designed, developed, manufactured, tested, packaged, advertised, promoted, marketed, distributed, labeled and/or sold the Zimmer MIS tibial component, in a condition which rendered it unreasonably dangerous due to its propensity for the trabecular metal coating to separate and come apart from the metal tray after it was implanted in patients, thereby resulting in early and very painful failure of the device.  The subject product was unreasonably dangerous in its manufacturing, construction or composition, including but not limited to, the trabecular metal technology.

23.     The Zimmer MIS Tibial Component manufactured and/or supplied by Defendants was defective in manufacture, construction or composition in that, when it left the hands of Defendants, it deviated in a material way from Defendants' manufacturing performance standards and/or it differed from otherwise identical products manufactured to the same design formula.  Defendants knew or should have known that the Zimmer MIS Tibial Component could fail early in patients, including the Plaintiff, therefore giving rise to significant pain and

10

suffering, debilitation and the need for revision surgery to replace the device with the attendant risks of complications and death from an additional surgery, Defendants continued to market the Zimmer MIS Tibial Component as a safe and effective knee replacement system until it was recalled on or about March 10, 2010.

24. As a direct and proximate result of the use of the subject product as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendant, Plaintiff suffered harm, damages and economic loss as previously described and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

Respectfully submitted,

Anapol Schwartz

By: */s/ James R. Ronca*
James R. Ronca, Esq.
Thomas R. Anapol, Esq.
Melissa Fry Hague, Esq.
1710 Spruce Street
Philadelphia, PA 19103
Phone: 215.790.1130
Email: JRonca@anapolschwartz.com
Email: TAnapol@anapolschwartz.com
Date: March 28, 2012    Email: Mhague@anapolschwartz.com

11