UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

**SUPPLEMENT TO ZIMMER'S MOTION FOR AN ORDER CONCERNING ZIMMER'S CONTACT WITH TREATING PHYSICIANS – ZIMMER'S DESIGN SURGEONS**

During the June 21, 2012, hearing this Court raised certain questions with respect to the location and number of treating physicians with whom Zimmer, Inc. ("Zimmer"), proposes to communicate. The Court further continued the Motion For An Order Concerning Zimmer's Contact With And Use Of Treating Physicians (D.E. 511) ("Motion") pending Zimmer's presentation of additional evidence. *See* Minute Entry, June 22, 2012 (D.E. 532).

This supplement addresses physicians with whom Zimmer has a pre-existing business relationship – Zimmer's Design Surgeons – who also treated a plaintiff whose lawsuit has been consolidated for discovery in MDL-2272.[1] Design Surgeons are surgeons with whom Zimmer contracted to assist in the development of the *NexGen* Flex Femoral Components and the 5950 MIS Tibia (collectively, "the Subject Products"). Zimmer's business relationship with these surgeons is independent of their treatment of any plaintiff, and it pre-dates both the release of the Subject Products and the Design Surgeons' implantation of any Subject Product in a patient. The Design Surgeons possess unique knowledge and information central to Zimmer's defense.

---

[1] Zimmer will provide additional evidence and move the Court to lift the continuance on the Motion as to other treating physicians pursuant to Rule 26(a) of the Federal Rules Of Civil Procedure in the future. This Supplement addresses the physicians with whom Zimmer has an immediate and critical need to communicate as both fact witnesses and potential experts.

Consequently, Zimmer needs to communicate with the Design Surgeons directly, as they are fact witnesses knowledgeable about the designs and evolution of the Subject Products. Zimmer also needs to communicate with the Design Surgeons, as they are potential experts within Rule 26(a) of the Federal Rules Of Civil Procedure.

Zimmer respectfully requests that the Court enter the proposed order attached as Exhibit A to the Motion ("Proposed Order") and permit Zimmer to communicate with the following Design Surgeons: (1) Dr. Alfred Tria; (2) Dr. Giles Scuderi; (3) Dr. Robert Booth; (4) Dr. Aaron Hoffman; (5) Dr. Aaron Rosenberg; and (6) Dr. Richard Berger. These physicians practice in New Jersey, New York, Pennsylvania, Utah, and Illinois, and both federal and state law permit Zimmer to communicate with them.

## ANALYSIS

**I. Federal Law Does Not Prohibit Zimmer From Communicating With Its Design Surgeons Subject To The Conditions Of The Proposed Order, And Zimmer's Ability To Communicate With The Design Surgeons Is Critical To Its Defense.**

As Zimmer explained in the Motion and Reply In Support Of Motion For An Order Concerning Zimmer's Contact With And Use Of Treating Physicians As Defense Experts ("Reply"), no federal law prohibits Zimmer from communicating with Design Surgeons who happen to have treated a plaintiff whose lawsuit has been consolidated in MDL-2272. *See* Defs.' Mem. Concerning Zimmer's Contact With And Use Of Treating Physicians As Defense Experts (D.E. 511) ("Mem."), pp. 2-3; Reply (D.E. 526), pp. 3-4, 10-11. Instead, federal common law dictates that this Court has the discretion to fashion an order that allows Zimmer to communicate with the Design Surgeons within parameters that protect the confidentiality of patients. *See In re Pelvic Mesh/Gynecare Litigation*, 43 A.3d 1211, 1220 (N.J. Super. A.D. 2012); *In re Seroquel Prods. Liab. Litig.*, No. 6:06-MDL-1769-ACC-DAB, 2008 WL 821889, at **3-5 (M.D. Fla.

Mar. 21, 2008); *In re Prempro Prods. Liab. Litig.,* No. 4:03CV1507WRW, D.E. 942 at 1 (W.D. Ark. Dec. 7, 2005); *Patton v. Novartis Consumer Health, Inc.*, No. 4:02-cv-0047, 2005 WL 1799509 (S.D. Ind. 2005); *Patterson v. Caterpillar, Inc.*, 70 F.3d 503 (7th Cir. 1995). *Accord In Re Minnesota Penile Prosthesis Litig.*, No. PI 97-11183 (Hennepin County, Minn. May 11, 1998).

Federal law permits this Court to fashion an order allowing Zimmer to communicate with Design Surgeons who happen to have treated a plaintiff in MDL-2272, and Zimmer's ability to communicate with those surgeons as fact witnesses and potential experts is critical to its defense. Zimmer retained its Design Surgeons to assist in the development of the Subject Products beginning in 1998. Each of the above-listed Design Surgeons participated in the development of a Subject Product and, as such, they possess unique knowledge of the history, design parameters, and evolution of the Subject Products. The Design Surgeons likewise possess knowledge of the development of Zimmer's Surgical Techniques and Package Inserts. Moreover, Zimmer's relationship with the Design Surgeons substantially predates the implantation of the Subject Products in any patient, and Zimmer can communicate with the Design Surgeons as fact witnesses and pursuant to Rule 26(a) within the parameters of the Proposed Order without the disclosure of confidential medical information regarding any patient. *See* Reply, pp. 7-10. Indeed, Zimmer's ability to communicate with and retain the Design Surgeons pursuant to Rule 26(a) is *critical* to its defense. As the court explained in *In re Pelvic Mesh/Gynecare Litigation*, a defendant's right in a mass tort to consult with and retain physician experts who happen to be treating physicians for select plaintiffs is invaluable, and to prohibit the defendant from communicating with those physicians would be to elevate the physician-patient privilege to an

3

inappropriate, preemptive level not previously recognized by any court. *In re Pelvic Mesh/Gynecare Litigation*, 43 A.3d at 1220.

For these reasons, the Court should enter the Proposed Order as to the above-listed Design Surgeons.

**II.    State Law Does Not Prohibit Zimmer From Communicating With And Retaining The Design Surgeons Subject To The Conditions Of The Proposed Order.**

The plaintiffs contend that certain states' laws prohibit Zimmer from communicating with Design Surgeons who treated select plaintiffs in MDL-2272. *See* Plaintiffs' Mem. Opp. Zimmer's Attempt to Engage Plaintiffs' Treating Physicians as Experts (D.E. 520), *passim.* Zimmer disagrees. Specifically, at this time Zimmer requests that the Court enter the Proposed Order as to the above-listed Design Surgeons who treated select MDL plaintiffs in New Jersey, New York, Pennsylvania, Utah, and Illinois.

A.    New Jersey

Dr. Alfred Tria was a Design Surgeon for the 5950 MIS Tibia. Dr. Tria practices in New Jersey, and he treated one MDL plaintiff.[2]

New Jersey courts permit ex parte communications between treating physicians and defense counsel, subject to requirements similar to those in the Proposed Order. In fact, New Jersey courts encourage such communications in order to "reduce the cost and time of trial preparation." *Stempler v. Speidell*, 495 A.2d, 857, 864 (N.J. 1985). Under *Stempler*, the defense "provide[s] plaintiff's counsel with reasonable notice of the time and place of the proposed interview; provide[s] the physician with a description of the anticipated scope of the interview; and communicate[s] with 'unmistakable clarity' the fact that the physician's participation in an *ex parte* interview is voluntary." The court explained that such safeguards protect the patient's

---

[2] Dr. Tria treated the plaintiff in *Zavlick v. Zimmer, Inc., et al.*

4

desire to prevent "disclosure by the physician [of] confidential information not relevant to the litigation and therefore still protected by the patient-physician privilege and the physician's professional obligation to preserve confidentiality" as well as "the physician's loyalty to the plaintiff." *Id.* at 863-64. Indeed, *Stempler* and its progeny permit a defendant to communicate with a treating physician about the patient-plaintiff's medical condition. *Id. See, e.g.*, *Smith v. Am. Home Products Corp. Wyeth-Ayerst Pharm.*, 855 A.2d 608 (N.J. Super. L. 2003); *In re Diet Drug Litig.*, 895 A.2d 493 (N.J. Super. L. 2005).

In addition, and as Zimmer noted in its Memorandum, the court in *In re Pelvic Mesh/Gynecare Litigation*, 43 A.3d 1211 (N.J. Super. A.D. June 1, 2012), recently addressed the issue at hand: a defendant's ability to consult with and retain as defense experts physicians who treated one or more plaintiffs in the mass tort proceedings. In reversing the decision of the trial court to bar the defendants from communicating with treating physicians, the Appellate Division noted:

> We conclude that the court's ruling was a mistaken exercise of authority to manage this litigation. **It inappropriately equated a plaintiff's "litigation interests" with a patient's "medical interests," and it elevated those "litigation interests" to a preemptive level not previously recognized by binding authority. It imposed sweeping restrictions upon physicians that allow litigation instituted by a current or former patient to interfere with the physician's professional judgment about the medical interests of *all* the physician's patients. Moreover, it deprived defendants of fair access to physicians who could be among the best-qualified experts in these cases.**

*Id.* at 1218 (emphasis added).

Like the court in *In re Pelvic Mesh/Gynecare Litigation*, this Court should exercise its discretion under federal law to enter the Proposed Order as to Dr. Tria. Zimmer has an absolute right and need to communicate with Dr. Tria, as a fact witness and potential expert with first-

5

hand knowledge of some of Zimmer's *NexGen* designs. His relationship with Zimmer pre-dates his treatment of any patient-plaintiff with a Subject Product, and Zimmer can communicate with Dr. Tria under the terms of the Proposed Order without inquiring about the confidential medical information of Plaintiff Zavlak. Moreover, the Proposed Order assures the confidentiality of patient medical information by strictly instructing Dr. Tria not to communicate with counsel for Zimmer about any aspect of his care and treatment of a plaintiff, consistent with Dr. Tria's independent duty of confidentiality. Likewise, should Zimmer elect to retain Dr. Tria as a consulting or testifying expert, Zimmer would be unable to call him as an expert witness in *Zavlak*.

As the court explained in *In re Pelvic Mesh/Gynecare Litigation*, Zimmer should have "fair access" to Dr. Tria. Zimmer has a vital interest in communicating with Dr. Tria as a fact witness and pursuant to Rule 26(a) given his work as a Design Surgeon and consultant to Zimmer.

      B.    <u>New York</u>

Dr. Giles Scuderi was a Design Surgeon for the *NexGen* LPS Flex Femoral Component and other Zimmer products. Dr. Scuderi practices in New York, and he treated one plaintiff whose claim has been consolidated for discovery in MDL-2272.[3] New York law is similar to New Jersey law on the subject of communications with treating physicians — such communication is permitted. *Arons v. Jutkowitz*, 880 N.E.2d 831, 837 (N.Y. 2007). *See also Maher v. Palazzolo*, 897 N.Y.S.2d 670, at *3 (Table) (N.Y. Sup. 2009). The *Arons* court noted that "[w]e see no reason why a nonparty treating physician should be less available for an off-the-record interview than [] corporate employees [ ] or [a] former corporate executive [ ]." Expanding on the *Arons* holding, the court in *Maher* opined "that the clear holding of *Arons v.*

---

[3] Dr. Scuderi treated the plaintiff in *Mandlin v. Zimmer, Inc., et al.*

6

*Jutkowitz*, *supra* is the availability of non-party treating physicians for interview and any limitation on the availability of such a subsequent treating physician or dentist such as a designation of same as an expert would vitiate the clear direction as to availability set forth by the Court of Appeals." *Id.*

Dr. Scuderi is a fact witness with knowledge of the design evolution and history of a Subject Product. It is critical to Zimmer's defense that it is permitted to talk to Dr. Scuderi. Dr. Scuderi also may be qualified to consult for or to testify on behalf of Zimmer as an expert in matters not involving Plaintiff Mandlin, and both federal and New York law permit Zimmer to speak with him under the conditions of the Proposed Order. Accordingly, Zimmer should be permitted to communicate with and retain Dr. Scuderi.

C.   Pennsylvania

Dr. Robert Booth is a Design Surgeon practicing in Pennsylvania who consulted with Zimmer on the *NexGen* Gender Specific CR and LPS Flex Femoral Components and other products. Dr. Booth implanted the Subject Products in five plaintiffs whose lawsuits have been consolidated in MDL-2272 for purposes of discovery.[4]

Pennsylvania law permits Zimmer to communicate with Dr. Booth as a fact witness and potential expert with knowledge of the history and designs of the Subject Products. No Pennsylvania court has prohibited a defendant from communicating with a treating physician about non-patient specific information. Instead, Pennsylvania Civil Procedure Code requires written consent only prior to communicating with a treating physician about a plaintiff's condition. *See* Pa. R. Civ. P. 4003.6; *Marek v. Ketyer*, 733 A.2d 1268 (Pa. Super. 1999). *See also Alwine v. Sugar Creek Rest, Inc.*, 883 A.2d 605 (Pa. Super. 2005) (discussing counsel's

---

[4] Dr. Booth treated the plaintiffs in *Black v. Zimmer, Inc., et al.*, *Brown v. Zimmer, Inc., et al.*, *Hasse-Jungkurt v. Zimmer, Inc., et al.*, *Moak v. Zimmer, Inc., et al.*, and *Patel v. Zimmer, Inc., et al.*

communication with decedent's physician regarding decedent's medical condition violated Rule 4003.6, but refusing to grant a new trial). In addition, no Pennsylvania court has considered communications between a defendant and physician where the parties have a distinct business relationship that pre-dates (and is unrelated to) the physician's treatment of the patient, and where communications will occur only under the conditions outlined in the Proposed Order.

Here, Dr. Booth's position as a Design Surgeon and consultant to Zimmer on multiple products (which pre-dates his implantation of a Subject Product in any patient) warrants Zimmer's communications with him as a fact witness and pursuant to Rule 26(a). Dr. Booth possesses unique knowledge as a Design Surgeon, and Zimmer should have fair access to Dr. Booth. The Proposed Order assures that confidential medical information will not be disclosed, and neither federal law nor Pennsylvania law prohibit Zimmer from communicating with Dr. Booth. Zimmer, therefore, respectfully submits that the Court should enter the Proposed Order as to Dr. Booth.

D. Utah

Dr. Aaron Hoffman is a Design Surgeon for the *NexGen* Gender Specific CR and LPS Flex Femoral Components. Dr. Hoffman practices medicine in Utah, and he treated one plaintiff whose claim has been consolidated in MDL-2272.[5]

Utah courts do not prohibit a defendant from communicating with a physician under the conditions of the Proposed Order. While a defendant is prohibited from communicating with a Utah treating physician about the medical care and treatment of a patient-plaintiff, *Sorensen v. Barbuto*, 177 P.3d 614, 619-20 (Utah 2008), no Utah court has considered or prohibited communications between a defendant and physician about topics *other than* the plaintiff's confidential medical information. Additionally, no Utah court has considered or prohibited

---

[5] Dr. Hoffman treated the plaintiff in *Taylor v. Zimmer, Inc., et al.*

communications between a defendant and physician about the physician's pre-existing business relationship with the defendant, which is unrelated to and predates the physician's treatment of a patient. Utah courts likewise have not considered or rejected a defendant's request to communicate with a physician pursuant to Rule 26(a) in matters not involving the physician's patient. *See Sorensen, supra.*

Zimmer's Proposed Order sets out the circumstances under which it will communicate with Dr. Hoffman. Zimmer will provide Dr. Hoffman with a copy of the Proposed Order and Memorandum To Physicians informing him that he is "forbidden from communicating, outside the process of formal discovery, with Zimmer's attorneys or their agents about the care and treatment of patients who are Plaintiffs in this litigation, absent another order from this Court or their patients' written authorization." Additionally, Zimmer is precluded from "from engaging in ex parte communications with a physician-expert about any of his or her patients involved in the MDL." *See* Mem. at p.5, and Proposed Order (D.E. 511). Likewise, and consistent with *Sorensen*, Zimmer would be prohibited from retaining Dr. Hoffman pursuant to Rule 26(a) in the *Taylor* matter. No Utah law prohibits Zimmer from communicating with Dr. Hoffman in that capacity, and Zimmer's ability to communicate with Dr. Hoffman is critical to its defense given his work on the designs of two of the Subject Products and as a consultant to Zimmer. The Court, thus, should enter the Proposed Order with respect to Dr. Hoffman.

  E. <u>Illinois</u>

Drs. Aaron Rosenberg and Richard Berger are Design Surgeons who consulted with Zimmer on the designs of the *NexGen* CR Flex Femoral Component, the *NexGen* Gender Specific LPS and CR Flex Femoral Components, and the 5950 MIS Tibial Component. Both

physicians treated select plaintiffs in MDL-2272 in Illinois. Dr. Rosenberg treated two plaintiffs, and Dr. Berger treated six.[6]

As Zimmer explained in its Memorandum (Section B) and Reply (Section II.A), the physician-patient privilege, as discussed in *Petrillo v. Syntex Laboratories, Inc.*, 499 N.E.2d 952 (Ill. Ct. App. 1986), does not bar a defendant from consulting with a physician in a case where no physician-patient relationship exists.[7] Indeed, *Petrillo* did not address circumstances similar to those before this Court. Reply at pp. 5-6. *Petrillo* did not involve a defendant with a pre-existing business relationship with the physician, and the *Petrillo* court did not consider the propriety of communicating with a physician as a consulting or testifying expert in matters not involving the physician's patient, about topics other than the a patient-plaintiff's medical condition. The *Petrillo* court also did not consider (much less reject) the safeguards in the Proposed Order. Instead, the *Petrillo* court rejected a defendant's request to communicate with a treating physician about a plaintiff's confidential medical condition – a situation inapposite to the one at bar.

---

[6] Dr. Rosenberg treated the plaintiffs in *Carr v. Zimmer, Inc., et al.* and *Cavada v. Zimmer, Inc., et al.* and Dr. Berger treated the plaintiffs in *Malee v. Zimmer, Inc., et al.*, *Ohmes v. Zimmer, Inc., et al.*, *Pancotto v. Zimmer, Inc., et al.*, *Quade v. Zimmer, Inc., et al.*, *Rogers v. Zimmer, Inc., et al.*, and *Siambanes v. Zimmer, Inc., et al.*

[7] Additionally, even in the context of the plaintiff's own case, the court in *Petrillo* recognized that a plaintiff who files suit implicitly consents to the physician's release of certain medical information related to the mental or physical condition which the individual has placed at issue in the lawsuit, but only through the channels of discovery. *Id.* at 959. Likewise, the laws of each of the states discussed herein also recognize a waiver of the physician-patient privilege with respect to the condition placed at issue in the lawsuit. *Smith v. Am. Home Prods. Corp. Wyeth-Ayerst Pharm.*, 855 A.2d 608, 612 (N.J. Super. L. 2003) ("By virtue of filing a suit for personal injury, the plaintiff has placed his or her medical condition in issue, and consequently, has waived some of his or her privacy privilege."); *Maher v. Palazzolo*, 897 N.Y.S.2d 670, at *2 (Table) (N.Y. Sup. 2009) ("As an initial matter, a litigant is 'deemed to have waived the [physician-patient] privilege when, in bringing or defending a personal injury action, that person has affirmatively placed his or her mental or physical condition in issue.'") (citation omitted); *Octave ex rel. Octave v. Walker,* 37 A.3d 604, 612 (Pa. Cmwlth. 2011) ("In this regard, it is worth noting that in Pennsylvania the physician-patient privilege is implicitly waived if a civil suit is brought placing that individual's physical condition directly at issue."); *Sorensen v. Barbuto*, 177 P.3d 614, 617 (Utah 2008) (citing rule Utah Evid. R. 506(d)(1) and stating that the rule "is a limited waiver of privilege, confined to court proceedings, and restricted to the treatment related to the condition at issue").

Here, Zimmer proposes to consult with Drs. Rosenberg and Berger pursuant to Rule 26(a) and as fact witnesses, *not* about their care and treatment of any plaintiff whose claim is consolidated in MDL-2272. Federal law gives this Court discretion to enter the Proposed Order and fashion appropriate terms under which Zimmer may communicate with these Design Surgeons without risk of the disclosure of confidential medical information of any plaintiff. *Petrillo* did not address (and does not bar) Zimmer's proposed communications with these Design Surgeons, each of whom has a pre-existing relationship with Zimmer and with whom Zimmer may communicate under parameters that protect the confidentiality of the plaintiffs' medical information. Because Drs. Rosenberg and Berger are Zimmer Design Surgeons with unique knowledge critical to Zimmer's defense and with whom Zimmer has a right to consult pursuant to Rule 26(a) and Illinois law, this Court should enter the Proposed Order as to those Design Surgeons.

## CONCLUSION

Zimmer should be permitted to communicate with the Design Surgeons discussed above as fact witnesses and pursuant to Rule 26(a). The Proposed Order includes safeguards sufficient to protect the confidentiality of a plaintiff's medical treatment, and the plaintiffs have no "litigation right" to prevent Zimmer from communicating with the Design Surgeons -- each of whom had a business relationship with Zimmer long before any plaintiff's implantation with a Subject Product. As the Court explained in *In re Pelvic Mesh/Gynecare Litigation,* prohibiting Zimmer from communicating with the Design Surgeons would unfairly interfere with the Design Surgeons' professional judgment about the medical interests of *all* patients and would unfairly deprive Zimmer of access to well-qualified physicians who are potential consulting and testifying experts.

For these reasons, Zimmer respectfully requests that the Court enter the Proposed Order as to Drs. Tria, Scuderi, Booth, Hoffman, Rosenberg, and Berger.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 10, 2012 | FAEGRE BAKER DANIELS LLP |
|  | /s/ Andrea Roberts Pierson |
|  | Joseph H. Yeager, Jr. (Ind. State Bar #2083-49) |
|  | Andrea Roberts Pierson (Ind. State Bar #18435-49-A) |
|  | 300 North Meridian Street, Suite 2700 |
|  | Indianapolis, IN 46204 |
|  | Telephone: (317) 237-0300 |
|  | Fax: (317) 237-1000 |
|  | Email: jay.yeager@faegrebd.com |
|  | apierson@faegrebd.com |
|  | |
|  | J. Stephen Bennett (Ill. State Bar #6226615) |
|  | 111 East Wayne Street, Suite 800 |
|  | Fort Wayne, IN 46802-2600 |
|  | Telephone: (260) 424-8000 |
|  | Fax: (260) 460-1700 |
|  | Email: stephen.bennett@faegrebd.com |
|  | |
|  | *Attorneys for Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Surgical, Inc., f/k/a Zimmer Orthopaedic Surgical Products, Inc., Wilson/ Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc. (incorrectly named as Zimmer Melia & Associates, Inc.), Zimmer Orthobiologics, Inc., Zimmer US, Inc., and Zimmer Production, Inc.* |

**CERTIFICATE OF SERVICE**

I certify that on July 10, 2012, a copy of the foregoing Supplement To Zimmer's Motion For An Order Concerning Zimmer's Contact With Treating Physicians – Zimmer's Design Surgeons was filed electronically. Parties may access this filing through the Court's system.

/s/ Andrea Roberts Pierson