WILLIAM L. VEEN, NO. 043150
EUSTACE DE SAINT PHALLE, NO. 179100
MICHAEL E. GATTO, NO. 196474
THE VEEN FIRM, P.C.
711 Van Ness Avenue, Suite 220
San Francisco, CA 94102
P.O. Box 7296
San Francisco, CA 94120-7296
Telephone: (415) 673-4800
Facsimile: (415) 771-5845
ESP.Team@veenfirm.com

ATTORNEYS FOR PLAINTIFFS
JESUS TACORDA and HELEN TACORDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS TACORDA and HELEN TACORDA,<br><br>Plaintiffs,<br><br>v.<br><br>ZIMMER, INC. et al.<br><br>Defendants. | NO. C 12-02576 EDL<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Accompanying Papers:*<br>**Declaration of Michael Gatto with Exhibits 1 – 5**<br>**Proposed Order**<br><br>Date:    July 31, 2012<br>Time:    9:00 a.m.<br>Dept.:    Courtroom E (15th Floor)<br>Magistrate Judge: Hon. Elizabeth D. Laporte<br><br>Complaint filed: March 23, 2012<br>Trial Date: unassigned |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE

NOTICE that on July 31, 2012 at 9:00 am, or as soon thereafter as the matter may be heard, before

Magistrate Judge Hon. Elizabeth D. Laporte in Courtroom E of the above-captioned Court,

plaintiffs Jesus Tacorda and Helen Tacorda will move and hereby move for an order granting

plaintiffs' request for an order remanding this action to the Superior Court of California, City and

-1-

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES

1    County of San Francisco.

2         The motion is made pursuant to 28 U.S.C. §1447(c) for lack of subject matter jurisdiction

3    because complete diversity of citizenship does not exist in this action. The motion is based on this

4    notice, the Memorandum of Points and Authorities below, the declaration of Michael E. Gatto, the

5    proposed order, the file in this case, and any argument or evidence presented at the hearing.

6                    **MEMORANDUM OF POINTS AND AUTHORITIES**

7                              **I.  INTRODUCTION**

8         This case arises from the sale and distribution of defective knee replacement products, which

9    injured plaintiff Jesus Tacorda. Defendant Zimmer, Inc. admits it manufactured the defective

10   products. (See Notice of Removal, Fn. 1 Page 7.) Plaintiffs filed the case in San Francisco Superior

11   Court, naming Zimmer, Inc. and several related Zimmer entities, along with McKesson Corporation

12   ("McKesson") as the distributor.

13        Moving parties claim McKesson Corporation was fraudulently joined because McKesson did

14   not distribute the product. Moving parties provide no evidentiary support for this contention. The

15   Zimmer Defendants bear the burden of proof to show diversity of jurisdiction, and cannot offer

16   mere assertions as proof of diversity.

17        Moving parties also claim plaintiffs have not asserted a viable legal theory against McKesson.

18   Liability of persons in the chain of commerce is black letter law and moving parties could not be

19   more mistaken. Whether McKesson distributed these defective products is a factual question.

20   Regardless, the liability of the distributor in a products liability case cannot be disputed.

21        As explained more fully below, there is no evidentiary support to establish diversity. Plaintiffs

22   made allegations establishing a viable claim against a California defendant. The case should be

23   remanded to the Superior Court of California, County of San Francisco.

24                            **II.  STATEMENT OF FACTS**

25        This is a products liability case involving a defective medical device, the Zimmer NexGen

26   total knee replacement system. Plaintiffs are informed and believe that the device is designed to be a

27   replacement for the patient's knee, to be sued in total replacement arthroplasty procedures. The

28   Zimmer NexGen total knee replacement system was promoted as an improvement and additional

-2-

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

1    option to the Zimmer's standard knee replacement product. Plaintiff Jesus Tacorda had arthroscopic

2    surgery using the NexGen knee replacement. The device subsequently failed when its component

3    parts became loose. Jesus Tacorda suffered pain and injury from the device's failure, that can only be

4    remedied through subsequent revision surgery and /or knee replacement.

5         On March 23, 2012, Plaintiffs filed the Complaint in San Francisco Superior Court for the

6    State of California, case no. 11-467561. (Ex. 1, Complaint) Plaintiffs are residents of California (Ex.

7    1, Complaint ¶7.) Plaintiffs properly named McKesson Corporation ("McKesson") as a defendant in

8    the Complaint. McKesson is the largest pharmaceutical distributor in North America. Plaintiffs are

9    informed and believe that McKesson may have been the distributor of the NexGen knee

10   replacement product that injured plaintiff Jesus Tacorda. (See Gatto Dec. ¶¶5-7.)

11        McKesson Corporation has its principal place of business in California, and therefore has

12   citizenship in California as well as Delaware. The business address of McKesson Corporation's

13   corporate headquarters is One Post Street, 35th Floor, San Francisco CA 94104. (Ex. 3, Secty. of

14   State, Business Entity Detail for McKesson Corp.; Ex. 2, McKesson website information.)

15        In the Complaint, Plaintiffs allege on information and belief that McKesson "distributed the

16   Zimmer NexGen Knee that was implanted in Plaintiff Jesus Tacorda." (Ex. 1, Complaint ¶14.)

17        The Complaint alleges nine causes of action against all defendants: 1) Fraudulent

18   Concealment; 2) Strict Liability (Failure To Warn); 3) Strict Liability (Design Defect); 4) Strict

19   Liability (Manufacturing Defect); 5) Negligence; 6) Breach Of Implied Warranty; 7) Breach Of

20   Express Warranty; 8) Negligent Misrepresentation; and 9) Loss Of Consortium. (Ex. 1, Complaint p.

21   1) Each of these causes of action makes allegations against all defendants collectively (including

22   McKesson), using the term "defendants." For example:

23        • 1st Cause: "Defendants failed to disclose this material fact to consumers, including

24          Plaintiff." (Ex. 1, Complaint ¶64)

25        • 2nd Cause: "Defendants distributed and sold the Zimmer NexGen Knee in the

26          condition in which it left its place of manufacture . . . ." (Ex. 1, Complaint ¶74)

27        • 3rd Cause: "[W]hen the Zimmer NexGen Knee device left the hands of Defendants,

28          the manufacturers and/or suppliers, the Zimmer NexGen Knee was unreasonably

THE VEEN FIRM, P.C.
711 VAN NESS AVE. SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES

1    dangerous and more dangerous than an ordinary consumer would expect." (Ex. 1,

2    Complaint ¶84)

3    • 4th Cause: "Defendants knew or should have known of the manufacturing defects

4    and the risk of serious bodily injury that exceeded the benefits associated with the

5    Zimmer NexGen Knee." (Ex. 1, Complaint ¶97)

6    • 5th Cause: "Defendants breached their duty of reasonable care to Plaintiff by failing

7    to exercise due care under the circumstances." (Ex. 1, Complaint ¶108)

8    • 6th Cause: "Defendants impliedly warranted that the Zimmer NexGen Knee, which

9    Defendants designed, manufactured, assembled, promoted and sold to Plaintiff and

10   Plaintiffs physician, was merchantable and fit and safe for ordinary use." (Ex. 1,

11   Complaint ¶112)

12   • 7th Cause: "Defendants expressly warranted to Plaintiff . . . that the Zimmer

13   NexGen Knee was safe, effective, fit and proper for its intended use." (Ex. 1,

14   Complaint ¶118)

15   • 8th Cause: "At the time Defendants manufactured, designed, marketed, sold and

16   distributed the Zimmer NexGen Knee for use by Plaintiff, Defendants knew or

17   should have known of . . . the serious risks and dangers associated with such use of

18   the Zimmer NexGen Knees." (Ex. 1, Complaint ¶125)

19   • 9th Cause: "Before the injuries sustained as a result of the negligence of Defendants,

20   Plaintiff Helen Tacorda's spouse, Plaintiff Jesus Tacorda, was able to and did perform

21   his duties as a spouse." (Ex. 1, Complaint ¶131)

22   Plaintiffs properly joined McKesson Corporation as a defendant and properly made

23   allegations against McKesson, which is based in California.

24   ## III. LEGAL ANALYSIS

25   ### A. The Court is Without Jurisdiction Because There Is No Diversity Between the Parties

26   Federal diversity jurisdiction requires complete diversity of all parties such that the

27   citizenship of *each* plaintiff is diverse from the citizenship of *each* defendant. (*Caterpillar Inc. v. Lewis*,

28   519 U.S. 61, 68 (1996).) A civil action is removable to federal court only where "none of the parties

-4-

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES

1    in interest properly joined and served as defendants is a citizen of the State in which such action is

2    brought." 28 U.S.C. § 1447(b). For purposes of diversity jurisdiction, a corporation is a citizen of

3    both the state in which it is incorporated and the state where it has its principal place of business. *See*,

4    28 U.S.C. § 1332(c)(1).

5         Here, plaintiffs are residents of California. (Ex. 1, Complaint ¶7) Defendant McKesson

6    Corporation is a California corporation, with principal business address at 1 Post Street, San

7    Francisco, California. (See Exs. 2 & 3.)

8         Because plaintiffs and McKesson Corporation are California citizens, complete diversity does

9    not exist between the parties. Absent diversity, this Court is without subject matter jurisdiction and

10   must remand the action to state court.

11   **B.  Legal Requirements for Defendants to Prove "Fraudulent Joinder"**

12        The court should strictly construe the removal statute against removal jurisdiction. (*Gaus v.*

13   *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).) "Federal jurisdiction must be rejected if there is any

14   doubt as to the right of removal in the first instance." (*Ibid*). The burden of proof is on the

15   defendants to prove whatever is necessary to support the petition, including the existence of

16   diversity. (*Ibid*).

17        The term "fraudulent joinder" is a term of art that is used in the context of removal and does

18   not connote any intent to deceive by plaintiff or plaintiff's counsel. (*Plute v. Roadway Package System,*

19   *Inc.*, 141 F. Supp. 2d 1005, n. 2 (N.D. Cal. 2001); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th

20   Cir. 1987).) There is a presumption against finding fraudulent joinder. (*Id.* at 1008.) A defendant who

21   asserts that a plaintiff has fraudulently joined a party carries a "heavy burden of persuasion" to

22   establish that removal is proper. (*Id.*)

23        To establish fraudulent joinder, the defendant must prove that the plaintiff "fails to state a

24   cause of action against [the] resident defendant, and the failure is *obvious* according to the settled rules

25   of the state." (*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (emphasis added).) There

26   can be no equivocation regarding the validity of a cause of action: the defendant must demonstrate

27   that there is "no possibility" that the plaintiff will be able to establish a cause of action in state court

28   against the alleged sham defendant or else the court must remand. (*Good v. Prudential Insurance*

-5-

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES

1    *Company of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998); *Macey v. Allstate Property and Cas. Ins. Co.*,

2    220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).)

3        In determining whether a defendant was joined fraudulently, the court must resolve all

4    disputed questions of fact and all ambiguities in the controlling state law in favor of the non-

5    removing party. (*Plute, supra*, 141 F. Supp. 2d at 1008.) Furthermore, "[a]ll doubts concerning the

6    sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must

7    be resolved in favor of remand (citation), and a lack of clear precedent does not render the joinder

8    fraudulent." (*Id.*) Courts must interpret general allegations to "embrace whatever specific facts might

9    be necessary to support them." (*Peloza v. Capistrano Unified School Dist.*, 37 F.3d 517, 521 (9th Cir.

10   1994).)

11   **C. There is Diversity of Citizenship, Since Defendant McKesson's Principal Place of Business Is in San Francisco, California**

12

13       As noted, for purposes of determining diversity of citizenship, a corporation may have dual

14   citizenship; a corporation is a citizen of both the state in which it is incorporated and the state where

15   it has its principal place of business. (28 U.S.C. § 1332(c)(1); *J.A. Olson Co. v. City of Winona, Miss.* (5th

16   Cir. 1987) 818 F.2d 401, 405.) Pursuant to the U.S. Supreme Court, a corporation's principal place of

17   business "should normally be the place where the corporation maintains its headquarters—provided

18   that the headquarters is the actual center of direction, control, and coordination . . . ." (*Hertz Corp. v.*

19   *Friend* (2010) 130 S.Ct. 1181, 1192; 175 L.Ed.2d 1029.)

20       Pursuant to McKesson's website and to their filings with the California Secretary of State,

21   McKesson's headquarters and principal place of business is at One Post Street in San Francisco,

22   California. (Exs. 2 & 3) As this defendant is a citizen of California, there is no diversity in this case,

23   and the case must be remanded.

24   **D. Plaintiffs Have Made Valid Claims Against McKesson Corporation**

25       Moving parties have alleged that, "McKesson is fraudulently joined because it does not

26   design, assemble, manufacture, market, distribute, package, label, process, supply, promote, sell, or

27   issue of disseminate product warnings of the *NexGen* total knee replacement system." (Notice of

28   Removal ¶30) It is unclear whether this sentence is intended as a criticism of the Complaint as a

THE VEEN FIRM, P.C.
711 VAN NESS AVE. SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

1   pleading, or a factual statement regarding McKesson.

2       Plaintiffs have asserted claims against defendant McKesson that are valid under California

3   law. These include claims under various theories including negligence, strict liability, fraud, and

4   breach of warranty. (Ex. 1, Complaint.) Each of plaintiffs' causes of action properly sets forth the

5   elements of that cause of action.

6       With regard to strict liability, under California law, strict liability is imposed on

7   manufacturers, retailers, and marketers of a defective product that causes injuries. (*Taylor v. Elliot*

8   *Turbomachinery Co., Inc.*, 171 Cal. App. 4th 564, 575 (2009).) It is also well-settled under California law

9   that component part manufacturers **and suppliers** may also be held liable under strict products

10  liability theory. (*Jimenez v. Sup. Ct.*, 29 Cal. 4th 473, 479-480 (2002).) A claim of strict products liability

11  is stated where the complaint alleges that: (1) the product reached the plaintiff without substantial

12  change in its condition; (2) the product was used in the manner intended; and (3) the plaintiff was

13  injured as a result of a defect in the product, of which the plaintiff was not aware, making the

14  product unsafe for its intended use. (*Milwaukee Electric Tool Corp. v. Sup. Ct.*, 15 Cal. App. 4th 547, 559

15  (1993).)

16      Similarly, plaintiffs properly plead each of its other eight causes of action against all

17  defendants. Plaintiffs sufficiently allege each of these causes of action against all defendants,

18  including McKesson. (See references to "Defendants" in particular paragraphs of the Complaint as

19  listed in Section II, above.)

20      Moving parties also allege that "none of Plaintiffs' eight causes of action are directed against

21  McKesson." (Notice of Removal ¶31, 7:6) As noted, each cause of action in the Complaint is

22  directed against all defendants including McKesson. Moving parties argue that the term "defendants"

23  excludes McKesson; they point to paragraph 13 of the General Allegations section of the Complaint,

24  which reads:

25      Defendants ZIMMER, INC.; ZIMMER HOLDINGS, INC.; WILSON/PHILLIPS
        HOLDINGS, INC., a/k/a ZIMMER/WILSON PHILLIPS.; ZIMMER
26      ORTHOPAEDIC SURGICAL PRODUCTS, INC will be collectively referred to in
        this Complaint as "Zimmer," "Zimmer Defendants," or "Defendants".

27      / / /

28

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES

1  This paragraph is intended to allow plaintiffs to use a flexible shorthand in the description of

2  the activities of the Zimmer defendants. This paragraph is not intended to require the exclusion of

3  McKesson from the "defendants" for each and every use of that term throughout the Complaint. It

4  is illogical to read the Complaint with this interpretation. For example, the term "defendants"

5  appears independently in paragraph 16, with reference to fictitiously-named defendants Does 1-100.

6  By moving parties' logic, one would have to interpret the Complaint to read that all the Doe

7  defendants were actually the Zimmer defendants.

8  **E. Defendants Cannot Prove Diversity Because the Distributor Is a California Citizen**

9  The burden of persuasion for establishing diversity jurisdiction – including proof of the

10  citizenship of each corporation alleged to be diverse – is on the party asserting diversity jurisdiction

11  (in this case the Zimmer defendants). (*Hertz Corp.*, *supra*, 130 S.Ct. 1181 at 1194; *Lewis v. Time, Inc.*

12  (E.D. Cal. 1979) 83 F.R.D. 455, 460, aff'd (9th Cir. 1983) 710 F.2d 549.)

13  Plaintiffs are informed and believe that the distributor of the defective product is either

14  McKesson Corporation, or another California corporation. (See Gatto Dec., ¶¶5-7.) On that basis

15  plaintiffs named McKesson in the Complaint. As the manufacturer Zimmer knows who distributed

16  its defective products, Zimmer's failure to identify the distributor and the location of its principal

17  place of business is a meaningful omission.

18  If the Zimmer Defendants assert that McKesson does not in fact distribute products,

19  product warnings, etc. in California related to the *NexGen* total knee replacement system, Defendants

20  offer no affidavits, documents, or other evidence to support this assertion. Unsupported assertions

21  are not evidence and do not meet defendants' burden of proof to show diversity.

22  **IV. CONCLUSION**

23  Plaintiffs properly named and joined McKesson Corporation as the distributor of the

24  defective medical device at issue in this lawsuit. McKesson is a California citizen with its principal

25  place of business in San Francisco. There is no diversity here.

26  / / /

27  / / /

28  / / /

THE VEEN FIRM, P.C.
711 VAN NESS AVE. SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

1   The case should be remanded to its original venue at the Superior Court of California, City

2   and County of San Francisco.

3   DATED: June 18, 2012                    THE VEEN FIRM, P.C.

4

5                                    By:    _____

6                                           Eustace de Saint Phalle
                                            Michael E. Gatto
7                                           Counsel for Plaintiffs JESUS TACORDA and
                                            HELEN TACORDA
    294879_1.doc
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE VEEN FIRM, P.C.
711 VAN NESS AVE.  SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF
POINTS AND AUTHORITIES

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California. I am over 18 years of age and not a party to this action. My business address is The Veen Firm, P.C., 711 Van Ness Avenue, Suite 220, San Francisco, California 94102.

On the date below I served a true copy of the following document(s):

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties to said action by the following means:

☐ **(BY MAIL)** By placing a true copy of the above, enclosed in a sealed envelope with appropriate postage, for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed envelope with delivery charges to be billed to The Veen Firm, P.C., for delivery by Federal Express to the address(es) shown below.

☐ **(BY FACSIMILE TRANSMISSION)** By transmitting a true copy of the above by facsimile transmission from facsimile number (415) 771-5845 to the attorney(s) or party(ies) shown below.

☐ **(BY MESSENGER)** By placing a true copy of the above in a sealed envelope and by giving said envelope to an employee of Western Messenger Service for guaranteed, same-day delivery to the address(es) shown below.

☐ **(BY HAND DELIVERY)** By personal delivery of a true copy of the above to the attorneys or parties shown below

☒ **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable period of time, after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Sonja S. Weissman, Esq.  
James M. Neudecker, Esq.  
Reed Smith LLP  
101 Second Street, Suite 1800  
San Francisco, CA 94105  
Fax: (415) 391-8296

Gloria Lee, Esq.  
Counsel-Litigation  
McKesson Corp.  
1 Post Street  
San Francisco, CA 94104

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

DATED: August ___, 2012

_____  
Ramona Atanacio

THE VEEN FIRM, P.C.
711 VAN NESS AVE., SUITE 220
SAN FRANCISCO, CA 94102
Tel (415) 673-4800
www.veenfirm.com