IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>APPROVED FORM OF SHORT FORM COMPLAINT<br><br>JURY TRIAL DEMAND |
| This applies to:<br><br>Sari McNamee v. Zimmer, Inc. at al | |

Sari McNamee,

        Plaintiff,

vs.

Zimmer, Inc., Zimmer Holdings, Inc.,
Zimmer Orthopaedic Surgical Products, Inc.

        Defendants.

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff incorporates by reference Plaintiffs' Master Long Form Complaint in *In Re: Zimmer NexGen® Knee Implant Products Liability Litigation*, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended

1

Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to her case. Where certain claims require specific pleadings or case specific facts and individual information, Plaintiff shall add and included them herein.

1. Plaintiff, Sari McNamee, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between parties.

3. Venue is proper under 28 U.S.C. §1391 as Defendants named herein do business within this district.

4. Plaintiff Sari McNamee is a resident and citizen of Langley, British Columbia, Canada and claims damages as set forth below.

5. ~~Plaintiff's Spouse, _____, is a resident and citizen of [state] _____, and claims damages as a result of loss of consortium.~~

6. Plaintiff was born on August 2, 1968.

7. ~~Plaintiff is filing this case in a representative capacity as the [administrator/ personal representative/executor/other] _____ of the [Estate of] _____. *[Cross out if Not Applicable.]* A copy of the Letters of Administration or other authority to proceed on behalf of the Estate, where required, is annexed hereto if such~~

2

~~letters are required for the commencement of such a claim by the Provate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8. Plaintiff was implanted with a Zimmer NexGen® Knee device on her left knee on or about September 12, 2007, at Langley Memorial Hospital by Dr. Robin C. Richards.

9. Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device:

    __X__ Zimmer NexGen LPS-Flex

    _____ Zimmer NexGen CR-Flex

    _____ Zimmer NexGen GSF LPS-Flex

    _____ Zimmer NexGen GSF CR-Flex

    _____ Zimmer NexGen MIS Tibia

10. Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device on August 11, 2008, at Langley Memorial Hospital by Dr. Robin C. Richards.

11. Plaintiff has suffered injuries as a result of implantation and revision/ explantation of the Zimmer NexGen® Knee device manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12. At the time of implantation with the Zimmer NexGen® Knee device, Plaintiff resided at 7193 196A Street, Langley, British Columbia, Canada.

13. Defendants, by their actions or inactions, proximately caused Plaintiff's injuries.

3

14. Plaintiff claims damages as a result of:

   __X__ injury to herself

   _____ injury to the person represented

   _____ wrongful death

   _____ survivorship action

   __X__ economic loss

   _____ loss of services

   _____ loss of consortium

15. Neither Plaintiff nor her physician, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device, or as the facts dictate and produced in discovery.

16. As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number _____ and lot number _____. If unknown, [check] __X__ to be provided at or before service of Plaintiff's fact sheet.

## ALLEGATIONS AS TO DEFENDANTS' SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18. The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

. . .

4

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

___X___ COUNT I (a) ZIMMER LPS-FLEX;

_____ COUNT I (b) ZIMMER CR-FLEX;

_____ COUNT I (c) ZIMMER GSF LPS-FLEX;

_____ COUNT I (d) ZIMMER GSF CR-FLEX;

_____ COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

___X___ COUNT II (a) ZIMMER LPS-FLEX;

_____ COUNT II (b) ZIMMER CR-FLEX;

_____ COUNT II (c) ZIMMER GSF LPS-FLEX;

_____ COUNT II (d) ZIMMER GSF CR-FLEX;

_____ COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

___X___ COUNT III (a) ZIMMER LPS-FLEX;

_____ COUNT III (b) ZIMMER CR-FLEX;

_____ COUNT III (c) ZIMMER GSF LPS-FLEX;

_____ COUNT III (d) ZIMMER GSF CR-FLEX;

_____ COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT IV – NEGLIGENCE**

___X___ COUNT IV (a) ZIMMER LPS-FLEX;

_____ COUNT IV (b) ZIMMER CR-FLEX;

_____ COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____ COUNT IV (d) ZIMMER GSF CR-FLEX;

_____ COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

__X__ COUNT V (a) ZIMMER LPS-FLEX;

_____ COUNT V (b) ZIMMER CR-FLEX;

_____ COUNT V (c) ZIMMER GSF LPS-FLEX;

_____ COUNT V (d) ZIMMER GSF CR-FLEX;

_____ COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

__X__ COUNT VI (a) ZIMMER LPS-FLEX;

_____ COUNT VI (b) ZIMMER CR-FLEX;

_____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VI (d) ZIMMER GSF CR-FLEX;

_____ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – BREACH OF EXPRESS WARRANTY**

__X__ COUNT VI (a) ZIMMER LPS-FLEX;

_____ COUNT VI (b) ZIMMER CR-FLEX;

_____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VI (d) ZIMMER GSF CR-FLEX;

_____ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF IMPLIED WARRANTY**

___ COUNT VII (a) ZIMMER LPS-FLEX;

___ COUNT VII (b) ZIMMER CR-FLEX;

___ COUNT VII (c) ZIMMER GSF LPS-FLEX;

___ COUNT VII (d) ZIMMER GSF CR-FLEX;

___ COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VIII – REDHIBITION**

_X_ COUNT VIII (a) ZIMMER LPS-FLEX;

___ COUNT VIII (b) ZIMMER CR-FLEX;

___ COUNT VIII (c) ZIMMER GSF LPS-FLEX;

___ COUNT VIII (d) ZIMMER GSF CR-FLEX;

___ COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

___ COUNT IX – LOSS OF CONSORTIUM

___ COUNT X – WRONGFUL DEATH

___ COUNT XI – SURVIVAL ACTION

___ COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES:

[State] _____ and applicable statute: _____

_X_ COUNT XIII – UNJUST ENRICHMENT

_X_ COUNT XIV – PUNITIVE DAMAGES

**PLAINTIFF ASSERTS THE FOLLOWING ADDITIONAL CAUSE OF ACTION:**

**COUNT XV – STRICT PRODUCT LIABILITY**

Plaintiff brings strict product liability claims under the common law, Section 402A of the Restatement of Torts (Second), and/or Restatement of Torts (Third) against Defendants.

. . .

7

## COUNT XVI – FRAUDULENT CONCEALMENT

a) At all relevant times, Defendant concealed or omitted material information regarding the safety of the Product from consumers, including Plaintiff, and the medical and orthopaedic communities.

b) Defendants knew, or were reckless in not knowing, that the Product posed significant risks of causing severe and permanent injuries, and elected not to advise the medical and orthopaedic communities, Plaintiff, or other consumers of the Product's risks, and consequently placed its profits above the safety of Plaintiff and other consumers.

c) In its representation, Defendant fraudulently concealed and intentionally omitted material information about the Product's dangers from consumers, including Plaintiff.

d) Defendants knew, or were reckless in not knowing, that the Product causes dangerous prosthetic loosening and other severe and permanent injuries.

e) Defendants had sole access to material facts concerning the dangers and unreasonable risks of the Product.

f) Defendants willfully concealed material information regarding the dangers of the Product to induce consumers, including Plaintiff, to use the Product. Defendants' concealment of the defective nature of the Product and its dangerous risks caused Plaintiff to suffer damages.

g) Defendants were under a duty to disclose to Plaintiff, other consumers, and the medical and orthopaedic communities the defective nature of the Product, and the risks and dangers associated with its use.

h) As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff developed prosthetic loosening and was caused to suffer severe and permanent injuries, pain, and mental anguish, including diminished enjoyment of life, and fear of development other harmful conditions including additional surgeries.

8

i) In addition, Defendants' conduct in the marketing, advertising, promotion, distribution, and sale of the Product was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and to deter them from similar conduct in the future.

j) As a direct and proximate result of the fraudulent concealment of the Defendants' action and/or inactions as set forth in this complaint, Plaintiff was caused to suffer damage, including but not limited to, pain, suffering, and loss in the quality of life, loss of society and comfort, loss of consortium and to incur related expenses, including, but not limited to, prescription medicines, medical hospital and nursing costs as well as loss of earnings, diminution in earning capacity and/or other costs as proof will show, and Plaintiff demands all damages to which Plaintiff is entitled under the law in an amount deemed fair and reasonable, including interest, costs, attorney fees, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;
2. For punitive or exemplary damages against Defendants;
3. For all applicable statutory damages of the state whose laws will govern this action;
4. For an award of attorney's fees and costs;
5. For pre-judgment interest and the costs of suit; and
6. For such other and further relief as this Court may deem just and proper.

. . .

. . .

. . .

. . .

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: September 20TH, 2012.

                          Respectfully submitted,

                          MURPHY & MURPHY LAW OFFICES

                          Craig Murphy, Esq.
                          Nevada Bar No. 4014
                          craig@nvpilaw.com
                          10191 Park Run Drive, Ste 100
                          Las Vegas, NV 89145
                          Phone: (702) 369-9696
                          Fax: (702) 369-9630

## **CERTIFICATE OF SERVICE**

I certify that I am an employee of Murphy & Murphy Law Offices and that on September 26, 2012, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, using the electronic case filing system of the Court.

I further certify that on September 26, 2012, I served via U.S. Mail a copy of the foregoing Approved Form of Short Form Complaint, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

<div style="text-align:center">

Nicole Brett
BAKERS & DANIELS, LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802

</div>

_____
Employee of Murphy & Murphy Law Offices