IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE ) <br> IMPLANT PRODUCTS LIABILITY ) <br> LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) | MDL No. 2272 <br><br> Master Docket Case No. 1:11-cv-05468 |

---

**This Document Relates to All Cases**

---

**PLAINTIFFS' MOTION FOR AN ORDER ESTABLISHING A TIME AND EXPENSE REPORTING PROTOCOL AND ESTABLISHING A COMMON BENEFIT FUND**

1.  Plaintiffs, by and through Plaintiffs' Steering Committee ("PSC"), hereby respectfully move the Court for entry of an Order establishing: (a) a Time and Expense Reporting Protocol and to ensure that any fees and expenses for common-benefit work for which counsel may later seek reimbursement from a Common Benefit Fund, if any such fund is established by this Court, are reasonable and necessary and non-duplicative; and (b) establishing an escrow account for the purpose of receiving and disbursing funds as directed by the Court referred to as the "Zimmer NexGen Knee Common Benefit Fund."

2.  The PSC seeks entry of this Order to satisfy their duties to the plaintiffs in this matter to ensure the efficient and effective pre-trial prosecution of their claims, ensure that time and resources expended by counsel in this matter inure to the common benefit of the plaintiffs, and protect against unreasonable and unnecessary fees and costs, reimbursement for which may be sought from a Common Benefit Fund established by this Court.

3. On August 8, 2011 pursuant to 29 U.S.C. § 1407 the Judicial Panel on Multidistrict Litigation ("JPML") transferred for consolidated and coordinated pretrial proceedings cases involving claims by Plaintiffs injured as a result of alleged defective Zimmer NexGen knee implants. Transfer Order, Aug. 8, 2011, ECF No. 110.

4. After this MDL was established by the JPML, this Court thereafter appointed certain plaintiffs' counsel to serve as Co-Lead Counsel, Plaintiffs' Liaison Counsel and as members of the Steering Committee (hereafter collectively "PSC"). See Doc. No. 48, filed Sept. 16, 2011.

5. Since their appointment, members of the PSC, and other plaintiffs counsel as directed by the PSC, have conducted common-benefit work including, but not limited to, engaging in bi-weekly meet and confers on discovery issues, meet and confers with Defendants on proposed case management orders, scheduling of 30(b)(6) depositions, conducting numerous depositions, drafting and filing master and short form complaints and responding to numerous motions filed by defendants. The PSC has conducted coordinated and related administrative functions and provided plaintiffs' attorneys representing plaintiffs in this litigation with regular updates regarding this Court's Orders and guidance regarding procedural issues. The PSC expects to continue to invest many resources in common-benefit work.

6. While the common benefit doctrine reflects the inherent right of every federal district judge to ensure equity in a variety of procedural circumstances, it has become a staple of effective case management in modern complex litigation, especially contemporary multidistrict litigation. The court in *Florida Everglades* gave practical implementation to court-appointed lead/liaison counsel and PSC structures by holding that because "lead counsel's services are in part for all parties with like interests and their lawyers," a multidistrict litigation transferee court

is obligated to compensate counsel who developed and prosecuted a case from the recovery of others who reaped the benefit of that work and followed on its coat-tails.

*In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019-21 at 1017 (5th Cir. 1977).  Thus, under the common benefit doctrine, multidistrict transferee courts are empowered to require that fees be equitably shared in complex civil litigation.  See, e.g. *Id*. at 1016 ("We hold that the district court had the power to direct that the Committee and its counsel be compensated and that requiring the payment come from other [non-member] attorneys was permissible."); *Smiley v. Sincoff*, 958 F.2d 498, 501 (2d Cir. 1992) ("District courts have exercised this power to establish fee structures designed to compensate committee members for their work on behalf of all plaintiffs involved in consolidated litigation.").

       7.     The Manual for Complex Litigation (4th ed. 2004) (the "Manual 4th"), emphasizes that, together with an MDL court's power and obligation to appoint responsible counsel, comes the power and obligation to ensure that counsel who have undertaken core work on the litigation, particularly court-appointed counsel, receive compensation, including from later-filed (or unfiled) cases and settlements that take advantage of and piggy-back on their work. The *Manual 4th* recognizes and endorses the hold back mechanism as follows: "Class counsel generally have the benefit of the common fund doctrine to support payment for their efforts on behalf of the class or consolidated litigants. MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay national counsel." *Id*. § 20.312; see also id. §§ 11.211, 14.211, 14.215, 22.927.

       8.     In *Boeing v. Van Gemert*, 444U.S. 472, 478 (1980), the Supreme Court explained that the court must have"[j]urisdiction over the fund involved in the litigation." This criterion is

satisfied by jurisdiction over a party that controls the fund, usually the defendant. In the MDL context, transferee courts create this fund through orders directing defendants to "hold back" a specified percentage from settlements that release claims asserted in the MDL. The account into which these holdback funds are deposited becomes the source of common benefit fees and costs awards that are made, at the close of the proceedings, pursuant to duly-noticed motion and a court approval process.

9. The Proposed Order subjects cases in this MDL or outside the MDL who have signed the Participation Agreement to an eight percent (8%) assessment of the gross monetary recovery (3% from the Plaintiffs' share of the recovery and 5% from the share of recovery payable to the Plaintiffs' attorney as attorney fees) to be paid to a an escrow account referred to as the "Zimmer NexGen Knee Common Benefit Fund." The common benefit funds will be held as funds subject to the direction of the Court and no party or attorney would have any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the Court.

10. The proposed order is consistent with fair and equitable assessments that have been ordered in other MDLs recently. See I*n re Nuvaring® Products Liability Litigation*, MDL 1964, Amended CMO No. 3 at ¶ A.1.b. entered 12/09/2011 (ordering eleven percent (11%) to be subtracted from the attorneys' fees portion of the individual case fee and four and one-half percent (4.5%) from the client's portion of any recovery); see also, *In re Kugel Mesh Hernia Patch Products Liability Litigation*, MDL 1842, PPO 22 at ¶ 2.A, entered 12/18/2009 (ordering a twelve percent (12%) assessment of the gross monetary recovery).

11. When a Common Benefit Fund is established, with time and expenses for work benefitting all plaintiffs to be paid from such Fund, it is appropriate to appoint an outside auditor

to review time and expense reports submitted by common benefit attorneys and to submit reports to the Court as requested. As with the time and expense reporting protocols, early auditing of time and expense reports helps reduce the risk of conflicts regarding payment for fees and expenses from a Common Benefit Fund by ensuring consistency and accurate reporting early in the case.

12. The Proposed Order allows for the appointment of a certified public accountant (the "CPA") by the Court to act as the outside auditor for the time and expenses submitted to be paid from the Common Benefit Fund. The CPA will be charged with determining which items submitted for payment of common benefit time and expenses meet the criteria established by the Proposed Order. The subsequent order, should one be entered by the Court appointing a CPA, shall specify the hourly rates charged by the CPA and direct the CPA to submit quarterly detailed bills to Lead Counsel of the PSC. Such bills will be paid from an account established by the PSC and will be considered a shared cost.

13. Entry now of an Order establishing a protocol governing permissible common benefit time and expenses invested in this matter and requiring periodic reporting by plaintiffs' counsel conducting such common-benefit work will help ensure only reasonable and necessary fees and costs inuring to the benefit of all plaintiffs are incurred. Establishing such guidelines early in the course of this litigation, along with the establishment of a Common Benefit Fund, will help ensure that staffing levels for common-benefit work are appropriate and common-benefit time and expenses are reasonable, and will reduce the risk of later conflict over fees and expenses. See *Manuel for Complex Litigation (Fourth)* §§ 14.242, 14.213 (2004). Further, imposing record-keeping procedures and requiring the submission of periodic reports

"encourages lawyers to maintain records adequate for the Court's purposes," and facilitates Court review of later-submitted fee petitions, if any. See *id*. §§ 14.212-214.

14. Accordingly, the Proposed Order requires members of the PSC to contribute assessments to a Fund administered by Plaintiffs' Lead Counsel in amounts agreed to by the PSC to cover interim litigation expenses for administration of this MDL. It likewise requires all counsel conducting common-benefit work to maintain contemporaneous and detailed time and expense records in a specific electronic format. See *id*. § 14.213. (recommending that time keeping be addressed early in the case and that contemporaneous records identifying the activity and nature of work be required, along with the use of computer programs to facilitate analysis and agreed-on forms of summaries). Such records must be submitted quarterly to the PSC-designated attorney and shall be subject to further review by the Court-appointed auditor (proposed herein) for compliance with guidelines of the time and expense reporting protocol.

15. The Proposed Order delineates compensable common benefit time categories, such as time spent conducting discovery, in motions practice, pursuing organizational functions, preparing for and conducting trial, and related litigation functions. To ensure common benefit fees are reasonable, compensable categories exclude, inter alia, time spent not authorized by the PSC, time spent on individual client cases, time spent reading and reviewing court documents unless necessary to conduct a compensable function and any duplicative time. Similarly, the Proposed Order limits compensable expenses to those necessary to carry out legitimate compensable work, and imposes limitations on both travel and non-travel expenses, such as limiting reimbursement for coach-class fare only and excluding most secretarial functions, to ensure only reasonable costs are reimbursed.

16. Such time and expense limitations are appropriate to ensure the appropriate level of staffing and expenses. See *id.*, § 14.212. (discussing guidelines regarding who may charge for discovery, court and trail time); § 14.216 (discussing limitations on expense categories).

17. Accordingly, other MDL courts have entered orders establishing similar time keeping and expense reporting protocols at early stages of the litigation. See e.g. Pretrial Order No. 9, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Golf of Mexico*, on April 20, 2010, No. 10-md-02179 (E.D. La. Oct. 8, 2010), ECF No. 508 (entered three months after transfer by the MDL panel); Mem. & Order, *In re: Oral Sodium Phosphate Solution-Based Prods. Liab. Action*, No. 1:09-SP-80000, MDL No. 2066 (N.D. Ohio Sept. 30, 2009), ECF No. 34 (entered three months after transfer and setting forth guidelines "in anticipation of the possibility that, at some time in the future, there may be applications . . . for payment of common benefit fees or expenses"); Pretrial Order No. 6, *In re Vioxx Prods. Liab. Litig.*, No. 05-md-01657 (E.D. La. Apr. 8, 2005), ECF No. 245 (entered two months after transfer).

18. For the foregoing reasons, Plaintiffs respectfully request entry of the Proposed Order establishing a time and expense reporting protocol and establishing a Common Benefit Fund.

Dated: November 21, 2012

Respectfully Submitted,

  */s/ James Ronca*

| | |
|---|---|
| Peter Flowers | James Ronca, Esq. (SBN 25631) |
| Foote Meyers Mielke & Flowers, PC | ANAPOL SCHWARTZ |
| 3 North 2nd Street, Suite 300 | 1710 Spruce Street |
| Saint Charles, IL 60174 | Philadelphia, PA 19103 |
| Tel. (630) 232-6333 | Tel: (215)735-1130 |
| Email: pjf@foote-meyers.com | Fax: (866)735-2792 |
| | Email: Jronca@anapolschwartz.com |

- 8 -

*Plaintiffs' Liaison Counsel*

        Timothy Becker
        Johnson Becker PLLC
        33 South Sixth Street, Suite 4530
        Minneapolis, MN 55402
        Phone: (612) 333-4662
        Fax: (612) 339-8168
        Email: tbecker@johnsonbecker.com

        Tobias Milrood
        Pogust, Braslow and Millrood
        Eight Tower Bridge, Suite 1520
        161 Washington Street
        Conshohocken, PA 19428
        Phone: (610) 941-4204
        Fax: (610) 941-4245
        Email: tmillrood@pbmattorneys.com

        *Co-Leads for Plaintiffs' Counsel*