# EXHIBIT "A"

EXHIBIT "A"
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Master Docket Case No. 1:11-cv-05468
Honorable Rebecca Pallmeyer

IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY
LITIGATION  MDL NO. 2272

AGREEMENT

This Agreement is made this__day of _____, 201_, by and between the Plaintiffs' Steering
Committee ("PSC") appointed by the United States District Court for the Northern District of
Illinois in MDL Docket No. 2272 and _____(hereinafter "the
Participating Attorneys").

WHEREAS the United States District Court for the Northern District of Illinois has
appointed Counsel to serve as members of the PSC to facilitate the conduct of pretrial
proceedings in the above-captioned litigation; and

WHEREAS the PSC in association with other attorneys working for the common benefit
of plaintiffs (with written authorization of the PSC) in MDL 2272 have developed or are in the
process of developing work product which will be valuable in the litigation of state court
proceedings involving injuries from implantation of the products at issue in the above-captioned
litigation, including:

    a. a virtual depository containing images of the documents produced by defendants and
third parties
    b. objective coding of key documents selected by the PSC from the document
productions of the defendants and third parties;
    c. A bibliographic database providing a "coded" index of such  key documents;
    d. The videotaped  depositions of a large number of  generally applicable fact witness
taken in MDL 2272
    e. Time-lines, casts of characters, scientific literature reviews, expert review and/or
other work product relating to the facts at issue in MDL 2272;

which will collectively be referred to as the "PSC Work Product"; and

WHEREAS the Participating Attorneys are desirous of acquiring the PSC Work Product
and establishing an amicable working relationship with the PSC for the mutual benefit of their
clients;

NOW, THEREFORE, in consideration of the covenants and promises contained herein,
and intending to be legally bound hereby, the parties agree as follows:

1.    With respect to each client who they represent in connection with a Nexgen knee replacement related claim (as said claims are defined with the scope of MDL 2272), whether currently with a filed claim in state or federal court or unfilled or on a tolling agreement, each of the Participating Attorneys;

   (a) be subject to all orders of this MDL related to Common Benefit work and any assessment related to Common Benefit work; and

   (b) shall deposit or cause to be deposited in an MDL 2272 Fee and Cost Account established by the District Court in the MDL a percentage proportion of the gross amount recovered by each such client which is equal to eight percent (8%) of the gross amount recovered by each such client (5% of the gross amount recovered coming from the Participating Attorneys' attorneys' fees and 3% of the gross amount recovered coming from the client's share as a cost).

For purposes of this Agreement, the gross amount of recovery shall include the present value of any fixed and certain payments to be made to the plaintiff or claimant in the future or the cost of any annuity.

2.    The Participating Attorneys, on behalf of themselves, their affiliated counsel, and their clients, hereby grant and convey to the PSC a lien upon and/or a security interest in any recovery by any client who they represent in connection with any Nexgen knee replacement induced injury, to the full extent permitted by law, in order to secure payment in accordance with the provisions of paragraph 1 of this Agreement. The Participating Attorneys will undertake all actions and execute all documents which are reasonably necessary to effectuate and/or perfect this lien and/or security interest. The Participating Attorneys also hereby warrant that they have informed their clients of this agreement and have obtained their clients' consent regarding same.

3.    The amounts deposited in the MDL 2272 Fee and Cost Account shall be available for distribution as attorneys' fees and/or cost reimbursement to PSC attorneys and other attorneys who have performed work and/or incurred expenses of the common benefit of plaintiffs (with written authorization from the PSC) in MDL 2272. Such sums shall be distributed upon an Order of the Court in MDL 2272, which will be issued in accordance with applicable law governing the award of fees and costs in cases involving the creation of a common benefit.

4.    This Agreement shall apply to each and every claim or action (whether state or federal, filed or unfilled) arising from the implantation of a NexGen Knee Implant in which the Participating Attorneys have or may have a right to a fee recovery.

5.    As the litigation progresses and work product of the same type and kind continues to be granted, the PSC will provide Participating Attorneys with such work product and will otherwise cooperate with the Participating Attorneys to effectuate the just and efficient resolution the MDL and the state court litigation(s) for the benefit of the plaintiffs.

6.      The undersigned counsel confirms that he/she has reviewed the Protective Order entered by the Court in the above-captioned litigation and agrees to be bound by its terms. Consistent with the Protective Order, the undersigned counsel will execute the Confidentiality Agreement attached to the Order prior to receipt of any confidential information, including items (a) to (e) above.

7.      The undersigned represents that he or she has authority to enter this agreement on behalf of his/her law firm and clients

Signed ___ day of _____, 201 –

Name:                              Law Firm:

# EXHIBIT "B"

**MEMORANDUM**

TO:        Zimmer Nexgen Knee Committee

FROM:      James Ronca/Tobi Milrood/Tim Becker, Co-Lead Counsel

DATE:      November 21, 2012

RE:        Re: IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY
           LITIGATION - Quarterly Time and Expenses Reports – Common benefit fee
           procedures

---

Counsel:

This letter addresses the general rules and standards for keeping and submitting time and expenses in this litigation, MDL No. 2272.

**<u>General Rules and Standards:</u>**

1. All time and expenses submitted must be incurred only for work authorized by and at the direction of the PSC.
2. These time and expense guidelines are intended to govern all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL No. 2272. They do not relate to time or expenses incurred for prosecuting individual claims, unless such work is necessary to the advancement and administration of MDL No. 2272 and explicitly requested by PSC.
3. Time and expense submissions must be made on two of the forms provided to you, which are attached in excel format. These are the Zimmer Nexgen Knee Firm Time Spreadsheet and the Zimmer Nexgen Knee Firm Expense Spreadsheet. There is an additional (OPTIONAL) Zimmer Nexgen Knee Individual Time Spreadsheet that is intended for individuals of each firm. Please use and maintain these in-house in case the Court later requires an audit of individual time.  Time and Expense submissions should be made quarterly from each participating firm. The submission should be a compilation of time and expenses for all the participating individuals of that firm for the quarter.
4. At this time, supporting receipts, logs or other documentation for both time and expenses (e.g., detailed time entry reports, hotel, food or airfare receipts, etc.) do not need to be submitted with the quarterly reports, but you need to keep scans/copies/proof of the receipts either by the actual receipt or a credit card bill. The PSC reserve the right to request these documents at any time. These documents must be maintained for auditing purposes as the litigation progresses and it is likely that PSC and/or the Court will require this documentation prior to making any payments for MDL No. 2272.
5. All quarterly Time Reports and quarterly Expense Reports must be submitted to nexgen@mtcbte.com

**Compliance**

Failure to follow any of the standards and procedures outlined herein or timely submit any of the quarterly reports may result in partial or complete disallowance of the claimed time or expenses. We will be monitoring all time and expenses to ensure there is timely recording of reasonable time and expenses for MDL No. 2272. The PSC, or a designated committee on their behalf, reserves the right to audit the detail of any time and expense report submitted in this litigation at any time.

**Representations as to Time and Expense Submissions**

Each attorney submitting a time or expense report shall be considered as representing that the time and expense submitted meets the criteria set forth herein.

**Time Reporting**

1. Only time spent on matters common to all claimants in MDL No. 2272 ("common benefit work") will be considered in determining fees. No time spent on developing or processing individual issues in any case for an individual client (claimant), with the exception of bellwether, ADR, or neutral evaluation cases (or by other agreement with the PSC), will be considered or should be submitted.

2. All time must be accurately and contemporaneously maintained. All counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with sPSCificity the hours and particular activity.

3. All time spent by each firm on matters relating to MDL No. 2272 shall be maintained in one-tenth increments. The following categories should be used:

   a. PSC Calls/Meetings
   b. PSC Calls/Meetings
   c. Lead/Liaison Duties
   d. Administrative
   e. MDL Status Conf.
   f. Court Appearance
   g. Research
   h. Discovery
   i. Doc Review
   j. Litigation Strategy & Analysis
   k. Dep: Prep/Take/Defend
   l. Pleadings/Briefs/Pre-trial Motions/Legal
   m. Science
   n. Experts/ Consultants
   o. Settlement
   p. Trial Prep/Bellwether
   q. Trial
   r. Appeal
   s. Miscellaneous (Describe)

**Expense Reporting**

1. Plaintiffs' Lead Counsel shall maintain a litigation fund for "Shared Expenses" of MDL No. 2272 for payment of expenses that may include experts, deposition transcripts and court reporter costs, document depository, witness fees, administrative matters (e.g., bank charges, equipment charges, conference calls, meeting costs, legal and accounting fees), investigative services and other necessary shared expenses common to MDL No. 2272. Plaintiffs' Lead Counsel is charged with administering this fund and those expenditures are administered separately from expenses incurred and submitted in the quarterly time and expense reports. The following Categories should be used:
   a. Assessment Fees
   b. Federal Express / Local Courier, etc
   c. Postage Charges
   d. Facsimile Charges
   e. Long Distance
   f. In-House Photocopying
   g. Outside Photocopying
   h. Hotels
   i. Meals
   j. Mileage
   k. Air Travel
   l. Deposition Costs/ Expert Witness/Other
   m. Lexis/Westlaw
   n. Court Fees
   o. Witness / Expert Fees
   p. Investigation Fees / Service Fees
   q. Transcripts
   r. Ground Transportation (Ie. Rental)
   s. Miscellaneous (Describe)

2. "Held Expenses" are those expenses authorized, incurred and submitted in the quarterly time and expense reports that are not client sPSCific, but inure to the global benefit of plaintiffs in MDL No. 2272 and may include, among other things, authorized travel costs, postage, photocopies, computerized legal research and meals.

3. All supporting receipts, logs or documentation for held expenses must be maintained for auditing purposes. Failure to maintain these supporting documents may result in a partial or complete disallowance of the claimed expenses. Moreover, the PSC may require quarterly submission of expenses as the litigation progresses.

4. Only the price of a coach seat for a reasonable itinerary for airfare will be reimbursed, unless there are extraordinary conditions requiring travel at a higher fare and this expenditure is approved by the Lead Counsel prior to the travel taking place. If a person chooses to fly first class, they will only be reimbursed for the cost of the coach ticket on the same flight.

5. Hotel room charges must be reasonable, taking into account the availability of business class hotels in the location of the event requiring the hotel stay. As the litigation progresses, the PSC reserves the right to impose a cap on the price of hotel rooms.

6. Meal expenses must be reasonable and reasonably tied to the work being performed in MDL 2272.

7. Miscellaneous cash expenses for which official receipts are not generally available (*e.g.*, tips, luggage handling) will be reimbursed up to $25.00 per trip, as long as these expenses are properly documented.

8. Luxury rental automobiles will not be fully reimbursed, unless they are the only automobiles available for rental. When luxury automobiles are rented and non-luxury automobiles are available, then the difference between the luxury and non-luxury vehicle rates must be shown and only the non-luxury rate may be claimed.

9. If a mileage claim is submitted, documentation must be kept stating origination point, destination, total miles and the purpose of the trip. Approved mileage claims will be reimbursed at the maximum rate allowed by the IRS.

10. A contemporaneous log must be maintained for in-house photocopy charges, which are subject to reimbursement at a maximum of 15 cents per page.

11. Claims for electronic research (*e.g.*, Westlaw, Lexis) should be in the exact amount charged to the firm for these services.

We are trying to make this as easy as possible and as simplified as possible. All of the requirements outlined in this letter are designed to be as reasonable as possible, while ensuring we meet all obligations. Please make sure that you keep track of all original receipts. Again, if you have questions about time and expense reporting, please direct them to us.

TRULY YOURS,

JIM/TOBI/TIM/PETE

attachments via email

# EXHIBIT "C"

## IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

### QUARTERLY TIME REPORT

Quarter/Date: _____

Firm Name: _____

**Categories:** **1.** PEC Calls/Meetings  **2.** PSC Calls/Meetings  **3.** Lead/Liaison Duties  **4.** Administrative  **5.** MDL Status Conf.  **6.** Court Appearance  **7.** Research
**8.** Discovery  **9.** Doc Review  **10.** Litigation Strategy & Analysis  **11.** Dep: Prep/Take/Defend  **12.** Pleadings/Briefs/Pre-trial Motions/Legal  **13.** Science  **14.** Experts/ Consultants
**15.** Settlement  **16.** Trial Prep/Bellwether  **17.** Trial  **18.** Appeal  19. Miscellaneous (describe)

| Firm ID: | Last Name, First Name: | Professional Level:  Partner (PT), Associate (A), Contract (C ) or Paralegal (PR) | Date of Service: | Category Code: | Category Name: | Detailed Description of Work performed: | Work Assigned by or Approved by: | Billing Rate: | Time Spent (by 0.1 Increments) | Fees Total: |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | $   - | 0 | $   - |

| Category Name: | Total Time per Category: | Total Fees per Category: |
|---|---|---|
| PEC Calls/Meeting | | |
| PSC Calls/Meeting | | |
| Lead/Liaison Duties | | |
| Administrative | | |
| MDL Status Conf | | |
| Court Appearance | | |
| Research | | |
| Discovery | | |
| Doc Review | | |
| Litigation Strategy & Analysis | | |
| Dep: Prep/Take/Defend | | |
| Pleadings/ Briefs, Pre-Trial Motions, Legal | | |
| Science | | |
| Experts/Consultants | | |
| Settlement | | |
| Trial Prep/Bellwether | | |
| Trial | | |
| Appeal | | |
| **Total:** | 0 | $   - |

### Certification:

I believe that the time set above is accurate and that the time expended was spent on common benefit work.

_____

Partner's Signature  (E-Signature)                                        Date

# EXHIBIT "D"

# Zimmer Knee Expense Report for _____

Law Firm

**Last Name, First Name:** _____

**Quarter/Date:** _____

<u>Categories:</u> **1.** Assessment Fees **2.** Federal Express / Local Courier, etc. **3.** Postage Charges **4.** Facsimile Charges **5.** Long Distance **6.** In-House Photocopying
**7.** Outside Photocopying **8.** Hotels **9.** Meals **10.** Mileage **11.** Air Travel **12.** Deposition Costs/ Expert Witness/Other **13.** Lexis/Westlaw **14.** Court Fees
**15.** Witness / Expert Fees **16.** Investigation Fees / Service Fees **17.** Transcripts **18.** Ground Transportation (ie. Rental) **19.** Miscellaneous (Describe)

********************************************************ALL ORIGINAL RECEIPTS MUST BE ATTACHED TO THIS EXPENSE SHEET************

| Date: | Category Code: | Category Name: | Detailed Description: | Amount: | Receipt Provided: Yes / No (if no, provide reason) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | $ - | |