Judge: Rebecca R. Pallmeyer
Magistrate Judge: Young B. Kim
Filed: 12/06/12
emt

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: ZIMMER NexGen KNEE IMPLANT
PRODUCTS LIABILITY LITIGATION**

Rosemary Falconeri v. Zimmer, Inc., et al., 12cv9713 )
S.D. Florida, C.A. No. 9:12-80869 )     MDL No. 2272

## TRANSFER ORDER

**Before the Panel:** Pursuant to Panel Rule 7.1, Zimmer defendants[1] (Zimmer) move to vacate our order conditionally transferring this action (*Falconeri*) to the Northern District of Illinois for inclusion in MDL No. 2272. The *Falconeri* plaintiff opposes the motion.

In its motion to vacate, Zimmer argues that *Falconeri* involves a "5954" tibial component different from the "5950 MIS Tibial Component." According to Zimmer, the 5950 component is the only NexGen tibial component that is or should be at issue in the MDL.[2] Zimmer asserts, *inter alia*, that the 5954 component has a different design, blueprints, specifications, development history, etc., than the 5950 component and, as a result, will necessarily require discovery of different design, testing, development, regulatory, manufacturing, and marketing documents, as well as unique depositions of Zimmer witnesses.

As Zimmer acknowledges in its reply brief, however, there are, at present, nine cases in the MDL involving only the 5954 component, and "[t]he issue of whether these 9 cases belong in the MDL is currently pending before [Judge Rebecca R. Pallmeyer, the transferee judge]" – in the form of Zimmer's pending motion for a suggestion of remand. *See* Zimmer's Reply in Supp. of Mot. to Vacate CTO-102, at 3 n.1 (doc. no. 934). By the instant motion to vacate, Zimmer thus appears to want the Panel to decide an issue – whether claims concerning the 5954 component should remain in the MDL – that is already squarely before the transferee judge. We are disinclined to do so. As transferee judge in this docket since the MDL's creation in August 2011, Judge Pallmeyer is in a better position to determine whether retaining claims involving the 5954 component in the MDL

---

[1]     Zimmer, Inc, Zimmer Holdings, Inc., and Zimmer Surgical, Inc.

[2]     The body of our initial order of centralization referred only to the "MIS Tibial component," but included the following footnote: "Zimmer states that the full name of this product is 'MIS Total Knee Procedure Stemmed Tibial Component Fixed Bearing Precoat.'" *In re: Zimmer NexGen Knee Implant Prods. Liab. Litig.*, 802 F. Supp. 2d 1374, 1376 n.3 (J.P.M.L. 2011).

- 2 -

would serve the purposes of Section 1407.[3] *See In re Data General Corp. Antitrust Litig.*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979) ("[S]ection 1407 contemplates that the degree and manner of coordinated pretrial proceedings is left entirely to the discretion of the [transferee] judge."); *see also In re: Nat'l Football League Players' Concussion Injury Litig.*, 842 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012) ("It is unclear at this juncture how closely related the claims against the Riddell defendants are to the claims against the NFL. It may be that the claims against the Riddell defendants are easily separable, but we are persuaded that the transferee judge is in the best position to determine whether those claims are sufficiently related to the NFL claims to remain in centralized proceedings.").

Denial of Zimmer's motion to vacate is also consistent with our recent decision transferring, over Zimmer's objections, the Eastern District of Pennsylvania *Colbert* action to this MDL. Similar to *Falconeri*, *Colbert* involved a component – a NexGen articular surface – not specifically identified in our initial order of centralization. We nevertheless transferred the action because there were at least twelve actions already in the MDL involving a NexGen articular surface. *See* Transfer Order, at 1 (J.P.M.L. Aug. 3, 2012) (doc. no. 781). We stated: "Although Zimmer's apparent position is that those [twelve] actions do not belong in the MDL either, we believe that [Judge Pallmeyer] is in the best position to make such a determination." *Id*. What we said with respect to the NexGen articular surface in *Colbert* applies as well to the 5954 component here:

> It may be, for example, that many of the same Zimmer personnel were involved in the development, design, manufacture, regulatory approval process, or marketing of not only the components identified in our centralization order but also the flex articular surface at issue in *Colbert*, and thus including the action in the MDL will result in significant efficiencies. On the other hand, Judge Pallmeyer may conclude that no such overlap exists, or that other reasons counsel against incorporating claims involving such components into the centralized proceedings. As transferee judge, she has been presiding over this litigation since last August, and thus is in a better position than the Panel to make such an assessment.

*Id*. at 2 (footnote omitted).

---

[3]    It is sometimes the case, although perhaps not often, that an MDL expands beyond the parameters set forth in the initial transfer order. This occurred, for example, in MDL No. 2243, In re: Fosamax Products Liability Litigation (No. II), where the docket now includes actions involving not only Fosamax but also other bisphosphonates. We express no view, however, whether an expansion of MDL No. 2272 to include claims involving the 5954 component is warranted.

- 3 -

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred
to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable
Rebecca R. Pallmeyer, for inclusion in the coordinated or consolidated pretrial proceedings.


PANEL ON MULTIDISTRICT LITIGATION



_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    W. Royal Furgeson, Jr.
Paul J. Barbadoro                    Marjorie O. Rendell
Charles R. Breyer                    Lewis A. Kaplan