IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | MDL No. 2272<br><br>**APPROVED FORM OF SHORT FORM COMPLAINT** |
| This applies to:<br><br>MARY E. ALEXANDER, ET AL.<br><br>Plaintiffs,<br><br>vs.<br><br>Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Orthopaedic Surgical Products, Inc.;<br><br>Defendants. | **JURY TRIAL DEMAND** |

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiffs incorporate by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and Counsel for Defendants, the following Short Form Complaint is approved for use in this action. Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form

1

Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiffs select and indicate by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiffs shall add and include them herein.

1. Plaintiffs, Mary E. Alexander and Armand Banks Alexander, III, state and bring this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiffs are filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff, Mary E. Alexander is a resident and citizen of the State of Tennessee and claims damages as set forth below.

5. Plaintiff's Spouse Armand Banks Alexander, III is a resident and citizen of Tennessee, and claims damages as a result of loss of consortium.

6. Plaintiff, Mary E. Alexander was born on XX/XX/1945.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

7. Plaintiff, Mary E. Alexander was implanted with a Zimmer NexGen® Knee device on her right knee on or about October 23, 2006 at Summit Medical Center by Dr. Michael LaDouceur.

8. On or about October 23, 2006, Plaintiffs suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

  _X___ Zimmer NexGen LPS-Flex

  _____ Zimmer NexGen CR-Flex

  _____ Zimmer NexGen GSF LPS-Flex

  _____ Zimmer NexGen GSF CR-Flex

  _X___ Zimmer NexGen MIS Tibia

9. Plaintiff, Mary E. Alexander, has not yet scheduled a revision surgery with respect to the defective Zimmer NexGen® Knee device(s).

10. Plaintiff Mary E. Alexander has suffered injuries as a result of implantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

11. At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiffs resided at 1138 Isaac Franklin Drive, Gallatin, Tennessee 37066.

12. The defendants by their actions or inactions, proximately caused Plaintiffs' injuries.

13. Plaintiff claims damages as a result of:

  _X_ injury to herself/himself

3

    \_\_\_ injury to the person represented

    \_\_\_ wrongful death

    \_\_\_ survivorship action

    _X_ economic loss

    _X_ loss of services

    _X_ loss of consortium

14. Neither Plaintiffs nor their physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

15. As a result of the injuries Plaintiffs sustained, they are entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

16. Plaintiff Mary E. Alexander's Zimmer NexGen® Flex Knee device bears catalog number 5964-15-52 and lot number 6050234 and Zimmer NexGen® MIS Tibia device bears catalog number 5950-37-01 and lot number 6053867.

### ALLEGATIONS AS TO DEFENDANTS
### SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17. The following claims and allegation are asserted by Plaintiffs and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

  _X_      COUNT I (a) ZIMMER LPS-FLEX;

  _____      COUNT I (b) ZIMMER CR-FLEX;

  _____      COUNT I (c) ZIMMER GSF LPS-FLEX;

4

| | |
|---|---|
| _____ | COUNT I (d) ZIMMER GSF CR-FLEX; |
| \_\_X\_\_\_\_ | COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS; |

## COUNT II – STRICT LIABILITY FAILURE TO WARN

\_\_X\_\_\_\_    COUNT II (a) ZIMMER LPS-FLEX ;

_____    COUNT II (b) ZIMMER CR-FLEX;

_____    COUNT II (c) ZIMMER GSF LPS-FLEX;

_____    COUNT II (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_\_\_    COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;


## COUNT III – STRICT LIABILITY MANUFACTURING DEFECT

\_\_X\_\_\_\_    COUNT III (a) ZIMMER LPS-FLEX;

_____    COUNT III (b) ZIMMER CR-FLEX;

_____    COUNT III (c) ZIMMER GSF LPS-FLEX;

_____    COUNT III (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_\_\_    COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;


## COUNT IV - NEGLIGENCE

\_\_X\_\_\_\_    COUNT IV (a) ZIMMER LPS-FLEX;

_____    COUNT IV (b) ZIMMER CR-FLEX;

_____    COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____    COUNT IV (d) ZIMMER GSF CR-FLEX;

\_\_X\_\_\_\_    COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT V – NEGLIGENT MISREPRESENTATION**

__X____ COUNT V (a) ZIMMER LPS-FLEX;

_____ COUNT V (b) ZIMMER CR-FLEX;

_____ COUNT V (c) ZIMMER GSF LPS-FLEX;

_____ COUNT V (d) ZIMMER GSF CR-FLEX;

__X____ COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – EXPRESS WARRANTY**

__X____ COUNT VI (a) ZIMMER LPS-FLEX;

_____ COUNT VI (b) ZIMMER CR-FLEX;

_____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VI (d) ZIMMER GSF CR-FLEX;

__X____ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VI – BREACH OF EXPRESS WARRANTY**

__X____ COUNT VI (a) ZIMMER LPS-FLEX;

_____ COUNT VI (b) ZIMMER CR-FLEX;

_____ COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____ COUNT VI (d) ZIMMER GSF CR-FLEX;

__X____ COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT VII – BREACH OF IMPLIED WARRANTY**

__X____ COUNT VII (a) ZIMMER LPS-FLEX;

_____ COUNT VII (b) ZIMMER CR-FLEX;

_____ COUNT VII (c) ZIMMER GSF LPS-FLEX;

|  |  |
|---|---|
| _____ | COUNT VII (d) ZIMMER GSF CR-FLEX; |
| _X_____ | COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS; |

**COUNT VIII – REDHIBITION**

|  |  |
|---|---|
| _____ | COUNT VIII (a) ZIMMER LPS-FLEX; |
| _____ | COUNT VIII (b) ZIMMER CR-FLEX; |
| _____ | COUNT VIII (c) ZIMMER GSF LPS-FLEX; |
| _____ | COUNT VIII (d) ZIMMER GSF CR-FLEX; |
| _____ | COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS; |
| _X_____ | COUNT IX – LOSS OF CONSORTIUM |
| _____ | COUNT X – WRONGFUL DEATH |
| _____ | COUNT XI - SURVIVAL ACTION |
| _X_____ | COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES: |
|  | Tenn. Code Ann. § 47-18-109. |
| _X_____ | COUNT XIII – UNJUST ENRICHMENT |
| _X_____ | COUNT XIV – PUNITIVE DAMAGES |

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For an award of attorney's fees and costs;


5.     For prejudgment interest and the costs of suit; and

6.     For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all claims in this action.

Dated: March 28, 2012.

                                      Respectfully submitted,

                                      /s/ Sheila M. Bossier
                                      Sheila M. Bossier
                                      **BOSSIER & ASSOCIATES, PLLC**
                                      1520 North State Street
                                      Jackson, MS 39202
                                      Telephone: (601) 352-5450
                                      Facsimile: (601) 352-5452

OF COUNSEL:

Tim K. Goss
Richard A. Freese
**FREESE & GOSS, PLLC**
3031 Allen Street. Suite 200
Dallas, Texas 75204
Telephone: (214) 761-6610
Facsimile: (214) 761-6688

David P. Matthews
**MATTHEWS AND ASSOCIATES**
2905 Sackett Street
Houston, TX 77098
Telephone: (713) 522-5250
Facsimile: (713) 535-7184

## CERTIFICATE OF SERVICE

I certify that on March 28, 2012, a copy of the foregoing *Plaintiffs' Short Form Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation* was served, pursuant to waiver of service of summons process, F.R.C.P. 4(d) upon:

<div style="text-align:center">

Peter Meyer
BAKER & DANIELS LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802

</div>

/s/ Sheila M. Bossier
Sheila M. Bossier