## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE: ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS LIABILITY
LITIGATION

MDL No. 2272

**SHORT FORM COMPLAINT
FOR ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS LIABILITY
LITIGATION**

_**THIS APPLIES TO:**_

_**PAMELA MAGRUDER  1:12-cv-02772**_

**JURY TRIAL DEMAND**

Plaintiff,

vs.

Zimmer, Inc., Zimmer Holdings, Inc.,
Zimmer Orthopaedic Surgical Products,
Inc.;

Defendants.

## PLAINTIFF'S SECOND AMENDED SHORT FORM COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

Plaintiff Pamela Magruder incorporates by reference Plaintiffs' Master Long Form

Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272,

filed as of January 12, 2012, as Document Number 211.  Pursuant to a Stipulated Order of the

PSC in MDL 2272 and Counsel for Defendants, the following Second Amended Short Form

Complaint is approved for use in this action.  Where Plaintiff's Complaint was previously

transferred into MDL 2272, this Short Form Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to her case. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1. Plaintiff Pamela Magruder, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled <u>IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2. This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3. Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4. Plaintiff Pamela Magruder is a resident and citizen of Texas and claims damages as set forth below.

5. Plaintiff's Spouse William R. Magruder, is a resident and citizen of Texas, and claims damages as a result of loss of consortium.

6. Plaintiff was born on May 11, 1959.

~~7.~~ ~~Plaintiff is filing this case in a representative capacity as the~~ ~~[administrator/personal representative/executor/other]~~ ~~_____of~~ ~~the [Estate of] _____.~~ *~~[Cross out if Not Applicable]~~* ~~A copy of the Letters of~~ ~~Administration or other authority to proceed on behalf of the Estate, where required, is annexed~~ ~~hereto if such letters are required for the commencement of such a claim by the Probate,~~ ~~Surrogate or other appropriate court of the jurisdiction of the decedent.~~

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

8.     Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on her left knee on or about November 6, 2007 at St. Luke's Baptist Hospital, by Dr. Peter Holmes.

9.     On or about June 3, 2009 and March 10, 2010, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

|     |     |
| --- | --- |
| _____ | Zimmer NexGen LPS Flex |
| **X** | Zimmer NexGen CR-Flex |
| _____ | Zimmer NexGen GSF LPS-Flex |
| _____ | Zimmer NexGen GSF CR-Flex |
| **X** | Zimmer NexGen MIS Tibia |

10.     Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on June 3, 2009, at Methodist Ambulatory by Dr. Peter Holmes. Plaintiff, again, suffered personal and economic injury when the revised knee failed and had to endure a second revision on March 10, 2010, at Methodist Ambulatory.

11.     Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the

forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12.    At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 18735 Danforth Cove, San Antonio, Texas 78258.

13.    The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14.    Plaintiff claims damages as a result of:

|  |  |
|---|---|
| **X** | injury to herself |
| _____ | injury to the person represented |
| _____ | wrongful death |
| _____ | survivorship action |
| _____ | economic loss |
| _____ | loss of services |
| **X** | loss of consortium |

15.    Neither Plaintiff nor her physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device (s), or as the facts dictate and produced in discovery.

16.    As a result of the injuries Plaintiff sustained, she is entitled to recover compensatory damages for pain and suffering and emotional distress, for physical impairment and for economic loss as well as punitive damages.

17.     Plaintiff's Zimmer NexGen® Flex Knee device for replacement performed on November 6 2007 bears catalog number for CR Femoral component (00597001501), lot number (60751370); catalog number for CR-FLEX articular surface (00595203010), lot number (60765414) and catalog number for tibial component (00595003701), lot number (60770655) and Plaintiff's Zimmer NexGen® Flex Knee device for revision performed on June 3, 2009 bears; catalog number for CR-FLEX articular surface (90595203017), lot number (60972897) and catalog number for tibial component (00595003701), lot number (61225964).

## ALLEGATIONS AS TO DEFENDANTS
## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

17.     The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

### COUNT I – STRICT LIABILITY DESIGN DEFECT

_____          COUNT I (a)  ZIMMER LPS-FLEX ;

__X__           COUNT I (b)  ZIMMER CR-FLEX

_____          COUNT I (c)  ZIMMER GSF LPS-FLEX;

_____          COUNT I (d)  ZIMMER GSF CR-FLEX;

__X__           COUNT I (e)  ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

           COUNT II (a)  ZIMMER LPS-FLEX ;

**X**        COUNT II (b)  ZIMMER CR-FLEX

           COUNT II (c)  ZIMMER GSF LPS-FLEX;

           COUNT II (d)  ZIMMER GSF CR-FLEX;

**X**        COUNT II (e)  ZIMMER MIS TIBIAL COMPONENTS;


**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

           COUNT III (a)  ZIMMER LPS-FLEX ;

**X**        COUNT III (b)  ZIMMER CR-FLEX

           COUNT III (c)  ZIMMER GSF LPS-FLEX;

           COUNT III (d)  ZIMMER GSF CR-FLEX;

**X**        COUNT III (e)  ZIMMER MIS TIBIAL COMPONENTS;


**COUNT IV – NEGLIGENCE**

           COUNT IV (a)  ZIMMER LPS-FLEX ;

**X**        COUNT IV (b)  ZIMMER CR-FLEX

           COUNT IV (c)  ZIMMER GSF LPS-FLEX;

           COUNT IV (d)  ZIMMER GSF CR-FLEX;

**X**        COUNT IV (e)  ZIMMER MIS TIBIAL COMPONENTS;

## COUNT V – NEGLIGENT MISREPRESENTATION

_____      COUNT V (a)  ZIMMER LPS-FLEX ;

**X**      COUNT V (b)  ZIMMER CR-FLEX

_____      COUNT V (c)  ZIMMER GSF LPS-FLEX;

_____      COUNT V (d)  ZIMMER GSF CR-FLEX;

**X**      COUNT V (e)  ZIMMER MIS TIBIAL COMPONENTS;


## COUNT VI – EXPRESS WARRANTY

_____      COUNT VI (a)  ZIMMER LPS-FLEX ;

**X**      COUNT VI (b)  ZIMMER CR-FLEX

_____      COUNT VI (c)  ZIMMER GSF LPS-FLEX;

_____      COUNT VI (d)  ZIMMER GSF CR-FLEX;

**X**      COUNT VI (e)  ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VII – BREACH OF EXPRESS WARRANTY

_____      COUNT VII (a)  ZIMMER LPS-FLEX ;

**X**      COUNT VII (b)  ZIMMER CR-FLEX

_____      COUNT VII (c)  ZIMMER GSF LPS-FLEX;

_____      COUNT VII (d)  ZIMMER GSF CR-FLEX;

**X**      COUNT VII (e)  ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VIII – BREACH OF IMPLIED WARRANTY

    \_\_\_\_\_      COUNT VIII (a)  ZIMMER LPS-FLEX ;

    **X**      COUNT VIII (b)  ZIMMER CR-FLEX

    \_\_\_\_\_      COUNT VIII (c)  ZIMMER GSF LPS-FLEX;

    \_\_\_\_\_      COUNT VIII (d)  ZIMMER GSF CR-FLEX;

    **X**      COUNT VIII (e)  ZIMMER MIS TIBIAL COMPONENTS;

## COUNT IX – REDHIBITION

    \_\_\_\_\_      COUNT IX (a)  ZIMMER LPS-FLEX ;

    **X**      COUNT IX (b)  ZIMMER CR-FLEX

    \_\_\_\_\_      COUNT IX (c)  ZIMMER GSF LPS-FLEX;

    \_\_\_\_\_      COUNT IX (d)  ZIMMER GSF CR-FLEX;

    **X**      COUNT IX (e)  ZIMMER MIS TIBIAL COMPONENTS;

## COUNT X – LOSS OF CONSORTIUM

    **X**      COUNT X  LOSS OF CONSORTIUM

## COUNT XI – WRONGFUL DEATH

    \_\_\_\_\_      COUNT XI  WRONGFUL DEATH

## COUNT XII – SURVIVAL ACTION

    \_\_\_\_\_      COUNT XII SURVIVAL ACTION

## COUNT XIII – VIOLATION OF CONSUMER PROTECTION STATUTES:

    \_\_\_\_\_      COUNT XIII  VIOLATION OF CONSUMER PROTECTION STATUTES

    (State) _____  And applicable statue:  _____

**COUNT XIV – UNJUST ENRICHMENT**

   **X**          COUNT XIV  UNJUST ENRICHMENT


**COUNT XV – PUNITIVE DAMAGES**

   **X**          COUNT XV  PUNITIVE DAMAGES


PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL   CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]:_____
_____
_____

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages requested and according to proof;

2.     For punitive or exemplary damages against Defendants;

3.     For all applicable statutory damages of the state whose laws will govern this action;

4.     For an award of attorney's fees and costs;

5.     For prejudgment interest and the costs of suit; and

6.     For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated: January 11, 2013

Respectfully submitted,

**FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP**

By: ***/s/Russell S. Briggs***
    Russell S. Briggs
    State Bar No: 02987720
    Fibich, Hampton, Leebron, Briggs
       & Josephson, L.L.P.
    1150 Bissonnet Street
    Houston, TX 77005-1848
    (713) 751-0025
    (713) 751-0030 fax
    rbrigss@fhl-law.com

    **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on January 11, 2013, a copy of the foregoing *Plaintiff's Second Amended Short Form Complaint for Zimmer Nexgen Knee Implant Products Liability Litigation* was filed electronically by using the CM/ECF system and was served, pursuant to waiver of service of summons process, F.R.C.P.4(d) upon:

Peter Meyer
FAEGRE, BAKER & DANIELS LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802

**FIBICH, HAMPTON, LEEBRON, BRIGGS & JOSEPHSON, LLP.**

By: */s/Russell S. Briggs*
    Russell S. Briggs
    State Bar No: 02987720
    Fibich, Hampton, Leebron, Briggs
      & Josephson, L.L.P.
    1150 Bissonnet Street
    Houston, TX 77005-1848
    (713) 751-0025
    (713) 751-0030 fax
    rbriggs@fhl-law.com

**ATTORNEYS FOR PLAINTIFF**