UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE | ) | |
| IMPLANT PRODUCTS LIABILITY | ) | MDL NO. 2272 |
| LITIGATION | ) | This Document Relates To All Actions |
| | ) | |
| This Document Relates to All Cases | ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | |
| | ) | Honorable Rebecca Pallmeyer |

**PRETRIAL ORDER NO. 5**
**(Common Benefit Fund/Time and Expense Reimbursement)**

This Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of services performed and expenses incurred by attorneys acting for MDL administration and common benefit of all plaintiffs in this complex litigation. This court's authority in this regard derives from the Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough,* 105 U.S. 527 (1881), and further applied in *Central Railroad & Banking Co.* v. *Pettus,* 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank,* 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375 (1970); and *Boeing Co. v. Van Gernert,* 444 U.S. 472 (1980). Courts have approved the doctrine's application in the MDL context in, inter alia, *In re MGM Grand Hotel Fire Litigation,* 660 F. Supp. 522, 525-29 (D. Nev. 1987), and *In re Air Crash Disaster at Florida Everglades on December* 29,1972, 549 F.2d 1006, 1019-21 (5th Cir. 1977). Any disputes arising under this Order that cannot be resolved by agreement of counsel will be resolved by this court in the exercise of its jurisdiction under the equitable principles of the common fund/common benefit doctrine.

It is hereby ORDERED:

**A.    Establishing the Fee and Expense Funds**

1.    Plaintiffs' Steering Committee ("PSC") has established an escrow account to receive and disburse funds contributed by PSC for payment of "shared" common benefit expenses as defined below. These funds will be held subject to the direction of the PSC. No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Co-Lead Counsel of the PSC.  These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed to a specific person as directed by the PSC.

2.    When funds may become available under subparagraph 3 of this paragraph, an escrow account will be established by the PSC to receive and disburse funds as provided in this Order. These funds will be held as funds subject to the direction of the court and are hereinafter referred to as the "Zimmer NexGen Knee Common Benefit Fund." No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by order of the court. These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed to a specific person as provided by court order.  The court shall appoint by subsequent order a qualified certified public accountant (the "CPA") to establish this account and act as escrow agent, keep detailed records of all deposits and withdrawals and to prepare any necessary tax returns and other tax filings. Such subsequent order shall specify the hourly rates to be charged by the CPA and the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit

quarterly detailed bills to the court and to Plaintiffs' Lead Counsel. Upon approval, the CPA's

bills shall be paid from the fund established by the Plaintiffs' Steering Committee (the "PSC

Fund") and shall be considered a shared cost in accordance with B.2.c below.

        3.     Assessments for the Common Benefit Expense Fund

        (a)     This order expressly applies to the following categories of cases:

        (i)     all cases now pending or later filed in, transferred to, or

removed to MDL-2272 as part of these centralized proceedings;

        (ii)     all filed or unfiled cases of plaintiffs' lawyers who submit

to the jurisdiction of this Court either by: (1) filing a case directly in thisc; (2) filing a case that is

transferred to or removed to this court as part of these coordinated proceedings; or (3) through

execution of a Participation Agreement (Exhibit A hereto) under this or subsequent orders; and

all cases under Section 2b below;

        (iii)     all cases of plaintiffs' lawyers and their law firms who are

members of the PSC or participate in any way in PSC common benefit work; and

        (iv)     all cases subsequently ordered by this court to be subject

to this Order,

AND, which are settled, compromised, dismissed, or which have had the amount of the claim

reduced, with or without trial, recovered a judgment for monetary damages or other monetary

relief, including compensatory and punitive damages, based upon alleged injury (including

death) arising from the use of a Zimmer NexGen product within the scope of MDL 2272

("Zimmer NexGen Knee Implants"), such cases will be subject to an assessment of eight percent

(8%) of the gross monetary recovery, said assessment to be withheld by defendant and paid into

the Common Benefit Fund, the terms and conditions of which will be established by this court.

This assessment will be for the payment of attorneys' fees and expenses as set forth in this Order

or any subsequent Order of the court. The eight percent assessment will be divided

proportionally, three percent (3%) coming from the plaintiffs' share of any recovery to cover

common benefit expenses and five percent (5%) coming from the share of any recovery payable

to plaintiffs' attorney as attorneys' fees. If the PSC later determines that the three percent (3%)

designated to come from the individual plaintiffs' share is insufficient to cover all reasonable

and necessary out of pocket costs and expenses, the PSC may request relief from the court in the

form of additional assessment.

(b)     Any economic loss plaintiffs, including class action plaintiffs, and

their attorneys who are subject to this Order as set forth in A3(a), and who have agreed or agree

to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover

a judgment for monetary damages or other monetary relief, including compensatory and punitive

damages, with respect to any Zimmer NexGen Knee economic loss claims are subject to an

assessment of 8 percent (8%) of the gross monetary recovery to be withheld by defendant and

paid into the Common Benefit Fund by defendant.

(c)     For all cases in which a settlement was or is entered into, or a

judgment was or is paid, beginning with the date of this Order

(d)     If for any reason the assessment is not or has not been withheld,

the plaintiff and her attorney are deemed jointly responsible for promptly paying the assessment

into the Common Benefit Fund.

(e)     The PSC shall provide Defendant's Lead Counsel and the court or

its designee with a list of plaintiffs' attorneys and/or firms who are subject to assessment under

this order under section A(3)(a) above and shall provide quarterly updates to this list as they

4

occur ("Participation List"). In the event a plaintiffs' attorney objects to the inclusion of a case on the list, Plaintiffs' Lead Counsel shall attempt to resolve the objection with the plaintiffs' attorney. If resolution is not achieved, either party may seek disposition of the matter by motion to the court.

(f) Defendants' counsel shall provide quarterly reports to the court, or its designee, and Plaintiffs Lead Counsel of the names and docket numbers of the cases on the Participation List whose cases are subject to withholding that quarter. A report is not due if there are no payments made into the Fund by Defendants during that quarter or if payment into the Fund has been on fewer than five (5) cases during the quarter. However, Defendants shall provide a report at least every two quarters regardless of the number of settlements, compromises, dismissals, awards, verdicts or other forms of payment are made subject to the assessment.

(g) In measuring the "gross monetary recovery,"

(1) Court costs that are to be paid by a defendant shall be excluded.

(2) The present value of any fixed and certain payments to be made in the future shall be included.

(3) Nothing in this Order shall be deemed to modify, alter, or change the terms of any fee contracts between plaintiffs' counsel and their individual clients. The assessment represents a hold back (*In re Zyprexa Prods. Liab. Litig.*, 467 F.Supp.2d 256, 266 (2d. Cir. 2006)) and shall not be altered in any way unless each of the following occurs: (a) the entire Plaintiffs' Steering Committee ("PSC") is consulted and provided an opportunity to be heard prior to the filing of any motion to change the assessment amount; (b) the PSC approves

5

the proposed change to the assessment by a majority vote; and (c) noticed motion with an opportunity to be heard is granted by the court and the court determines that good cause warrants a modification.

> 4. **Non-participation in MDL**

> (a)    Any plaintiff's attorney who has cases in state court and who chooses not to execute a Participation Agreement with the PSC may seek access from the PSC to MDL and/or PSC non-work product materials by contacting Plaintiffs' Co-Lead Counsel in writing. The PSC, however, shall have no obligation to allow such attorney access to any MDL materials. Further, nothing in this Order shall limit the PSC's right or ability to seek an equitable contribution against any state court case in which the plaintiffs' attorney requested in writing and was provided access to MD L work product.

> (b)    Any plaintiff or attorney who utilizes common benefit work product created in this litigation including but not limited to the document platform, depositions of witnesses and generic expert work product shall be deemed to have agreed to participate as set forth in paragraph Al(a)(iii) above and both that plaintiff and the Defendants shall be responsible to withhold the assessment set forth in paragraph 1 above.  The obligations of this paragraph includes plaintiffs' attorneys or law firms who appear on the Participation List under paragraph A(3)e above, or who have filed cases in, transferred to, or removed to this court as part of these centralized proceedings or file coordinated cases in state courts.  For purposes of this Order, when an attorney makes an appearance in a case in, transferred to, or removed to this court as part of these coordinated proceedings or, any cases where that attorney or his/her law firm represents a plaintiff in a coordinated state court case  that attorney and that attorney's law firm will be subject to the assessment set forth in paragraph 3 for any case which is settled,

compromised, dismissed, or which have had the amount of the claim reduced, with or without trial, recovered a judgment for monetary damages or other monetary relief, including compensatory and punitive damages, based upon alleged injury (including death) arising from the use of an MDL product. This paragraph recognizes that once an attorney has access to MDL PSC work product it inures to the benefit of all that attorney's clients.

### 5.    Disbursements from Common Benefit Fund

(a)    Upon subsequent order of the court, payments may be made from the Common Benefit Fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client(s), including, at the discretion of the PSC, services provided and expenses incurred in preparation and trial of the bellwether cases. Attorneys eligible thereto are limited to Plaintiffs' Lead Counsel, members of the PSC, Plaintiffs' Federal Liaison Counsel, attorneys who are called upon by Co-Lead Plaintiffs Counsel to assist in performing PSC responsibilities (e.g., discovery and science committees), and other attorneys performing PSC-approved responsibilities in MDL or state court actions as designated and confirmed by correspondence from co-lead counsel. All for attorneys' fees and expense reimbursement must be timely made and accompanied by contemporaneous records. If an attorney whose cases are otherwise exempt from this Order applies for and receives common benefit treatment, all of the cases in which the attorney and/or his or her law firm are counsel of record are subject to assessment.

(b)    Payments to non-lawyers will only be allowed for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs, which have been specifically authorized by the PSC. Payment may, for example, be made for services and expenses related to obtaining, reviewing, and indexing hard copies or

computerized images of documents; conducting depositions; and activities connected with the coordination of federal and state litigation. The Common Benefit Fund will not, however, be used to pay for services and expenses related to a particular case, such as the deposition of a treating physician, excluding common benefit services and expenses relating to the bellwether cases, even if such activity results in some incidental and/or consequential benefit to other plaintiffs, or for an attorney to "learn the case."

        (c)     Payments will not exceed the fair value of the services performed, plus any court approved multiplier, or the reasonable amount of the expenses incurred and, depending upon the amount of the Common Benefit Fund, may be limited to part of the value of such services and expenses.

        (d)     No amounts will be disbursed without review and approval by the court or such other mechanism as the court may deem just and proper under the circumstances.

        (e)     Whether case(s) have been settled and the specifics of any settlement(s), including but not limited to amount(s) paid or deposited, shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Lead Counsel, the PSC, any other plaintiffs' lawyer, the court, the court's designee, or to anyone else. It may be provided to the court, and to the court only, should the court request that it receive that information. Monthly statements from the CPA shall be provided to Plaintiffs' Counsel, Defendant's Liaison Counsel, and the court or the court's designee, showing, with respect to the funds controlled by the CPA, only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance. If a particular settlement agreement contains a less restrictive confidentiality provision, the terms of that settlement agreement will control the confidentiality obligation of the lawyers who were counsel of record in the settled case.

(e)     If the Common Benefit Fund exceeds the amount needed to make all payments of court-approved costs, fees, and any court-approved multiplier on any fees, the court may order a refund to those who have contributed to the Common Benefit Fund. Any such refund will be made in proportion to the amount of the contributions.

(f)     If the Common Benefit Fund is insufficient to pay all court approved costs and fees, then disbursements shall be made for shared costs first. From any funds that remain after shared costs are paid, common benefit counsel fees without multiplier shall be paid second. From any funds that remain after shared costs and common benefit counsel fees are paid, held costs shall be paid third. From any remaining funds after the above is paid, counsel fees generated by operation of a multiplier shall be paid.

6.     **Incorporation by Reference.**  The individual attorney agreement attached hereto as Exhibit A is incorporated by reference and has the same effect as if fully set forth in the body of this Order.

B.     **Common Costs and Submission of Time and Expenses**

1.     **Plaintiffs' Counsel Time and Expense Submissions.**  Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the court, after due notice to all counsel. The court shall receive and consider recommendations from Plaintiffs' Co-Lead Counsel concerning distribution of the Common Benefit Fund. The following standards and procedures are to be utilized by any counsel who seeks fee and/or expense reimbursement.  **Time and expense records shall be submitted electronically.**

(a)     Time Reporting

9

(1)     Only time spent on matters common to all claimants in the MDL and that has been authorized by the PSC as set forth above ("common benefit work"), including common benefit time spent on the bellwether cases, will be considered in determining fees. No time spent on developing or processing individual issues in any case for an individual client will be considered or should be submitted, except as set forth in A.3 .a. above.

(2)     Time submissions shall be kept in accordance with the guidelines set out herein and on the forms provided as Exhibits "B" & "C". Time submissions shall be made by June 30, 2013, for time up to and including the first quarter of 2013 and, going forward, shall be made quarterly 30 days after the end of the quarter. For example, submission for the second quarter of 2013 will be by July 31, 2013. Time submissions should be submitted to Plaintiffs' Co-Lead Counsel, James Ronca until such time as a court appointed accountant is appointed and after that additionally to the court appointed accountant. Time records which are submitted late shall be considered for payment at the discretion of the PSC.

(3)     All counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation, indicating with specificity the hours stated in at least quarter hour increments, location and particular activity (e.g., "conducted deposition of John Doe"). Time entries that are not sufficiently detailed may not be considered for common benefit payments.

**2.      Expense Reporting**

(a)     Shared Costs

(1)     Shared Costs are costs that will be paid out of the PSC Fund administered by Plaintiffs' Lead Counsel. Each PSC member and each attorney performing Common Benefit work shall contribute to the PSC Fund at times and in amounts sufficient to

cover plaintiffs' expenses for the administration of the MDL. The timing and amount of each assessment will be determined by Plaintiffs' Co-Lead Counsel, and each assessment will be paid within 30 days as instructed by Plaintiffs' Lead Counsel. Failure to pay assessments will be grounds for removal from the PSC.

            (2)     Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs, other than common benefit costs relating to the bellwether cases, shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this court. All Shared Costs must be approved by Plaintiffs' Lead Counsel prior to payment.

            (3)     All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the PSC Fund:

            (a)     certain court, filing and service costs;

            (b)     deposition and court reporter costs for depositions (excluding those that are client specific);

            (c)     document depository creation, operation, staffing, equipment and administration;

            (d)     Plaintiffs' Lead Counsel, Liaison Counsel, Plaintiffs' Steering Committee, administrative matters (e.g., expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

            (e)     PSC administration matters, such as meetings and conference calls;

(f)     legal and accountant fees;

(g)     expert witness and consultant fees and expenses for experts whose opinions and testimony would be generic and for the common benefit of a substantial number of cases. There shall be non reimbursement from the Common Benefit Fund for case specific experts, except for liability and causation experts in bellwether cases, at the discretion of the PSC;

(h)     printing, copying, coding, scanning related to the above (out-of-house or extraordinary firm cost);

(i)     research by outside third-party vendors/consultants/attorneys, approved by Plaintiffs' Co-Lead Counsel;

(j)     translation costs related to the above;

(k)     bank or financial institution charges;

(l)     investigative services, approved by Plaintiffs' Co-Lead Counsel; and

(m)     Any assessment paid by a firm for common benefit work before or after the first meeting of this MDL (including particularly funds used for the creation of the common document depository platform and for retaining generic expert witnesses).

(4)     Plaintiffs' Co-Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Request for payments from the PSC Fund for common benefit expenses shall include sufficient information to permit Plaintiffs' Co-Lead Counsel and the CPA to account properly for costs and to provide adequate detail to the court.

12

(a)     Held Costs

(l)     Held Costs are those that will be carried by each attorney in the MDL and reimbursed as and when determined by the PSC.

(2)     Held Costs are costs incurred for the global benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general.  No client specific costs can be considered Held Costs, other than common benefit costs relating to the bellwether cases at the discretion of the PSC.

(3)     Held Costs submissions shall be made by January 20, 2013 for time up to and including the fourth quarter of 2012 and, going forward, shall be made quarterly within 30 days after the end of the quarter. For example, submission for the first quarter of 2013 will be due by April 30, 2013.  Held Costs submissions should be submitted to Plaintiffs' Co-Lead Counsel, James Ronca. Held costs shall be kept in accordance with the guidelines set out herein and on the form provided as Exhibit "D".

(b)     Travel Limitations. Except in extraordinary circumstances approved by Plaintiffs' Lead Counsel, all travel reimbursements are subject to the following limitations.

(l)     Airfare. Only the price of a coach seat for a reasonable itinerary will be reimbursed. First class airfare will not be reimbursed.

(2)     Hotel. Hotel room charges above the average available room rate of the Hyatt, Hilton, and Marriott hotels in the city in which the stay occurred will be closely scrutinized by the court and be subject to disallowance or reduction.

(3)     Meals. Meal expenses must be reasonable. No alcoholic beverages will be reimbursed.

(4)     Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (e.g., tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

(5)     Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several travelers.

(6)     Mileage. Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the attorneys' firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

(c)     Non-Travel Limitations. Except in extraordinary circumstances approved by Plaintiffs' Lead Counsel, all non-travel reimbursements are subject to the following limitations.

(1)     Long Distance and Cellular Telephone. Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the MDL litigation.

14

(2)     Shipping, Courier, and Delivery Charges. All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

(3)     Postage Charges. A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

(4)     Telefax Charges. Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

(5)     In-House Photocopy. A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $0.20 per page.

(6)     Secretarial and Clerical Time. Submission of secretarial or clerical time must be pre-approved by Plaintiffs' Lead Counsel. An itemized description of the task and time spent must be submitted for secretarial and clerical time. All overtime must be approved by the Plaintiffs' Lead Counsel before submission.

(7)     Computerized Research (Lexis/Westlaw): Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

(d)     Procedures to be Established by Plaintiffs' Lead Counsel for Cost and Time Submission:

(1)     Plaintiffs' Co-Lead Counsel shall establish forms and procedures to implement and carry out any time and expense submissions required by the

court and for reimbursement from the PSC Fund for Shared Costs. Once developed, these forms may be obtained from Plaintiffs' Co-Lead Counselor Liaison Counsel. The forms shall be certified by a senior partner in each firm attesting to the accuracy and correctness of the submissions.

(2)     Questions regarding the guidelines or procedures or the completion of any forms should be directed to Plaintiffs' Lead Counsel or the court appointed CPA.

IT IS SO ORDERED.

THE HONORABLE REBECCA R. PALLMEYER
U.S. DISTRICT COURT JUDGE
Date: February 19, 2013