UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to All Cases | MDL NO. 22772<br><br>Master Docket Case No. 1:11-cv-05468<br><br>Hon. Rebecca Pallmeyer |

## AFFIDAVIT OF TIMOTHY J. BECKER

STATE OF MINNESOTA )
                            ) ss.
COUNTY OF HENNEPIN )

Timothy J. Becker, having been duly sworn on oath, states and alleges as follows:

1. I am a partner with the law firm of Johnson Becker, PLLC, and duly authorized to practice law in the State of Minnesota.

2. I am one of the Co-Lead Counsel appointed by this Court in MDL No. 2272.

3. As part of my role as Lead Counsel in this case, I oversee many aspects of the discovery process. These obligations included attending and participating in weekly meet and confers, drafting discovery requests, and review of third party discovery practice.

4. During the discovery process, the PSC learned Dr. Scott, and ISK (his clinic) were some of the principle design surgeons associated with the development of the High-Flex and Gender product lines.

5. Given his role in the development associated High-Flex and Gender technology, on or about Feb. 27, 2013, the PSC served a subpoena on Dr. W. Norman Scott seeking discovery related to certain depositions, transcripts and exhibits from litigation between Dr. Scott and Zimmer. A copy of the Subpoena is attached hereto as Exhibit A.

6. On information and belief, Dr. Scott sued Zimmer contending he was entitled to certain royalties stemming from the sale of the Flex, Gender and Alta Product lines. Specifically, from April 23, 2010 to November 5, 2012, Dr. Scott and Zimmer were involved in several litigations related to payment of royalties under Dr. Scott's licensing agreement with Zimmer. The disputes focused on the design and development of the NexGen Knee, Gender Solutions Knee and Alta/Persona Knee. *See Exhibits E to G* attached to *Plaintiffs' Memorandum in Support of Motion to Compel*, Dkt. No. 838.

7. For many months the PSC was unable to gain any traction in its effort to secure the responsive documents. Accordingly, acting in my capacity as Lead Counsel, I assigned responsibility for the Scott subpoena to Ron Goldser and Jason Johnston of Zimmerman Reed, PLLC (a member firm of the PSC). *See Affidavit of Jason P. Johnston.* For several months, Messrs. Goldser and Johnston endeavored to acquire responsive documents to the subpoena from Dr. Scott's counsel. They were not successful.

8. However, Messrs. Goldser and Johnston were able to make contact with Dr. Scott's lawyer. As a result, on or about March 14, 2013 the PSC met and conferred with Dr. Scott's lawyer who stated that Zimmer already possessed Dr. Scott's documents and that he did not object to the production of documents Dr. Scott previously produced in the *Scott I-III* litigations. Dr. Scott's lawyer further stated he could not produce the documents without authorization from Zimmer because of confidentiality agreements previously entered between the parties in *Scott I-III.*

9. Unable to secure the documents from Dr. Scott directly, the PSC served its Second Set of Requests for the Production of Documents on or about March 15, 2013. The PSC served these requests because Zimmer was refusing to produce documents responsive to prior requests *and/or* allow Dr. Scott to produce the documents responsive to the subpoena.

10. Shortly following service of the Request for Production, the Parties began a meet and confer process. The final meeting occurred on or about April 16, 2013. During the meet and confer, Ms. Fiterman, counsel for Zimmer, indicated the following:

    a) That the documents from the *Alta Arbitration*, in fact, drew comparisons between the NexGen knee and certain design modifications to in the new *Alta* product line. Nonetheless, Zimmer refused to produce these documents, deposition or exhibits. On or about April 18, 2013, I wrote Ms. Fiterman in an effort to clarify Zimmer's position:

> We discussed at length your offer from earlier this week. While we appreciate your willingness to produce the inventorship documents and depositions, we cannot agree to waive our right to receive documents related to the Alta litigation. We believe these documents fall within the original RPDs and clearly eclipse the Rule 26 threshold.
>
> This belief was confirmed by our discussions wherein you confirmed that aspects of the Alta Litigation involved a comparison between the NexGen Flex knee and new knee Zimmer recently rolled out. I understand you disagree with this position. That raises three issues:
>
> 1) Will you reconsider your position;
> 2) Will you produce the inventorship documents you concede include relevant information; and
> 3) Assuming your position has not/will not change, we should discuss how to present the issue to the Court.

*See Email from Timothy J. Becker to Amy Fiterman* dated April 18, 2013 attached hereto as Exhibit B. Opposing counsel never responded to any of these questions or denied the representation she "[confirmed] that aspects of the Alta Litigation involved a comparison between the NeXGen Flex knee and new knee Zimmer recently rolled out."

    b) In a last ditched effort to break the impasse or narrow the issues, I wrote opposing counsel requesting Zimmer produce the documents from the "inventorship litigation" (*Scott II*) that they actually conceded were relevant. Zimmer indicated it would not

produce these documents unless the PSC agreed to accept them in redacted form or it lost the current motion. *See Email from Amy Fiterman to Timothy Becker* dated April 25, 2013 attached hereto as Exhibit C. In response, on or about May 4, 2013 I wrote Ms. Fiterman regarding her demand to produce the documents in redacted form and made the following inquiry:

> How would that not violate the [Protective Order]? I am not trying to pick a fight, but the Protective Order precludes internal redaction of otherwise relevant documents. Are you taking the position you want to re-litigate that?
>
> My point is that I do not understand you objection given the [Protective Order] precludes internal redaction and this issue was the subject of motion practice early in the case.

*See Email dated May 4, 2013 from Timothy J. Becker to Amy Fiterman* attached hereto as Exhibit D. Ms. Fiterman never responded to this inquiry.

11. To date the PSC has not received any documents related to the Document Request at issue despite the fact Zimmer concedes that certain documents, exhibits and testimony, are in fact, relevant.

FURTHER YOUR AFFIANT SAIGHT NAUGHT

Dated this 24th day of May, 2013.

_____
Timothy J. Becker

Subscribed and sworn to before me
This 24th day of May, 2013.

_____
Notary Public

HEIDI S L RISTOW
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2016