**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---------------------------------------------------------

| | | |
|---|---|---|
| **IN RE: ZIMMER NEXGEN KNEE** | ) | **MDL No. 2272** |
| **IMPLANT PRODUCTS LIABILITY** | ) | |
| **LITIGATION** | ) | **Master Docket** |
| | ) | **Case No. 1:11-cv-05468** |

---------------------------------------------------------

**This Document Relates to All Cases**

## CASE MANAGEMENT ORDER NO. 7: DEPOSITION PROTOCOL

Pursuant to the parties' agreement, it is ORDERED that the following protocol shall be followed in depositions conducted in the above-referenced MDL:

A.    Deposition Notices

    1.    This Order applies to all depositions in MDL-2272, which will be noticed and conducted pursuant to Fed. R. Civ. P. 30 and this Order.

    2.    In order to arrange for adequate deposition space, counsel who wish to attend a deposition noticed in MDL-2272 shall use best efforts to provide (a) one week's notice in the case of physician depositions, and (b) 48 hours notice in all other depositions, to plaintiffs' lead counsel and defendants' lead counsel of their intention to attend in person.

B.    Scheduling of Depositions

    1.    Plaintiffs' and defendants' lead counsel shall attempt to establish by mutual agreement a schedule for depositions in this MDL that reflects sequencing consistent with:

        a)    The availability of documents from among those produced by the parties and third parties;

        b)    The objective of not subjecting any person to repeated depositions;

        c)    The need to preserve relevant testimony; and

d)     The schedule established by this Order and the Parties Revised Joint Submission Regarding Representative Trial Plan.

Counsel for the parties will attempt to coordinate the scheduling of depositions as much as possible.

2.     The parties agree that, where reasonably feasible, the depositions permitted by paragraph 3 of the Parties Revised Joint Submission Regarding Representative Trial Plan shall be taken in the following order:

a)     The plaintiffs;

b)     The sales representatives/distributors directly associated with the sale of the product to the surgeon or present in the operating room during the implantation or revision;

c)     The implanting surgeon or surgeons; and

d)     The explanting/revising surgeon or surgeons.

3.     Zimmer will produce the surgeon communications identified in the parties' January 4, 2013 meeting prior to the depositions of (a) the relevant sales representative/distributor; and (b) implanting/revising surgeon.

4.     Absent exigent circumstances, as a general rule, no witness should be deposed in this MDL proceeding on the same subject more than once. A party seeking to take a second deposition of a witness shall provide the opposing party with a basis for an exception. Second depositions on new subject matter shall be permitted only upon consent of the parties or an order of this Court issued for good cause shown.

5.      If counsel are unable to resolve any disputes regarding the timing and scheduling of depositions after good faith efforts, they may present those disputes to the Court for resolution.

6.      Counsel for defendants will notify the plaintiffs' lead counsel of any depositions of Zimmer employees, former employees, and Zimmer sales representatives/distributors in matters subject to the Court's Agreed Case Management Plan Regarding Coordination With Other Litigation: CMO5.

C.      Location of Depositions

1.      The parties shall endeavor to schedule all depositions at locations within a reasonable distance from the residence of the deponent, or at such other location as is agreed to by all counsel involved and the deponent.

D.      Attendance at Depositions

1.      Only parties who have agreed to be bound by the Protective Order in place in this litigation may be present at the depositions taken pursuant to the terms of this Deposition Protocol.

2.      Deposition attendance by telephone is permitted, however, the parties are to announce the presence of counsel or others attending or listening or consulting by phone.

E.      Conduct at Depositions

1.      Plaintiffs should ordinarily designate one attorney for the MDL to conduct the principal examination of each deponent, and examination by other plaintiffs' attorneys on behalf of the MDL should be limited to matters not

previously covered. Counsel for plaintiffs shall cooperate so that examinations by multiple attorneys for the MDL do not exceed the allotted time.

F. Duration of Deposition

1. The time limitations on depositions imposed by Fed. R. Civ. P. 30(d)(1) shall apply in the MDL unless the parties agree to a different time limitation or the Court establishes a different time limitation.

G. Depositions of Treating Physicians Fact Witnesses

1. The parties agree that each side will have a reasonable opportunity to question the deponent treating physician. To that end, if a treating physician limits the time for a deposition, the parties will work together to ensure that each side receives adequate time during the time allotted to question the treating physician. If counsel are unable to resolve any dispute regarding the division of time in a treating physician deposition after good faith efforts, they may present the dispute to the Court for resolution.

2. At least 48 hours prior to the deposition of a treating physician, both parties will disclose to opposing counsel the documents that they believe in good faith will be used at the deposition. Disclosure to the witness him/herself is not required.

3. The noticing party shall be responsible for paying the physician for his or her time during deposition. Within 30 days of the deposition, the

opposing party shall reimburse the noticing party for the cost and time spent questioning during the deposition.

4.    The parties acknowledge that both parties have an equal interest to conduct examination of a treating physician first.  In the interest of fairness, in representative trial discovery, plaintiff's counsel shall be the first examining witness of a treating physician in a defendant's selection and defendants' counsel shall be the first examining witness of a treating physician in a plaintiff's selection. In all other future depositions of treating physicians, the parties will agree to a protocol for alternating the order of counsel to conduct first inquiry.

H.    Deposition Objections

1.    All deposition objections are reserved, except as to the form of the question and responsiveness of the answer.  Counsel shall otherwise comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions.

2.    The right to object on other grounds is preserved, and may be asserted at the time the deposition testimony is proffered at trial.

3.    An objection made by one party shall inure to the benefit of all parties.

4.    If there is an objection, and a deponent is instructed not to answer a particular question, the court reporter will mark the transcript, and will list those objections at the beginning of the transcript. If the Court subsequently overrules the objection, the deponent may be re-deposed about the question(s) to which that objection was asserted, and all follow-

up questions that flow from the question(s).  A party may seek costs in connection with any re-deposition, costs to be assessed at the discretion of the Court.

5.      Conferences and/or discussion between the deponent and counsel for the deponent while a question is pending shall not be permitted, except for the purpose of determining whether a privilege exists or whether information sought is subject to the confidentiality order in place.

ENTER:

Dated:  June 4, 2013

_____
REBECCA R. PALLMEYER
United States District Judge