IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ZIMMER NEXGEN KNEE )
IMPLANT PRODUCTS LIABILITY ) No. 11 C 5468
LITIGATION )
 )  Judge Rebecca R. Pallmeyer

## MEMORANDUM ORDER

On December 26, 2013, the Zimmer[1] Defendants ("Zimmer") filed two objections [1019] to this court's December 10, 2013 supplemental protective order [1012]. That order governs the production of certain documents, classified as Special Attorney's Eyes Only ("SAEO"), that originated from prior litigation and arbitrations between Defendants and Doctor W. Norman Scott. In the opinion accompanying that order, the court acknowledged the need for the supplemental order in light of the potential risk to Zimmer, should the proprietary information in these documents fall into the hands of competitors' employees or consultants. Zimmer now argues that in two respects, "the court's [order] does not fully carry out the intentions the court states in its Memorandum Order." (Zimmer Objections at 1.) After reviewing Zimmer's objections, the court has determined that neither objection warrants further modification to the supplemental protective order. The court addresses Zimmer's objections in turn below.

## Discussion

As Zimmer points out, the court's opinion accompanying its December 10 supplemental protective order ("SPO") recognized the potential competitive threat to Zimmer from allowing Plaintiffs to disseminate the SAEO documents to current employees and consultants of

---

[1] "Zimmer" includes the following defendants: Zimmer, Inc., Zimmer Holdings, Inc., Zimmer Surgical, Inc., f/k/a Zimmer Orthopaedic Surgical Products, Inc., Wilson/Phillips Holdings, Inc., d/b/a Zimmer Wilson/Phillips, Orthopaedic Technologies, LLC, d/b/a Zimmer Tri-State (incorrectly named as (1) Zimmer Tri-State d/b/a Tri-State Orthopaedic, (2) Zimmer Tri-State d/b/a Zimmer, Inc., and/or (3) Zimmer Tri-State d/b/a Tri-State Orthopedic), K. Michael Melia, d/b/a Zimmer Melia & Associates, Inc., Zimmer Orthobiologics, Inc., Zimmer US, Inc., and Zimmer Production, Inc.

Zimmer's direct competitors. (Memorandum Opinion and Order [1012], hereinafter "Order," at 8.) To address this potential risk, but balancing Plaintiffs' legitimate discovery needs, the court crafted the SPO (using the parties competing drafts as a template) as well as Exhibit C, a form that must be signed by any outside consultant or expert before any SAEO information is disclosed to that individual. The SPO limits access to SAEO documents to (1) Plaintiffs' attorneys and their staff; and (2) "outside consultants or experts retained by [Plaintiffs]."[2] (*Id.* at 13.) Exhibit C, meanwhile, requires any outside consultant or expert to affirm that he or she is "not presently (a) an officer, director, or employee of a competitor of Defendants with respect to the products at issue in the present suit, or (b) involved in competitive decision-making for a competitor of Defendants as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed Cir. 1984), with respect to the products at issue in the present suit." (*Id.*)

I. **Application of SPO to Consultants Working for Zimmer Competitors**

Zimmer believes that, despite language in the court's memorandum order acknowledging concerns about the SAEO documents reaching competitors employees or consultants, the order as written "does not include consultants within its prohibitions." (Zimmer Objections [1019] at 3.) Zimmer's fear appears to hinge on a misreading of the SPO and Exhibit C. The SPO, as currently drafted, requires any individual to whom the SAEO documents will be disclosed to affirm that she is neither (a) an employee of nor (b) otherwise involved in competitive decision-making for a Zimmer competitor with regard to the products at issue here. (Order at 18.) Zimmer's objection seemingly ignores the latter of these two prohibitions, quoting only from (a). (Zimmer Objections at 3.) Zimmer would prefer that the order prohibit *any* current consultant of a Zimmer competitor from accessing the SAEO documents. Though the court

---

[2] The supplemental protective order augments and does not supersede the original protective order this court entered on November 17, 2011 [165]. That order allowed disclosure of confidential documents (as opposed to SAEO documents) to "any person(s) noticed for deposition or designated as trial witnesses" as well as the parties' attorneys and their retained consultants and experts. (Protective Order at 5.)

declines to impose that restriction, the SPO, as currently drafted, does limit disclosure to those consultants whose work for Defendants' competitors is insubstantial. For the reasons explained in the court's earlier order, this distinction is appropriate in light of the fact that the threat posed to Zimmer in a products liability suit like this one is "generally diminished" compared to a suit between competitors. (Order at 8.)

## II. Application of SPO to Witnesses Not Retained by Plaintiffs

Defendants argue that the SPO is also inconsistent with the court's memorandum order in that "[it] does not address in any way the disclosure of SAEO documents to employees or consultants of Zimmer competitors who have *not* been retained as consultants or experts by Plaintiffs." (Zimmer Objections at 4.) (emphasis in original) This contention, too, appears to be based on a misunderstanding of the SPO.

While it is true that section B(2) of the SPO only requires that Exhibit C be signed by any "outside consultant or expert" who views the SAEO materials (i.e., others not retained by Plaintiffs are not required to affirm that they do not work for Zimmer competitors), Defendants ignore the fact that section B(1) limits access to these materials to only (a) attorneys for the plaintiffs (and their staff); and (b) "outside consultants or experts retained by the Plaintiffs[.]" (Order at 13.) In other words, any witness not retained by Plaintiffs as a consultant or expert is not required to sign Exhibit C because that witness is prohibited from accessing the SAEO materials in the first place.

## **CONCLUSION**

For the foregoing reasons, the court declines to modify the SPO [1012] as requested in Defendants' objections [1019].

ENTER:

Dated: January 6, 2014

_____
REBECCA R. PALLMEYER

United States District Judge