1
2
3
4

**BISNAR|CHASE**
ONE NEWPORT PLACE
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone:  (949) 752-2999
Facsimile:   (949) 752-2777
BRIAN D. CHASE, STATE BAR NO. 164109
TOM ANTUNOVICH, STATE BAR NO. 305216

5
6
7
8

**ARIAS SANGUINETTI STAHLE & TORRIJOS, LLP**
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
Telephone:  (310) 670-1600
Facsimile:   (310) 670-1231
MIKE ARIAS, STATE BAR NO. 115385

9

Attorneys for Plaintiff, JUSTEEN WIDOFF

10

11    **UNITED STATES DISTRICT COURT**

12    **FOR THE NORTHERN DISTRICT OF ILLINOIS**

13
14
15

IN RE: ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS
LIABILITY LITIGATION

Case No. 2:15-CV-08320

MDL No. 2272
Hon. Rebecca Pallmeyer

16
17
18
19
20
21
22
23
24
25
26

This Applies To:

JUSTEEN WIDOFF,

                    Plaintiff,

          vs.

ZIMMER, INC.; and DOES 1
through 10, inclusive,

                    Defendants.

**PLAINTIFF JUSTEEN WIDOFF'S
FIRST AMENDED COMPLAINT
FOR ZIMMER NEXGEN KNEE
IMPLANT PRODUCTS LIABILITY
LITIGATION**

1. Strict Products Liability: Design Defect
2. Strict Products Liability: Failure to Warn
3. Strict Products Liability: Manufacturing Defect
4. Negligence
5. Negligent Misrepresentation
6. Breach of Express Warranty
7. Breach of Implied Warranty
8. Punitive Damages

**DEMAND FOR JURY TRIAL**

27
28

1
2
## PLAINTIFF'S AMENDED COMPLAINT FOR ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

3
4
5
6
7
Plaintiff incorporates by reference Plaintiffs' Master Long Form Complaint in In Re: Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12, 2012, as Document Number 211. Pursuant to an Order by the Honorable Rebecca Pallmeyer, the following Short Form Complaint is utilized in this action.

8
9
10
11
Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his or her case. Where certain claims require specific pleadings or case specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

12
13
14
15
16
17
18
1.      Plaintiff, Justeen Widoff, states and brings this civil action before the Court for the United States District Court for the Northern District of Illinois as a related action in the matter entitled *IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION*, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of this Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

19
## ALLEGATIONS AS TO JURISDICTION AND VENUE

20
21
22
2.      This action is brought pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists among and between the parties, and the amount in controversy exceeds $75,000 exclusive of interests and costs.

23
24
25
3.      Venue is proper in the Central District of California under 28 U.S.C. § 1391 as a substantial part of the events giving rise to this claim occurred within that District.

26
27
4.      Plaintiff Justeen Widoff is a resident and citizen of California, County of Los Angeles, and claims damages as set forth below.

28
5.      Plaintiff was born on August 25, 1937.

6.        Pursuant to the Transfer Order filed on or about August 8, 2011, signed by Chairman of the Panel on Multidistrict Litigation, the Hon. John G. Heyburn, II, consolidating Zimmer NexGen Knee claims in the United States District Court, Northern District of Illinois, designated MDL No. 2272, (the "Multidistrict Case"). Plaintiff requests that this case be transferred to the Northern District of Illinois in conformity with such Order.

7.        Pursuant to the Order of the Hon. Rebecca R. Pallmeyer, in the Multidistrict Case, Plaintiff files this Short Form Complaint, and attaches hereto, as Exhibit 1, a true and correct copy of the document entitled "Master Long Form Complaint and Jury Demand" filed on January 12, 2012 in MDL No. 2272 in the United States District Court, Northern District of Illinois, which document is incorporated herein by reference as if set forth at length.

## ALLEGATIONS AS TO INJURIES

8.        Plaintiff was implanted with a Zimmer NexGen® Knee device(s) on her right knee on or about January 6, 2012 at Good Samaritan Hospital by William T. Long, M.D.

9.        Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

          _____        Zimmer NexGen LPS-Flex

          _____        Zimmer NexGen CR-Flex

          _____        Zimmer NexGen GSF LPS-Flex

          __**X**__        Zimmer NexGen GSF CR-Flex

          _____        Zimmer NexGen MIS Tibia

          _____        Other Zimmer Device(s) (Attach separately allegations)

10.     Plaintiff underwent a revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on or about January 15, 2014 at Good Samaritan Hospital by William T. Long, M.D.

**FIRST AMENDED COMPLAINT**

11.    Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

12.    At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at 2190 W. Adams Blvd., Los Angeles, CA 90018.

13.    The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

14.    Plaintiff claims damages as a result of

    __**X**__      injury to herself/himself

    _____      injury to the person represented

    _____      wrongful death

    _____      survivorship action

    __**X**__      economic loss

    _____      loss of services

    _____      loss of consortium

15.    Neither Plaintiff nor her physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

16.    As a result of the injuries Plaintiff sustained, he/she is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

17.    Plaintiff's Zimmer NexGen® Flex Knee all poly patella device bears catalog number 6972-61-32 and lot number 61769387; the tibial

---

4

**FIRST AMENDED COMPLAINT**

component bears catalog number 5966-05-10 and lot number 61799634; and the femoral component bears catalog number 00-5750-017-02 and lot number 61846262.

## ALLEGATIONS AS TO DEFENDANTS SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

18.     The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

COUNT I – STRICT LIABILITY DESIGN DEFECT

_____          COUNT I (a) ZIMMER LPS-FLEX

_____          COUNT I (b) ZIMMER CR-FLEX

_____          COUNT I (c) ZIMMER GSF LPS-FLEX

__X__          COUNT I (d) ZIMMER GSF CR-FLEX

_____          COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS

_____          Other Counts for Strict Liability – Design Defect: [ATTACH]

COUNT II – STRICT LIABILITY FAILURE TO WARN

_____          COUNT II (a) ZIMMER LPS-FLEX

_____          COUNT II (b) ZIMMER CR-FLEX

_____          COUNT II (c) ZIMMER GSF LPS-FLEX

__X__          COUNT II (d) ZIMMER GSF CR-FLEX

_____          COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS

_____          Other Counts for Strict Liability – Failure to Warn: [ATTACH]

COUNT III – STRICT LIABILITY MANUFACTURING DEFECT

_____          COUNT III (a) ZIMMER LPS-FLEX

_____          COUNT III (b) ZIMMER CR-FLEX

_____          COUNT III (c) ZIMMER GSF LPS-FLEX

__X__          COUNT III (d) ZIMMER GSF CR-FLEX

_____          COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS

FIRST AMENDED COMPLAINT

_____     Other Counts for Strict Liability – Manufacturing Defect:

[ATTACH]

COUNT IV – NEGLIGENCE

_____     COUNT IV(a) ZIMMER LPS-FLEX

_____     COUNT IV (b) ZIMMER CR-FLEX

_____     COUNT IV (c) ZIMMER GSF LPS-FLEX

__X__     COUNT IV (d) ZIMMER GSF CR-FLEX

_____     COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS

_____     Other Counts for Negligence: [ATTACH]

COUNT V – NEGLIGENT MISREPRESENTATION

_____     COUNT V(a) ZIMMER LPS-FLEX

_____     COUNT V (b) ZIMMER CR-FLEX

_____     COUNT V (c) ZIMMER GSF LPS-FLEX

__X__     COUNT V (d) ZIMMER GSF CR-FLEX

_____     COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS

_____     Other Counts for Negligent Misrepresentation: [ATTACH]

COUNT VI – EXPRESS WARRANTY

_____     COUNT VI (a) ZIMMER LPS-FLEX

_____     COUNT VI (b) ZIMMER CR-FLEX

_____     COUNT VI (c) ZIMMER GSF LPS-FLEX

__X__     COUNT VI (d) ZIMMER GSF CR-FLEX

_____     COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS

_____     Other Counts for Express Warranty: [ATTACH]

COUNT VI – BREACH OF EXPRESS WARRANTY

_____     COUNT VI (a) ZIMMER LPS-FLEX

_____     COUNT VI (b) ZIMMER CR-FLEX

_____     COUNT VI (c) ZIMMER GSF LPS-FLEX

__X__     COUNT VI (d) ZIMMER GSF CR-FLEX

_____     COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS

**FIRST AMENDED COMPLAINT**

_____	Other Counts for Breach of Express Warranty: [ATTACH]

COUNT VII – BREACH OF IMPLIED WARRANTY

_____	COUNT VII (a) ZIMMER LPS-FLEX

_____	COUNT VII (b) ZIMMER CR-FLEX

_____	COUNT VII (c) ZIMMER GSF LPS-FLEX

__X__	COUNT VII (d) ZIMMER GSF CR-FLEX

_____	COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS

_____	Other Counts for Breach of Implied Warranty: [ATTACH]

COUNT VIII – REDHIBITION

_____	COUNT VIII (a) ZIMMER LPS-FLEX

_____	COUNT VIII (b) ZIMMER CR-FLEX

_____	COUNT VIII (c) ZIMMER GSF LPS-FLEX

_____	COUNT VIII (d) ZIMMER GSF CR-FLEX

_____	COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS

_____	Other Counts for Redhibition: [ATTACH]

_____	COUNT IX – LOSS OF CONSORTIUM

_____	COUNT X – WRONGFUL DEATH

_____	COUNT XI – SURVIVAL ACTION

_____	COUNT XII – VIOLATION OF CONSUMER PROTECTION STATUTES: Cal. Civ. Code § 1750, *et. seq.*, and Cal. Bus. & Prof. Code § 17200, *et seq.*

_____	COUNT XIII – UNJUST ENRICHMENT

__X__	COUNT XIV – PUNITIVE DAMAGES

PLAINTIFF(S) ASSERTS THE FOLLOWING ADDITIONAL CAUSES OF ACTION [ATTACH ADDITIONAL PAGES AS NECESSARY]: None

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    1.	For compensatory damages requested and according to proof;

    2.	For punitive or exemplary damages against Defendants;

3.      For all applicable statutory damages of the state whose laws will govern this action;

4.      For an award of attorney's fees and costs;

5.      For prejudgment interest and the costs of suit; and

6.      For such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

DATED:  September 30, 2016          BISNAR|CHASE

/s/ Tom Antunovich

BRIAN D. CHASE
TOM ANTUNOVICH
Bisnar|Chase, LLP
1301 Dove St., Suite 120
Newport Beach, CA

-and-

MIKE ARIAS
Arias, Sanguinetti, Stahle & Torrijos, LLP
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045

*Attorneys for Plaintiff*