UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION | ) ) ) | MDL NO. 2272 |
| This Document Relates to All Cases | ) ) ) | Master Docket Case No. 1:11-cv-05468 |
| | ) | Honorable Rebecca Pallmeyer |

**CASE MANAGEMENT ORDER NO. 13**

Co-Lead Counsel for both Plaintiffs and Zimmer, Inc. have filed a Joint Motion for Entry of Case Management Order No. 13 ("CMO-13"). In the Joint Motion, counsel report that, after the global mediation required by Case Management Order No. 12 and further negotiations, counsel have reached a confidential settlement in principle that will potentially resolve the entirety of cases properly consolidated in this Court, as well as similar cases in state courts, that were pending as of January 15, 2018. To allow Co-Lead Counsel to finalize and administer this confidential settlement in principle, and to encourage the full resolution of this litigation, the Court enters CMO-13 to direct all participants in *In re: Zimmer NexGen Knee Implant Products Liability Litigation* (the "NexGen MDL") as to further case management.

1. <u>Replacement of CMO-12</u>. This CMO-13 replaces CMO-12 and eliminates any deadlines and framework for further proceedings outlined in CMO-12.

2. <u>Stay of Proceedings</u>. Effective immediately, all consolidated proceedings in this MDL, as well as any proceedings in individual cases consolidated in the MDL (including those selected for trial under CMO-12), are stayed pending the outcome and administration of the parties' confidential settlement in principle.

3. <u>Coordination</u>. All plaintiffs and counsel for plaintiffs with cases in the NexGen MDL are required to coordinate and consult with Co-Lead Counsel or Liaison Counsel for the

- 2 -

plaintiffs, Tobi Millrood and Pete Flowers, on potential resolution of their cases under the parties' confidential settlement in principle.

4. <u>Expert Reports for Newly Filed and Unsettled Matters</u>. Plaintiffs in any newly filed cases, or any cases that are not resolved as a result of the confidential settlement, must have support from case-specific experts willing to testify at trial in their cases. Thus, plaintiffs in any cases filed after January 15, 2018 must serve Zimmer's Co-Lead Counsel with Rule 26(a)(2) expert reports within 90 days of transfer to these consolidated proceedings in the District Court for the Northern District of Illinois. Other than the filing of these reports, proceedings in these newly filed cases will, however, remain stayed pending administration of the confidential settlement in principle. Similarly, once administration of the confidential settlement in principle is complete, Plaintiffs' Co-Lead Counsel shall file a notice informing the Court of any plaintiffs whose cases were eligible for settlement but were not resolved. After Plaintiffs' Co-Lead Counsel files this notice, these plaintiffs with unresolved cases will have 60 days to serve Zimmer's Co-Lead Counsel with Rule 26(a)(2) expert reports. The expert reports required by this paragraph must meet FED. R. EVID. 702 standards, and must contain admissible opinions establishing all elements of the plaintiffs' claims requiring expert testimony, including, where necessary, defect and/or negligence and causation. The expert reports must also be provided by the experts who will testify on the plaintiffs' behalf at trial, absent leave of court under exceptional circumstances.

5. <u>Failure to Provide Expert Reports and Voluntary Dismissals</u>. Plaintiffs and Plaintiff's counsel in any newly filed cases, or any cases that are not resolved as a result of the confidential settlement, who fail to serve the expert report required by Paragraph 4 by their deadline to do so, or who voluntarily dismiss their cases after that deadline, shall be sanctioned. Such sanction shall be set, at the court's discretion, in an amount sufficient to deter

- 3 -

noncompliance with Case Management Orders, and to remedy the costs associated with any such noncompliance.

6. <u>Status Reports</u>. Co-Lead Counsel for both parties shall provide monthly updates to the Court on the finalization of the confidential settlement in principle, as well as Plaintiffs' Co-Lead Counsel's progress on the administration and execution of the settlement. The first status report will occur in a status conference on March 13, 2018 at 9:00 AM. Subsequent status reports will occur on the first Monday of each month, beginning in April, with the format of these additional reports being determined by the parties and the Court prior to the date of each report. After considering the reports and recommendations by Co-Lead Counsel for both parties, the Court will determine the appropriate time to lift the stay on any unresolved matters still pending in the MDL and determine next steps for proceeding in those cases.

ENTERED:

Date: February 12, 2018

_____
HON. REBECCA R. PALLMEYER
United States District Judge

US.116120065